FILED

MAY 05 2026

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Ericka Cooper (also appearing as Erica Cooper) Self-Represented Plaintiff 5703 Orange Avenue, Sacramento, CA 95823
Telephone: 916-585-1060          Email: unkledo@icloud.com

# UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF CALIFORNIA SANTA ROSA DIVISION

ERICKA COOPER, Plaintiff, v. LEFEVER MATTSON PROPERTY MANAGEMENT; HOME TAX SERVICE OF AMERICA, INC. dba LEFEVER MATTSON PROPERTY MANAGEMENT; LEFEVER MATTSON; CONSOLIDATED DEBTOR; CONSOLIDATED ESTATE; PLAN RECOVERY TRUST; PLAN RECOVERY TRUSTEE; KRISTINA MELICK/FOX; CHRIS BENDINELLI; PAMELA JACKSON; PAMELA C. JACKSON, INC.; and DOES 1-20, Defendants. Adversary Proceeding No.: _____ Related Bankruptcy Case: 24-10545 (CN) Judge: Hon. Charles Novack

# VERIFIED ADVERSARY COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; EMERGENCY REQUEST FOR TEMPORARY RESTRAINING ORDER / STATUS-QUO STAY

Plaintiff Ericka Cooper brings this adversary complaint to prevent lockout from 5703 Orange Avenue, Sacramento, California 95823 before this Court determines who had bankruptcy-plan authority over the property, lease/rent stream, rent collection, rent refusal/redirection, nonpayment notice, unlawful detainer, writ, and lockout.

## Jurisdiction and Venue

1. This Court has jurisdiction under 28 U.S.C. §§ 1334 and 157 because this dispute arises in and relates to the LeFever Mattson Chapter 11 case, the confirmed Plan, the April 23, 2026 Confirmation Order, retained real property, lease/rent treatment, and this Court's retained jurisdiction.

2. Venue is proper because the underlying Chapter 11 case is pending in this district and the Confirmation Order was entered by this Court.

3. This adversary proceeding seeks declaratory and injunctive relief under Bankruptcy Rule 7001(7) and 7001(9), Bankruptcy Rule 7065, Civil Rule 65, 11 U.S.C. §§ 105, 362, 365(h), 541, 1141, and other applicable law.

## Parties

4. Plaintiff Ericka Cooper is a residential occupant/tenant at 5703 Orange Avenue, Sacramento, California 95823.

5. Defendants are persons/entities that have claimed or may claim authority to own, manage, collect rent, serve notices, prosecute the unlawful detainer, obtain the writ, or enforce possession at 5703 Orange Avenue.

## Factual Allegations

6. 5701/5703 Orange Avenue appears in the LeFever Mattson bankruptcy records. Bankruptcy documents also list Major Mott III and Ericka Cooper at 5703 Orange Avenue and in connection with a tenant security deposit. See Exhibits F-G.

7. Before bankruptcy, Plaintiff was supposed to receive a new lease after an inspection. LeFever failed to appear for the inspection on multiple occasions and no new lease was provided, leaving lease status, terms, rent amount, rent-payee authority, and management authority unclear.

8. Bankruptcy materials identify 5701/5703 Orange Avenue as "LeFever Mattson 50% / Kristina Melick 50% 7/24/24," and the Joint Investigation Report identifies a July 2024 50% TIC conveyance for that property. See Exhibits H-I.

Case: 26-01007   Doc# 1   Filed: 05/05/26   Entered: 05/05/26 15:12:35   Page 1 of 35

9. On April 23, 2026, this Court entered the Confirmation Order confirming the Plan. The order addresses substantive consolidation, retained real property, plan trust treatment, executory contracts/unexpired leases, and retained jurisdiction. See Exhibit J.

10. Management later asserted that Plaintiff had been notified in 2021 by posted letter of an ownership change and that a three-day notice was based solely on a $20,320 rent balance. See Exhibit E. Plaintiff disputes that the 2021 assertion answers the later 2024 TIC ownership record, bankruptcy filing, post-confirmation authority, or rent-payee issue.

11. On April 29, 2026, Sacramento Superior Court ordered the writ of possession to be executed immediately and enforced against all occupants. See Exhibit D.

12. The alleged "all occupants"/CP10.5 service is disputed. The certified tracking for an "All Other Occupants" mailing shows notice left/redelivery reminder, not completed delivery, and a court certificate of mailing lists the wrong city/ZIP for Erica/Ericka Cooper. See Exhibits A-C.

## Claim One - Declaratory Relief

13. An actual controversy exists concerning the status of the property, lease, rent stream, rent-collection authority, nonpayment notice authority, UD authority, writ authority, and lockout authority under the Chapter 11 case, confirmed Plan, and Confirmation Order.

14. Plaintiff seeks a declaration determining: (a) current legal/equitable ownership and control of 5701/5703 Orange Avenue; (b) whether the property is retained real property, estate property, trust property, sold property, or non-estate property under the Plan; (c) who was authorized to collect or refuse rent and serve notices; (d) the status of the tenancy/lease under the Plan and 11 U.S.C. § 365; (e) whether Plaintiff has rights under 11 U.S.C. § 365(h) or other law to retain possession; and (f) whether state-court enforcement must be stayed, conditioned, or voided to protect this Court's jurisdiction and orders.

## Claim Two - Temporary, Preliminary, and Permanent Injunctive Relief

15. Plaintiff faces immediate irreparable harm because a residential lockout will remove Plaintiff and household occupants from the home before this Court determines the bankruptcy authority issues.

16. The requested TRO/status-quo stay is narrow. It preserves the current possession only until the Court can hold an expedited hearing and require parties claiming authority to identify that authority.

17. The balance of equities and public interest favor short interim relief because federal bankruptcy orders, plan administration, lease treatment, and estate/trust authority should be clarified before irreversible lockout.

## Prayer for Relief

Plaintiff requests: (1) a TRO/status-quo stay prohibiting enforcement of the writ/lockout at 5703 Orange Avenue pending expedited hearing; (2) an order to show cause why preliminary injunction should not issue; (3) declaratory relief determining authority and lease/rent/property status; (4) an order requiring Defendants to notify the Sacramento Sheriff/levying officer of any stay order; and (5) all other relief the Court finds just and proper.

I declare under penalty of perjury under the laws of the United States that the facts stated above are true and correct to the best of my personal knowledge, except as stated on information and belief. Dated:

may 4th          , 2026 _____ Ericka Cooper

Case: 26-01007   Doc# 1   Filed: 05/05/26   Entered: 05/05/26 15:12:35   Page 2 of 35

Ericka Cooper (also appearing as Erica Cooper)
Self-Represented Plaintiff / Movant
5703 Orange Avenue, Sacramento, CA 95823
Telephone: _____ Email: _____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SANTA ROSA DIVISION

ERICKA COOPER, Plaintiff,

v.

LEFEVER MATTSON PROPERTY MANAGEMENT; HOME TAX SERVICE OF AMERICA, INC. dba LEFEVER MATTSON PROPERTY MANAGEMENT; LEFEVER MATTSON; CONSOLIDATED DEBTOR; CONSOLIDATED ESTATE; PLAN RECOVERY TRUST; PLAN RECOVERY TRUSTEE; KRISTINA MELICK/FOX; CHRIS BENDINELLI; PAMELA JACKSON; PAMELA C. JACKSON, INC.; and DOES 1-20, Defendants.

Adversary Proceeding No.: _____
Related Case No. 24-10545 (CN)
Chapter 11
Judge: Hon. Charles Novack

## RULE 65 NOTICE CERTIFICATION AND CERTIFICATE OF EMERGENCY SERVICE

I, Ericka Cooper, certify under penalty of perjury that I provided or attempted to provide emergency notice of the adversary complaint, TRO motion, separate memorandum, declaration, proposed TRO/OSC, bond/security request, and exhibits as follows. I am self-represented; where Civil L.R. 65-1 refers to a declaration by counsel, I provide this declaration personally as the filing party.

