Ericka Cooper (also appearing as Erica Cooper)
Self-Represented Plaintiff / Movant
5703 Orange Avenue, Sacramento, CA 95823
Telephone: 916-585-1060     Email: unkledo@icloud.com



FILED

MAY 05 2026

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SANTA ROSA DIVISION

ERICKA COOPER, Plaintiff,

v.

LEFEVER MATTSON PROPERTY MANAGEMENT; HOME TAX SERVICE OF AMERICA, INC. dba LEFEVER MATTSON PROPERTY MANAGEMENT; LEFEVER MATTSON; CONSOLIDATED DEBTOR; CONSOLIDATED ESTATE; PLAN RECOVERY TRUST; PLAN RECOVERY TRUSTEE; KRISTINA MELICK/FOX; CHRIS BENDINELLI; PAMELA JACKSON; PAMELA C. JACKSON, INC.; and DOES 1-20, Defendants.

Adversary Proceeding No.: **26-1007**

Related Case No. 24-10545 (CN)

Chapter 11

Judge: Hon. Charles Novack

## EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER / STATUS-QUO STAY AND EXPEDITED HEARING BEFORE MAY 10, 2026

Plaintiff Ericka Cooper moves for a temporary restraining order and status-quo stay preventing lockout/removal from 5703 Orange Avenue, Sacramento, California 95823 before the scheduled May 10, 2026 lockout/deadline, or, if the Court cannot hear the matter before May 10, through the first available hearing date and ruling.

This motion is filed with: (1) the Verified Adversary Complaint; (2) a separate Memorandum of Points and Authorities; (3) Ericka Cooper's declaration; (4) a proposed temporary restraining order and order to show cause; (5) supporting exhibits; (6) a Rule 65 notice certification; and (7) a request to waive or set nominal security.

### Relief requested

• Temporarily restrain Defendants and persons acting in concert with them from enforcing, directing, requesting, completing, or assisting any lockout/removal under any writ of possession concerning 5703 Orange Avenue, Sacramento, CA 95823.

• Set an expedited OSC/preliminary-injunction/status-quo hearing before May 10, 2026 if possible.

• If the Court cannot hear the matter before May 10, 2026, enter the TRO/status-quo stay immediately and keep it in effect until the first available hearing date and ruling.

• Require Defendants to explain in writing who had authority under the Chapter 11 case, confirmed Plan, Confirmation Order, lease/rent documents, and property records to collect or refuse rent, redirect rent, serve a three-day notice, prosecute the unlawful detainer, obtain the writ, and enforce possession.

• Waive security or set nominal security of $0 to $100 because the relief only preserves the status quo briefly and Defendants face no compensable injury from waiting for the first available bankruptcy hearing, while Plaintiff faces immediate loss of housing.

### Basis for motion

The premises and tenancy appear in the LeFever Mattson bankruptcy record. Documents identify 5701/5703 Orange Avenue as a property in which LeFever Mattson claimed a 50% ownership interest, identify a later 50% TIC ownership reference involving Kristina Melick, list Major Mott III and Ericka Cooper in bankruptcy notices and security-deposit schedules, and reflect the April 23, 2026 Confirmation Order and retained jurisdiction. Plaintiff is not asking to avoid rent; she asks to pay rent or use-and-occupancy to the lawful authorized person or registry, once the Court identifies who can legally receive it.

Plaintiff also alleges she was supposed to receive a new lease after inspection before bankruptcy, but LeFever failed to appear for the inspection multiple times and no new lease was provided, adding to the confusion over lease status, rent amount, and payee authority.

## Notice

Plaintiff has given or is immediately giving emergency notice to the state UD attorney, bankruptcy counsel, U.S. Trustee, known owner/manager/Plan Trust contacts, and the Sacramento Sheriff/levying officer as stated in the separate Notice Certification. To the extent any party could not be reached before filing, immediate lockout risk requires the Court to preserve the status quo while notice continues.

Dated: _may 4th_____, 2026

Respectfully submitted,

Ericka Cooper, self-represented

Case: 26-01007    Doc# 4    Filed: 05/05/26    Entered: 05/05/26 17:16:58    Page 2 of 4

Ericka Cooper (also appearing as Erica Cooper)
Self-Represented Plaintiff / Movant
5703 Orange Avenue, Sacramento, CA 95823
Telephone: 916-585-1060      Email: UNKLEDO@ICLOUD.COM

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SANTA ROSA DIVISION

ERICKA COOPER, Plaintiff,

v.

