Ericka Cooper (also appearing as Erica Cooper)
Self-Represented Plaintiff / Movant
5703 Orange Avenue, Sacramento, CA 95823
Telephone: 916-585-1060        Email: unkledo@icloud.com



FILED

MAY 05 2026

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SANTA ROSA DIVISION

ERICKA COOPER, Plaintiff,

v.

LEFEVER MATTSON PROPERTY MANAGEMENT; HOME TAX SERVICE OF AMERICA, INC. dba LEFEVER MATTSON PROPERTY MANAGEMENT; LEFEVER MATTSON; CONSOLIDATED DEBTOR; CONSOLIDATED ESTATE; PLAN RECOVERY TRUST; PLAN RECOVERY TRUSTEE; KRISTINA MELICK/FOX; CHRIS BENDINELLI; PAMELA JACKSON; PAMELA C. JACKSON, INC.; and DOES 1-20, Defendants.

Adversary Proceeding No.: **26-1007**
Related Case No. 24-10545 (CN)
Chapter 11
Judge: Hon. Charles Novack

# SEPARATE MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TEMPORARY RESTRAINING ORDER / STATUS-QUO STAY

## I. Introduction

Plaintiff seeks narrow emergency relief. The requested TRO does not ask this Court to finally decide the unlawful detainer, ownership, lease, or rent balance today. It asks the Court to preserve the status quo before a May 10, 2026 lockout/deadline, or until the first available hearing, so this Court can determine bankruptcy-plan authority over the property, lease/rent stream, rent payee, three-day notice, unlawful detainer, writ, and lockout.

Plaintiff's position is not that she refuses to pay. Her position is that the bankruptcy case, ownership/TIC materials, confirmed Plan, property-management records, and conflicting payee/lease information left her without a clear lawful person to pay. She requests an order allowing payment of current rent/use-and-occupancy to the legally authorized recipient or, if the Court prefers, into escrow/registry/other court-directed deposit pending determination.

## II. Applicable standard

Federal Rule of Civil Procedure 65 applies in adversary proceedings through Bankruptcy Rule 7065. A TRO may issue where the moving papers show likely success or serious questions going to the merits, likely irreparable harm, the balance of equities favoring relief, and that relief is in the public interest. See Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008); Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127 (9th Cir. 2011).

11 U.S.C. § 105(a) authorizes bankruptcy courts to issue orders necessary or appropriate to carry out the Bankruptcy Code. The Court also has authority and retained jurisdiction to interpret and enforce its Confirmation Order and confirmed Plan. Bankruptcy Rule 7001(7) and (9) provide for adversary proceedings seeking injunctive and declaratory relief.

## III. Serious questions and likelihood of success exist because authority is disputed under bankruptcy documents and the confirmed Plan.

The record raises serious questions regarding who had authority to collect rent, refuse rent, redirect rent, serve the three-day notice, prosecute the state unlawful detainer, request the writ, and enforce possession. Bankruptcy schedules and notices identify the property and tenancy. Other materials identify a 2024 ownership/TIC event. The April 23, 2026 Confirmation Order addresses the Consolidated Debtor, retained real property, plan trust treatment, executory contracts and unexpired leases, and retained jurisdiction.

Those issues are uniquely appropriate for this Court to decide. A state-court lockout before this Court determines bankruptcy authority risks mooting or severely impairing the federal issues.

## IV. Plaintiff faces irreparable harm before the opposing parties can be fully heard.

Loss of possession of a residence, removal of household members, and interruption of housing before a bankruptcy authority determination constitute immediate and irreparable harm. Money damages cannot reliably restore possession or prevent the disruption caused by a lockout. The harm is especially urgent because the lockout/deadline is scheduled or expected before/on May 10, 2026.

## V. The balance of equities favors preserving the status quo briefly.

Plaintiff asks for a short status-quo stay only until the first possible hearing and ruling. Defendants' only burden is to wait briefly and explain their authority. Plaintiff faces loss of housing and loss of any meaningful chance to obtain a bankruptcy-court ruling before enforcement. Plaintiff also offers to pay ongoing rent/use-and-occupancy to the legally authorized person or as the Court directs.

## VI. The public interest favors orderly bankruptcy-court supervision and clear rent-payee authority.

The public interest favors enforcing bankruptcy court orders, preserving jurisdiction over confirmed-plan disputes, preventing inconsistent state/federal outcomes, and ensuring residential tenants know who is legally authorized to receive rent before nonpayment is used to enforce lockout.

## VII. Notice and Civil L.R. 65-1 procedural items are satisfied or addressed.

To the extent Civil L.R. 65-1 is applied or used as guidance, the filing includes a copy of the complaint, this separate memorandum, a proposed TRO and OSC, supporting documents/exhibits, and a self-represented notice certification explaining notice provided or why complete pre-filing notice was not possible. Plaintiff will alert the Court/Clerk immediately after filing because the matter involves a lockout before/on May 10, 2026.

## VIII. Security should be waived or set at a nominal amount.

Rule 65(c), made applicable through Bankruptcy Rule 7065, allows the Court to set security in an amount the Court considers proper. Although Bankruptcy Rule 7065 expressly permits a debtor, trustee, or debtor in possession to obtain injunctive relief without Rule 65(c) security, Plaintiff is a non-debtor tenant and therefore expressly requests waiver or nominal security. Ninth Circuit authority recognizes that the district court has discretion as to the amount of security and may dispense with bond where there is no realistic likelihood of harm to the enjoined party. See Johnson v. Couturier, 572 F.3d 1067, 1086 (9th Cir. 2009); Jorgensen v. Cassiday, 320 F.3d 906, 919 (9th Cir. 2003).

Here, any security should be $0 or nominal, not more than $100, because the order only preserves the status quo until the first available hearing; Defendants face no realistic monetary injury from a brief pause; Plaintiff is self-represented and facing lockout; and Plaintiff offers to pay current rent/use-and-occupancy as directed by the Court.

## IX. Conclusion

The Court should enter the proposed TRO/OSC before May 10, 2026, or, if no hearing can be held before then, enter an interim stay until the first available hearing date and ruling.

Dated: __may 4th____, 2026

Respectfully submitted,

Ericka Cooper, self-represented

Case: 26-01007   Doc# 5   Filed: 05/05/26   Entered: 05/05/26 17:25:46   Page 2 of 2