Ericka Cooper (also appearing as Erica Cooper)
Self-Represented Proposed Plaintiff / Movant
5703 Orange Avenue, Sacramento, CA 95823
Telephone: _____ Email: _____



FILED
MAY 05 2026
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>**LEFEVER MATTSON,**<br><br>Consolidated Debtor. | Case No. 24-10545 (CN)<br>Chapter 11<br>Judge: Hon. Charles Novack  **AP–26-1007**<br><br>**APPLICATION OF ERICKA COOPER TO PROCEED WITHOUT PREPAYING ADVERSARY FILING FEE OR, ALTERNATIVELY, TO DEFER FEE PENDING JUDICIAL REVIEW; DECLARATION; EXHIBIT A RECEIPTS; [PROPOSED] ORDER**<br><br>Related to proposed adversary proceeding seeking emergency TRO/status-quo stay before May 10, 2026 lockout or first available hearing date. |

## APPLICATION

Applicant Ericka Cooper respectfully asks the Court to permit her emergency adversary complaint and related TRO/status-quo stay papers to be filed without prepayment of the adversary filing fee, or alternatively to defer the fee long enough for the Court to review this application and the emergency request.

This request is made because Applicant is self-represented, is facing an imminent state-court lockout at her residence before May 10, 2026 or before the first available hearing date, and seeks only emergency status-quo relief so the Bankruptcy Court may determine authority over the property, lease, rent payee, rent stream, and enforcement of possession connected to the LeFever Mattson Chapter 11 case and confirmed Plan.

Applicant further requests relief because the immediate housing emergency has already required her household to make emergency housing-preservation payments through the local state-court process to LeFever Mattson Property Management or as directed in the state-court proceeding to keep her family housed pending further court review. Attached as Exhibit A are true and correct copies of receipts currently available showing: (1) a $635 cashier's check payable to LeFever Mattson Property Management, dated April 18, 2026 and stamped received April 20, 2026; and (2) a $500 money order / court drop-off submission for Case No. 25UD006079, identified as a stay payment, stamped received May 4, 2026. If any additional stay-payment receipt exists or is obtained, Applicant will supplement Exhibit A.

Those emergency housing-preservation payments, combined with the threat of homelessness, have made Applicant unable to prepay the $350 adversary filing fee without depriving her household of funds needed for shelter, food, transportation, and basic necessities. Applicant is not refusing rent or use-and-occupancy; she seeks to pay the legally authorized person, court, trustee, estate, trust, or other payee as the Bankruptcy Court directs.

Requested relief:

1. Waive the $350 adversary complaint filing fee for this emergency adversary proceeding, if legally available;

2. Alternatively, defer collection of the fee and direct the Clerk to accept, lodge, or file the adversary complaint, cover sheet, TRO motion, separate memorandum, declaration, proposed TRO/OSC, and related papers pending judicial determination;

3. Permit emergency review before lockout or before the first available hearing date;

4. Grant any further relief necessary to preserve access to the Court before the imminent lockout date or first available hearing.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Fee Issue and Procedural Posture

The Northern District of California Bankruptcy Court fee schedule lists a $350 fee for an adversary complaint, with a $0 fee for a complaint by a Chapter 7 or Chapter 13 debtor. Applicant is not the Chapter 11 debtor in this case. Therefore, she does not assume that the fee is automatically waived by the court fee schedule. She instead asks the Court for judicial relief from prepayment or, at minimum, deferral long enough to preserve emergency review.

The emergency adversary proceeding seeks a temporary restraining order or status-quo stay connected to an imminent state-court lockout. Applicant asks for a fee ruling that does not prevent the Court from reviewing the emergency papers before possession is lost.

## II. Authority for Request

28 U.S.C. section 1915(a)(1) authorizes a court of the United States to allow commencement, prosecution, or defense of a civil suit, action, proceeding, or appeal without prepayment of fees or security by a person who submits an affidavit showing inability to pay and stating the nature of the action and belief that the person is entitled to redress.

28 U.S.C. section 1930 governs bankruptcy fees and may limit or condition fee relief in bankruptcy matters. If the Court determines that complete waiver is unavailable, Applicant requests alternative deferral or other relief allowing emergency judicial review first and later fee determination.

Bankruptcy Local Rule 7003-1 requires that every complaint initiating an adversary proceeding be accompanied by a completed adversary proceeding cover sheet. Bankruptcy Local Rule 9013-1 provides that motion papers include a motion, memorandum, and notice of hearing and permits a motion and memorandum of points and authorities to be combined. Civil Local Rule 65-1, applied through Bankruptcy Rule 7065 in adversary proceedings, requires TRO papers to include the complaint, a separate memorandum, proposed TRO/order to show cause, supporting documents, and a notice certification. Applicant is filing or lodging this fee request with the adversary complaint, cover sheet, emergency TRO papers, separate memorandum, proposed order, and shortened-time request.

