United States Bankruptcy Court

Northern District of California

Cooper,

    Plaintiff                                                  Adv. Proc. No. 26-01007-HLB

LeFever Mattson Property Management,

    Defendant

# CERTIFICATE OF NOTICE

| District/off: 0971-1 | User: admin | Page 1 of 1 |
|---|---|---|
| Date Rcvd: May 07, 2026 | Form ID: ODSCY | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol**         **Definition**

+                  Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 09, 2026:**

**Recip ID**                 **Recipient Name and Address**
pla                 +  Ericka Cooper, 5703 Orange Avenue, Sacramento, CA 95823-3425

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 09, 2026                       Signature:        /s/Gustava Winters

## UNITED STATES BANKRUPTCY COURT
### California Northern Bankruptcy Court

In Re:
LeFever Mattson, a California corporation

Case No.: 24−10545 Chapter: 11

Debtor(s)

Ericka Cooper
Plaintiff(s)

Adversary Proceeding No. 26−01007

vs.
LeFever Mattson Property Management et al.
Defendant(s)

## ORDER RE INITIAL DISCLOSURES AND DISCOVERY CONFERENCE

The purpose of this order is: (1) to notify the parties of their obligation under Fed. R. Civ. P. 26, as incorporated by Fed. R. Bankr. P. 7026, to make Initial Disclosures and meet for a Discovery Conference; and (2) to modify those Rule 26 requirements in certain respects. As such, this order has no effect in any proceeding exempted under Rule 26(a)(1)(E) and (f) from the Initial Disclosure and Discovery Conference requirements.

1. **The Discovery Conference.** At least 21 calendar days before the scheduling conference set in the summons, the parties shall confer (in person or by telephone) at a "Discovery Conference." Plaintiff shall initiate contact regarding arrangement of the Discovery Conference. Defendant shall cooperate in fixing the time and place of the Discovery Conference. Except to the extent the parties stipulate otherwise, no party shall initiate or conduct any formal discovery prior to the Discovery Conference. The parties may conduct informal discovery.

2. **Settlement.** At the Discovery Conference, the parties shall consider the nature and basis of their claims and defenses and the possibility of an early settlement. The parties shall also discuss ADR options, as required by B.L.R. 9040−3.

3. **Initial Disclosures.** At the Discovery Conference, the parties shall arrange to make the "Initial Disclosures" required by Rule 26(a), without necessity of a formal discovery request. The Disclosures shall be made at or within 14 calendar days after the Discovery Conference. All disclosures shall be in writing, signed by the party or his or her attorney, and served on all other parties.

4. **Discovery Plan.** At the Discovery Conference, the parties shall develop a written Discovery Plan signed by all parties or their counsel, that reflects the parties' views and proposals concerning: (i) what changes, if any, should be made in the timing, form, or requirements of the Initial Disclosures; (ii) the timing, subject matter, and limitations, if any, of discovery to be conducted after the initial disclosures; and (iii) the subject of any orders that the court should enter under Fed.R.Bankr.P. 7016(b), Fed. R. Civ. P. 16(c) and 26(a)(1) unless:

(a) the proceeding is exempt under Rule 26(f);

(b) the proceeding seeks to recover money or property, or except a debt from discharge pursuant to 11 U.S.C. §523(a), of no more than $15,000, excluding interest, attorneys, fees, and costs; or

(c) the parties stipulate to the contrary in a writing filed with the court.

The Discovery Plan shall be filed within 14 calendar days after the Discovery Conference.

5. **Pretrial Disclosures.** Notwithstanding Rule 26(a)(3), pretrial disclosures shall be made in accordance with further order of the court.

6. **Service hereof.** The summons, complaint, and this order shall be served by the plaintiff within 7 days of the date of this order. A return or proof of service shall be filed within 5 days after service.
SO ORDERED.

Dated: 5/7/26

For the Court:

Edward J. Emmons
Clerk of Court
United States Bankruptcy Court

I certify that a copy of this Order was returned to the plaintiff at the time the original summons was issued.

Dated: 5/7/26

Ginger Vinson
Deputy Clerk