United States Bankruptcy Court

Northern District of California

Cooper,

    Plaintiff                                     Adv. Proc. No. 26-01007-HLB

LeFever Mattson Property Management,

    Defendant

# CERTIFICATE OF NOTICE

District/off: 0971-1                         User: admin                          Page 1 of 1

Date Rcvd: May 07, 2026                Form ID: pdfeoapc                 Total Noticed: 1

The following symbols are used throughout this certificate:

**Symbol**       **Definition**

+           Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 09, 2026:**

**Recip ID**              **Recipient Name and Address**
pla               + Ericka Cooper, 5703 Orange Avenue, Sacramento, CA 95823-3425

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 09, 2026                    Signature:        /s/Gustava Winters

Case: 26-01007    Doc# 20    Filed: 05/09/26    Entered: 05/09/26 21:15:00    Page 1 of 6

**Signed and Filed: May 7, 2026**

_____
**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Case No. 24-10545 HLB |
| | ) |
| LEFEVER MATTSON, a California corporation, | ) Chapter 11 |
| | ) |
| Debtor. | ) |
| | ) |
| ERICKA COOPER, | ) Adv. Proc. No. 26-01007 HLB |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| LEFEVER MATTSON PROPERTY MANAGEMENT; HOME TAX SERVICE OF AMERICA, INC.; LEFEVER MATTSON; KRISTINA MELICK/FOX; CHRIS BENDINELLI; PAMELA JACKSON; PAMELA C. JACKSON, INC.; DOES 1-20, | ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

### ORDER DENYING APPLICATION FOR ORDER SHORTENING TIME AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

This proceeding comes before the court on Plaintiff Ericka Cooper's (i) Application for Order Shortening Time;[1] and (ii) Motion for Temporary Restraining Order.[2] The Application seeks a hearing prior to May 10, 2026 on the TRO Motion or, if a hearing

---

[1] Dkt. 7 (the "Application").

[2] Dkt. 4 (the "TRO Motion"), as supported by Ms. Cooper's Memorandum of Points and Authorities (Dkt. 5) and Declaration (Dkt. 6; the "Cooper Decl.").

- 1 -

on such short notice is not possible, the entry of an order temporarily restraining Defendants from "enforcing, directing, requesting, completing, or assisting any lockout/removal under any writ of possession from 5703 Orange Avenue, Sacramento, California 95823" pending a hearing on the TRO Motion. The TRO Motion seeks the same injunctive relief as that requested in the Application, as well as an order **(a)** requiring Defendants "to explain in writing who had authority under the Chapter 11 case, confirmed Plan, Confirmation Order, lease/rent documents, and property records to collect or refuse rent, redirect rent, serve a three-day notice, prosecute the unlawful detainer, obtain the writ, and enforce possession" **and (b)** waiving security or setting "nominal security of $0 to $100 because the relief only preserves the status quo and Defendants face no compensable injury from waiting for the first available bankruptcy hearing, while Plaintiff faces immediate loss of housing."

Based on the court's analysis of Ms. Cooper's complaint,[3] the Application, and the TRO Motion, and for the reasons stated below, the Application and the TRO Motion will be denied.

According to the Complaint, Ms. Cooper resides at 5703 Orange Avenue, Sacramento, CA (the "Property"). The Defendants are "persons/entities that have claimed authority to own, manage, collect rent, service notices, prosecute the unlawful detainer, obtain the writ, or enforce possession at [the Property]." Ms. Cooper alleges that she was "supposed to receive a new lease after an inspection. LeFever failed to appear for the inspection

---

[3] Dkt. 1 (the "Complaint").

- 2 -

on multiple occasions and no new lease was provided, leaving lease status, terms, rent amount, rent-payee authority, and management authority unclear." Ms. Cooper alleges that the Property is described in "bankruptcy materials" and might be part of the reorganized debtor(s).

At some point, an unlawful detainer action was commenced against Ms. Cooper, and whoever commenced that action (Ms. Cooper does not say) succeeded in obtaining a writ of possession. Ms. Cooper moved to set aside that writ of possession, but the state court denied that motion and ordered execution of the writ of possession.[4]

"A Plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[5] "The first factor under Winter is the most important – likely success on the merits."[6]

Ms. Cooper's pleadings admit that a state court has issued a writ of possession to her landlord, whoever that might be. Pursuant to § 415.46 of the California Code of Civil Procedure, no occupant of a premises retains any possessory interest of any kind following service of the writ of possession. That means that the state court has determined that the landlord presented

---

[4] Dkt. 1 (Complaint), ¶ 11; Cooper Decl., ¶ 7.

[5] Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted); see also Doe v. McAleenan, 415 F. Supp. 3d 971, 976 (S.D. Cal. 2019) (noting that the standard for issuing a temporary restraining order is the same for issuing a preliminary injunction).

[6] Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015).

- 3 -

evidence sufficient to prove that Ms. Cooper's lease was terminated, and that the landlord had a valid claim to possession of the Property.  This court cannot revisit those findings, undo state court orders, or invalidate the writ of possession, which the state court has ordered enforced.  Given the issuance of the writ of possession, Ms. Cooper will be unable to prevail on the merits of her Complaint, which strongly weighs in favor of denying the Application and the TRO Motion.

The court cannot dispute that Ms. Cooper will suffer harm without injunctive relief, as she will be evicted from the Property.  But as previously stated, this court cannot undo what the state court has ruled and cannot invalidate the writ of possession or the order requiring its enforcement.  This factor does not support injunctive relief.

For the same reasons, the balance of the equities and public interest also do not favor Ms. Cooper.  The equitable interests of fairness and finality favor respect for the state court's orders and judgment.  And the public interest cannot favor injunctive relief where the plaintiff cannot prevail on the merits of their claim.  Because the court will not grant the TRO Motion, it sees no reason to convene an expedited hearing.

Accordingly, the court **ORDERS** as follows:

1.    The TRO Motion is hereby **DENIED.**

2.    The Application is hereby **DENIED.**

**\*\*END OF ORDER\*\***

- 4 -

## Court Service List

Ericka Cooper
5703 Orange Avenue
Sacramento, CA 95823