PACHULSKI STANG ZIEHL & JONES LLP
Debra I. Grassgreen (CA Bar No. 169978)
John D. Fiero (CA Bar No. 136557)
Jason H. Rosell (CA Bar No. 269126)
Gillian N. Brown (CA Bar No. 205132)
One Sansome Street, Suite 3430
San Francisco, California 94104
Telephone:      415- 263-7000
Email:          dgrassgreen@pszjlaw.com
                jfiero@pszjlaw.com
                jrosell@pszjlaw.com
                gbrown@pszjlaw.com

*Counsel to Defendants the Consolidated
Debtor and the Plan Recovery Trustee*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>LEFEVER MATTSON,<br><br>       Consolidated Debtor. | Case No. 24-10545 HLB<br>(Substantively Consolidated)<br><br>Chapter 11 |
| ERICKA COOPER,<br><br>       Plaintiff.<br>   v.<br><br>LEFEVER MATTSON PROPERTY MANAGEMENT ET AL,<br><br>       Defendants. | Adv. Pro. No. 26-01007<br><br><br>**DISCOVERY PLAN AMONG PLAINTIFF AND CERTAIN DEFENDANTS** |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

4924-2132-9593.3 52011.00006

The following parties to the above-captioned adversary proceeding submit their joint discovery plan pursuant to the *Order re Initial Disclosures and Discovery Conference* [Doc. No. 13] (the "Order re Discovery Conference"), Federal Rule of Civil Procedure ("FRCP") 26(f)(3), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure ("FRBP") 7026: Plaintiff Ericka Cooper ("Plaintiff"), Defendants Consolidated Debtor and the Plan Recovery Trustee (the "Certain Defendants"). The Plaintiff and the Certain Defendants are referred to together as the "Conferring Parties".

Pursuant to the Order re Discovery Conference and FRCP 26, Plaintiff (in pro per) and counsel for the Certain Defendants met and conferred by telephone on June 29, 2026 (the "Discovery Conference").

At the Discovery Conference, Plaintiff (in pro per) and counsel for the Certain Defendants discussed the nature and basis of their claims, defenses, and counterclaims; the possibility of an early settlement; and the ADR options under B.L.R. 9040-3. Plaintiff believes that a court-convened settlement conference or early neutral evaluation may assist the parties, but that Plaintiff's motion to enforce the confirmed Plan and the Confirmation Order and to restore possession of Unit 5703 should be heard on its own track and should not be deferred pending any ADR process.

The Certain Defendants believe that formal mediation could be appropriate sooner rather than later after Plaintiff files her amended complaint, which she indicated will be filed on or about June 30, 2026.

The Conferring Parties propose the following joint discovery plan:

### Initial Disclosures (FRCP 26(f)(3)(A))

The Conferring Parties agree that no changes should be made to the form of initial disclosures or the requirement for initial disclosures under FRCP 26(a)(1), other than that the Initial Disclosures shall be served via email on or before July 7, 2026 at 4:00 p.m.

### Discovery (FRCP 26(f)(3)(B))

The Conferring Parties have proposed different subjects on which discovery will be necessary. Plaintiff's position is each of the subjects she proposes are equally necessary, because

Case: 26-01007 Doc# 22 Filed: 07/01/26 Entered: 07/01/26 17:03:42 Page 2 of 8

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

4924-2132-9593.3 52011.00006

they go to the central issues in this proceeding — the estate's assumption of Plaintiff's lease at a $0.00 cure, the purported rejection of that lease and the notice (if any) provided to Plaintiff, the authority (if any) for the post-Effective-Date lockout, and Defendants' compliance with their payment-disclosure and notice obligations — and because Plaintiff's claims and Defendants' anticipated defenses cannot be tested without discovery into them.