Fill every blank you can before filing. If you could not reach someone before filing, write "attempted, no answer," "email sent, no response yet," or the exact facts. Do not leave the notice section blank if possible.

| Party / contact | Method used | Date/time | Contact info used / response |
|---|---|---|---|
| Pamela C. Jackson / Pamela C. Jackson, Inc. (state UD counsel) | email / phone / fax / hand / mail: | May ____, 2026 at _____ ___.m. | info used + response: _____ |
| LeFever Mattson / Keller Benvenutti Kim LLP | email / phone / fax / hand / mail: | May ____, 2026 at _____ ___.m. | info used + response: _____ |
| Committee counsel / Pachulski Stang Ziehl & Jones LLP | email / phone / fax / hand / mail: | May ____, 2026 at _____ ___.m. | info used + response: _____ |
| KS Mattson / Hogan Lovells US LLP | email / phone / fax / hand / mail: | May ____, 2026 at _____ ___.m. | info used + response: _____ |
| U.S. Trustee Region 17 | email / phone / fax / hand / mail: | May ____, 2026 at _____ ___.m. | info used + response: _____ |
| Known owner/manager/Plan Trust contacts: Kristina Melick/Fox, Chris Bendinelli, Plan Recovery Trust/Trustee | email / phone / fax / hand / mail: | May ____, 2026 at _____ ___.m. | info used + response: _____ |
| Sacramento County Sheriff Civil Bureau / levying officer | email / phone / fax / hand / mail: | May ____, 2026 at _____ ___.m. | info used + response: _____ |
| Other: will serve once signed | email / phone / fax / hand / mail: | May ____, 2026 at _____ ___.m. | info used + response: _____ |

Case: 26-01007　Doc# 1　Filed: 05/05/26　Entered: 05/05/26 15:12:35　Page 3 of 35

If notice to any party was incomplete before filing, it was because immediate lockout/removal is scheduled or expected before/on May 10, 2026 and irreparable harm would occur before all parties could be fully heard. I will continue notice efforts immediately after filing and will serve any signed order immediately on all known enforcement parties and the Sacramento Sheriff/levying officer.

I also understand that after the adversary proceeding is opened, formal service of the summons and complaint must still be completed under the Bankruptcy Rules unless the Court orders otherwise.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on: ___ MAY 5 ___, 2026, at Sacramento, California.

Ericka Cooper

Ericka Cooper (also appearing as Erica Cooper)
Self-Represented Plaintiff / Movant
5703 Orange Avenue, Sacramento, CA 95823
Telephone: 916-585-1060          Email: UNKLEDO@ICLOUD.COM

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SANTA ROSA DIVISION

ERICKA COOPER, Plaintiff,

v.

LEFEVER MATTSON PROPERTY MANAGEMENT; HOME TAX SERVICE OF AMERICA, INC. dba LEFEVER MATTSON PROPERTY MANAGEMENT; LEFEVER MATTSON; CONSOLIDATED DEBTOR; CONSOLIDATED ESTATE; PLAN RECOVERY TRUST; PLAN RECOVERY TRUSTEE; KRISTINA MELICK/FOX; CHRIS BENDINELLI; PAMELA JACKSON; PAMELA C. JACKSON, INC.; and DOES 1-20, Defendants.

Adversary Proceeding No.: _____
Related Case No. 24-10545 (CN)
Chapter 11
Judge: Hon. Charles Novack

## REQUEST TO WAIVE SECURITY OR SET NOMINAL SECURITY UNDER RULE 65(c)

Plaintiff requests that the Court waive security under Rule 65(c), or alternatively set nominal security of $0 to $100.

### Grounds

1. The requested TRO/status-quo stay is short and narrow. It only preserves possession at 5703 Orange Avenue until the first available hearing and ruling.

2. Defendants face no realistic likelihood of compensable harm from a brief pause while the Bankruptcy Court determines authority under the Chapter 11 case, confirmed Plan, lease/rent records, and property documents.

3. Plaintiff faces immediate and irreparable harm if locked out before this Court can hear the matter.

4. Plaintiff is self-represented and is not trying to avoid rent. Plaintiff requests permission to pay current rent/use-and-occupancy to the lawful authorized person, into escrow, into the registry, or as the Court directs.

5. To the extent the Court believes some security is required, Plaintiff asks that it be set at a nominal amount not exceeding $100, or that the Court permit a rent/use-and-occupancy deposit procedure rather than a bond.

Dated: MMAY 5TH_____, 2026

Respectfully submitted,

_____
Ericka Cooper, self-represented

# EVIDENCE EXHIBIT BINDER

Selected exhibits for: Sacramento Superior Court Case No. 25UD006079 (LeFever Mattson Property Management v. Major Mott, III et al.) and U.S. Bankruptcy Court, N.D. Cal., Case No. 24-10545 (CN), In re LeFever Mattson.

## Exhibit Index

Exhibit A: Envelope addressed to "All Other Occupants," 5703 Orange Ave., Sacramento, CA 95823, tracking no. 7020 3160 0000 2522 7913.

Exhibit B: USPS tracking screenshot for 70203160000025227913 showing notice left/redelivery reminder.

Exhibit C: State-court certificate of mailing listing Erica/Ericka Cooper at Carmichael, CA 95608.

Exhibit D: April 29, 2026 state-court order denying set-aside motion and directing immediate writ enforcement against all occupants.

Exhibit E: September 26, 2025 email exchange/response from LeFever Mattson Property Management about ownership notice, lease documents, ledger, and 3-day notice.

Exhibit F: Bankruptcy Notice Recipients list showing Major Mott III and Ericka Cooper at 5703 Orange Avenue, Sacramento, CA 95823.

Exhibit G: Bankruptcy schedules for LeFever Mattson: 5701/5703 Orange Ave property listing, tenant security deposit claim, and Schedule G residential lease/month-to-month entry.

Exhibit H: Bankruptcy/DIP property schedule excerpt listing 5701/5703 Orange Ave and LeFever Mattson 50% / Kristina Melick 50% ownership reference dated 7/24/24.

Exhibit I: Joint Investigation Report excerpts regarding substantive consolidation/Ponzi findings and the 5701/5703 Orange Ave ownership history.

Exhibit J: April 23, 2026 Confirmation Order excerpts regarding substantive consolidation, retained real property, assumed/rejected leases, stays through Effective Date, and retained jurisdiction.

Exhibit K: Monthly Operating Report excerpts showing rental income/operations and property asset schedule.

# EXHIBIT A

Envelope addressed to "All Other Occupants" at 5703 Orange Ave., Sacramento, CA 95823.

Source: User-provided envelope image (rotated for readability).



All other occupants
5703 Orange Ave.
Sacramento, Ca  95408

# EXHIBIT B

USPS tracking screenshot for 70203160000025227913.

Shows "Notice Left (No Authorized Recipient Available)" and redelivery reminder, rather than completed delivery.

Source: User-provided USPS tracking screenshot.

**6:41**

**Tracking Number:**                                    **Remove ✕**

# 70203160000025227913

▢ Copy    🏃 Add to Informed Delivery

**Latest Update**

This is a reminder to arrange for redelivery of your item or your item will be returned to sender.

**Get More Out of USPS Tracking:**

🔍 USPS Tracking Plus®

**Delivery Attempt**
**Reminder to Schedule Redelivery of your item**
December 27, 2025

**Notice Left (No Authorized Recipient Available)**
SACRAMENTO, CA 95823
December 22, 2025, 1:52 pm

**Arrived at USPS Regional Facility**
SACRAMENTO CA DISTRIBUTION CENTER
December 21, 2025, 12:00 pm

**Hide Tracking History**

**What Do USPS Tracking Statuses Mean?**

## Text & Email Updates                    ⌄

**tools.usps.com**

# EXHIBIT C

Sacramento Superior Court certificate of mailing.

Lists Erica/Ericka Cooper at 5703 Orange Avenue, Carmichael, CA 95608, while the premises are 5703 Orange Avenue, Sacramento, CA 95823.

Source: User-provided state-court certificate image.



Case: 26-01007   Doc# 1   Filed: 05/05/26   Entered: 05/05/26 15:12:35   Page 9 of 35

# EXHIBIT D

April 29, 2026 state-court order.

Order denies Erica Cooper's CCP section 473(b) motion and states the writ of possession is to be executed immediately and enforced against all occupants.

Source: User-provided state-court order image.



Case: 26-01007   Doc# 1   Filed: 05/05/26   Entered: 05/05/26 15:12:35   Page 10 of 35

# EXHIBIT E-1

September 26, 2025 email thread screenshot.

Source: User-provided Yahoo Mail screenshot.