LEFEVER MATTSON PROPERTY MANAGEMENT; HOME TAX SERVICE OF AMERICA, INC. dba LEFEVER MATTSON PROPERTY MANAGEMENT; LEFEVER MATTSON; CONSOLIDATED DEBTOR; CONSOLIDATED ESTATE; PLAN RECOVERY TRUST; PLAN RECOVERY TRUSTEE; KRISTINA MELICK/FOX; CHRIS BENDINELLI; PAMELA JACKSON; PAMELA C. JACKSON, INC.; and DOES 1-20, Defendants.

Adversary Proceeding No.: _____
Related Case No. 24-10545 (CN)
Chapter 11
Judge: Hon. Charles Novack

# [PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION / STATUS-QUO STAY

Upon Plaintiff Ericka Cooper's Verified Adversary Complaint, Emergency Motion for Temporary Restraining Order / Status-Quo Stay, separate Memorandum of Points and Authorities, declaration, request to waive or set nominal security, exhibits, and notice certification, and good cause appearing, IT IS ORDERED:

1. Pending further order, Defendants LeFever Mattson Property Management, Home Tax Service of America, Inc. dba LeFever Mattson Property Management, LeFever Mattson, the Consolidated Debtor, Consolidated Estate, Plan Recovery Trust, Plan Recovery Trustee, Kristina Melick/Fox, Chris Bendinelli, Pamela Jackson, Pamela C. Jackson, Inc., and their agents, employees, attorneys, successors, assigns, and all persons acting in concert with them are temporarily restrained from enforcing, directing, requesting, or completing any lockout/removal under any writ of possession concerning 5703 Orange Avenue, Sacramento, California 95823.

2. This TRO/status-quo stay shall issue before the scheduled May 10, 2026 lockout/deadline. If the Court cannot hold a hearing before May 10, 2026, the stay shall remain in effect until the first available hearing date and further order of the Court.

3. Defendants and any person acting in concert with them shall immediately notify the Sacramento County Sheriff/levying officer of this Order and shall not request, participate in, or complete a lockout while this Order remains in effect.

4. Defendants shall appear and show cause why a preliminary injunction/status-quo stay should not issue pending determination of the authority, Plan, lease/rent, payee, and property issues raised in the adversary complaint.

5. The hearing on the Order to Show Cause is set for _____, 2026 at _____ ___.m. before Hon. Charles Novack, United States Bankruptcy Court, Northern District of California, Courtroom 215, 1300 Clay Street, Oakland, California 94612, with remote appearance as permitted by the Court.

6. Opposition shall be filed by _____, 2026 at _____ ___.m. and shall identify: (a) current legal/equitable owner(s) of 5701/5703 Orange Avenue; (b) property status under the confirmed Plan; (c) who is authorized to collect rent and serve notices; (d) lease status under the Plan and 11 U.S.C. § 365; (e) any cure amount or rent ledger; and (f) authority for the state-court UD, writ, and lockout.

7. Plaintiff shall serve this Temporary Restraining Order, the Order to Show Cause, the Verified Adversary Complaint, the TRO Motion, Memorandum of Points and Authorities, Declaration, Request to Waive or Set Nominal Security, and supporting exhibits on the adverse parties by _____, 2026 at _____ ___.m. by email,

Case: 26-01007    Doc# 4    Filed: 05/05/26    Entered: 05/05/26 17:16:58    Page 3 of 4

overnight delivery, hand delivery, fax, or other method reasonably calculated to provide immediate notice, and shall file proof of service.

8. Security under Rule 65(c) is waived. Alternatively, security is set at the nominal amount of $_____ because this Order only preserves the status quo briefly until the first available hearing, Plaintiff faces immediate loss of housing, and Defendants have not shown a realistic likelihood of compensable harm from a short stay. If the Court requires a deposit, Plaintiff may satisfy it by depositing $_____ with the Clerk or as otherwise ordered by the Court.

9. This Order is without prejudice to later determination of the automatic stay, confirmed Plan, 11 U.S.C. § 365(h), jurisdiction, bond, rent/use-and-occupancy deposit, or state-law issues.

IT IS SO ORDERED.

Dated: _____, 2026

_____
Hon. Charles Novack
United States Bankruptcy Judge

Case: 26-01007    Doc# 4    Filed: 05/05/26    Entered: 05/05/26 17:16:58    Page 4 of 4