## III. Good Cause for Waiver or Deferral

Good cause exists because the emergency filing concerns loss of possession of Applicant's home before the Bankruptcy Court can determine who has lawful bankruptcy-plan authority over the property, lease, rent stream, rent payee, and enforcement of possession. Applicant has already used available funds to make emergency payments intended to preserve housing and prevent immediate displacement. Exhibit A includes the currently available receipts documenting a $635 payment and a $500 stay-payment submission through the local state-court process.

Applicant seeks only access to emergency judicial review. Denying or delaying filing solely because she cannot prepay the adversary fee would risk loss of possession before the Court can decide the TRO/status-quo request. Applicant therefore asks for waiver if available, or deferral/lodging pending prompt judicial review.

## IV. Conclusion

Applicant respectfully requests that the Court waive the adversary filing fee, or alternatively defer the fee and direct the Clerk to accept, lodge, or file the adversary complaint and emergency TRO/status-quo stay papers pending further order.

## DECLARATION OF ERICKA COOPER IN SUPPORT OF APPLICATION TO PROCEED WITHOUT PREPAYING FEE OR TO DEFER FEE

1. I am the proposed plaintiff/movant. I am self-represented and reside at 5703 Orange Avenue, Sacramento, California 95823.

2. I am seeking emergency Bankruptcy Court relief related to In re LeFever Mattson, Case No. 24-10545 (CN), because a state-court lockout or writ enforcement is imminent and I need this Court to determine authority over the property, lease, rent payee, rent stream, and enforcement of possession.

3. I am not filing this emergency request to avoid rent. I am asking to pay rent or use-and-occupancy to the legally authorized person, court, trustee, estate, trust, or other payee as the Court directs.

4. Due to the current situation and the immediate threat of homelessness, my household has already made emergency housing-preservation payments through the local state-court process to LeFever Mattson Property Management or as directed in the local state-court proceeding to keep my family housed while the bankruptcy authority issue is being presented.

5. Attached as Exhibit A are true and correct copies of receipts currently available to me: a $635 cashier's check payable to LeFever Mattson Property Management, dated April 18, 2026 and stamped received April 20, 2026; and a $500 money order / court drop-off submission for Case No. 25UD006079, identified as a stay payment, stamped received May 4, 2026. If I obtain any additional stay-payment receipt, I will supplement Exhibit A.

6. These emergency payments, totaling at least $1,135 based on the attached receipts, were made to preserve housing and prevent displacement while the courts determine who had legal authority to demand, accept, or refuse rent and enforce possession. Those payments reduced or exhausted the funds I otherwise could have used to prepay the adversary filing fee.

7. I am unable to prepay the $350 adversary filing fee today without depriving myself/my household of necessities or preventing me from pursuing emergency relief before lockout.

8. My monthly income is approximately $1850_____. My take-home income is approximately $1850_____ per MONTH_____.

9. My household size is 4_____. I support or help support the following dependents/children: 3_____.

10. My monthly rent/use-and-occupancy amount is approximately $1270_____. Other necessary monthly expenses include food, utilities, transportation, insurance, child expenses, medical/education needs, and other necessities totaling approximately $200_____ per month.

11. My available cash on hand and in accounts is approximately $600_____. I do not have funds available to prepay the adversary filing fee without harming my household's immediate ability to maintain shelter and necessities.

12. I ask the Court to waive the filing fee if legally available, or at minimum to defer the fee and direct the Clerk to accept, lodge, or file my emergency adversary/TRO papers for judicial review before lockout or the first available hearing date.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: MAY 5TH_____, 2026, at SACRAMENTO_____, California.

_____<br/>Ericka Cooper

# EXHIBIT A COVER PAGE

# EXHIBIT A

Receipts for emergency housing-preservation / state-court stay or use-and-occupancy payments made through the local courthouse or to LeFever Mattson Property Management to preserve housing pending emergency review.

Receipt A-1: $635 cashier's check payable to LeFever Mattson Property Management, dated April 18, 2026 and stamped received April 20, 2026.

Receipt A-2: $500 money order / Sacramento Superior Court drop-off submission for Case No. 25UD006079, identified as a stay payment, stamped received May 4, 2026.

If Applicant obtains another receipt for an additional stay/use-and-occupancy payment, Applicant may supplement this exhibit.

# EXHIBIT A-1

Cashier's check customer copy - $635.00, payable to LeFever Mattson Property Management; dated 04/18/26; stamped received Apr. 20, 2026.

| | |
|---|---|
| Notice to Purchaser - In the event that this check is lost, misplaced or stolen, a sworn statement and 90-day waiting period will be required prior to replacement. This check should be negotiated within 90 days. | **Cashier's Check - Customer Copy**     No. 6220804974 |

Void After 90 Days    91-170/1221    Date 04/18/26 01:31:58 PM

NCA

FLORIN CENTER
736     0000905     074

Pay     BANK OF AMERICA    **SIX** **THREE** **FIVE** **ZERO** **ZERO**     **\*\*$635.00\*\***

\*\*Six Hundred Thirty Five and 00/100 Dollars\*\*

To The Order Of    LE FEVER MATTSON PROPERTY MANAGEMENT

RECEIVED
APR 20 2026

Not-Negotiable
Customer Copy
Retain for your Records
457002931717

Remitter (Purchased By): URSULA H WAGNER

Bank of America, N.A.
PHOENIX, AZ

TRIAGE WINDOW
TIME: 9:57

00-S3-3564B   06-2019

# EXHIBIT A-2

Sacramento Superior Court drop-off sheet and Western Union money order - $500.00, case no. 25UD006079; identified as stay payment; stamped received May 4, 2026.