Plaintiff proposes that the subjects on which discovery will be necessary include the following:

(1)     payments and tenders of rent and of rental assistance, including Plaintiff's attempts to pay; Defendants' refusal, non-acceptance, or return of payment, including the return or refusal — on two occasions — of money orders Plaintiff tendered through the Sacramento Superior Court (Department 88) in or about April 2026; the closure or disabling of the online rent-payment portal; the absence of any disclosed and authorized payee; and Defendants' direction that payment be made to persons other than the named landlord;

(2)     the three-day notices, the unlawful detainer action, the writ of possession, and the May 26, 2026 lockout, and the authority (if any) for each;

(3)     all communications between Plaintiff and any party, and among the Defendants, concerning rent, payment instructions, ownership, the notices, the unlawful detainer, the writ, and the lockout, including Plaintiff's written and telephonic requests for a payee and a current lease and Defendants' responses or non-responses;

(4)     information relevant to the parties' affirmative defenses and counterclaims;

(5)     the assumption of Plaintiff's unexpired lease of Unit 5703 at a $0.00 cure amount (Bankr. Dkt. 3176) and the factual basis, if any, for the $20,320 demanded in the predicate three-day notice;

(6)     the April 7, 2026 amended Schedule of Assumed Agreements (Bankr. Dkt. 4163) removing Plaintiff's lease while retaining the lease of Major Mott III, including who prepared the amendment, when, at whose direction, and what notice, if any, was provided to Plaintiff as a party affected by the amendment under the Plan's reservation of rights;

Case: 26-01007    Doc# 22    Filed: 07/01/26    Entered: 07/01/26 17:03:42    Page 3 of 8

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

(7) the rejection of LeFever Mattson Property Management's management agreement and the existence and scope of any authority of LeFever Mattson Property Management, or any agent, to act with respect to Unit 5703 on or after the May 14, 2026 Effective Date;

(8) the decision to take possession of Unit 5703 on May 26, 2026, including the identity of each person who authorized, directed, requested, or carried out the lockout, the date(s) of such authorization, and all communications evidencing approval of the eviction by the Plan Recovery Trust or the consolidated estate;

(9) Defendants' compliance with California Civil Code § 1962, including disclosure of the property's owner, the agent authorized to receive legal notices, and the form and place in which rent was to be paid; Plaintiff's repeated requests, from 2024 through the present, for the identity of the property's owner, and Defendants' failure to disclose the July 23, 2024 conveyance of a 50% interest to Kristina Melick a/k/a Fox — directing Plaintiff instead to a purported 2021 posted ownership notice; and the ownership of 5701/5703 Orange Avenue;

(10) the recording, on or about May 18 and May 19, 2026 — after the May 14, 2026 Effective Date and before the May 26, 2026 lockout — of deeds affecting 5701/5703 Orange Avenue (Sacramento County Recorder Document Nos. 202605180928 and 202605190008), including the grantor and grantee on each, the absence of any reconveyance of the 50% interest previously conveyed to Kristina Melick a/k/a Fox, and the Sacramento County Assessor's suspension of the resulting change in ownership pending further information requested from LeFever Mattson, as relevant to the authority for and the circumstances and willfulness of the lockout;

(11) the retention of Major Mott III's lease (an occupant who vacated in or about May 2024) and the addition of "Edwin" and/or any occupant of the adjoining 5701 Orange Avenue unit to the assumed leases on or about May 13, 2026, and the prior disclosure or non-disclosure of that occupant;

(12) Plaintiff's application(s) for rental assistance, including any SHRA/SERA approval, the cause of any non-payment or denial of assistance, and Defendants' non-response to or non-participation in the rental-assistance process; and

(13) the knowledge of Pamela Jackson and Pamela C. Jackson, Inc. of the bankruptcy case, the assumption of Plaintiff's lease, and the $0.00 cure at the time of and during the prosecution of the unlawful detainer action.

(14) the relationship between the Consolidated Debtor/estate and LeFever Mattson Property Management (including Home Tax Service of America, Inc. dba LeFever Mattson Property Management), including common ownership, control, and direction; and the estate's use of LeFever Mattson Property Management — before and after the May 14, 2026 Effective Date — to serve notices, prosecute the unlawful detainer action, demand or collect rent, and carry out the May 26, 2026 lockout, notwithstanding the rejection of the management agreement.

The Certain Defendants proposed limiting the subjects of discovery to the following: (1) payments on rent; (2) the eviction; (3) all communications between Plaintiff and all other parties to the adversary proceeding; (4) information relevant to affirmative defenses and counterclaims to be filed once Plaintiff amends her complaint.