# EXHIBIT E-2

Zoomed September 26, 2025 response from Taylor Bachart, LeFever Mattson
Property Management.

Response refers to an alleged 11/23/2021 posted ownership notice, original lease,
11/22/2022 addendum, unpaid charges report, running ledger, and $20,320 rent-only
3-day notice balance.

Source: User-provided Yahoo Mail screenshot.



Case: 26-01007   Doc# 1   Filed: 05/05/26   Entered: 05/05/26 15:12:35   Page 12 of 35

# EXHIBIT F

Bankruptcy Notice Recipients excerpt.

Shows Major Mott III and Ericka Cooper at 5703 Orange Avenue, Sacramento, CA 95823.

Source: Doc. 4226-1, page 20 of 31.

Case: 26-01007    Doc# 1    Filed: 05/05/26    Entered: 05/05/26 15:12:35    Page 13 of 35

| 15669087 | Lori Morgan Trust | Lori Morgan TTE | 835 Sievers Way | Dixon, CA 95620 |
|---|---|---|---|---|
| 15669088 | Lorraine McGowan TTEE | 10 Royala Avenue 22 | Lakeport, CA 95453 | |
| 15669089 | Lorraine Renfroe | 7575 Power Inn Rd, 15 | Sacramento, CA 95828 | |
| 15669090 | Louis Bertorelli , Denise Bertorelli | 10601 East Road | Potter Valley, CA 95469 | |
| 15669091 | Louis Sergi | 6359 Auburn Blvd. | Citrus Heights, CA 95621 | |
| 15669092 | Louis Sergi , Amada Ito | 612 N Irena Ave | Unit E | Redondo Beach, CA 90277 |
| 15669093 | Lovell Sabathia, Quinn Puebla Sabathia | 830 Illinois Street 3 | 830–3 | Fairfield, CA 94533 |
| 15669094 | Low Saetern, Mary Yang | 7575 Power Inn Rd, 68 | Sacramento, CA 95828 | |
| 15669096 | Luis Mouricio Galvan, Luz Aurora Galvan | 2030 E Grayson Rd, 06 | Sonoma, CA 95307 | |
| 15669097 | Luis Navarro–Gonzalez aka Luis Navarro, | 5605 Orange Avenue/7320 Berna Way, 7320 | Sacramento, CA 95823 | |
| 15681470 | Lull Family Living Revocable Trust | Richard Lull | 14 Westport | Manhattan Beach, CA 90266 |
| 15669098 | Luz Valencia, FELIX REYES VALENCIA, | Ernesto Rodriguez, Naomi Rodriguez | 830–848 Studley St, 842 | Sonoma, CA 94576 |
| 15669099 | Lydia A. Hagenbach, TTEE Lydia R. Zboray | 650 Prince Albert Way | Brentwood, CA 94513 | |
| 15669101 | Lyly Tu, Bien Nguyen | 5601 Walnut Avenue 4, 04 | Orangevale, CA 95662 | |
| 15669102 | Lyn Marriner , Christine Marriner | 3762 Calle Clara Vista | Newberry Park, CA 91320 | |
| 15669103 | M M Painting, Inc. | PO Box 8537 | Woodland, CA 95776 | |
| 15669104 | MAD Architecture | 12 Western Ave Ste 1 | Petaluma, CA 94952 | |
| 15676188 | MARGARITA GARCIA | 2837 YOSEMITE BLVD #140 | MODESTO, CA 95354 | |
| 15676190 | MARISSA SHOVELSKI | 2901 YOSEMITE BLVD #124 | MODESTO, CA 95354 | |
| 15669218 | MKM Associates | 5880 Commerce Blvd Ste 105 | Rohnert Park, CA 94928 | |
| 15669219 | MMS Strategies, LLC | 520 Capitol Mall, 260 | Sacramento, CA 95814 | |
| 15669229 | MS Fire Protection, Inc | PO Box 2339 | Fresno, CA 93745 | |
| 15669236 | MWA, Inc Architecture – Engineering | 11165 Brockway Rd | Suite 1 | Truckee, CA 96161 |
| 15669105 | Magito and Co., LLC Tom Meadowcroft | 23570 Arnold Road 150 Wagner Road, 23574 | Sonoma, CA 94576 | |
| 15669106 | Maid to Order | 8100 Stienbeck Way | Sacramento, CA 95828 | |
| 15669107 | Mainline Plumbing, Inc | 18332 Campbell Ave | Escalon, CA 95320 | |
| 15669108 | Major Mott III, Ericka Cooper | 5703 Orange Avenue, 5703 | Sacramento, CA 95823 | |
| 15669109 | Makayla Simmons | 3217 Walnut Ave, 13 | Carmichael, CA 95608 | |
| 15669110 | Maly Moua | 7456 Foothills Blvd. Suite 13 | Roseville, CA 95747 | |
| 15681499 | Manfred K. Fischer Trust | Michaela M. Katari | 132 Pheasant Court | Alamo, CA 94507 |
| 15669111 | Manjot Singh, Baljeet Singh, | Ranjeet Singh Malhi | 7575 Power Inn Rd, 73 | Sacramento, CA 95828 |
| 15669112 | Manos Home Care | 2151 Salvio Street, 395 | Concord, CA 94520 | |
| 15669113 | Manuel Theresita C. Cabacungan TTEE | 2384 Kingfisher Lane | Lincoln, CA 95648 | |
| 15669115 | Manuel Garcia, Leticia Nunez | 3310–3336 Cimmarron | 3320–01 | Cameron Park, CA 95682 |
| 15669114 | Manuel and Theresita Cabacungan, Trustee | Cabacungan Family Trust dtd 4/12/96 | 103 Cannes Court | Fairfield, CA 94534 |
| 15669116 | Marc Strauch | ATTN: Cherie Bridges | 193 Blue Ravine Rd Suite 135 | Folsom, CA 95630 |
| 15669117 | Marces Hall | 7575 Power Inn Rd, 36 | Sacramento, CA 95828 | |
| 15669118 | Marcia Albers nee Deichert | 3949 Estate Drive | Vacaville, CA 95688 | |
| 15669119 | Margaret A. Duke Revocable Trust Margare | P.O. Box 127 | Waterford, CA 95386 | |
| 15669120 | Margaret Orlich Trust dtd 9/26/03 | Lorraine McGowan, Trustee | 10 Royale Ave. Unit 22 | Lakeport, CA 95453 |
| 15669121 | Margaret Thomas Rev Trust dtd 9/21/05 | 404 Walnut Drive | Fairfield, CA 94534 | |
| 15669122 | Margarita Garcia Sanchez, Rodrigo Sanche | 7327/7329 Berna Way, 7327 | Sacramento, CA 95823 | |
| 15669123 | Maria Bautista | 7337 Power Inn Rd, 113 | Sacramento, CA 95828 | |
| 15669124 | Maria Gutierrez, Vannesa Cervantes | 2030 E Grayson Rd, 28 | Sonoma, CA 95307 | |
| 15669125 | Maria Luna, Trinidad Alvarez | 7575 Power Inn Rd, 50 | Sacramento, CA 95828 | |
| 15669126 | Maria Malonzo, Zach Malonzo | 7575 Power Inn Rd, 79 | Sacramento, CA 95828 | |
| 15669127 | Maria Nunez Employee, Maria Sanchez , Ma | 3310–3336 Cimmarron | 3310–10 | Cameron Park, CA 95682 |
| 15669128 | Maria Sanico, Marlon Sanico | 7575 Power Inn Rd, 07 | Sacramento, CA 95828 | |
| 15669129 | Maria Vivanco Mendoza | 5800 Engle Rd, 08–11 | Carmichael, CA 95608 | |
| 15669130 | Mariah Archuleta, Maria Archuleta | 7335/7337 Arleta Court, 7335 | Sacramento, CA 95823 | |
| 15725141 | Mariah Driver | 2725 Jefferson Street | Suite 3 | Carlsbad |
| 15725129 | Mariah Driver as Admin of Brad Driver's Estate | 2725 Jefferson Street | Suite 3 | Carlsbad, CA 92008 |
| 15669131 | Mariane Dellacort, TTEE | 5 Burgundy Way | Yountville, CA 94599 | |
| 15669132 | Maricela Nunez | 6359 Auburn Blvd. | Citrus Heights, CA 95621 | |
| 15669133 | Marilyn Kirchoff | 26123 Highland way | Los Gatos, CA 95033 | |
| 15669134 | Marina Contreras, Lis Villarruel | 2030 E Grayson Rd | 1A | Sonoma, CA 95307 |
| 15669135 | Mario Morquecho | 7575 Power Inn Rd, 51 | Sacramento, CA 95828 | |
| 15669136 | Marion Barton Evict 2/24 Eviction | 5800 Fair Oaks Blvd, 18 | Carmichael, CA 95608 | |
| 15669137 | Marisol Rodarte, Miguel Jacuinde | 170 – 182 First St. E, 176 | Sonoma, CA 94576 | |
| 15669138 | Mark Marilyn Treger, TTEE | Treger Family Trust dtd 07/07/1988 | 1331 Alcyon Court | Carlsbad, CA 92011 |
| 15669141 | Mark Bennett | 6359 Auburn Blvd. | Citrus Heights, CA 95621 | |
| 15703889 | Mark Falgout & Rosilea Falgout | Rosilea Falgout | 845 Ladera Corte | San Ramon CA 94583 |
| 15669143 | Mark Falgout , Rosilea Falgout | 845 Ladera Corte | San Ramon, CA 94583 | |
| 15669144 | Mark Hess | 655 Broadmoor Blvd | San Leandro, CA 94577 | |
| 15669145 | Mark Hess , Sandra Hess | 655 Broadmoor Blvd | San Leandro, CA 94577 | |
| 15669146 | Mark J. Lori D. Rossi Living Trust 6/1/ | 2316 Lovers Point Lane | Modesto, CA 95356 | |
| 15669147 | Mark Kastner , Barbara Kastner | PO Box 2948 | Atascadero, CA 93422 | |
| 15669148 | Mark Long , Deborah Long | 2220 E Linfield St. | Glendora, CA 91740 | |
| 15669149 | Mark S Gorr | 8 Arcata | Mission Viejo, CA 92692 | |