COMPLETE ONE "DROP-OFF" SHEET FOR EACH TYPE OF DOCUMENT/ FILING

DATE/TIME STAMP HERE: COURT USE ONLY

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SACRAMENTO
301 BICENTENNIAL CIRCLE SUITE 200
SACRAMENTO, CA 95826

RECEIVED

MAY - 4 2026

SCUD TRIAGE WINDOW
BY: EPG  TIME: 01:22p

Place an "X" next to the choice of how you want your filing returned to you.

☐ I WILL SUBSCRIBE TO MY CASE ONLINE: https://www.saccourt.ca.gov/indexes/new-portal-info.aspx

☐ HOLD IN ALPHA FILE FOR PICKUP:_____

☐ SEND VIA U.S. MAIL:_____

☐ IF DOCUMENT(S) REJECTED RETURN TO:_____

Submitted By (Your Name): Erica Cooper  Phone Number: 916-585-1060

| | | |
|---|---|---|
| Only: | D |
| Writ): | DJW |
| ssue: | DA |
| Issue: | AI |
| ssion: | W |
| Costs: | WM |
| t al.): | REQ |
| esets: | SCR |
| ents: | SAT |
| ients: | REN |

25UD006079  19-830855806

$509.00

PAY EXACTLY FIVE HUNDRED NINE DOLLARS AND NO CENTS
PAY TO THE ORDER OF LEFEVER MATTSON Property Management
5103 Orange Ave

MOBILE DEPOSIT PROHIBITED

Miscellaneous/Other (Please Provide Title):_____

### COURT USE ONLY

| | Date Submitted To Court | Document Type | Case Name or Number | Payment Type |
|---|---|---|---|---|
| 1 | | | Stay Payment | |
| 2 | | | | |
| 3 | | | 25UD006079 | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |

DO NOT LIST MORE THAN 7 ITEMS PER SUBMITTAL SHEET    Rev 5/09/24    DO NOT LIST MORE THAN 7 ITEMS PER SUBMITTAL SHEET

USE YELLOW HIGHLIGHTER ONLY    USE YELLOW HIGHLIGHTER ONLY

## [PROPOSED] ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING ADVERSARY FILING FEE OR DEFERRING FEE

The Court has considered Ericka Cooper's Application to Proceed Without Prepaying the Adversary Filing Fee or, alternatively, to defer the fee pending judicial review. The Court has also considered Applicant's declaration concerning the imminent threat of homelessness, her inability to prepay the fee, and her documented or supplemented state-court housing/stay payments made to preserve possession pending court review. Good cause appearing, IT IS ORDERED:

1. The Application is GRANTED as follows:

[ ] The adversary filing fee is waived for this proceeding; OR

[ ] The filing fee is deferred pending further order of the Court; OR

[ ] The Clerk is directed to accept and lodge/file the adversary complaint, adversary cover sheet, TRO/status-quo stay motion, memorandum, declarations, proposed order, and related emergency papers for judicial review before any fee ruling.

2. Nothing in this order determines the merits of the adversary complaint, TRO/status-quo stay request, or any party's rights in the underlying bankruptcy case or state-court proceeding.

3. The Court will address any further filing-fee issue by separate order if necessary.

IT IS SO ORDERED.

Dated: _____, 2026

_____<br/>Hon. Charles Novack<br/>United States Bankruptcy Judge

## CERTIFICATE OF SERVICE / EMERGENCY NOTICE

I, Ericka Cooper, certify that on <u>MAY 5TH</u>, 2026, I served or attempted to serve this Application to Proceed Without Prepaying Fee or to Defer Fee, together with the related emergency adversary/TRO papers, by the following means:

| Party / Counsel | Email / Address / Method | Date / Time |
|---|---|---|
| Keller Benvenutti Kim LLP / LFM counsel | tkeller@kbkllp.com; dtaylor@kbkllp.com; trupp@kbkllp.com; method: <u>EMAIL</u> | <u>9:12am MAY 3</u> |
| U.S. Trustee | USTPRegion17.SF.ECF@usdoj.gov; method: <u>EMAIL</u> | <u>9:20AM MAY 3</u> |
| Pamela C. Jackson / state UD counsel | 409 Boyd Street, Vacaville, CA 95688; email/phone if known: _____; method: <u>MAIL</u> | <u>10:32AM MAY</u> 3RD |
| Plan Recovery Trustee / Plan parties | Address/email if known: _____; method: _____ | <u>PENDING</u> |
| Sacramento Sheriff Civil Bureau / levying officer | Address/email/fax if known: _____; method: _____ | <u>PENDING</u> |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: <u>MAY 5TH</u>, 2026, at <u>SACRAEMENTO</u>, California.

_____  <br/>Ericka Cooper