Plaintiff proposes that fact discovery shall be completed by December 4, 2026. The Certain Defendants propose that fact discovery shall be completed by October 9, 2026; and expert discovery, if any, be completed by October 30, 2026.

### Electronically Stored Information (FRCP 26(f)(3)(C))

The Conferring Parties have considered the issue of electronically stored information ("ESI") in this adversary proceeding, the nature of the claims, the amount in controversy, the relative ability of the Conferring Parties to conduct discovery of ESI, the apparent expense to the Conferring Parties, the time that has passed since the period in controversy, and other relevant matters. The disclosure or discovery of ESI will be handled as follows: the Conferring Parties will meet and confer should any searches of ESI be requested; the Conferring Parties agree to use their computers and email accounts in the ordinary course of their business and personal matters; the Conferring

Case: 26-01007    Doc# 22    Filed: 07/01/26    Entered: 07/01/26 17:03:42    Page 5 of 8

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Parties shall not knowingly or intentionally destroy any ESI relevant to this adversary proceeding during its pendency; and documents not originally stored, created, or transmitted electronically may be produced as ESI or in paper copy.

### **Claims of Privilege and Protection for Trial Materials (FRCP 26(f)(3)(D))**

The Conferring Parties agree that no current issues exist regarding claims of privilege or claims of protection of trial-preparation materials.

### **Discovery Limitations (FRCP 26(f)(3)(E))**

The Conferring Parties agree that no changes are necessary to the limitations on discovery provided under the FRCP.

### **Protective Orders (FRCP 26(f)(3)(F))**

The Conferring Parties do not believe that a protective order is necessary in this adversary proceeding at this time.

Dated: July 1, 2026          PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Gillian N. Brown*

Debra I. Grassgreen
John D. Fiero
Jason H. Rosell
Gillian N. Brown

*Counsel to Defendants the Consolidated Debtor and the Plan Recovery Trustee*

Dated: July 1, 2026          ERICKA COOPER

Ericka Cooper (in pro per)

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**DECLARATION OF GILLIAN N. BROWN**

1. I, Gillian N. Brown, declare as follows:

2. I am an attorney admitted to practice in this Court. I am of counsel at Pachulski Stang Ziehl & Jones LLP ("PSZJ"). PSZJ is counsel for Defendants the Consolidated Debtor and the Plan Recovery Trustee.

3. I make this declaration with regard to the *DISCOVERY PLAN AMONG PLAINTIFF AND CERTAIN DEFENDANTS* (the "Discovery Plan") to which this Declaration is attached.

4. Plaintiff Ericka Cooper ("Plaintiff") is representing herself in this adversary proceeding.

5. I initiated the discovery conference in this adversary proceeding and prepared the first draft of the Discovery Plan. Plaintiff and I held a telephonic discovery conference on June 30, 2026. Due to the substance of our emails since then, I believe that Plaintiff is in agreement with the contents of the Discovery Plan. I emailed Plaintiff yesterday evening and today, and also left her a voicemail today, requesting express permission to sign her name to the Discovery Plan or, in the alternative, that she email me a pdf of her signature on the signature block to the Discovery Plan. I have not heard back from Plaintiff. Because today is the deadline to file the Discovery Plan, I am filing the document without Plaintiff's signature.

Pursuant to 28 U.S.C. § 1746, I declare under penalty that that the foregoing is true and correct. Executed this 1st day of July 2026, at Ventura, California.

*/s/ Gillian N. Brown*
Gillian N. Brown

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Case: 26-01007   Doc# 22   Filed: 07/01/26   Entered: 07/01/26 17:03:42   Page 7 of 8

4924-2132-9593.3 52011.00006

7

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

## PROOF OF SERVICE

### Adv. Case No. 26-01007-HLB

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067-4003.

On July 1, 2026, I served true copies of the following document(s) described as **DISCOVERY PLAN AMONG PLAINTIFF AND CERTAIN DEFENDANTS** on the interested party/ies in this action as follows:

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address rmori@pszjlaw.com to Plaintiff Ericka Cooper at unkledo@icloud.com. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 1, 2026, at Los Angeles, California.

_____
*/s/ Rolanda L. Mori*
Rolanda L. Mori

4924-2132-9593.3 52011.00006