# EXHIBIT G

Bankruptcy schedules for LeFever Mattson.

Selected pages identify 5701/5703 Orange Ave; list Major Mott III/Ericka Cooper as tenant-security-deposit creditors; and list Major Mott III on Schedule G for a residential lease/month-to-month.

Source: Doc. 292, pages 25, 30, and 32 of 34.

Case: 26-01007   Doc# 1   Filed: 05/05/26   Entered: 05/05/26 15:12:35   Page 15 of 35

| Description of property | Location of property | Nature and extent of debtor's interest in property | Net book value of debtor's interest (where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|---|
| 10306 Badger Lane | Residential | 100% owner | $0.00 | Estimated Market Value | $1,800,000.00 |
| 10308 Badger Lane | Residential | 100% owner | $0.00 | Estimated Market Value | $1,875,000.00 |
| 10326 Badger Lane | Residential | 100% owner | $0.00 | Estimated Market Value | $1,900,000.00 |
| 10328 Badger Lane | Residential | 100% owner | $0.00 | Estimated Market Value | $1,850,000.00 |
| 10334 Badger Lane | Residential | 100% owner | $0.00 | Estimated Market Value | $1,850,000.00 |
| 10336 Badger Lane | Residential | 100% owner | $0.00 | Estimated Market Value | $1,860,000.00 |
| 10342 Badger Lane | Residential | 100% owner | $0.00 | Estimated Market Value | $1,875,000.00 |
| 10344 Badger Lane | Residential | 100% owner | $0.00 | Estimated Market Value | $1,850,000.00 |
| 10393 Badger Lane | Residential | 100% owner | $0.00 | Estimated Market Value | $1,875,000.00 |
| 10395 Badger Lane | Residential | 100% owner | $0.00 | Estimated Market Value | $1,850,000.00 |
| 107 Quail Court | Residential | 100% owner | $0.00 | Estimated Market Value | $1,800,000.00 |
| 109 Quail Court | Residential | 100% owner | $0.00 | Estimated Market Value | $1,790,000.00 |
| 110 Fordham Circle | Single Family Residence | 100% owner | $475,000.00 | Acquisition Value | $475,000.00 |
| 1130 Pear Tree Lane | Single Family Residence | 100% owner | $550,000.00 | Acquisition Value | $550,000.00 |
| 1173 Araquipa Court | Single Family Residence | 100% owner | $550,000.00 | Acquisition Value | $550,000.00 |
| 1191 Araquipa Court | Single Family Residence | 100% owner | $0.00 | Comparable Properties | $550,000.00 |
| 157 James River Road | Single Family Residence | 100% owner | $650,000.00 | Acquisition Value | $650,000.00 |
| 1864 Quail Meadows Circle | Single Family Residence | 100% owner | $500,000.00 | Acquisition Value | $500,000.00 |
| 258 Lorraine Blvd. | Single Family Residence | 100% owner | $710,000.00 | Acquisition Value | $710,000.00 |
| 450 West Spain | Inn & Event Space | 23% owner | $3,850,000.00 | Acquisition Value | $3,850,000.00 |
| 4920 Samo Lane | Single Family Residence | 100% owner | $0.00 | Online Market Estimate | $800,000.00 |
| 533 Bella Vista Drive | Single Family Residence | 100% owner | $550,000.00 | Acquisition Value | $550,000.00 |
| 5601 Walnut Avenue #4 | Townhouse | 100% owner | $350,000.00 | Acquisition Value | $350,000.00 |
| 5701/5703 Orange Ave | Duplex | 50% owner | $0.00 | Comparable Properties | $275,000.00 |
| 6359 Auburn Blvd | Office | 33% owner | $297,000.00 | Acquisition Value | $297,000.00 |
| 830 Illinois Street #1-4 | Fouplex | 100% owner | $460,000.00 | Acquisition Value | $460,000.00 |
| Pinyon Creek II Homes (undeveloped parcels) | | 100% owner | $0.00 | | Unknown |
| | | TOTAL: | $8,942,000.00 | TOTAL: | $32,742,000.00 |

| Line | Priority Creditor's Name | Address 1 | Address 2 | City | State | Zip | Specify Code subsection: 11 § U.S.C. 507(a)(__) | Basis for claim | Subject to offset (Y/N) | Contingent | Unliquidated | Disputed | Total claim | Priority amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2.1 | Alejandro Castillo, Ma Del Rosario Montes | Address on File | | | | | 7 | Tenant Security Deposit | Y | | | | $875.00 | $875.00 |
| 2.2 | Angela Washington | Address on File | | | | | 7 | Tenant Security Deposit | Y | | | | $1,095.00 | $1,095.00 |
| 2.3 | Brandon Granillo | Address on File | | | | | 7 | Tenant Security Deposit | Y | | | | $3,110.00 | $3,110.00 |
| 2.4 | David Currier, Nina Currier | Address on File | | | | | 7 | Tenant Security Deposit | Y | | | | $2,840.00 | $2,840.00 |
| 2.5 | Letofia Paopao | Address on File | | | | | 7 | Tenant Security Deposit | Y | | | | $1,695.00 | $1,695.00 |
| 2.6 | Lovell Sabathia, Quinn Puebla Sabathia | Address on File | | | | | 7 | Tenant Security Deposit | Y | | | | $875.00 | $875.00 |
| 2.7 | Lyly Tu, Bien Nguyen | Address on File | | | | | 7 | Tenant Security Deposit | Y | | | | $1,495.00 | $1,495.00 |
| 2.8 | Major Mott III, Ericka Cooper | Address on File | | | | | 7 | Tenant Security Deposit | Y | | | | $512.50 | $512.50 |
| 2.9 | Tony Villarreal, Patty Kramer | Address on File | | | | | 7 | Tenant Security Deposit | Y | | | | $1,795.00 | $1,795.00 |
| 2.10 | Wanda Sumad, Mia Monee, Saadiq Cruz | Address on File | | | | | 7 | Tenant Security Deposit | Y | | | | $1,375.00 | $1,375.00 |
| | | | | | | | | | | | | TOTAL: | $15,667.50 | $15,667.50 |

| Line | Name of other parties with whom the debtor has an executory contract or unexpired lease | Address 1 | Address 2 | City | State | Zip | State what the contract or lease is for and the nature of the debtor's interest | State the term remaining, in days | List the contract number of any government contract |
|---|---|---|---|---|---|---|---|---|---|
| 2.1 | Adnan Kussair | Address on file | | | | | Residential Lease, Lessor | month-to-month | |
| 2.2 | Alejandro Castillo | Address on file | | | | | Residential Lease, Lessor | month-to-month | |
| 2.3 | Alicia Lopez | Address on file | | | | | Residential Lease, Lessor | month-to-month | |
| 2.4 | Angela Washington | Address on file | | | | | Residential Lease, Lessor | month-to-month | |
| 2.5 | Auerbach Engineering Corporation | PO Box 5399 | | Tahoe City | CA | 96145 | Architecture & Engineering, Customer | month-to-month | |
| 2.6 | Brandon Granillo | Address on file | | | | | Residential Lease, Lessor | month-to-month | |
| 2.7 | David Currier | Address on file | | | | | Residential Lease, Lessor | month-to-month | |
| 2.8 | Elizabeth Williams | Address on file | | | | | Residential Lease, Lessor | month-to-month | |
| 2.9 | Extra Space Storage | 6230 Auburn Blvd | Unit 1209 | Citrus Heights | CA | 95621 | Storage Unit, Lessee | month-to-month | |
| 2.10 | GL Anderson Insurance Services | 193 Blue Ravine Rd. | #210 | Folsom | CA | 95630 | Insurance - Property, Policyholder | month-to-month | |
| 2.11 | Great American Financial Services | PO Box 660831 | | Dallas | TX | 75266-0831 | Copier Lease, Lessee | 10/25/2029 | |
| 2.12 | Harry Ault | Address on file | | | | | Residential Lease, Lessor | 09/30/25 | |
| 2.13 | Hartford Fire Ins | P.O. Box 660916 | | Dallas | TX | 75266-0916 | Insurance - Other, Policyholder | month-to-month | |
| 2.14 | Home Tax Service of America, Inc. dba LeFever Mattson Property Management | 6359 Auburn Blvd. | | Citrus Heights | CA | 95621 | Residential Property Management Agreement, Agent | auto-renewal | |
| 2.15 | Home Tax Service of America, Inc. dba LeFever Mattson Property Management | 6359 Auburn Blvd. | | Citrus Heights | CA | 95621 | 6359 Auburn Blvd. Lease | month-to-month | |
| 2.16 | Israel Rojas Landscaping | PO BOX 1084 | | Boyes Hot Springs | CA | 95416 | Repairs & Maintenance - Landscape, Customer | month-to-month | |
| 2.17 | Jacob Knight | Address on file | | | | | Residential Lease, Lessor | month-to-month | |
| 2.18 | Jason Powers | Address on file | | | | | Residential Lease, Lessor | 06/30/25 | |
| 2.19 | JMP Business Systems, Inc. | | | Tulsa | OK | 74121-1228 | Postage Meter Lease, Lessee | 1/23/2025 | |
| 2.20 | Kathleen L. Hamlin, Trustee of the Kathleen Hamlin Living Trust dated July 2, 2008 | 1000 Monique Way | | Dixon | CA | 95620 | Unsecured Note Payable, Borrower | due upon 60 days notice | |
| 2.21 | Letofia Paopao | Address on file | | | | | Residential Lease, Lessor | month-to-month | |
| 2.22 | Liberty Mutual Insurance | PO Box 88766 | | Chicago | IL | 60680-1766 | Insurance - Property, Policyholder | month-to-month | |
| 2.23 | Lopez Landscaping | Address on file | | | | 95821 | Repairs & Maintenance - Landscape, Customer | month-to-month | |
| 2.24 | Lovell Sabathia | Address on file | | | | | Residential Lease, Lessor | month-to-month | |
| 2.25 | Lyly Tu | Address on file | | | | | Residential Lease, Lessor | month-to-month | |
| 2.26 | Major Mott lii | Address on file | | | | | Residential Lease, Lessor | month-to-month | |
| 2.27 | McGowan Trustee of the Lorraine Margaret Orlich Trust dated 9/26/03 | 10 Royale Avenue | Unit #22 | Lakeport | CA | 95453 | Unsecured Note Payable, Borrower | 11/15/2026 | |
| 2.28 | MWA, Inc Architecture - Engineering | 11165 Brockway Rd | Suite 1 | Truckee | CA | 96161 | Architecture & Engineering, Customer | month-to-month | |
| 2.29 | Paragon Pest Control | PO Box 520 | | Tahoe Vista | CA | 96148 | Pest Control, Customer | month-to-month | |
| 2.30 | Parish Termite & Pest Management, Inc. | PO Box 1467 | | Citrus Heights | CA | 95611-1467 | Pest Control, Customer | month-to-month | |
| 2.31 | PDF Designs Inc | 34522 N Scottsdale Rd Ste 12-510 | | Scottsdale | AZ | 85266 | Architecture & Engineering, Customer | month-to-month | |
| 2.32 | Quality Built, LLC | 633 S Andrews Ave Ste 204 | | Ft Lauderdale | FL | 33301 | Architecture & Engineering, Customer | month-to-month | |
| 2.33 | Reco Pest Control | P.O. Box 2847 | | Vacaville | CA | 95696-2847 | Pest Control, Customer | month-to-month | |
| 2.34 | Sherman Family Living Trust dtd 3/13/00 | 8501 Bishop Creek Circle | | Roseville | CA | 95661 | Unsecured Note Payable, Borrower | 12/29/2027 | |
| 2.35 | Smile Business Products, Inc. | 4525 Auburn Blvd | | Sacramento | CA | 95841 | Copier Lease, Lessee | 12/10/2028 | |
| 2.36 | State Farm Insurance | 3338 N. Texas Street #D | | Fairfield | CA | 94533 | Insurance - Other, Policyholder | month-to-month | |
| 2.37 | State Farm Insurance | 5246 Pirrone Ct Ste D | | Salida | CA | 95368-9092 | Insurance - Property, Policyholder | month-to-month | |
| 2.38 | State Farm Insurance | 3338 N. Texas Street #D | | Fairfield | CA | 94533 | Insurance - Property, Policyholder | month-to-month | |
| 2.39 | The Hartford Insurance Company | PO Box 660916 | | Dallas | TX | 75266-0916 | Insurance - Other, Policyholder | month-to-month | |

# EXHIBIT H

DIP / bankruptcy property schedule excerpt.

Selected page lists 5701/5703 Orange Ave, Sacramento and references LeFever Mattson 50% / Kristina Melick 50% with date 7/24/24.

Source: Doc. 643-1, page 67 of 67.

Case: 26-01007   Doc# 1   Filed: 05/05/26   Entered: 05/05/26 15:12:35   Page 19 of 35

LeFever Mattson
Debtor-In-Possession Loan and Security Agreement
Schedule 6.5

| Owner | Property Address | City | State | Description | Amount | |
|---|---|---|---|---|---|---|
| Fire Tree II, LP (77%), LeFever Mattson (23%) | 450 West Spain | Sonoma | CA | Property Taxes | $ 91,487 | |
| LeFever Mattson | 1173 Araquipa Court | Vacaville | CA | Property Taxes | $ 4,629 | |
| LeFever Mattson | 157 James River Road | Vallejo | CA | Property Taxes | TBD | [1] |
| LeFever Mattson | 1864 Quail Meadows Circle | Vacaville | CA | Property Taxes | TBD | [1] |
| LeFever Mattson | 258 Lorraine Blvd. | San Leandro | CA | Property Taxes | TBD | [1] |
| LeFever Mattson | 1130 Pear Tree Lane | Napa | CA | Property Taxes | TBD | [1] |
| LeFever Mattson | 533 Bella Vista Drive | Suisun City | CA | Property Taxes | TBD | [1] |
| LeFever Mattson | 110 Fordham Circle | Vallejo | CA | Property Taxes | TBD | [1] |
| LeFever Mattson | 5601 Walnut Avenue #4 | Orangevale | CA | Property Taxes | TBD | [1] |
| LeFever Mattson | 830 Illinois Street #1-4 | Fairfield | CA | Property Taxes | $ 8,924 | |
| LeFever Mattson | 1191 Araquipa Court | Vacaville | CA | Property Taxes | $ 1,448 | |
| LeFever Mattson | 4920 Samo Lane | Fairfield | CA | Property Taxes | $ 8,245 | |
| LeFever Mattson 50% / Kristina Melick 50% 7/24/24 | 5701/5703 Orange Ave | Sacramento | CA | Property Taxes | $ 4,382 | |
| LeFever Mattson | Pinyon Creek Development | Truckee | CA | Property Taxes | $ 214,491 | [2] |

[1] Property taxes are impounded through the monthly mortage payments.

[2] Includes multiple property addresses.

# EXHIBIT I

Joint Investigation Report excerpts.

Selected pages summarize substantive consolidation/Ponzi findings and identify 5701/5703 Orange Ave in the LFM property-ownership attachment.

Source: Doc. 2568, pages 5 and 91 of 157.

<u>**JOINT INVESTIGATION REPORT AND SUMMARY OF GLOBAL SETTLEMENT**</u>[1]

On October 15, 2025, the LFM Debtors[2] (except for Live Oak), KSMP, and the Committee (the "<u>Plan Proponents</u>") filed the *First Amended Joint Chapter 11 Plan of Liquidation* (the "<u>Plan</u>"), which provides for a global settlement (the "<u>Global Settlement</u>") of the of the outstanding Claims asserted against and Equity Interests asserted in the LFM Debtors and KSMP (collectively, the "<u>Debtors</u>") and the KSMP Investment Entities. The Global Settlement, which was negotiated by the Plan Proponents, provides for a "single pot," such that all assets and liabilities of all Debtors and the KSMP Investment Entities are pooled and consolidated for distribution purposes ("<u>Substantive Consolidation</u>").

This *Joint Investigation Report and Summary of Global Settlement* (this "<u>Investigation Report</u>") summarizes the facts and law supporting two key elements of the Plan: (i) the Debtors' estates and the KSMP Investment Entities should be subject to Substantive Consolidation and (ii) the Court should find that the Debtors and the KSMP Investment Entities were operated as a Ponzi scheme (the "<u>Ponzi Finding</u>"). As discussed in detail herein, for decades, Mattson controlled the Debtors and the KSMP Investment Entities as a single enterprise—disregarding their separate corporate forms—and caused them to engage in fraudulent activities and transactions (collectively, the "<u>Mattson Transactions</u>"). The Mattson Transactions took many forms, including the sale of fictitious interests in many of the Debtors and the KSMP Investment Entities; the transfer of vast sums of money between and among LFM, KSMP, other Debtors, and the KSMP Investment Entities; and the transfer among the Debtors of properties encumbered with high-interest loans.

As a result of Mattson's years of malfeasance, the business and financial affairs of all of the Debtors and the KSMP Investment Entities are so intertwined and poorly documented as to render the exercise of disentangling their affairs overwhelmingly costly—and likely futile. The Plan Proponents believe that forensic reconstruction of each of the individual Debtors' and the KSMP Investment Entities' finances and reconciliation of Investor claims against each of them—as would be required to develop an individual plan of liquidation for each Debtor—would substantially delay any recoveries to Investors and be so costly as to materially reduce, if not eliminate, any such recovery. Accordingly, as explained further below, the Plan Proponents propose Substantive Consolidation of the Debtors and the KSMP Investment Entities.

The Mattson Transactions also amounted to a Ponzi scheme—a form of investment fraud characterized by the perpetrator's payment of old investors with money invested by new ones. Mattson effected his Ponzi scheme, in large part, through a bank account (the "<u>1059 Account</u>") that he controlled and that he maintained separately from LFM's accounting system. From May 2017 through the Petition Date, Mattson induced Investors to deposit over $104 million into the 1059 Account. Rather than allocate those funds to the specific Debtors and the KSMP Investment Entities in which the Investors believed they were investing, Mattson commingled the 1059

---

[1]    The Plan Proponents may update or supplement this Investigation Report prior to solicitation of the Disclosure Statement.

[2]    Capitalized terms used but not defined herein are intended to have the meanings ascribed to them in the *Amended Disclosure Statement in Support of First Amended Joint Chapter 11 Plan of Liquidation* (the "<u>Disclosure Statement</u>"), filed on October 15, 2025.

I

Case: 26-01007    Doc# 1    Filed: 05/05/26    Entered: 05/05/26 15:12:35    Page 23 of 35

## Attachment A: LFM Property Ownership

a)  Properties Owned as of the Petition Date

| | |
|---|---|
| Seven Branches (450 W. Spain Street, Sonoma) | • Acquired 23% TIC interest from third party in January 2019 |
| 110 Fordham Circle, Vallejo | • Transferred to LFM from third party (subject to existing mortgage) in December 2014 |
| 6359 Auburn Boulevard, Citrus Heights | • Acquired 50% TIC interest from third party in October 2021 |
| 157 James River Road, Vallejo | • Transferred to LFM from third party in January 2014 (subject to existing mortgage); previously owned by LFM between December 2000 and February 2001 |
| 258 Lorraine Boulevard, San Leandro | • Transferred to LFM from third party (subject to existing mortgage) in January 2012 |
| 533 Bella Vista Drive, Suisun City | • Transferred to LFM from third party (subject to existing mortgage) in December 2011 |
| 5601 Walnut Avenue #4, Orangevale | • Transferred to LFM from third party (subject to existing mortgage) in December 2011 |
| 5701/5703 Orange Avenue, Sacramento | • Transferred to LFM from third party (subject to existing mortgage) in November 2021; LFM conveyed 50% TIC interest to Investor in July 2024<br>• Previously owned by LFM from September 2005 to November 2005 |
| 830 Illinois Street #1-4, Fairfield | • Transferred to LFM from third party (subject to existing mortgage) in May 2017; previously owned by LFM from January 2006 to July 2006 and from March 2011 to August 2012 |
| 1173 Araquipa Court, Vacaville | • Transferred to LFM from third party (subject to existing mortgage) in December 2014 |
| 1191 Araquipa Court, Vacaville | • Transferred to LFM from third party (subject to existing mortgage) in October 2009 |
| 1864 Quail Meadows Circle, Vacaville | • Transferred to LFM from third party (subject to existing mortgage) in October 2010 |
| 4920 Samo Lane, Fairfield | • Transferred from KSMP to LFM in November 2016 |
| 101 Quail Court, Truckee | • Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in February 2021; transferred from KSMP to LFM in May 2018 |
| 102 Quail Court, Truckee | • Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in February 2021; transferred from KSMP to LFM in May 2018 |
| 103 Quail Court, Truckee | • Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in February 2021; transferred from KSMP to LFM in May 2018 |
| 104 Quail Court, Truckee | • Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in February 2021; transferred from KSMP to LFM in May 2018 |
| 107 Quail Court, Truckee | • Transferred from KSMP to LFM in March 2022; transferred from LFM to KSMP in February 2022<br>• Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in February 2021<br>• Transferred from KSMP to LFM in May 2018 |
| 108 Quail Court, Truckee | • Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in February 2021; transferred from KSMP to LFM in May 2018 |
| 109 Quail Court, Truckee | • Transferred from KSMP to LFM in March 2022; transferred from LFM to KSMP in February 2022<br>• Transferred from KSMP to LFM in July 2021; transferred from LFM to KSMP in February 2021<br>• Transferred from KSMP to LFM in May 2018 |

4904-2302-3962.14 52011.00002

# EXHIBIT J

April 23, 2026 Confirmation Order excerpts.

Selected pages include the entered Confirmation Order, substantive consolidation, retained real property, executory contracts/unexpired leases, stays/injunctions through Effective Date, and retained jurisdiction.

Source: Doc. 4225, pages 1, 3, 8, 9, 14, and 19 of 20.

Case: 26-01007   Doc# 1   Filed: 05/05/26   Entered: 05/05/26 15:12:35   Page 24 of 35



Tobias S. Keller (CA Bar No. 151445)
David A. Taylor (CA Bar No. 247433)
Thomas B. Rupp (CA Bar No. 278041)
KELLER BENVENUTTI KIM LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104
Telephone:     (415) 496-6723
E-mail:     tkeller@kbkllp.com
     dtaylor@kbkllp.com
     trupp@kbkllp.com

*Counsel to LeFever Mattson,*
*the Consolidated Debtor*

| | |
|---|---|
| Richard L. Wynne (CA Bar No. 120349) | Debra I. Grassgreen (CA Bar No. 169978) |
| Erin N. Brady (CA Bar No. 215038) | John D. Fiero (CA Bar No. 136557) |
| Edward J. McNeilly (CA Bar No. 314588) | Jason H. Rosell (CA Bar No. 269126) |
| HOGAN LOVELLS US LLP | PACHULSKI STANG ZIEHL & JONES LLP |
| 1999 Avenue of the Stars, Suite 1400 | One Sansome Street, Suite 3430 |
| Los Angeles, California 90067 | San Francisco, CA 94104 |
| Telephone:     (310) 785-4600 | Telephone:     (415) 263-7000 |
| E-mail:     richard.wynne@hoganlovells.com | E-mail:     dgrassgreen@pszjlaw.com |
|     erin.brady@hoganlovells.com |     jfiero@pszjlaw.com |
|     edward.mcneilly@hoganlovells.com |     jrosell@pszjlaw.com |

*Counsel to KS Mattson Partners, LP*     *Counsel to the Official Committee of Unsecured Creditors*

The following constitutes the order of the Court.
Signed: April 23, 2026

*[signature]*

**Charles Novack**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SANTA ROSA DIVISION

In re:

LEFEVER MATTSON,

    Consolidated Debtor.

Case No. 24-10545 (CN)

(Substantively Consolidated)

Chapter 11

**ORDER CONFIRMING THIRD AMENDED CHAPTER 11 PLAN, AS MODIFIED, OF CONSOLIDATED DEBTOR LEFEVER MATTSON**

Confirmation Hearing:

Date:     April 14, 2026
Time:     10:00 a.m. (Pacific Time)
Place:     United States Bankruptcy Court
     1300 Clay Street, Courtroom 215
     Oakland, CA 94612
Judge:     Honorable Charles Novack

Condominiums, LP and Ponderosa Pines, LP filed voluntary chapter 11 petitions. On November 22, 2024, an involuntary chapter 11 petition was filed against KSMP. On June 9, 2025, an order for relief was entered against KSMP [Case No. 24-10715, Docket No. 131]. The Consolidated Debtor and the Debtors are proper debtors under section 109 of the Bankruptcy Code and the Plan Proponents are proper proponents of the Plan under section 1121(a) of the Bankruptcy Code. The Consolidated Debtor continues to operate its business and manage its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this Chapter 11 Case.

C. **Substantive Consolidation.** On March 6, 2026, the Bankruptcy Court entered its *Order Substantively Consolidating Debtor Lefever Mattson and KS Mattson Partners, LP and Granting Related Relief* [Docket No. 3914] (the "Substantive Consolidation Order"). Pursuant to the Substantive Consolidation Order, the Debtors and the KSMP Investment Entities and their estates were substantively consolidated for all purposes (including for purposes of distribution under a plan) into the single Consolidated Debtor.

D. **Plan Supplement.** The Plan Supplement complies with the terms of the Plan, and the filing and notice of the Plan Supplement were appropriate and complied with the requirements of the Solicitation Procedures Order, the Bankruptcy Code, and the Bankruptcy Rules, and no other or further notice is or shall be required. The Consolidated Debtor is authorized to modify the Plan Supplement documents following entry of this Confirmation Order in a manner consistent with the Plan, this Confirmation Order, or applicable law.

E. **Notice of Confirmation Hearing.** Due and sufficient notice of the Confirmation Hearing has been provided under the circumstances and under applicable rules and consistent with the requirements imposed by the Bankruptcy Court in its *Order (I) Approving the Plan Summary and Approving Disclosure Statement; (II) Scheduling Status Conference on Confirmation of Plan and Approving the Form and Manner of Service of the Confirmation Notice; (III) Establishing Procedures for the Solicitation and Tabulation of Votes on Plan; (IV) Estimating Investor Claims and Interests Solely For Voting Purposes; and (V) Approving Related Matters* [Docket No. 3105] entered on December 10, 2025 (the "Solicitation Procedures Order").

4692-3607-9347.17 520110002
Case: 26-01007   Doc# 1   Filed: 05/05/26   Entered: 05/05/26 15:12:35   Page 26 of 35
Binder p. 21 of 28

releases, discharges, and injunctions set forth in the Plan and the respective heirs, executors, administrators, successors or assigns, if any, of any of the foregoing.

**D.     Vesting of Assets**

7.     As provided in Section 5.3.3 of the Plan, on the Effective Date, the Plan Recovery Trust Assets shall automatically vest in the Plan Recovery Trust.

8.     Retained Real Property.  Upon the Effective Date, and as provided in Section 5.3.3 of the Plan, legal title to any Real Property and any associated personal property not sold, transferred, or disposed of by the Consolidated Debtor prior to the Effective Date shall remain with the Consolidated Estate, and such legal title shall not be transferred to any other entity, including the Plan Recovery Trust, but such Real Property shall continue to be marketed for sale pursuant to the Plan. Upon the consummation of the sale of the applicable Retained Real Property, the resulting Real Property Sale Proceeds will automatically and immediately vest in the Plan Recovery Trust, to be administered and distributed by the Plan Recovery Trustee in accordance with the Plan and the Plan Recovery Trust Agreement.

9.     Non-Debtor Subsidiaries.  Upon the Effective Date, and as provided in Section 5.3.3 of the Plan, any ownership interests in non-debtor Entities not sold, transferred, or disposed of by the Consolidated Debtor prior to the Effective Date shall remain property of the Consolidated Estate, and shall not vest in any other entity, including the Plan Recovery Trust, and instead such ownership interests shall expressly remain property of the Consolidated Estate and shall be administered by the Consolidated Debtor. Notwithstanding the foregoing, any economic interest of the Consolidated Debtor in a non-debtor Entity shall vest in the Plan Recovery Trust upon the Effective Date.

**E.     Executory Contracts and Unexpired Leases**

10.     On and as of the Effective Date, and as provided in Section 6.1 of the Plan, the Consolidated Debtor (and any applicable Debtor) shall assume all executory contracts and unexpired leases that are listed on the Schedule of Assumed Agreements (including as amended by the *Notice of Amended Exhibits to Supplement to Third Amended Joint Plan of Liquidation* [Docket No. 4163]) and shall assign such contracts and leases to the Consolidated Estate or its

Case: 26-01007   Doc# 1   Filed: 05/05/26   Entered: 05/05/26 15:12:35   Page 27 of 35

designee. The Plan Proponents reserve the right to amend the Schedule of Assumed Agreements at any time prior to the Effective Date (i) to delete any executory contract or unexpired lease and provide for its rejection under the Plan or otherwise, or (ii) to add any executory contract or unexpired lease and provide for its assumption and assignment under the Plan. Prior to or on the Effective Date, the Plan Proponents will serve notice of any amendment(s) to the Schedule of Assumed Agreements to the party or parties to those agreements affected by such amendment (the "Counterparties"). Any Counterparties with an objection (an "Assumption Objection") to the assumption, assumption and assignment, rejection, and/or other disposition of the Counterparty's agreement and the proposed cure amount (if applicable) must file with the Bankruptcy Court and serve on counsel to the Plan Proponents or the Plan Recovery Trustee (as applicable) such Assumption Objection within fourteen (14) calendar days after the Effective Date. In the event that the parties cannot reach a consensual resolution of the Assumption Objection, a hearing (to be scheduled) will be held on the matter by the Bankruptcy Court.

11. On and as of the Effective Date, and as provided in Section 6.2 of the Plan, all executory contracts and unexpired leases of the Consolidated Debtor (and any applicable Debtor) shall be rejected except for (i) executory contracts and unexpired leases that have been previously assumed or rejected by the Debtors, (ii) all executory contracts and unexpired leases specified as to be assumed in Section 6.1 of the Plan (including all contracts and leases set forth in the Schedule of Assumed Agreements, as may be amended), and (iii) any agreement, obligation, security interest, transaction, or similar undertaking that the Consolidated Debtor believes is not executory or a lease, but that is later determined by the Bankruptcy Court to be an executory contract or unexpired lease that is subject to assumption or rejection under section 365 of the Bankruptcy Code. Executory contracts and unexpired leases that have been previously assumed, or assumed and assigned, pursuant to an order of the Bankruptcy Court, shall not be affected by the Plan.

12. Any Rejection Claim or other Claim for damages arising from the rejection under the Plan of an executory contract or unexpired lease must be Filed and served no later than the Rejection Claims Bar Date. Any such Rejection Claim that is not timely Filed and served will be

Case: 24-10545   Doc# 4225   Filed: 04/23/26   Entered: 04/23/26 11:14:11   Page 9 of 20

Case: 26-01007   Doc# 1   Filed: 05/05/26   Entered: 05/05/26 15:12:35   Page 28 of 35

Binder p. 23 of 28

23. Unless otherwise provided in the Plan, all injunctions or stays in the Chapter 11 Case under sections 105 or 362 of the Bankruptcy Code or otherwise, and extant as of the Confirmation Hearing (excluding any injunctions or stays contained in or arising from the Plan or the Confirmation Order), shall remain in full force and effect through the Effective Date.

**K.     Prior Settlement Agreements**

24. Nothing in this Confirmation Order modifies the terms of any Orders approving settlement agreements previously entered in the Chapter 11 Case.

**L.     Sales of Retained Real Property**

25. The Consolidated Estate may continue to sell Retained Real Property, including any Retained Real Property for which a sale contract has been entered into but such sale has not closed as of the Effective Date (each, a "Pending Sale" governed by a "Pending Sale Contract"). Any order or notice required by the (i) *Order Establishing Omnibus Procedures for Real Property Sales* [Docket No. 971], (ii) *Order Establishing Omnibus Procedures for Real Property Sales (Socotra Collateral)* [Docket No. 1381], or (iii) *Order Granting Motion of Debtor KSMP to Establish Procedures for Real Property Sales* [Docket No. 2694] shall not be required to close a Pending Sale or any other sale of Retained Real Property on or after the Effective Date.

26. If an order approving the sale of a Retained Real Property is entered by this Bankruptcy Court prior to the Effective Date but such sale provided for therein has not closed prior to the Effective Date (a "Pending Sale Order"), the closing deadline of such sale shall remain as stated in the Pending Sale Contract. For a Pending Sale where no Pending Sale Order was entered prior to the Effective Date, the following closing periods shall apply:

    a. The closing deadline for a Pending Sale where contingencies have been waived by the parties to the Pending Sale Contract prior to the Effective Date shall be the later of (i) fourteen (14) calendar days from the Effective Date or (ii) the closing deadline stated in the Pending Sale Contract. The closing deadline may be extended by agreement of the parties to the Pending Sale Contract.

## U.   Retention of Jurisdiction

41.   This Bankruptcy Court shall retain jurisdiction to the fullest extent permitted by the Plan and applicable law to enforce, implement, interpret and resolve issues and disputes with respect to the Plan and all matters related to the Plan.

**\*\*END OF ORDER\*\***

# EXHIBIT K

Monthly Operating Report excerpts.

Selected pages show rental income/operations and a capital-asset schedule.

Source: Doc. 1353-2, pages 1 and 6 of 27.

Case: 26-01007    Doc# 1    Filed: 05/05/26    Entered: 05/05/26 15:12:35    Page 31 of 35

LeFever Mattson, a California corporation
24-10545
Statement of Cash Receipts and Disbursements
2/28/2025

|  | Current Month | | Accumulated Total | |
|---|---|---|---|---|
| **Receipts** | | | | |
| Operating | | | | |
| Rental Income | $ | 52,613 | $ | 307,245 |
| Other Operating Cash Receipts | | 0 | | 42,228 |
| **Total Operating Receipts** | $ | 52,613 | $ | 349,473 |
| Non-Operating | | | | |
| Other Non-Operating Cash Receipts | $ | 19,787 | $ | 153,856 |
| Intercompany Transfers | | 105,000 | | 838,150 |
| Adjustments to Intercompany Balances | | - | | 177,666 |
| DIP Funding | | - | | 2,900,000 |
| Asset Sales | | - | | - |
| **Total Non-Operating Receipts** | $ | 124,787 | $ | 4,069,673 |
| **Total Receipts** | $ | 177,400 | $ | 4,419,146 |
| **Disbursements** | | | | |
| Operating | | | | |
| Payroll & Payroll Taxes | $ | 58,432 | $ | 180,321 |
| Insurance | | 51,631 | | 239,106 |
| Utilities | | 10,884 | | 41,157 |
| Repairs & Maintenance | | 8,452 | | 20,084 |
| Admin Expense | | 3,934 | | 12,356 |
| Professional Fees | | 40,840 | | 314,679 |
| Other Operating Disbursements | | - | | 19,643 |
| Management Fees | | - | | 2,730 |
| Taxes (sales, property, other) | | - | | 1,314 |
| **Total Operating Disbursements** | $ | 174,173 | $ | 831,390 |
| Non-Operating | | | | |
| Debt Service | $ | 14,038 | $ | 51,450 |
| Other Non-Operating Disbursements | | 20,411 | | 159,804 |
| Restructuring Fees | | 1,189,978 | | 1,210,281 |
| Owner Distributions | | - | | - |
| Intercompany Transfers | | 333,291 | | 993,615 |
| Transfers to Non-Debtors | | 225,000 | | 1,370,516 |
| Adjustments to Intercompany Balances | | - | | - |
| Capital Expenditures | | - | | - |
| **Total Non-Operating Disbursements** | $ | 1,782,718 | $ | 3,785,666 |
| **Total Disbursements** | $ | 1,956,892 | $ | 4,617,056 |
| **Net Cash Receipts and Disbursements** | $ | (1,779,492) | $ | (197,910) |
| **Total Disbursements less Intercompany Disbursements** | $ | 1,623,601 | $ | 3,623,442 |

LeFever Mattson, a California corporation
24-10545
Statement of Capital Assets
2/28/2025
Note: All property values included in the table below are representative of book values per the company's books and records.

| Property Address | As of Petition Date | 2/28/2025 |
|---|---|---|
| 110 Fordham Circle | $ - | $ - |
| 1130 Pear Tree Lane | $ - | $ - |
| 1173 Araquipa Court | $ - | $ - |
| 1191 Araquipa Court | $ - | $ - |
| 157 James River Road | $ - | $ - |
| 1864 Quail Meadows Circle | $ - | $ - |
| 258 Lorraine Blvd. | $ - | $ - |
| 450 West Spain | $ 1,012,000 | $ 1,012,000 |
| 4920 Samo Lane | $ - | $ - |
| 533 Bella Vista Drive | $ - | $ - |
| 5601 Walnut Avenue #4 | $ - | $ - |
| 5701/5703 Orange Ave | $ - | $ - |
| 6359 Auburn Blvd | $ - | $ - |
| 830 Illinois Street #1-4 | $ - | $ - |
| Pinyon Creek II Homes | $ - | $ - |
| **Grand Total** | **$ 1,012,000** | **$ 1,012,000** |

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>Ericka Cooper (also appearing as Erica Cooper)<br>5703 Orange Avenue<br>Sacramento, CA 95823 | **DEFENDANTS**<br>LeFever Mattson Property Management; Home Tax Service of America, Inc. dba LFM PM;<br>LeFever Mattson; Consolidated Debtor; Plan Recovery Trust/Trustee;<br>others - see complaint |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Self-represented plaintiff<br>Telephone/email: **916-585-1060** email Unkledo@icloud.com | **ATTORNEYS** (If Known)<br>Known counsel: Pamela C. Jackson, Inc.; Keller Benvenutti Kim LLP; Pachulski Stang Ziehl & Jones LLP;<br>Hogan Lovells US LLP; U.S. Trustee Region 17 |
| **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Declaratory and injunctive relief under Fed. R. Bankr. P. 7001(7),(9), Rule 7065; 11 U.S.C. §§ 105, 362, 365(h), 541, 1141. TRO/status-quo stay re lockout and determination of authority over property, lease, rent/payee, UD writ.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(f) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
☒ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

**Other Relief Sought**

TRO/status-quo stay before May 10, 2026 or until first available hearing; declaratory relief re bankruptcy-plan authority; no monetary demand

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>LeFever Mattson, Consolidated Debtor | BANKRUPTCY CASE NO.<br>24-10545 (CN) | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of California | DIVISION OFFICE<br>Santa Rosa | NAME OF JUDGE<br>Hon. Charles Novack |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>Signature: _____    Ericka Cooper, self-represented plaintiff | | |
| DATE<br><br>May _5_, 2026 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Ericka Cooper, self-represented plaintiff | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.