ERICKA COOPER
6128 Elder Creek Road
Sacramento, California 95824
Telephone: (916) 719-0216
Email: unkledo@icloud.com
Plaintiff In Propria Persona

FILED
SEP 10 2026
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

In re

LEFEVER MATTSON, a California corporation, et al.,

Consolidated Debtor.

---

ERICKA COOPER,

Plaintiff,

v.

HOME TAX SERVICE OF AMERICA, INC. dba LEFEVER MATTSON PROPERTY MANAGEMENT; MICHAEL I. GOLDBERG, solely in his capacity as Plan Recovery Trustee; BRENDA COMFORT; and DOES 1–10,

Defendants.

Case No. 24-10545 HLB
Chapter 11

Adv. Proc. No. 26-01007 HLB

**FIRST AMENDED VERIFIED ADVERSARY COMPLAINT FOR:**
(1) DECLARATORY JUDGMENT — STATUS OF LEASE AND POSSESSORY RIGHTS; (2) ENFORCEMENT OF CONFIRMATION ORDER AND PLAN (11 U.S.C. § 105(a)); (3) DETERMINATION THAT CONTRACT OBJECTION IS TIMELY / ENLARGEMENT OF TIME (Fed. R. Bankr. P. 9006(b)(1)); (4) LESSEE RIGHTS AND ELECTION UNDER 11 U.S.C. § 365(h); (5) DETERMINATION UNDER PLAN § 11.3'S WILLFUL-MISCONDUCT EXCEPTION; (6) TURNOVER AND RESTORATION OF POSSESSION; (7) ALLOWANCE OF ADMINISTRATIVE EXPENSE (11 U.S.C. § 503(b)); (8) WRONGFUL EVICTION — FORCIBLE ENTRY/DETAINER — CIV. CODE § 789.3; (9) CONVERSION; (10) RESTITUTION OF $5,000; (11) SECURITY DEPOSIT AND ACCOUNTING

**DAMAGES AND EXEMPLARY DAMAGES DEMANDED**

Judge: Hon. Hannah L. Blumenstiel
Status Conf.: Dec. 17, 2026, 2:00 p.m., Courtroom 19

## FIRST AMENDED VERIFIED ADVERSARY COMPLAINT

Plaintiff Ericka Cooper, pursuant to this Court's Order entered August 14, 2026 (Adv. Dkt. 30), alleges as follows upon personal knowledge as to her own acts and observations, and upon the docket and records of this Court, the recorded instruments of Sacramento County, and the documents Defendants produced in this proceeding (Bates PRT-Cooper 0001–0105) as to all other matters:

## NATURE OF THE PROCEEDING

1. This adversary proceeding arises from the physical eviction of Plaintiff's household from 5703 Orange Avenue, Sacramento, California on May 26, 2026 — twelve days after the Effective Date of the confirmed Third Amended Chapter 11 Plan and two days before the objection period the Confirmation Order itself guaranteed her would have closed — and the destruction of the household's personal property on June 14, 2026, accomplished under color of a state-court clerk's default judgment that the Debtor's own management entity procured by pleading a sworn ownership capacity the Debtor's own lease, disclosures, and schedules refute. Plaintiff is a creditor this estate itself scheduled. She seeks declaratory and injunctive relief, restoration of possession, enforcement of the Confirmation Order's own procedures, a determination under the Plan's exculpation carve-out, allowance of an administrative expense, and compensatory and exemplary damages.

## JURISDICTION, VENUE, AND PRE-ANSWERED THRESHOLDS

2. This Court has jurisdiction under 28 U.S.C. §§ 1334(b) and 157. Claims concerning the status of a lease scheduled for assumption, the operation of Plan § 6.1.2, the enforcement of the Confirmation Order (Dkt. 4225), the lessee's rights under 11 U.S.C. § 365(h), allowance of an administrative expense under § 503(b), and the scope of Plan § 11.3 arise under title 11 and arise in these cases and are core under § 157(b)(2)(A), (B), (L), and (O). The state-law claims (Counts Eight through Eleven) are related to the cases under § 1334(b). Because the Effective Date has occurred, the state-law counts are pleaded within this Court's post-confirmation jurisdiction under the close-nexus test (In re Pegasus Gold

Case: 26-01007 Doc# 40 Filed: 09/10/26 Entered: 09/10/26 16:28:37 Page 2 of 184

Corp., 394 F.3d 1189, 1194 (9th Cir. 2005); In re Wilshire Courtyard, 729 F.3d 1279, 1289 (9th Cir. 2013)): each arises from the Trust's post-Effective-Date operation of the Debtor's management arm and requires interpretation and enforcement of Plan § 6.1.2 and Confirmation Order ¶¶ 10, 22, and 41. The Plan itself defines "ordinary course landlord-tenant litigation and any pending adversary proceedings with respect to a Retained Real Property" as "Real Property Related Actions" (Dkt. 4151, Ex. A ¶ 128) that the Plan Recovery Trustee, as sole officer of the Consolidated Debtor, is authorized "to pursue, prosecute, settle, or abandon" after the Effective Date (Plan § 5.3.8(e)), with the premises to be operated and managed at the Trust's expense (§ 5.3.8(g)–(h)). The unlawful detainer and this adversary are, by the Plan's own definition, Plan matters. Pursuant to Fed. R. Bankr. P. 7008, Plaintiff consents to entry of final orders and judgment by this Court on every claim. Venue lies under 28 U.S.C. § 1409.

3. Rooker-Feldman does not bar this proceeding. Plaintiff does not ask this Court to review or reverse the state judgment for alleged error by the state court. Plaintiff alleges independent injury caused by Defendants' conduct in procuring and executing the state-court process, including material misrepresentations and omissions concerning ownership, authority, service, rent, and the bankruptcy record. Those allegations concern conduct by the adverse parties, not appellate review of the state court's decision. Plaintiff also seeks relief requiring this Court to determine the effect of the Chapter 11 Plan and Confirmation Order on her lease and possessory rights. The state court has not adjudicated those federal Plan issues. See Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140–41 (9th Cir. 2004); Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005).

4. As to Defendant Goldberg, sued solely in his capacity as Plan Recovery Trustee: this action is brought in the appointing court, satisfying Barton v. Barbour, 104 U.S. 126 (1881), and independently falls within 28 U.S.C. § 959(a), which permits suit without leave for acts in carrying on business connected with the trust property — the post-Effective-Date operation of the Trust's management arm alleged herein. No relief is sought against

Trust assets except as law permits; the Trustee is joined so that complete relief, including restoration, binds the party his counsel concedes controls Home Tax.

**PARTIES**

5. Plaintiff Ericka Cooper is a natural person, a tenant of 5703 Orange Avenue, Sacramento since January 26, 2016, and a creditor scheduled by the Debtor itself (Schedule E/F, Dkt. 292, line 2.8).

6. Defendant Home Tax Service of America, Inc. ("Home Tax") is a California corporation doing business as LeFever Mattson Property Management ("LMPM"), an entity within the substantively consolidated Debtor per the Substantive Consolidation Order (Dkt. 3914) and per the written statement of the Plan Recovery Trustee's counsel dated August 21, 2026 that the Consolidated Debtor includes Home Tax (Bankr. Ex. W). LMPM is a fictitious business name, not a legal person; every act taken in that name was Home Tax's act and, after March 6, 2026, the Consolidated Debtor's.

7. Defendant Michael I. Goldberg is the Plan Recovery Trustee under the confirmed Plan and, under Plan § 5.3.7, the sole director and chief executive officer of the Consolidated Debtor from the Effective Date. He is sued solely in that capacity. Counsel for the Consolidated Debtor confirmed in writing on June 1, 2026 that "the Plan Recovery Trust did approve the eviction."

8. Kristina Melick, also known as Kristina Fox ("Melick"), is not a defendant in this proceeding; she is a natural person who acquired an undivided 50% interest in the premises by grant deed recorded July 24, 2024 (Doc. No. 2024-0724-0473) for consideration of approximately $162,000, and who in September 2025 caused rent demands to be served on Plaintiff under the name "Kristina Fox" directing payment in cash to herself, to Bendinelli, or to "Edwin" at 5705 Orange Avenue. Melick is a non-debtor and is not an Exculpated Party under the Plan. Plaintiff's claims against Melick and Chris Bendinelli personally are reserved for the state court; they are described here because their conduct is inseparable from the acts of the named Defendants.

9. Chris Bendinelli, likewise not a defendant here, is a natural person, Melick's brother-in-law, the person Melick's notices designated to be called, texted, and paid, who served those notices on the premises on September 24, 2025 and who received $5,000 in cash from Plaintiff as alleged below. Bendinelli is a non-debtor and is not an Exculpated Party.

10. Defendant Brenda Comfort is a natural person who acted for Home Tax/LMPM and the Consolidated Debtor: at 10:21 a.m. on May 26, 2026 she personally paid the lockout vendor $439.00 (PRT-Cooper 0089), and on June 14, 2026 the vendor that hauled away Plaintiff's household property and boarded the premises did so "per Brenda" (PRT-Cooper 0101). Comfort is sued for her own post-Effective-Date conduct, which is not Plan implementation and is not exculpated.

11. DOES 1–10 are the persons who engaged state-court counsel, directed the "as owner" pleading, approved the lockout, and directed the disposal of Plaintiff's property, whose identities are in Defendants' exclusive knowledge. Plaintiff will amend when they are disclosed.

## I. THE PLAN'S OWN PROVISIONS CHANNEL THESE CLAIMS TO THIS COURT — AND ANY EXCULPATION DEFENSE CONCEDES THE CASE

12. Paragraph 22 of the Confirmation Order enjoins only claims "released or exculpated pursuant to the Plan," directs that actions against Exculpated Parties "related to or connected with" the Chapter 11 Case be first presented to this Court, and reserves to this Court "exclusive jurisdiction to determine the scope and effect" of any exculpation. This proceeding — commenced May 5, 2026, before the lockout, and amended herein — is that presentation. Plaintiff stands where the Order says such claims must stand. Plan § 11.3 provides that "no Exculpated Party shall have or incur, and each Exculpated Party is hereby exculpated from, any Claim ... for any act or omission in connection with, relating to, or arising out of the Chapter 11 Cases, including ... the administration of the Plan ... or the disposition of property and cash to be distributed ... under the Plan; provided, further, that the exculpation provisions of this Section 11.3 shall not apply to acts or omissions constituting gross negligence, intentional fraud, or willful misconduct by such Exculpated Party as

Case: 26-01007 Doc# 40 Filed: 09/10/26 Entered: 09/10/26 16:28:37 Page 5 of 184

determined by a Final Order." (Dkt. 4151, § 11.3.) The Plan defines "Exculpated Parties" as "(a) the Debtors; (b) the Committee ...; (c) Professionals for (a) and (b); (d) the Responsible Individual; (e) all officers and directors of any of the Debtors serving in such capacity on or after the Petition Date and before the Effective Date; and (f) persons who acted as agents for (a) and (b) and, in doing so, assumed fiduciary obligations of the principal." (Dkt. 4151, Ex. A ¶ 66.) Three consequences follow from the Plan's own text. First, neither the Plan Recovery Trust nor the Plan Recovery Trustee is an Exculpated Party; their protection is Plan §§ 5.3.9 and 5.3.10, which limit recourse to Plan Recovery Trust Assets and withhold indemnity for "gross negligence, willful misconduct, or intentional fraud ... determined by a final, non-appealable order of a court of competent jurisdiction" — the determination this proceeding seeks, against Trust assets only. Second, officers and directors are exculpated only for service "before the Effective Date"; the Trustee's post-Effective-Date service as sole officer and director of the Consolidated Debtor under Plan § 5.3.7 is outside § 11.3. Third, Defendant Comfort is neither an officer nor a director of any Debtor and assumed no fiduciary obligation of any principal; she is not an Exculpated Party at all. Plan § 11.4 requires that a claim against an Exculpated Party "first seek a determination that the claims asserted in such action are excluded from the exculpation provisions" in this Court; this adversary is that determination.

13. Defendants therefore face an election no pleading escapes. Should they invoke Plan § 11.3, they must assert that the May 26 lockout and June 14 destruction were conduct "in connection with, relating to, or arising out of the Chapter 11 Cases" — conceding the federal, estate-administered character of an eviction they prosecuted in state court as a private "owner's" matter, and conceding that the Plan's own machinery (the Confirmation Order's ¶ 10 objection procedure and the assumption-schedule amendment process) governed conduct in which that machinery was bypassed. The concession activates § 11.3's own exception — gross negligence, intentional fraud, and willful misconduct "established by Final Order" — the adjudication this proceeding supplies. Should Defendants instead disclaim case-connection, no exculpation, injunction, or gatekeeping provision applies at all,

and the conduct stands as unprivileged post-confirmation tort. Either branch, the defense self-destructs; both branches, the forum is this one.

## II. THE RIGHTS VIOLATED — FOUR INDEPENDENT SOURCES

14. Plaintiff's right to notice and a hearing before her lease was removed and her home was taken rests on four independent sources, each sufficient alone. First, Confirmation Order ¶ 10 — this Court's own order, drafted by the Plan Proponents — provides that when the Schedule of Assumed Agreements is amended to delete an agreement or provide for its rejection, the affected counterparty shall receive notice and shall have fourteen calendar days after the Effective Date to object, with an unresolved objection to be heard by this Court. Second, the Plan itself: § 6.1.1 provides that "[t]he Plan Proponents will provide notice of any amendment to the Schedule of Assumed Agreements to the party or parties to those agreements affected by such amendment," and § 6.1.2 provides that, pending a ruling on any dispute concerning assumption, the agreement "shall be deemed assumed by the Consolidated Debtor." Plaintiff is a named party to the lease; the May 13 amendment removing it was never noticed to her. Third, rejection of an unexpired lease — by motion under Fed. R. Bankr. P. 6006 or through a plan under 11 U.S.C. § 1123(b)(2) — requires notice to the counterparty and an opportunity to be heard, which here the Plan and Confirmation Order themselves prescribed in ¶ 10; and § 365(h)(1)(A)(ii) preserves a residential lessee's right to retain possession regardless. Fourth, the Due Process Clause of the Fifth Amendment entitles a known creditor to actual notice reasonably calculated to apprise her of proceedings that will extinguish her rights. (Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950); City of New York v. New York, N.H. & H.R. Co., 344 U.S. 293, 296–297 (1953).) Plaintiff was a known creditor: the Debtor scheduled her by name (Dkt. 292), listed her lease for assumption by name (Dkt. 3176), and mailed and emailed her by name on April 13, 2026 (Dkt. 4190, Exs. C, D), and mailed her again on May 14, 2026 (Dkt. 4368, Ex. D).

Case: 26-01007 Doc# 40 Filed: 09/10/26 Entered: 09/10/26 16:28:37 Page 7 of 184

## III. THE ESTATE'S OWN FILINGS ESTABLISH THAT PLAINTIFF'S ABSENCE FROM THE NOTICE THAT MATTERED WAS ENGINEERED

15. Schedule E/F, line 2.8 (Dkt. 292), sworn by the Debtor, lists a single security deposit of $512.50 held jointly for "Major Mott III, Ericka Cooper" — one deposit, one indivisible tenancy, and half the $1,025 the Debtor's own signed January 26, 2016 move-in receipt records. Plaintiff was a known, scheduled creditor from the petition date.

16. The docket then reflects this sequence, each step the estate's own act: (a) the Schedule of Assumed Agreements (Dkt. 3176, December 19, 2025) listed the 5703 Orange lease for assumption at a cure of $0.00, naming both Major Mott III and Ericka Cooper — the estate swearing in this Court that nothing was owed while its management arm pursued a state default on sworn arrears of $15,240; (b) on April 7, 2026 at 8:42 p.m., seven days before the confirmation hearing and the same day the Sheriff received the writ, amendment Dkt. 4163 removed the Ericka Cooper entry while retaining Major Mott III on the same unit — severing on paper a tenancy the estate's own Schedule E/F swears is joint — by an eighty-two-page exhibit set whose removal of her name appears on page 18 and which disclosed on its face no objection right, deadline, forum, or procedure; Verita transmitted that document on April 13, 2026 by a link-only email to a joint "Major Mott III, Ericka Cooper" line and by mail to the same joint line (Dkt. 4190), and on April 14 by mail to "Major Mott III" alone (Dkt. 4201); (c) on May 5, 2026 Plaintiff commenced this adversary proceeding while the lease remained on the assumed schedule under Mott's name, constituting a pending dispute within Plan § 6.1.2 and giving counsel for the Consolidated Debtor, the Committee, and the Trust actual knowledge of her claim; (d) on May 13, 2026 at 7:22 p.m. — the evening before the Effective Date — amendment Dkt. 4332 removed the final Mott entry, extinguishing the tenancy's last trace at the last possible moment, while simultaneously adding, for the first time in these cases, a lease of Unit 5701 Orange Avenue to Edwin and Carmen Lopez at $0.00 cure — "Edwin" being the name to which Melick's own September 2025 notice directed Plaintiff's cash rent; (e) the Confirmation Order — the document containing the ¶ 10 objection procedure and its fourteen-day window — was served on the Core/2002 list only

Case: 26-01007 Doc# 40 Filed: 09/10/26 Entered: 09/10/26 16:28:37 Page 8 of 184

(Dkt. 4254), never on Plaintiff; the notice Verita did mail to the joint "Major Mott III, Ericka Cooper" line on May 14, 2026 — the day before it omitted her from the Dkt. 4332 affected-party mailing — was the Notice of Effective Date (Dkt. 4335; Dkt. 4368, Ex. D), which announced the administrative-expense and rejection-claims bar dates but disclosed no amendment to the Schedule of Assumed Agreements and no ¶ 10 objection right or deadline; (f) Verita's certificate for the May 13 removal (Dkt. 4367, filed May 28, 2026 — the last day of the objection window) shows Dkt. 4332 was mailed on May 15 — after the Effective Date, by which Confirmation Order ¶ 10 required notice of any amendment to be served ("Prior to or on the Effective Date") — to "Major Mott III, 5703 Orange Ave Unit 5703" and to "Edwin and Carmen Lopez, 5701 Orange Ave Unit 5701." Ericka Cooper's name — which appeared on Verita's own list one month earlier — appears nowhere on either affected-party list; (g) on May 26, 2026 — two days before the ¶ 10 window closed, and in violation of Plan § 6.1.1 (notice to "the party or parties to those agreements affected") and Plan § 12.16 (post-Effective-Date pleadings "shall be served ... on ... any Person whose rights are affected by the applicable pleading") — the lockout was executed.

17. The sequence of events supports an inference of deliberate non-notice and requires factual inquiry into the persons who made and approved the relevant decisions. The estate had identified Plaintiff as a tenant and creditor, had used her name in prior service, and had access to her address. It then removed her name from the assumed-agreement schedule, later removed the remaining Unit 5703 entry immediately before the Effective Date, and did not include her on the affected-party mailing for Dkt. 4332. The lockout followed on May 26, two days before the fourteen-day objection period identified in Confirmation Order ¶ 10 would close. These facts do not by themselves establish the state of mind of any particular Defendant; they do, however, support Plaintiff's allegation that the omission was material and that the responsible persons knew or should have known that Plaintiff's lease rights were affected. The identity, knowledge, and authority of those persons are matters within Defendants' possession or control.

Case: 26-01007 Doc# 40 Filed: 09/10/26 Entered: 09/10/26 16:28:37 Page 9 of 184

18. THE ESTATE'S OWN TIME RECORDS PLACE ITS PROFESSIONALS ON THIS PROPERTY AT EACH STEP. The estate professionals' monthly fee statements filed in these cases contain entries dated April 1, 2026 for calls, emails, and correspondence specifically concerning 5701/5703 Orange Avenue and entries dated April 17, 2026 for correspondence involving Chief Restructuring Officer Bradley D. Sharp and Shelly Cuff specifically regarding 5701/5703 Orange Avenue (Dkt. 4395-1, April 2026 services); entries dated May 9 and May 11, 2026 (Dkt. 4423-1, May 1–13, 2026 services) — after Plaintiff filed this adversary on May 5 and before Dkt. 4332 was filed on May 13 — for revising the notice of amended plan supplement, revising the notice of further amended plan exhibits, analyzing the Plan regarding "excluded parties," and calls and correspondence regarding "excluded parties" and the amended plan supplement and contracts; and entries dated June 26, 2026, in the fee statement for June 2026 services filed the following month, for correspondence among Gabrielle Albert, Pamela Jackson, Erin Ferguson, Bradley D. Sharp, and Shelly Cuff specifically regarding the "26-01007 Complaint." Those are the estate's and Trust's own contemporaneous records. They establish that estate and CRO personnel were dealing with this specific property before the adversary was filed, that the lease-schedule and "excluded parties" work that produced Dkt. 4332 was performed in the six days after Plaintiff sued, and that state-court eviction counsel and the CRO were corresponding jointly about Plaintiff's federal complaint one month after the lockout. Plaintiff pleads these entries as documentary fact; the content of the communications is in Defendants' possession.

## IV. THE STATE ACTION WAS PROSECUTED IN A CAPACITY THE ESTATE'S OWN RECORDS REFUTE

19. The unlawful detainer producing the writ was filed October 27, 2025 — during these cases — in the name "LeFever Mattson Property Management," a fictitious name of Home Tax, pleading that entity's interest "as owner." Every document in the estate's hands refutes that oath: the Debtor's own lease designates the entity "PROPERTY MANAGER NAME/AUTHORIZED AGENT" and names Robert and Charlene Hultman as landlords; its own November 23, 2021 Civil Code § 1962 disclosure identifies the owner as

Case: 26-01007 Doc# 40 Filed: 09/10/26 Entered: 09/10/26 16:28:37 Page 10 of 184

"LeFever Mattson, Inc. instead of Robert Hultman and Charlene Hultman"; and the estate's own schedule (Dkt. 4163, p. 18) prints "Property Owner: LeFever Mattson 50%; Kristina Melick 50%." The complaint disclosed none of it, elected at item 6(f)(2) to withhold the lease it cited by paragraph number, and left unchecked the allegation of compliance with the fictitious-business-name laws. Department of Real Estate records show the fictitious name "LeFever Mattson Property Management" was not carried on Home Tax's broker license from December 1, 2024 until November 3, 2025 — the day the amended unlawful-detainer complaint was verified — and lapsed again on June 23, 2026.

20. The capacity representations in the state and bankruptcy records are materially inconsistent. The state-court action was prosecuted in the name "LeFever Mattson Property Management" and pleaded an ownership interest, while the lease identifies that name as a property manager/authorized agent and the bankruptcy schedules identify separate ownership interests in LeFever Mattson and Kristina Melick (Dkt. 292, Schedule A/B; Dkt. 4163, p. 18). The May 18, 2026 opposition later described the action as proceeding "whether as sole owner or co-owner" and invoked debtor-in-possession authority under 11 U.S.C. §§ 1107–1108. The Effective Date had occurred four days earlier. On August 21, 2026, Home Tax was described through the Trustee's counsel as part of the Consolidated Debtor. Plaintiff alleges that these changing descriptions raise a material question concerning who owned the possessory claim, who authorized counsel to prosecute it, and what authority existed at each stage. Plaintiff does not ask the Court to infer intent solely from the differing labels. She pleads the documented inconsistencies as circumstantial evidence supporting discovery into the underlying authority and decision-making.

21. MOTIVE — THE CONCEALED CO-OWNER. The interest concealed was itself of a character the estate had reason to shield. The deed conveying an undivided 50% to Melick was recorded July 24, 2024 — fifty days before LeFever Mattson's September 12, 2024 petition — for approximately $162,000, against a duplex the Debtor's own Schedule A/B values at $275,000 (Dkt. 292, Schedule A/B; Bankr. Ex. U), with no title company, and bearing a parcel description ("Portion of 054-0411-002") that does not match the Assessor's

Case: 26-01007 Doc# 40 Filed: 09/10/26 Entered: 09/10/26 16:28:37 Page 11 of 184

parcel (050-0411-002-0000). No § 1962 disclosure of the transfer was ever given to the tenants, though the entity's 2021 notice proves it knew how. The Debtor's operating report carried the property at a book value of $0.00 (Dkt. 1353-2). Plaintiff asserts no avoidance claim — those causes belong to the Plan Recovery Trust and nothing herein impairs them. The transfer and the zero-value reporting are pleaded for what they explain: why every filing that took the family's home was drafted to keep Melick's name and the property's true status out of it.

22. THE MAY 2026 DEED. On May 12, 2026 — the day before the final removal of the lease and two days before the Effective Date — Bradley D. Sharp, Chief Restructuring Officer, executed a grant deed purporting to convey the premises from "LeFever Mattson, Inc. . . . Consolidated Debtor for Charlene M. Hultman, as Surviving Trustee of The Hultman 2001 Family Trust" — the family identified as landlord in the 2016 lease, whose interest the Debtor's own November 23, 2021 notice stated had passed to LeFever Mattson, Inc. — to "LeFever Mattson, Inc., Consolidated Debtor." The instrument recites a "Court ordered conveyance not pursuant to a sale, Court Case No. 24-10545" — no order of this Court authorizing that conveyance has been identified; if the recital refers to the Substantive Consolidation Order (Dkt. 3914), that order vested in the Consolidated Debtor only the property of the Consolidated Entities and conveyed nothing belonging to the Hultman 2001 Family Trust or to Melick, and Plan § 5.3.3 confirms that legal title to unsold Real Property simply "shall remain with the Consolidated Debtor" — and purports to pass the entire fee, omitting the recorded 50% interest of the non-debtor Melick. It was notarized May 13 and recorded May 19, 2026, seven days before the lockout. On July 9, 2026 the Sacramento County Assessor refused to process it because the grantor did not match the record owners, whom the Assessor identified as "MELICK KRISTINA" and "LEFEVER MATTSON." A grantor conveying an interest the record says it did not hold, in an instrument whose recital invokes an unidentified judicial act, omitting the co-owner whose agent was collecting the tenant's rent in cash — recorded in the very window in which the ¶ 10 objection procedure would have run had notice been given. Its function is legible from

its timing: an instrument that would make the estate the sole record owner one week before the estate's management arm enforced a judgment obtained "as owner" — the false capacity of October 2025 retrofitted into title in May 2026, with the non-debtor co-owner's interest simply written out and an unidentified order invoked to explain it. The 2024 deed moved half the asset out; the $0.00 reporting hid its worth; the "owner" pleading hid the split from the state court; the May 2026 instrument attempted to recompose the title in the Debtor's name; and the May 26 lockout cleared the occupants seven days later. Each instrument covers the last; the writ covers them all.

23. THE AUTHORIZATION QUESTION. A corporation acts through authorized persons, and counsel acts through a client or other legally authorized representative. The present record identifies several persons who participated in the events but does not yet identify, from a sworn personal-knowledge source, the person who authorized the state-court plaintiff to plead "as owner," retained counsel in that capacity, approved the lockout, or directed the June 14 property removal. The operational record includes the May 26 vendor receipt issued to Brenda Comfort, the June 14 $5,500 invoice stating that the boarding occurred "per Brenda," and the June 1 written statement that the Plan Recovery Trust "did approve the eviction." (Bankr. Ex. A.) Plaintiff alleges that these records support an inference that the eviction was connected to estate or Trust administration, while the state-court pleadings presented it as a private owner matter. Alternatively, discovery may establish that a person acting without such authority undertook the conduct. Plaintiff therefore seeks disclosure and adjudication of who retained counsel, who supplied or approved the ownership and capacity representations, what the Trustee was told, what authority was relied upon after the Effective Date, and who authorized payment of the vendors. Those facts are material both to Plaintiff's independent claims and to any defense based on the Plan's exculpation or implementation provisions. The estate's own correspondence supplies an important part of the chronology. On May 30, 2026, four days after the lockout, Plaintiff's written request for restoration was answered by counsel for the Consolidated Debtor, copying the Plan Recovery Trustee, Trust counsel, and the Office of the United States Trustee,

Case: 26-01007 Doc# 40 Filed: 09/10/26 Entered: 09/10/26 16:28:37 Page 13 of 184

stating: "We will review, discuss with Mr. Goldberg, and follow up with you on this." On June 1, 2026, counsel confirmed that the Trust "did approve the eviction." Plaintiff pleads these communications as evidence requiring determination of who exercised authority over the post-Effective-Date conduct.

## V. THE ONLY AUTHORITY EVER INVOKED IS THE PRODUCT OF THE CONDUCT IT IS INVOKED TO EXCUSE

24. THE STATE WRIT DOES NOT END THE INQUIRY. Defendants have identified the state writ as the authority for the May 26, 2026 lockout. The writ followed a February 23, 2026 clerk's default judgment that awarded possession only and reflected $0.00, without a forfeiture of the lease appearing on the judgment form. The unlawful-detainer complaint had been prosecuted in the name "LeFever Mattson Property Management" and under an ownership theory that Plaintiff alleges is inconsistent with the recorded title, the lease, the bankruptcy schedules, and the later documents identified above. The service record likewise contains the issues pleaded in paragraphs 30 and 31: the claimed service was one posting and one mailing on December 13, 2025 under a single proof of service addressed to "All Occupants Claiming Possession Pursuant to CCP § 415.46," with no individual proof of service on Plaintiff, and the complaint placed the premises in "Carmichael, CA 95608." Plaintiff does not ask this Court to declare the state court's judgment erroneous merely because Plaintiff disagrees with it. Plaintiff alleges that material information bearing on the parties' identity, authority, ownership, rent, service, and bankruptcy status was not presented in a way that permitted Plaintiff to appear and litigate those matters before default. Those allegations, if proven, concern the conduct by which the judgment was obtained and are independent of a claim that the state court simply applied the law incorrectly. See Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140–41 (9th Cir. 2004).

25. Plaintiff therefore relies on the writ only to explain the immediate mechanism of the lockout, not as a conclusive adjudication of the federal questions presented here. The issues for this Court include whether Defendants' conduct in obtaining and executing the process injured Plaintiff independently of any state-court error; whether the state proceeding

was materially affected by the alleged concealment or misrepresentation; and what effect the Chapter 11 Plan and Confirmation Order had on Plaintiff's lease and possessory rights. The May 18 opposition, June 1 email, August 21 letter, and vendor records are pleaded as post-judgment evidence of the continuing conduct and of the parties' asserted authority. The existence of a writ does not itself resolve those independent factual and federal questions. Plaintiff also alleges that the household included a lease-listed occupant whom the judgment did not name, providing additional factual context concerning the scope of the state process.

## VI. GENERAL FACTUAL ALLEGATIONS

26. THE TENANCY. The lease commenced January 26, 2016, signed by Major Mott III and Ericka Cooper, with occupants including Amarra Mott and K.M., at monthly rent evidenced by the Debtor's own production (PRT-Cooper 0027 et seq.), with a $1,025 security deposit per the signed move-in receipt. Addendum Three (November 22, 2022) set rent at $1,270 from January 1, 2023 and restyled the manager as "LANDLORD" without any conveyance. The Debtor's own ledger records every payment from October 2021 through May 20, 2024 as "Paid by Roommate Ericka Cooper." Major Mott III vacated in or about May 2024 and did not return; the Debtor's ledger carries a "Move Out" date for him of January 31, 2025. Defendants' own representative, Tayler Bachart, identified the lease as active in writing on September 26, 2025 — while her Department of Real Estate license had not been affiliated with Home Tax since December 1, 2024.

27. THE MANUFACTURED DEFAULT. In September and October 2025, three demands stated irreconcilable sums: Melick, through Bendinelli, $15,240 for "May 1, 2023 to September 1, 2025," payable in cash to herself in San Diego, to Bendinelli, or to "Edwin" at 5705 Orange — a period the Debtor's own ledger shows paid through May 2024; LMPM, $20,320 (Bachart email, September 26); LMPM, $15,240 (October 13). A May 12, 2025 LMPM notice had demanded $6,770; a July 8, 2024 LMPM three-day notice demanded $3,100; the Debtor's ledgers show $21,860 (September 23, 2025) and $25,880 (June 11, 2026); counsel's April 29, 2026 opposition computed $22,860; and the Plan Supplement swore $0.00. Melick's accompanying letter stated that "rent is not being collected by Lefever

Mattson" and that she would be "your contact moving forward as Lefever Mattson is in bankruptcy." Bachart told Plaintiff that Bendinelli had no relationship with LeFever Mattson and that cash paid to him would be applied to the balance claimed by Melick — statements Plaintiff recorded in her reply email the same day. LMPM's October 13 notice terminated electronic payment. Plaintiff's September 25, 2025 written ownership inquiry was answered September 26 with a 2021 notice that omitted the 2024 conveyance — and the unlawful detainer followed within the month.

28. THE ESTATE'S OWN RECEIVABLE LEDGER IS A FOURTH IRRECONCILABLE FIGURE. The Debtor's accounts-receivable reports carried a balance in the name of Major Mott III of $12,270 as of December 31, 2025 and $12,940 as of February 28, March 31, April 30, and May 13, 2026. On the same dates the Plan Supplement swore a cure of $0.00 for the same agreement, LMPM had demanded $15,240 and $20,320 in state court, the produced ledgers stated $21,860 and $25,880, and counsel computed $22,860. A $0.00 cure and a receivable balance are different accounting concepts, and Plaintiff does not plead that the $0.00 cure proves no rent was owed; she pleads that Defendants' own books state eight different amounts for one tenancy between September 2025 and June 2026, that no two of them reconcile, and that the state default was taken on a three-day notice whose amount matched none of the estate's records. The amount that a three-day notice must state is the amount actually due; Defendants could not identify it then and cannot identify it now.

29. THE $5,000. In reliance on Melick's notice, Bendinelli's instructions, and Bachart's statement that cash paid to Bendinelli would be credited, Plaintiff withdrew $5,000 from her retirement account and paid it in cash to Bendinelli in or about September 2025. Bendinelli told her that Melick would not pursue eviction and that she should stop making further payments because of the bankruptcy. No ledger produced by Defendants credits the payment. In the following weeks, and without any credit appearing on any ledger, LMPM's demand fell from $20,320 to $15,240 — a difference of $5,080, which is exactly four months of the $1,270 rent. The figures themselves expose the manufacture: $20,320 is exactly sixteen months of rent, $15,240 exactly twelve, yet Melick's notice demanded $15,240 for a

stated period of May 1, 2023 to September 1, 2025 — twenty-eight months. No demand matched any period, any ledger, or any other demand. Whether the $5,080 reduction reflects the cash payment or a silently shortened period, Defendants have never credited, returned, or accounted for the $5,000.

30. SERVICE THAT REACHED NO ONE. The entire claimed state-court service was one posting and one mailing on December 13, 2025, invoked simultaneously under CCP §§ 415.45 and 415.46, on a posting order whose predicate diligence counsel's own April 29, 2026 opposition later described as an occupied household ("the lights were on, the garage door was open, and a dog was tied to the tree"). The certified article to occupants went to ZIP 95608 — Carmichael — and per USPS was never delivered (Notice Left December 22, 2025; no delivery event); the joint defendants' article failed identically, its return receipt unsigned in counsel's possession. Default was requested January 27, 2026, the same day the proof of service was file-stamped. The state court's own April 14–15, 2026 certificates mailed its conditional-stay order to "Carmichael, CA 95608"; Plaintiff caused a $635.00 cashier's check (received April 20) and a $500.00 money order (received May 4) to be tendered anyway; neither was negotiated and both were returned. The correct address appeared in Defendants' own 2019 notice, on the writ's face, and in counsel's own May 18 proof of service.

31. THE LOCKOUT AND DESTRUCTION. Losses of the other household members (Jacob Bolden and Amarra Mott) described in this Section are pleaded as context for the acts against Plaintiff; no recovery is sought here for any person other than Plaintiff. On May 26, 2026 at 10:21 a.m. a vendor's receipt issued to Brenda Comfort (PRT-Cooper 0089); the Sheriff's Return (PRT-Cooper 0093) certifies execution that morning and is silent as to any occupant service; Claims of Right to Possession tendered by Jacob Bolden and Amarra Mott at the premises and at the Sheriff's civil counter were refused. On May 30, 2026 Plaintiff's household served a written preservation demand on counsel for the Consolidated Debtor and the Trust; counsel acknowledged it. On June 14, 2026 PJ's Junk Removal was paid $5,500 to "pick up and haul away household debris from property, from evicted tenants

Case: 26-01007 Doc# 40 Filed: 09/10/26 Entered: 09/10/26 16:28:37 Page 17 of 184

@5703 Orange Ave" and "per Brenda board up and secure all windows" (PRT-Cooper 0101). Plaintiff's furniture, appliances, tools, children's belongings, documents, and the improvements she had paid for (approximately $6,500 in flooring and subfloor; a stove; a refrigerator; an air-conditioning unit) were removed and destroyed without the notice, storage, and return procedures of Civil Code §§ 1980–1991 and Code of Civil Procedure § 1174, and without any court order. As of August 14, 2026 the premises stand vacant, boarded with plywood, the household's washer and dryer dumped in the driveway; no third party is in possession; Plaintiff and her household — her daughters Amarra Mott and K.M., and Jacob Bolden's two minor children, ages five and eleven — remain displaced from Plaintiff's home of ten years without stable housing, and the five-year-old's IEP services and school transportation have been disrupted. Since the writ was executed Plaintiff has continuously pursued this case in two courts and assembled the documentary record now before the Court. The Sheriff's Return records "accrued costs of $180.00" for enforcement of the writ, charged to the state-court plaintiff (Bankr. Ex. B).

## VII. WILLFULNESS, CONTINUING CONDUCT, AND DAMAGES

32. The conduct alleged was willful at every stage, and it has not stopped. After Plaintiff's household served written notice of its claims: the property was destroyed anyway (June 14); the "court order" was invoked in writing anyway (June 1); the extinct debtor-in-possession capacity was asserted anyway (May 18); and when Plaintiff's family filed suit, the response was escalation — an August 21, 2026 letter from the Trustee's counsel threatening sanctions against two displaced occupants unless they dismissed, invoking Paragraph 22 as a weapon, and blind-copied to Debtor's counsel David Taylor and Gabrielle Albert, to state-court eviction counsel Pamela Jackson, and to Defendant Brenda Comfort at a LeFever Mattson email address (Bankr. Ex. W), followed the same day by a Notice of Stay filed in the state action asserting a stay no court ever ordered. Post-deprivation conduct of this character — threats deployed to extinguish claims rather than answer them — is itself evidence of the willfulness, malice, and conscious disregard the underlying acts display.

Case: 26-01007 Doc# 40 Filed: 09/10/26 Entered: 09/10/26 16:28:37 Page 18 of 184

33. ACTUAL DAMAGES. Plaintiff has suffered and continues to suffer: (a) loss of a below-market ten-year tenancy — rent of $1,270 against comparable renovated units at $2,100–$2,300 — with a leasehold value of not less than $830 per month for the remaining life of the tenancy; (b) displacement, housing, storage, transportation, and subsistence costs of $14,538.90 through June 15, 2026, as set forth in her Request for Payment of Administrative Expense filed that day, and continuing thereafter according to proof; (c) the value of an entire household's personal property removed and destroyed after written preservation demand, according to proof; (d) improvements she paid for and lost — approximately $6,500 in flooring and subfloor, together with a stove, a refrigerator, and an air-conditioning unit — of not less than $6,500 and according to proof, exclusive of the $5,000 cash payment; (e) the unreturned $1,025 security deposit; (f) the $5,000 paid to Bendinelli; (g) statutory damages under Civil Code § 789.3(c)(2) of $100 per day of exclusion from May 26, 2026 — $10,600 through September 8, 2026 and continuing; (h) statutory penalties under Civil Code § 1950.5(l) of up to twice the deposit; and (i) the reasonable costs of vindicating rights Defendants' own procedures were designed to extinguish — all in amounts according to proof.

34. EXEMPLARY DAMAGES. As against Defendant Comfort individually, and against Home Tax on the state-law claims upon the findings required by Civil Code § 3294(b), the conduct alleged — a false sworn capacity maintained across two courts; engineered non-notice to a scheduled creditor; occupant service the postal record contradicts; cash taken from Plaintiff under a promise of credit that Home Tax's own manager made and that was never honored; destruction of property after written demand; an instrument conveying an interest the grantor did not hold on the recital of an order that does not exist; and post-suit threats designed to extinguish rather than answer these claims — constitutes malice, oppression, and fraud within the meaning of Civil Code § 3294, entitling Plaintiff to exemplary damages in an amount appropriate to punish and deter. No exemplary damages are sought against the Plan Recovery Trustee except as law permits.

## CLAIMS FOR RELIEF

### COUNT ONE — DECLARATORY JUDGMENT: STATUS OF THE LEASE AND PLAINTIFF'S POSSESSORY RIGHTS (28 U.S.C. § 2201; Fed. R. Bankr. P. 7001(b), (i)) — against all Defendants

35. Plaintiff incorporates all prior paragraphs. An actual controversy exists concerning whether the 5703 Orange lease was assumed by operation of Dkt. 3176, Plan § 6.1.2, and the schedules as they stood when Plaintiff's May 5 dispute was filed; whether the amendments of Dkts. 4163 and 4332 — noticed without disclosure of any objection right and, as to the final removal, never served on the scheduled creditor they affected — were effective to remove it as to Plaintiff; whether one indivisible co-tenant lease could be assumed as to the departed co-tenant and removed as to the resident; and whether Plaintiff's possessory rights were ever lawfully terminated by any process consistent with the Plan, the Confirmation Order, § 365, and due process. Plaintiff seeks a declaration that the lease remained assumed as to her, that the removal was ineffective as to her for want of the notice the Confirmation Order required, and that her leasehold and possessory rights were never lawfully extinguished.

### COUNT TWO — ENFORCEMENT OF THE CONFIRMATION ORDER AND PLAN (11 U.S.C. §§ 105(a), 1142(b)) — against Home Tax, the Trustee, and Comfort

36. Plaintiff incorporates all prior paragraphs. The Confirmation Order's ¶ 10 procedure and the Plan's assumption architecture bind the Consolidated Debtor, the Trust, and their agents (11 U.S.C. § 1141(a)) and were bypassed as alleged in Section III; the lockout was executed two days inside the objection window that proper notice would have opened, under no order of this Court. Under § 105(a) and this Court's inherent authority to enforce its own orders (Travelers Indemnity Co. v. Bailey, 557 U.S. 137, 151 (2009)), Plaintiff seeks an order enforcing the confirmation architecture, declaring that the Confirmation Order and Plan were violated as alleged, and directing restoration of the status quo ante. Plaintiff does not plead contempt as a claim; to the extent compensatory contempt sanctions are warranted for violation of the Confirmation Order, there being no objectively

reasonable basis for Defendants' conduct (Taggart, 587 U.S. at 561–562), Plaintiff will seek them by separate motion under Fed. R. Bankr. P. 9020 and 9014 following service of the alias summons. The relief sought in Plaintiff's August 31, 2026 motion (Adv. Dkt. 33), stricken on procedural grounds without reaching the merits pending service, is pleaded herein as a claim.

**COUNT THREE — DETERMINATION THAT PLAINTIFF'S CONTRACT OBJECTION IS TIMELY, OR ENLARGEMENT OF TIME (Confirmation Order ¶ 10; Fed. R. Bankr. P. 9006(b)(1)) — against Home Tax and the Trustee**

37. Plaintiff incorporates all prior paragraphs. Plaintiff's May 5, 2026 complaint, her Contract Objection prepared May 21, 2026, and this pleading each object to the removal of her lease. A deadline that was never noticed to a known creditor cannot bar her. To the extent any objection is deemed untimely, the failure resulted from excusable neglect within Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993): the delay was caused entirely by Defendants' omission of Plaintiff from the affected-party service (Dkt. 4367); Defendants have suffered no prejudice; no sale or reletting of the premises has been located in the public record as of September 8, 2026, and the premises remained vacant and boarded in August 2026 photographs; and Plaintiff acted in good faith and with diligence in two courts. Plaintiff requests an order deeming her Contract Objection timely, or enlarging the time through the date of this pleading, setting the objection for hearing, and — if the Court determines the lease was rejected — enlarging the June 15, 2026 Rejection Claims Bar Date as to Plaintiff on the same grounds.

**COUNT FOUR — DETERMINATION OF LESSEE RIGHTS AND ELECTION UNDER 11 U.S.C. § 365(h) — against Home Tax and the Trustee**

38. Plaintiff incorporates all prior paragraphs. In the alternative to Counts One and Three, if the lease is determined to have been rejected on the Effective Date, rejection is a breach, not a termination. Plaintiff was in possession under a lease of real property whose term had commenced, and she elected and hereby elects under § 365(h)(1)(A)(ii) to retain her rights under the lease, including possession, for the balance of the term and any renewal or

Case: 26-01007 Doc# 40 Filed: 09/10/26 Entered: 09/10/26 16:28:37 Page 21 of 184

extension enforceable under California law; a month-to-month tenancy continues until terminated by a valid notice complying with state law, and no such notice was ever served. Under § 365(h)(1)(B) she may offset against rent the damages caused by the lessor's nonperformance after rejection. Rejection did not authorize the estate, its co-owner, or its agents to dispossess her. Plaintiff seeks a determination of her § 365(h) rights, an order giving effect to her election, and restoration of possession.

**COUNT FIVE — DETERMINATION UNDER PLAN § 11.3'S EXCEPTION FOR WILLFUL MISCONDUCT ESTABLISHED BY FINAL ORDER — against Home Tax and the Trustee**

39. Plaintiff incorporates all prior paragraphs. To whatever extent any Defendant claims exculpation, Sections I through VII establish conduct within § 11.3's own exception: a false sworn capacity maintained across two courts; engineered non-notice to a scheduled creditor documented by the estate's own certificate; execution inside an undisclosed objection window; destruction of property fifteen days after a written preservation demand; and a title instrument omitting a recorded non-debtor interest on the recital of an order that does not exist. Plaintiff seeks the Final-Order determination the Plan itself contemplates: that the conduct alleged, once proven, constitutes willful misconduct, gross negligence, and/or intentional fraud excluded from exculpation, so that no provision of Plan Article XI or Confirmation Order ¶ 22 bars the relief sought herein.

**COUNT SIX — TURNOVER AND RESTORATION OF POSSESSION — against Home Tax and the Trustee**

40. Plaintiff incorporates all prior paragraphs. The premises stand vacant and boarded; no third party holds possession; restoration displaces no one and preserves the asset. Whether framed as enforcement under § 105, as effectuation of § 365(h), as restitution ancillary to Counts One through Four, or as state-law restoration (Beach Break Equities, LLC v. Lowell (2016) 6 Cal.App.5th 847, 855–858), and because neither Rooker-Feldman nor preclusion bars this Court from acting where Plaintiff alleges that the state-court judgment was procured through extrinsic fraud — conduct that prevented presentation of material

defenses (Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140–41 (9th Cir. 2004)) — and an unlawful-detainer judgment has limited preclusive effect on title, capacity, and rights not litigated in the summary proceeding (Vella v. Hudgins (1977) 20 Cal.3d 251, 255–257), Plaintiff seeks a preliminary and permanent order restoring the household to possession within a time fixed by the Court and, pending restoration, an injunction prohibiting transfer, encumbrance, reletting, alteration, or further clearing of the premises and requiring preservation of all related property and records. On that allegation, and subject to proof, Plaintiff seeks independent relief and asks the Court to determine the federal and equitable consequences of the alleged conduct. Any bond should be waived or set at a nominal amount.

**COUNT SEVEN — ALLOWANCE OF ADMINISTRATIVE EXPENSE (11 U.S.C. § 503(b)(1)(A)); ALTERNATIVELY, DIRECT POST-EFFECTIVE-DATE LIABILITY OF THE CONSOLIDATED DEBTOR AND PLAN RECOVERY TRUST — against Home Tax and the Trustee**

41. Plaintiff incorporates all prior paragraphs. Plaintiff timely filed her Request for Payment of Administrative Expense on June 15, 2026 — the Administrative Expense Claims Bar Date fixed by Dkt. 4335 — in the amount of $14,538.90, and seeks its allowance as augmented by the losses proven herein.

42. First, as to the postpetition, pre-confirmation period: from October 27, 2025 through the May 14, 2026 Effective Date, the Debtor, through Home Tax and its fictitious name, prosecuted the unlawful detainer against Plaintiff in a sworn capacity its own schedules refuted, manufactured the default on which it rested, and procured the judgment and writ. Torts committed by a debtor in possession in the course of operating the estate's business give rise to administrative expenses. Reading v. Brown, 391 U.S. 471, 485 (1968). The injury inflicted by that pre-confirmation conduct — the loss of the tenancy, the returned tenders, the improvements, and the displacement it set in motion — is an actual and necessary cost of administering the estate under § 503(b)(1)(A), timely requested on June 15, 2026, entitled to priority and payment in full ahead of general unsecured claims.

43. Second, and in the alternative as to the post-Effective-Date period: the lockout of May 26, 2026, the destruction of property on June 14, 2026, and the continuing exclusion were carried out by the Consolidated Debtor and the Plan Recovery Trust and their agents after the Effective Date, in the course of implementing the Plan — the Trust "did approve the eviction." Liability for post-confirmation conduct of the reorganized debtor and the Trust is a direct obligation of those entities, not a claim against the pre-confirmation estate, and is not discharged, channeled, or capped by the Plan. Plaintiff seeks judgment against the Consolidated Debtor (Home Tax) and the Trustee in his representative capacity for those losses, payable from Trust assets, and — to the extent the Court determines any portion of the post-Effective-Date harm is instead an administrative expense — allowance of that portion under § 503(b)(1)(A), her June 15 request having been timely as to it. These theories are pleaded in the alternative under Fed. R. Civ. P. 8(d)(2), incorporated by Fed. R. Bankr. P. 7008, so that no ruling on one forecloses the other.

**COUNT EIGHT — WRONGFUL EVICTION; FORCIBLE ENTRY AND DETAINER; CIVIL CODE § 789.3 (CCP §§ 735, 1159–1160, 1174(b), 1174.3) — against Home Tax and Comfort**

44. Plaintiff incorporates all prior paragraphs. Plaintiff was a residential tenant in peaceable possession. With intent to terminate her occupancy, and without a judgment that forfeited her lease or adjudicated her federal rights, Defendants willfully caused her exclusion by changing the locks, boarding the premises, and removing her property, in violation of Civil Code § 789.3(b)(1) and (3) and Code of Civil Procedure §§ 1159–1160; the writ was procured on a false capacity by a non-owner, and the household included a lease-listed occupant no judgment named. Melick, as record co-owner who redirected rent away from the manager and whose designated collector became the estate's new tenant next door, authorized or ratified the lockout for her benefit; Bendinelli served the notices and took the cash on which the default was built; Comfort executed the lockout and directed the destruction. Plaintiff seeks actual damages; statutory damages of $100 per day from May 26, 2026 until possession is restored (Civ. Code § 789.3(c)(2)), not less than $10,600 through

September 8, 2026; restitution of the premises; treble damages under Code of Civil Procedure § 735 for forcible entry and forcible detainer; statutory damages of up to $600 in addition to actual damages under Code of Civil Procedure § 1174(b) upon proof of malice; and exemplary damages under Civil Code § 3294 against Comfort individually and against Home Tax upon the findings required by § 3294(b).

**COUNT NINE — CONVERSION — against Home Tax and Comfort**

45. Plaintiff incorporates all prior paragraphs. Fifteen days after written demand for preservation, Defendants intentionally caused the removal and destruction of the household's personal property ($5,500 vendor invoice, "per Brenda"), converting Plaintiff's possessions. Plaintiff seeks the value of the property according to proof, consequential damages, prejudgment interest, return of any identifiable property, and exemplary damages against Comfort individually and against Home Tax under Civil Code § 3294.

**COUNT TEN — ACCOUNTING AND RESTITUTION OF THE $5,000 — against Home Tax and the Trustee**

46. Plaintiff incorporates all prior paragraphs. Home Tax's property manager told Plaintiff in writing on September 26, 2025 that cash paid to Bendinelli would be applied to the balance claimed by Melick; Plaintiff paid $5,000 in cash; LMPM's demand then fell by $5,080; and no ledger produced by Defendants credits the payment. The identity of the person or entity that received, credited, transferred, or retained that money is within records controlled by Home Tax, the Consolidated Debtor, and the Plan Recovery Trust. Plaintiff seeks an accounting of that payment and of every charge, credit, and competing demand on the 5703 tenancy, and restitution of $5,000 with prejudgment interest from Home Tax or the Trustee-controlled entity to the extent the accounting shows the money was received, credited against, or applied for the benefit of the estate or its agents.

**COUNT ELEVEN — SECURITY DEPOSIT AND ACCOUNTING (Dkt. 292, line 2.8; Civ. Code § 1950.5) — against Home Tax and the Trustee**

47. Plaintiff incorporates all prior paragraphs. The Debtor scheduled, under oath, a joint deposit obligation associated with Plaintiff's tenancy. The signed receipt reflects a

$1,025 deposit, while Schedule E/F lists $512.50 in the names of Major Mott III and Ericka Cooper. Plaintiff alleges that she is entitled to the portion of the deposit legally attributable to her and seeks any statutory penalties available upon proof of bad-faith retention. Plaintiff further seeks a sworn accounting because Defendants' records do not presently reconcile the deposit, the $5,000 cash payment, and the competing rent demands.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

1. Declaring that the Unit 5703 lease was assumed at a $0.00 cure; that Dkt. 4163 did not sever Plaintiff from the indivisible lease; that Dkt. 4332 was ineffective as to Plaintiff for want of the notice the Confirmation Order required; that the lease was deemed assumed under Plan § 6.1.2 pending hearing; and that Plaintiff's leasehold and possessory rights in 5703 Orange Avenue were never lawfully terminated;
2. Enforcing the Confirmation Order and Plan under 11 U.S.C. § 105(a), including restoration of possession of the vacant premises within a time fixed by the Court;
3. Deeming Plaintiff's Contract Objection timely or enlarging the time under Rule 9006(b)(1), setting it for hearing, and, if the lease is held rejected, enlarging the June 15, 2026 Rejection Claims Bar Date as to Plaintiff;
4. Alternatively, determining that Plaintiff validly elected to retain her rights under 11 U.S.C. § 365(h)(1)(A)(ii), including possession, and that the May 26, 2026 lockout violated those rights;
5. Determining that the conduct alleged, as proven, constitutes willful misconduct, gross negligence, and/or intentional fraud within Plan § 11.3's exception, excluded from any exculpation, release, or injunction under Plan Article XI or Confirmation Order ¶ 22;

6. Awarding turnover and restoration of possession and, pending restoration, a preliminary injunction preserving the premises, its contents, and all related records, with any bond waived;

7. Allowing Plaintiff's administrative expense under 11 U.S.C. § 503(b)(1)(A) in the amount of $14,538.90 as augmented by proof, and directing its payment from Trust funds;

8. Awarding actual and compensatory damages against Home Tax, the Trustee in his representative capacity, and Comfort, jointly and severally as the law permits, including displacement costs, leasehold value, destroyed property, improvements of not less than $6,500 and according to proof, and the $1,025 deposit with penalties under Civil Code § 1950.5(l);

9. Awarding statutory damages under Civil Code § 789.3(c)(2) of $100 per day from May 26, 2026 until possession is restored, treble damages under Code of Civil Procedure § 735, and statutory damages of up to $600 under Code of Civil Procedure § 1174(b), against Home Tax and Comfort;

10. Ordering an accounting of the $5,000 cash payment and awarding restitution of $5,000 with prejudgment interest against Home Tax or the Trustee-controlled entity shown to have received or applied it;

11. Awarding exemplary damages under Civil Code § 3294 against Comfort individually, and against Home Tax upon the findings required by § 3294(b), in an amount appropriate to punish and deter;

12. Ordering a sworn accounting as described in Count Eleven;

13. Disallowing as Plan-implementation expenses, and ordering reimbursed to the Estate if paid from estate funds, the $439.00, $5,500.00, and $180.00 expended to lock out Plaintiff, clear the premises, and enforce the writ;

14. Referring the July 24, 2024 conveyance, the May 2026 deed, and the Unit 5701/5703 scheduling history to the Office of the United States Trustee and the Plan Recovery Trust Oversight Committee;

Case: 26-01007 Doc# 40 Filed: 09/10/26 Entered: 09/10/26 16:28:37 Page 27 of 184

15. Awarding costs of suit; and

16. Granting such further relief as is just. Plaintiff submits all claims, legal and equitable, to the Court for decision and makes no demand for jury trial.

Dated: September 10, 2026

Ericka Cooper 9-10-26

ERICKA COOPER, Plaintiff In Propria Persona

## VERIFICATION

I, Ericka Cooper, declare: I am the Plaintiff in this adversary proceeding. I have read the foregoing First Amended Verified Adversary Complaint. The factual allegations stated of my own knowledge are true and correct; the factual allegations stated on the basis of the docket, recorded instruments, and Defendants' produced documents are, to the best of my knowledge and belief, true and correct. This verification is directed to the factual allegations and does not purport to verify legal conclusions. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Sacramento, California, on September 10, 2026.

Ericka Cooper 9-10-26

ERICKA COOPER

Case: 26-01007 Doc# 40 Filed: 09/10/26 Entered: 09/10/26 16:28:37 Page 29 of 184

## INDEX OF EXHIBITS

The exhibits to this Complaint are filed in two volumes and are incorporated by reference. Volume I (Bankruptcy/Plan/Estate Record) is cited as "Bankr. Ex. __"; Volume II (State-Court/Tenancy/Title/Lockout Record) is cited as "State Ex. __." Docket entries in Case No. 24-10545 and Adv. Proc. No. 26-01007 are cited by docket number and are subject to judicial notice.

## VOLUME I — BANKRUPTCY / PLAN / ESTATE RECORD

Bankr. Ex. A — May 30 and June 1, 2026 emails from Debtor's counsel David Taylor ("We will review, discuss with Mr. Goldberg, and follow up with you on this"; "the Plan Recovery Trust did approve the eviction")

Bankr. Ex. B — Writ of Possession and Sheriff's Return (Satisfied), No. 25UD006079

Bankr. Ex. C — Bankr. Dkt. 3176, Ex. C — Unit 5703 assumption entry, Cooper/Mott, $0.00 cure

Bankr. Ex. D — Bankr. Dkt. 4163 (cover, pp. 5, 18 — Cooper removed; ownership 50%/50%) and Dkt. 4332 (cover, objection provision, Exs. A-1, A-2)

Bankr. Ex. E — Confirmation Order, Bankr. Dkt. 4225 (cover and ¶ 10)

Bankr. Ex. F — Plan, Bankr. Dkt. 4151, §§ 6.1.1, 6.1.2, 6.1.4

Bankr. Ex. G — September 2025 email correspondence and Addendum Three

Bankr. Ex. H — Certificate of Service, Bankr. Dkt. 4190 (excerpt)

Bankr. Ex. I — Supplemental Certificate of Service, Bankr. Dkt. 4201, Ex. A (excerpt)

Bankr. Ex. J — Post-petition letter — "lease remains in full force and effect"

Bankr. Ex. K — Notice of Effective Date, Bankr. Dkt. 4335

Bankr. Ex. L — Certificate of Service, Bankr. Dkt. 4254, Exs. A–B (Confirmation Order served on Core/2002 list)

Bankr. Ex. M — LMPM Three-Day Notice to Pay Rent or Quit, July 8, 2024 ($3,100)

Bankr. Ex. N — Certified Grant Deed recorded May 19, 2026, Doc. No. 2026-0519-0008, with Bradley D. Sharp signature page

Bankr. Ex. O — Photographs — Unit 5703 after the lockout (August 2026)

Bankr. Ex. P — Sacramento County Assessor notice, July 9, 2026 (change in ownership unable to be processed)

Bankr. Ex. Q — Judgment — Unlawful Detainer (UD-110), February 23, 2026

Bankr. Ex. R — Returned, unnegotiated payment instruments ($635.00; $500.00) and court delivery documentation

Bankr. Ex. S — First Amended Complaint, Unlawful Detainer (UD-100) — caption, prayer, verification

Bankr. Ex. T — Debtor's Schedule G, Bankr. Dkt. 292, p. 32 ("Home Tax Service of America, Inc. dba LeFever Mattson Property Management")

Bankr. Ex. U — Debtor's Schedules, Bankr. Dkt. 292, p. 25 (Schedule A/B — 5701/5703 Orange Avenue, fifty-percent ownership, $275,000) and p. 30 (Schedule E/F, line 2.8 — $512.50 security deposit, "Major Mott III, Ericka Cooper")

Bankr. Ex. V — California Department of Real Estate license history printouts: Home Tax Service of America, Inc. broker license and fictitious business name "LeFever Mattson Property Management" (inactive December 1, 2024 – November 3, 2025); Tayler Bachart salesperson license (affiliation with Home Tax ended December 1, 2024)

Bankr. Ex. W — Letter of Gail S. Greenwood, Pachulski Stang Ziehl & Jones LLP, to Jacob Bolden and Amarra Mott, August 21, 2026 (Consolidated Debtor "includes Home Tax"; demand and sanctions threat); and Notice of Stay of Proceedings (CM-180) filed the same day in No. 26CV019064

**VOLUME II — STATE-COURT / TENANCY / TITLE / LOCKOUT RECORD**

State Ex. A — 2016 Residential Lease (PRT-Cooper 0027) with signed Jan. 26, 2016 move-in receipt ($1,025 deposit); occupants including Amarra Mott

State Ex. B — Nov. 23, 2021 Civil Code § 1962 ownership notice; Addendum Two; Addendum Three (2022 "Landlord" self-designation); Feb. 21, 2019 § 827 notice (Sacramento 95823)

Case: 26-01007 Doc# 40 Filed: 09/10/26 Entered: 09/10/26 16:28:37 Page 31 of 184

State Ex. C — Grant Deed, Doc. No. 2024-0724-0473, recorded July 24, 2024 (LeFever Mattson to Kristina Melick, undivided 50%)

State Ex. D — Certified Grant Deed, Doc. No. 2026-0519-0008, recorded May 19, 2026 ("court ordered conveyance"; Melick omitted) and Assessor Notice of Incorrect or Missing Deed Information, July 9, 2026

State Ex. E — Unlawful Detainer Complaint (UD-100) excerpts — filed Oct. 27, 2025 (items 1–4, prayer, Oct. 23, 2025 signature) and Nov. 3, 2025 verification of First Amended Complaint

State Ex. F — Attorney verifications of Pamela C. Jackson (Nov. 3, 2025; Oct. 23, 2025)

State Ex. G — Oppositions filed by the unlawful-detainer plaintiff LMPM (Pamela C. Jackson) on April 29, 2026 (pp. 1–4; service chronology; $22,860 computation) and May 18, 2026 (pp. 1–3; debtor-in-possession assertion; "whether as sole owner or co-owner")

State Ex. H — The unlawful-detainer plaintiff's own service chronology (LMPM Opposition of Apr. 29, 2026, p. 3) — five attempts Nov. 26–Dec. 3, 2025; counsel's description of an occupied household

State Ex. I — USPS tracking record and envelope, certified article 7020 3160 0000 2522 7913 ("All Other Occupants," ZIP 95608 — Notice Left Dec. 22, 2025; no delivery)

State Ex. J — Court Certificate of Mailing dated April 14, 2026 (addressed to "5703 Orange Avenue, Carmichael, CA 95608")

State Ex. K — Returned stay-payment instruments — Bank of America cashier's check No. 6220804974, $635.00 (court-stamped RECEIVED Apr. 20, 2026); Western Union money order, $500.00

State Ex. L — Sept. 26, 2025 email thread (Tayler Bachart, "Property Manager") transmitting lease file and asserting $20,320 balance

State Ex. M — Judgment UD-110 (Feb. 23, 2026; possession only; $0.00; forfeiture unchecked) (PRT-Cooper 0079–80); Writ EJ-130 (Apr. 2, 2026); Sheriff's Return; May 26, 2026 10:21 a.m. vendor receipt to Brenda Comfort (PRT-Cooper 0089);

June 14, 2026 PJ's Junk Removal $5,500 invoice, "per Brenda" (PRT-Cooper 0101); August 2026 vacancy photographs

**FACT-TO-EXHIBIT MAP**

Lease, household, Amarra as known occupant, $1,025 deposit: State Ex. A; Bankr. Exs. G, M. Owner/manager distinction and title split: State Exs. B–C; Bankr. Exs. D, T–U. Home Tax dba LMPM: Bankr. Ex. T. Unit 5703 assumed at $0.00 cure: Bankr. Ex. C. April 7 removal of Cooper, retention of Mott, 50/50 ownership: Bankr. Ex. D. Confirmation Order ¶ 10 procedure and Plan § 6.1: Bankr. Exs. E–F. Notice and service record (Dkts. 4190, 4201, 4254, 4335): Bankr. Exs. H–I, K–L; State Exs. H–J. May 19 deed, Sharp signature, Melick omission, Assessor rejection: Bankr. Exs. N, P; State Ex. D. UD prosecuted by LMPM "as owner," verifications, oppositions, service chronology: State Exs. E–H; Bankr. Ex. S. Competing September 2025 demands and payment channels: State Ex. L; Bankr. Ex. G. Returned $635.00 and $500.00 instruments: State Ex. K; Bankr. Ex. R. Possession-only $0.00 judgment, writ, execution, vacancy: State Ex. M; Bankr. Exs. B, O, Q. Comfort lockout-morning receipt and "per Brenda" removal/boarding invoice: State Ex. M. Plan Recovery Trust approval of eviction: Bankr. Ex. A. June 15, 2026 bar dates: Bankr. Ex. K. Post-petition assurance that the lease remained in force: Bankr. Ex. J. Trustee's counsel's August 21 letter and CM-180: Bankr. Ex. W.

ERICKA COOPER
6128 Elder Creek Road
Sacramento, California 95824
Telephone: (916) 719-0216
Email: unkledo@icloud.com
Plaintiff In Propria Persona

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA**

In re

LEFEVER MATTSON, a California corporation, et al.,

Consolidated Debtor.

ERICKA COOPER,
Plaintiff,
v.
HOME TAX SERVICE OF AMERICA, INC. dba LEFEVER MATTSON PROPERTY MANAGEMENT; MICHAEL I. GOLDBERG, solely in his capacity as Plan Recovery Trustee; BRENDA COMFORT; and DOES 1–10,
Defendants.

Case No. 24-10545 HLB
Chapter 11

Adv. Proc. No. 26-01007 HLB

**EXHIBITS TO FIRST AMENDED VERIFIED ADVERSARY COMPLAINT VOLUME II OF II — STATE-COURT / TENANCY / TITLE / LOCKOUT RECORD (State Exs. A–M)**

Judge: Hon. Hannah L. Blumenstiel

# EXHIBITS TO FIRST AMENDED VERIFIED ADVERSARY COMPLAINT VOLUME II OF II — STATE-COURT / TENANCY / TITLE / LOCKOUT RECORD (State Exs. A–M)

The exhibits to this Complaint are filed in two volumes and are incorporated by reference. Volume I (Bankruptcy/Plan/Estate Record) is cited as "Bankr. Ex. __"; Volume II (State-Court/Tenancy/Title/Lockout Record) is cited as "State Ex. __." Docket entries in Case No. 24-10545 and Adv. Proc. No. 26-01007 are cited by docket number and are subject to judicial notice.

## INDEX — VOLUME II

State Ex. A — 2016 Residential Lease (PRT-Cooper 0027) with signed Jan. 26, 2016 move-in receipt ($1,025 deposit); occupants including Amarra Mott

State Ex. B — Nov. 23, 2021 Civil Code § 1962 ownership notice; Addendum Two; Addendum Three (2022 "Landlord" self-designation); Feb. 21, 2019 § 827 notice (Sacramento 95823)

State Ex. C — Grant Deed, Doc. No. 2024-0724-0473, recorded July 24, 2024 (LeFever Mattson to Kristina Melick, undivided 50%)

State Ex. D — Certified Grant Deed, Doc. No. 2026-0519-0008, recorded May 19, 2026 ("court ordered conveyance"; Melick omitted) and Assessor Notice of Incorrect or Missing Deed Information, July 9, 2026

State Ex. E — Unlawful Detainer Complaint (UD-100) excerpts — filed Oct. 27, 2025 (items 1–4, prayer, Oct. 23, 2025 signature) and Nov. 3, 2025 verification of First Amended Complaint

State Ex. F — Attorney verifications of Pamela C. Jackson (Nov. 3, 2025; Oct. 23, 2025)

State Ex. G — Oppositions filed by the unlawful-detainer plaintiff LMPM (Pamela C. Jackson) on April 29, 2026 (pp. 1–4; service chronology; $22,860 computation) and May 18, 2026 (pp. 1–3; debtor-in-possession assertion; "whether as sole owner or co-owner")

State Ex. H — The unlawful-detainer plaintiff's own service chronology (LMPM Opposition of Apr. 29, 2026, p. 3) — five attempts Nov. 26–Dec. 3, 2025; counsel's description of an occupied household

State Ex. I — USPS tracking record and envelope, certified article 7020 3160 0000 2522 7913 ("All Other Occupants," ZIP 95608 — Notice Left Dec. 22, 2025; no delivery)

State Ex. J — Court Certificate of Mailing dated April 14, 2026 (addressed to "5703 Orange Avenue, Carmichael, CA 95608")

State Ex. K — Returned stay-payment instruments — Bank of America cashier's check No. 6220804974, $635.00 (court-stamped RECEIVED Apr. 20, 2026); Western Union money order, $500.00

State Ex. L — Sept. 26, 2025 email thread (Tayler Bachart, "Property Manager") transmitting lease file and asserting $20,320 balance

State Ex. M — Judgment UD-110 (Feb. 23, 2026; possession only; $0.00; forfeiture unchecked) (PRT-Cooper 0079–80); Writ EJ-130 (Apr. 2, 2026); Sheriff's Return; May 26, 2026 10:21 a.m. vendor receipt to Brenda Comfort (PRT-Cooper 0089); June 14, 2026 PJ's Junk Removal $5,500 invoice, "per Brenda" (PRT-Cooper 0101); August 2026 vacancy photographs

# STATE EXHIBIT A

2016 Residential Lease (PRT-Cooper 0027) with signed Jan. 26, 2016 move-in receipt ($1,025 deposit); occupants including Amarra Mott

**LEFEVER MATTSON**
**PROPERTY MANAGEMENT**

## *RESIDENTIAL LEASE AGREEMENT*

1. **TENANT(s):** Major Mott III, Erica Cooper

   **AND OTHER OCCUPANTS:** Amarra Mott (minor), K.M. (minor)
   No persons other than those listed above may reside in the premises. All persons listed above are subject to all of the terms and provisions of this residential Rental Agreement. No other persons, regardless of age, shall occupy or reside at the premises. Anyone residing including but not limited to staying overnight at the premises more than three (3) days in any thirty day period shall be considered an unauthorized subtenant and an incurable violation of the rental agreement.

2. **LANDLORD NAME:** Robert Hultman and Charlene Hultman Telephone #: 916-723-5111

   **PROPERTY MANAGER NAME/AUTHORIZED AGENT:** LeFever Mattson Property Management

   Address: 6359 Auburn Boulevard, Suite B, Citrus Heights, CA 95621 Telephone # (916) 723-5111
   **If Agent is specified above, this person/entity is the designated Agent for receipt of papers from the Tenant.**

3. **TENANCY ADDRESS:** 5703 Orange Avenue, Sacramento, CA 95823

4. **TERM:** The term of this lease shall be for a period commencing 01/26/16 and terminating 02/29/16. After the lease maturity date this agreement shall continue on a month to month basis until either party shall terminate the tenancy by giving the other a written thirty (30) day notice of intent to terminate tenancy. Neither the Landlord nor the Tenant are required by this agreement to state the reasons for the election to vacate thirty days from the date of the written notice. The tenancy will be considered terminated upon the passage of the thirty days from the date of the mailing or delivery of the "30 *Day Notice of Intent to Vacate*."

5. **MONTHLY RENT:** $1,025.00 per month. RENT DEFINED: All monetary obligations of Tenant to Landlord under the terms of this Lease Agreement (except for any amount designated as a security deposit) are deemed to be rent. Rent is due and must be received by the Landlord IN ADVANCE on or before the first day of each month. Rent shall be considered late and "due and unpaid" if not actually received by the Landlord on or before the first day of each calendar month. The first month will need to be in the form of a cashier's check or money order and will not be pro-rated. A full month's rent will be collected and a pro-rate if any, will be paid on or before the first day of the following month.

   Rent is payable to the following person or entity: **LEFEVER MATTSON PROPERTY MANAGEMENT**

   Pay Rent as follows: [X] Personal Check [X] Cashier's Check [X] Money Order

   Third party checks are not permissible. Postdated checks are not permissable. Tenant(s) in receipts of a 3 Day Notice... will be required to pay rent in the form of [X]Cashier's Check [X]Money Order until 3 Day Notice has been rectified.

   All payments must be made "in advance" on or before the first (1st) day of each calendar month, without offset or deductions of any kind, to the name of the Landlord or Landlord's Authorized Agent specified above, as follows:

   Rent may be paid by either:
   [X] Mail or Personal Delivery: The usual days and hours for personal delivery of the rent and other sums due are:
   Days: Monday-Friday Hours: 8:30 a.m. - 5:00 p.m.
   There is also a drop slot that is available all the time.
   Address: 6359 Auburn Boulevard, Suite B, Citrus Heights, CA 95621 Telephone #: (916) 723-5111
   ***If the rent is lost in the mail, it has not been paid.***

 Tenant Init. MM Tenant Init. E Agent Init. Y

**LEFEVER MATTSON**
**PROPERTY MANAGEMENT**

## *RECEIPT FOR RENTAL / MOVE-IN PAYMENT*

***Cash Payments Not Accepted***

***Payments Previously Paid:***

| | |
|---|---|
| Application Fees: (Cash OK)<br>If waived applicant initials ______ | $ 70.00 |
| Holding Deposit: | $1,025.00 |
| Other: ______ | $ ______ |
| Total Payments Previous Paid: | $1,095.00 |

***Payments due at signing / move-in:***

| | |
|---|---|
| Rent: | $1,025.00 |
| Security Deposit: | $1,025.00 |
| Move-In Special (If any): | $ ______ |
| Application Fee: | $ 70.00 |
| Other: ______ | $ ______ |
| Less amounts previously paid from above: | $(1,095.00 ) |
| Net amount due and paid at signing / move-in: | $1,025.00 |

**Tenant Acknowledgement:**
By signing this document your are indicating that the amounts listed above accurately represent the amounts charged and paid for the rental unit indicated. Do not sign this document if the amounts are not correct. If you are asked to pay any amount other that that identified please contact the corporate offices of LeFever Mattson Property Management at 916-723-5111 x104.

[signature] 1 / 26 / 16 [signature] 1 / 26 / 16
Tenant Date Landlord/ Agent Date

[signature] 1 / 26 / 16
Tenant Date

Prorated Rent Due on the 1st of the month following move-in: **$201.63**

 Tenant Init. [initials] Tenant Init. EC Agent Init. [initials]

# STATE EXHIBIT B

Nov. 23, 2021 Civil Code § 1962 ownership notice; Addendum Two; Addendum Three (2022 "Landlord" self-designation); Feb. 21, 2019 § 827 notice (Sacramento 95823)

# LeFEVER MATTSON
## PROPERTY MANAGEMENT

6359 Auburn Boulevard, Suite B
Citrus Heights, CA 95621

Telephone (916) 723-5111
FAX (916) 676-0011

## NOTICE OF CHANGE OF OWNERSHIP - NOTICE OF CHANGE
## [Pursuant to Civil Code § 1962 & 1947.12]

**To:** Major Mott III and Ericka Cooper
and any others at:
5703 Orange Avenue
Sacramento, CA 95823

**Subject Premises:** 5703 Orange Avenue, Sacramento, CA 95823

YOU ARE HEREBY ADVISED AS FOLLOWS:

1. The property described above ownership is LeFever Mattson, Inc. instead of Robert Holtman and Charlene Holtman

2. The property where you reside is not subject to the rent limits imposed by Section 1947.12 of the Civil Code and is not subject to the just cause requirements of Section 1946.2 of the Civil Code. This property meets the requirements of Sections 1947.12(d)(5) and 1946.2(e)(7) of the Civil Code and the owner is not any of the following: (1) a real estate investment trust, as defined by Section 856 of the Internal Revenue Code; (2) a corporation; or (3) a limited liability company in which at least one member is a corporation.

3. All other terms of the lease/rental agreement shall remain in full force and effect.

LeFever Mattson Property Management will continue to manage the property.

PLEASE BE FURTHER ADVISED that all future notices, rents, demands, requests, or communications including but not limited to service of process shall be directed as follows:
LeFever Mattson Property Management
Attn: Alyse Zaind
6359 Auburn Blvd. Suite B
Citrus Heights, CA 95621
Telephone No. (916) 723-5111

Pay Rent as follows: [X] Personal Check [X] Cashier's Check [X] Money Order

Third party checks are not permissible. Postdated checks are not permissible. Tenant(s) in receipt of a 3 Day Notice will be required to pay rent in the form of [X]Cashier's Check [X]Money Order until 3 Day Notice has been rectified.

All payments must be made "in advance" on or before the first (1st) day of each calendar month, without offset or deductions of any kind, to the name of the Landlord or Landlord's Authorized Agent specified above, as follows:
Rent may be paid by either:
[X] Mail or Personal Delivery. The usual days and hours for personal delivery of the rent and other sums due are:
Days: Monday-Friday Hours: 8:30 a.m. - 5:00 p.m.
There is also a drop slot that is available all the time. Use of drop slot is at the residents own risk.

DATED: 11/23/2021 [signature]
(Signature of Notice Preparer)

# ADDENDUM TWO TO RESIDENTIAL LEASE AGREEMENT

1. TENANT(s): Major Mott III, Felicia Cooper

**AND OTHER OCCUPANTS**. Amarra Mott (minor), K.M. (minor)
No persons other than those listed above may reside in the premises. All persons listed above are subject to all of the terms and provisions of this residential Rental Agreement. No other persons, regardless of age, shall occupy or reside at the premises. Anyone residing including but not limited to staying overnight at the premises more than three (3) days in any thirty day period shall be considered an unauthorized subtenant and an incurable violation of the rental agreement.

2. **LANDLORD NAME**: Robert Huffman and Charlene Huffman Telephone #: 916-723-5111

**PROPERTY MANAGER NAME/AUTHORIZED AGENT**: LeFever Mattson Property Management

Address 6339 Auburn Boulevard, Suite B, Citrus Heights, CA 95621 Telephone # (916) 723-5111
**If Agent is specified above, this person/entity is the designated Agent for receipt of papers from the Tenant**

3. **TENANCY ADDRESS:** 5703 Orange Avenue, Sacramento, CA 95823

IN CONSIDERATION OF THEIR MUTUAL PROMISES, LANDLORD AND TENANT AGREE AS FOLLOWS:

A. The lease term shall be extended through on September 30, 2018.

B. Beginning October 1, 2017, the rent shall be $1,110.00 instead of $1,075.00, the current month's rent.

C. Amend Paragraph 27 Hold Over Any holding over at the expiration of this modified lease shall create a month to month tenancy. All other terms and conditions hereof shall remain in full force and effect.

D. Except as herein provided, all other terms of the lease/rental agreement shall remain in full and effect.

E. This addendum to be effective as of September 29, 2017.

Dated: Tenant:

Dated: Tenant:

Dated: 10/23/17 Agent: Karen Mullett

PRT-Cooper 0048

Case: 26-01007 Doc# 40 Filed: 09/10/26 Entered: 09/10/26 16:28:37 Page 41 of 184

# ADDENDUM TWO TO RESIDENTIAL LEASE AGREEMENT

1. TENANT(s): Major Mott III, Ericka Cooper

**AND OTHER OCCUPANTS:** Amarra Mott (minor), K.M. (minor)
No persons other than those listed above may reside in the premises. All persons listed above are subject to all of the terms and provisions of this residential Rental Agreement. No other persons, regardless of age, shall occupy or reside at the premises. Anyone residing including but not limited to staying overnight at the premises more than three (3) days in any thirty day period shall be considered an unauthorized subtenant and an incurable violation of the rental agreement.

2. **LANDLORD NAME:** Robert Hultman and Charlene Hultman Telephone #: 916-723-5111

**PROPERTY MANAGER NAME/AUTHORIZED AGENT:** LeFever Mattson Property Management

Address: 6359 Auburn Boulevard, Suite B, Citrus Heights, CA 95621 Telephone # (916) 723-5111
**If Agent is specified above, this person/entity is the designated Agent for receipt of papers from the Tenant.**

3. **TENANCY ADDRESS:** 5703 Orange Avenue, Sacramento, CA 95823

IN CONSIDERATION OF THEIR MUTUAL PROMISES, LANDLORD AND TENANT AGREE AS FOLLOWS:

A. The lease term shall be extended through on September 30, 2018.

B. Beginning October 1, 2017, the rent shall be $1,110.00 instead of $1,075.00, the current month's rent.

C. Amend Paragraph 27. Hold Over – Any holding over at the expiration of this modified lease shall create a month-to-month tenancy. All other terms and conditions herein shall remain in full force and effect.

D. Except as herein provided, all other terms of the lease/rental agreement shall remain in full and effect.

E. This addendum to be effective as of September 29, 2017.

Dated: [illegible] Tenant: [signature]

Dated: [illegible] Tenant: [signature]

Dated: 10/23/17 Agent: Karen Mullett

PRT-Cooper 0062

Case: 26-01007 Doc# 40 Filed: 09/10/26 Entered: 09/10/26 16:28:37 Page 42 of 184

LEFEVER MATTSON
PROPERTY MANAGEMENT

Telephone (916) 723-5111
FAX (916) 676-0011

6359 Auburn Boulevard, Suite B
Citrus Heights, CA 95621

# ADDENDUM THREE TO RESIDENTIAL LEASE AGREEMENT

1. TENANT(s): Major Mott III and Erica Cooper

AND OTHER OCCUPANTS:
No persons other than those listed above may reside in the premises. All persons listed above are subject to all of the terms and provisions of this residential Rental Agreement. No other persons, regardless of age, shall occupy or reside at the premises. Anyone residing including but not limited to staying overnight at the premises more than three (3) days in any thirty day period shall be considered an unauthorized subtenant and an incurable violation of the rental agreement.

2. LANDLORD NAME: LeFever Mattson Property Management
Telephone #: 916-723-5111

PROPERTY MANAGER NAME/AUTHORIZED AGENT: LeFever Mattson Property Management

Address: 6359 Auburn Boulevard, Suite B, Citrus Heights, CA 95621 Telephone # (916) 723-5111
If Agent is specified above, this person/entity is the designated Agent for receipt of papers from the Tenant.

3. TENANCY ADDRESS: 5703 Orange Ave., Sacramento CA 95823

IN CONSIDERATION OF THEIR MUTUAL PROMISES, LANDLORD AND TENANT AGREE AS FOLLOWS

A. The term of this lease shall be extended to 01/31/2024. Any holding over at the expiration of this lease shall create a month-to-month tenancy.

B. Beginning January 1, 2023, the rent shall be $1,270.00 instead of $1,165.00, the current month's rent.

C. Amend Paragraph 27. Hold Over – Any holding over at the expiration of this modified lease shall create a month-to-month tenancy. All other terms and conditions herein shall remain in full force and effect.

E. Except as herein provided, all other terms of the lease/rental agreement shall remain in full and effect.

F. This addendum to be effective as of November 22, 2022.

Dated: 11-22-22 Tenant: ______________________

Dated: 11-2222 Tenant: ______________________

Dated: 11/22/2022 Agent: ______________________

LEFEVER MATTSON
PROPERTY MANAGEMENT

6359 Auburn Boulevard, Suite B
Citrus Heights, CA 95621

916.723.5111
FAX 916.676.0011

# Lease Renewal / Change of Terms Notice

Major Mott III, Erica Cooper
5703 Orange Avenue
Sacramento, CA, 95823

To: Major Mott III, Erica Cooper of the premises designated by the number and street as 5703 Orange Avenue, in the city of Sacramento, State of California, 95823. You are hereby notified, in accordance with Civil Code Section 827, that 30 days after service upon you of this Notice, or April 1, 2019, whichever is later, your tenancy of the premises will be changed as follows:

1. The late charge has been changed to $70.00 per occurrence instead of $35.00 per occurrence.

2. Except as herein provided, all other terms of your tenancy shall remain in full force and effect.

As required by law, you are hereby notified that a negative credit report reflecting on your credit history may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

Date

Agent

# STATE EXHIBIT C

Grant Deed, Doc. No. 2024-0724-0473, recorded July 24, 2024 (LeFever Mattson to Kristina Melick, undivided 50%)

Sacramento County
Donna Allred, Clerk/Recorder
Doc # 202407240473

| | | | |
|---|---|---|---|
| 7/24/2024 | 12:40:31 PM | Fees | $20.00 |
| JBH | | Taxes | $178.20 |
| Titles | 1 | PCOR | $0.00 |
| Pages | 3 | Paid | $198.20 |

**RECORDING REQUESTED BY:**
LeFever Mattson
6359 Auburn Blvd. Ste. B
Citrus Heights, CA 95621

**When Recorded Mail Document To:**
LeFever Mattson
6359 Auburn Blvd. Ste. B
Citrus Heights, CA 95621

Property Address: 5701/5703 Orange Ave., Sacramento, CA 95823

SPACE ABOVE THIS LINE FOR RECORDER'S USE

APN/Parcel ID(s): Portion of 051-0411-002

## GRANT DEED

**The undersigned grantor(s) declare(s)**

☐ This transfer is exempt from the documentary transfer tax.
☒ **The documentary transfer tax is $** 178.20 and is computed on:
☐ the full value of the interest or property conveyed.
☒ the full value less the liens or encumbrances remaining thereon at the time of sale.
The property is located in **Unincorporated area**

**FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,**
LeFever Mattson, a California corporation

**hereby GRANT(S) to** Kristina Melick, as to an undivided 50% interest

**the following described real property in the** Unincorporated area, County of Sacramento, State of California:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

Dated:

IN WITNESS WHEREOF, the undersigned have executed this document on the date(s) set forth below.

LeFever Mattson

BY: ______________________
Timothy LeFever, President

**MAIL TAX STATEMENTS AS DIRECTED ABOVE**

# STATE EXHIBIT D

Certified Grant Deed, Doc. No. 2026-0519-0008, recorded May 19, 2026 ("court ordered conveyance"; Melick omitted) and Assessor Notice of Incorrect or Missing Deed Information, July 9, 2026

JUL 0 9 2026

THIS IS A TRUE CERTIFIED COPY OF THE RECORD
IF IT BEARS THE SEAL, IMPRINTED IN PURPLE INK,
OF THE COUNTY OF SACRAMENTO

BY ______ DEPUTY
COUNTY CLERK/RECORDER
SACRAMENTO COUNTY CALIFORNIA

COUNTY OF SACRAMENTO CALIFORNIA

Sacramento County
Florence Evans, Clerk/Recorder

| | | | |
|---|---|---|---|
| Doc # 202605190008 | | Fees | $101.00 |
| 5/19/2026 | 8:09:11 AM | Taxes | $0.00 |
| BML | Electronic | PCOR | $20.00 |
| Titles | 1 | Paid | $121.00 |
| Pages | 3 | | |

RECORDING REQUESTED BY:
Commonwealth Land Title Company

**When Recorded Mail Document and Tax Statement To:**
LeFever Mattson, Inc. a California corporation,
Consolidated Debtor
333 South Grand Avenue, Suite 4100
Los Angeles CA 90071

SPACE ABOVE THIS LINE FOR RECORDER'S USE

**Title No.:** 972500057
**Escrow No.:** 972500057

**Property Address:** 5701/5703 Orange Avenue, Sacramento, CA 95823-3425

**APN/Parcel ID(s):** 050-0411-002-0000

## GRANT DEED

**The undersigned grantor(s) declare(s)**

☑ This transfer is exempt from the documentary transfer tax. R & T 11923 Court ordered conveyance not pursuant to a Sale Court Case No. 24-10545 (CN)
☐ The documentary transfer tax is $ Ø and is computed on:
  ☑ the full value of the interest or property conveyed.
  ☐ the full value less the liens or encumbrances remaining thereon at the time of sale.
The property is located in ☑ an Unincorporated area.

**FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,**

LeFever Mattson, Inc. a California corporation, Consolidated Debtor for Charlene M. Hultman, as Surviving Trustee of The Hultman 2001 Family Trust, dated May 3, 2001,

**hereby GRANT(S) to**

LeFever Mattson, Inc. a California corporation, Consolidated Debtor

**the following described real property in the** Unincorporated Area of the County of Sacramento, State of California:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

**PROPERTY COMMONLY KNOWN AS:** 5701/5703 Orange Avenue, Sacramento, CA 95823-3425

SEE ATTACHED NOTARY
5/13/2026 RLA

**MAIL TAX STATEMENTS AS DIRECTED ABOVE**

# GRANT DEED
(continued)

**APN/Parcel ID(s):** 050-0411-002-0000

Dated: May 12, 2026

IN WITNESS WHEREOF, the undersigned have executed this document on the date(s) set forth below.

LeFever Mattson, Inc. a California corporation, Consolidated Debtor

BY:____________________
Bradley D. Sharp Chief Restructuring Officer

for Charlene M. Hultman, as Surviving Trustee of The Hultman 2001 Family Trust dated May 3, 2001

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of Los Angeles

On May 13, 2026 before me, Roberta L. Aranda, Notary Public,
(here insert name and title of the officer)

personally appeared Bradley D. Sharp, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature ____________________

ROBERTA L. ARANDA
Notary Public - California
Los Angeles County
Commission # 2521076
My Comm. Expires Jun 15, 2029

## EXHIBIT "A"
Legal Description

For APN/Parcel ID(s): 050-0411-002-0000

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE UNINCORPORATED AREA IN THE COUNTY OF SACRAMENTO, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

LOT 24 OF BELLA PARKWAY, ACCORDING TO THE OFFICIAL PLAT THEREOF, IN THE COUNTY OF SACRAMENTO, STATE OF CALIFORNIA, FILED IN THE OFFICE OF THE RECORDER OF SACRAMENTO COUNTY, CALIFORNIA, ON NOVEMBER 30, 1962, IN BOOK 70, MAP NO. 5 OF MAPS.

EXCEPTING THEREFROM ALL WATER, WATER RIGHTS, OIL, OIL RIGHTS, MINERALS, MINERAL RIGHTS, NATURAL GAS RIGHTS AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN THAT MAY BE BELOW A DEPTH OF 500 FEET FROM THE SURFACE OF THE LAND HEREIN ABOVE DESCRIBED, WITHOUT, HOWEVER, THE RIGHT EVER TO DRILL, DIG, OR MINE THROUGH THE SURFACE OF SAID LAND THEREFORE OR OTHERWISE, AS RESERVED IN THE DEED EXECUTED BY JOHN LEE AND ROSA LEE, HUSBAND AND WIFE, AS JOINT TENANTS, TO THE STATE OF CALIFORNIA, DATED FEBRUARY 4, 1954, RECORDED MARCH 24, 1954, IN BOOK 2573, PAGE 147, OFFICIAL RECORDS.

PLOTTED EASEMENT MAP

**Sacramento County**
**Office of the Assessor**
Christina Wynn, Assessor
Jarret Stedifor, Assistant Assessor

**Property Transfer Section**
3636 American River Drive, Suite 200
Sacramento, CA 95864-5952
https://assessor.saccounty.gov
(916) 875-0750
assessor@saccounty.gov

July 09, 2026

LEFEVER MATTSON INC

333 SOUTH GRAND AVE. STE 4100
LOS ANGELES, CA 90071

Re: Parcel Number(s): 050-0411-002-0000
Recording Book/Page: 20260519/0008

**NOTICE OF INCORRECT OR MISSING DEED INFORMATION**

We are unable to process the above referenced document for the reason listed below.

Grantor(s) name does not match the name(s) contained in our records. Our records indicate the owner of this property to be:

MELICK KRISTINA
LEFEVER MATTSON

The documents need to be corrected and re-recorded with the Sacramento County Recorder's Office. The Sacramento County Recorder may be contacted at (916) 874-6334 or at 3636 American River Drive, Suite 110, Sacramento, CA.
You may want to contact your title company to record the correct information for you.

If you have any questions, please contact our Property Transfer Section at (916) 875-0750. Telephone hours are 9 A.M. to 4 P.M., Monday through Friday. You may also visit our office at the address listed in the upper right corner of this letter. Our office hours are from 8 A.M. to 5 P.M.

# STATE EXHIBIT E

Unlawful Detainer Complaint (UD-100) excerpts — filed Oct. 27, 2025 (items 1–4, prayer, Oct. 23, 2025 signature) and Nov. 3, 2025 verification of First Amended Complaint



Case: 26-01007 Doc# 40 Filed: 09/10/26 Entered: 09/10/26 16:28:37 Page 54 of 184

ATTORNEY OR PARTY WITHOUT ATTORNEY STATE BAR NUMBER:
NAME: Pamela C. Jackson, Esq. SBN 87502
FIRM NAME: Pamela C. Jackson, Inc.
STREET ADDRESS: 409 Boyd Street
CITY: Vacaville STATE: CA ZIP CODE: 95688
TELEPHONE NO.: (707) 446-2333 FAX NO.: (707) 446-2393
EMAIL ADDRESS: jackson@pcjlawinc.com
ATTORNEY FOR (name): Plaintiff

FOR COURT USE ONLY

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
10/27/2025
By: H. Singh Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 301 Bicentennial Circle
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, CA 95826
BRANCH NAME: Carol Miller Justice Center

PLAINTIFF: LEFEVR MATTSON PROPERTY MANAGEMENT
DEFENDANT: MAJOR MOTT III, ERICA COOPER
☑ DOES 1 TO 10, inclusive

**COMPLAINT—UNLAWFUL DETAINER***

☑ COMPLAINT ☐ AMENDED COMPLAINT (Amendment Number):

CASE NUMBER: 25UD006079

Jurisdiction *(check all that apply):*
☑ ACTION IS A LIMITED CIVIL CASE (amount demanded does not exceed $35,000)
Amount demanded ☐ does not exceed $10,000
☑ exceeds $10,000
☐ ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $35,000)
☐ ACTION IS RECLASSIFIED by this amended complaint or cross-complaint *(check all that apply):*
☐ from unlawful detainer to general unlimited civil (possession not in issue). ☐ from limited to unlimited.
☐ from unlawful detainer to general limited civil (possession not in issue). ☐ from unlimited to limited.

1. *PLAINTIFF (name each):*
LEFEVR MATTSON PROPERTY MANAGEMENT

*alleges causes of action against DEFENDANT (name each):*
MAJOR MOTT III, ERICA COOPER

2. a. Plaintiff is
(1) ☐ an individual over the age of 18 years.
(2) ☐ a public agency.
(3) ☐ other *(specify):*
(4) ☐ a partnership, limited
(5) ☑ a corporation.

b. ☐ Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify):*

3. a. *The venue is the court named above because defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):*
5703 Orange Avenue
Carmichael CA 95608
Sacramento

b. The premises in 3a are *(check one)*
(1) ☑ within the city limits of *(name of city):* Sacramento
(2) ☐ within the unincorporated area of *(name of county):*

c. The premises in 3a were constructed in *(approximate year):*

4. Plaintiff's interest in the premises is ☑ as owner ☐ other *(specify):*

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

*NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).



Case: 26-01007 Doc# 40 Filed: 09/10/26 Entered: 09/10/26 16:28:37 Page 55 of 184

PLAINTIFF: LEFEVR MATTSON PROPERTY MANAGEMENT
DEFENDANT: MAJOR MOTT III et al

CASE NUMBER:

19. PLAINTIFF REQUESTS
    a. possession of the premises.
    b. costs incurred in this proceeding:
    c. ☑ past-due rent of $ 15,240.00
    d. ☑ reasonable attorney fees.
    e. ☑ forfeiture of the agreement.
    f. ☐ damages in the amount of waived rent or relocation assistance as stated in item 8: $
    g. ☑ damages at the rate stated in item 13 from *date:* 11/1/2025 for each day that defendants remain in possession through entry of judgment.
    h. ☐ statutory damages up to $600 for the conduct alleged in item 14.
    i. ☑ other *(specify):* Such other an further relief as the court may deem proper

20. ☑ Number of pages attached *(specify):* 4

UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)

21. ☑ *(Complete in all cases.)* An unlawful detainer assistant ☑ did not ☐ did for compensation give advice or assistance with this form. *(If declarant has received any help or advice for pay from an unlawful detainer assistant, complete a–f.)*
    a. Assistant's name:
    b. Street address, city, and zip code:
    c. Telephone no.:
    d. County of registration:
    e. Registration no.:
    f. Expires on *(date):*

Date: October 23, 2025

Pamela C. Jackson, Esq.
(TYPE OR PRINT NAME)

/s/ Pamela C. Jackson
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

VERIFICATION

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

(TYPE OR PRINT NAME)

see attached verification
(SIGNATURE OF PLAINTIFF)

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF Solano

I have read the foregoing Complaint - Unlawful Detainer - First Amended

and know its contents.

☐ CHECK APPLICABLE PARAGRAPHS

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am ☐ an Officer ☐ a partner
☐ a of ,
a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true ☐ The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☑ I am one of the attorneys for Plaintiff ,
a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on November 3, 2025 , at Vacaville , California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Pamela C. Jackson, Esq. — TYPE OR PRINT NAME

/s/ Pamela C. Jackson — SIGNATURE

## PROOF OF SERVICE

1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF

I am employed in the county of , State of California.

I am over the age of 18 and not a party to the within action; my business address is:

On , I served the foregoing document described as

on in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ BY MAIL

☐ *I deposited such envelope in the mail at , California. The envelope was mailed with postage thereon fully prepaid.

☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on at , California.

☐ **(BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

Executed on at , California.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

TYPE OR PRINT NAME — SIGNATURE

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)

**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)



LeFever/Orange 25E478

# STATE EXHIBIT F

Attorney verifications of Pamela C. Jackson (Nov. 3, 2025; Oct. 23, 2025)

VERIFICATION

STATE OF CALIFORNIA, COUNTY OF Solano

I have read the foregoing Complaint - Unlawful Detainer - First Amended

and know its contents.

☐ CHECK APPLICABLE PARAGRAPHS

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am ☐ an Officer ☐ a partner
☐ a of ,
a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.
☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true ☐ The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☑ I am one of the attorneys for Plaintiff ,
a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.
Executed on November 3, 2025 , at Vacaville , California.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Pamela C. Jackson, Esq. /s/ Pamela C. Jackson
TYPE OR PRINT NAME SIGNATURE

PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF
I am employed in the county of , State of California.
I am over the age of 18 and not a party to the within action; my business address is:

On , I served the foregoing document described as

on in this action
☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ BY MAIL
☐ *I deposited such envelope in the mail at , California.
The envelope was mailed with postage thereon fully prepaid.
☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
Executed on at , California.
☐ **(BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.
Executed on at , California.
☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☐ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

TYPE OR PRINT NAME SIGNATURE

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

| PLAINTIFF: LEFEVR MATTSON PROPERTY MANAGEMENT<br>DEFENDANT: MAJOR MOTT III et al | CASE NUMBER: |
|---|---|

19. PLAINTIFF REQUESTS
   a. possession of the premises.
   b. costs incurred in this proceeding:
   c. ☑ past-due rent of $ 15,240.00
   d. ☑ reasonable attorney fees.
   e. ☑ forfeiture of the agreement.
   f. ☐ damages in the amount of waived rent or relocation assistance as stated in item 8: $
   g. ☑ damages at the rate stated in item 13 from *date:* 11/1/2025 for each day that defendants remain in possession through entry of judgment.
   h. ☐ statutory damages up to $600 for the conduct alleged in item 14.
   i. ☑ other *(specify):* Such other an further relief as the court may deem proper

20. ☑ Number of pages attached *(specify):* 4

UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)

21. ☑ *(Complete in all cases.)* An unlawful detainer assistant ☑ did not ☐ did for compensation give advice or assistance with this form. *(If declarant has received any help or advice for pay from an unlawful detainer assistant, complete a–f.)*
   a. Assistant's name:
   b. Street address, city, and zip code:
   c. Telephone no.:
   d. County of registration:
   e. Registration no.:
   f. Expires on *(date):*

Date: October 23, 2025

Pamela C. Jackson, Esq.
(TYPE OR PRINT NAME)

/s/ Pamela C. Jackson
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

VERIFICATION

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

(TYPE OR PRINT NAME)

see attached verification
(SIGNATURE OF PLAINTIFF)



CEB ceb.com Essential Forms

LeFever/Orange 25E478

# STATE EXHIBIT G

Oppositions filed by the unlawful-detainer plaintiff LMPM (Pamela C. Jackson) on April 29, 2026 (pp. 1–4; service chronology; $22,860 computation) and May 18, 2026 (pp. 1–3; debtor-in-possession assertion; "whether as sole owner or co-owner")



Case: 26-01007 Doc# 40 Filed: 09/10/26 Entered: 09/10/26 16:28:37 Page 61 of 184

PAMELA C. JACKSON, ESQ. SBN 87502
PAMELA C. JACKSON, INC.
409 Boyd Street
Vacaville, CA 95688
Telephone 707-446-2333
Facsimile 707-446-2393
e-Mail jackson@pcjlawinc.com

Attorneys for Plaintiff

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SACRAMENTO**

LEFEVR MATTSON et al,

Plaintiff,

v.

MAJOR MOTT III et al,

Defendants.
_______________________________/

Case No. 25UD006079

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT**

Date: April 29, 2026
Time: 1:15 PM
Dept: 88

**COMES NOW** LEFEVR MATTSON PROPERTY MANAGEMENT, Plaintiff, and submits the following points and authorities in opposition to Defendant, Erika Cooper's *Motion to Set Aside Default and Default Judgment.*[1]

**1. DEFENDANT HAS FAILED TO DEMONSTRATE MISTAKE, INADVERTANCE OR EXCUSABLE NEGLECT**

To succeed in a motion to set aside a default and default judgment, the defendant must show the requisite mistake, inadvertence, surprise or excusable neglect required by CCP § 473(b).

---

[1] The Court should note that the motion is filed by Erika Cooper only and does n include the co-defendant, Major Mott III.



Case: 26-01007 Doc# 40 Filed: 09/10/26 Entered: 09/10/26 16:28:37 Page 62 of 184

Here, Defendant seeks to excuse her failure to act in a timely manner on the sole ground that she was not served with the summons and complaint. This explanation is insufficient to meet Defendant's burden that the failure to file an answer to the complaint was due to mistake, inadvertence, surprise or excusable neglect.

The motion should be denied.

**A. Defendant's Failure to Timely File Her Answer Is Not Excusable:**

Although CCP § 473 is remedial and to be liberally construed, the moving party has the burden of proving by a preponderance of the evidence that the default was entered by reason of mistake, inadvertence, surprise, or excusable neglect. *Luz v. Lopes* (1960) 55 Cal2d 54, 62. Every defendant who desires to resist a plaintiff's action has a duty to take timely and adequate steps to avoid an undesirable judgment. A defendant must exercise the same degree of diligence as a person of ordinary prudence usually bestows on his or her important business affairs. Thus, courts neither act as guardian for incompetent parties nor for those who are grossly careless of their own affairs. *Luz v. Lopes* at 62.

The only occasion for the application of Section 473 is where the party shows that he or she was unexpectedly placed in a situation to his or her injury not due to fault or negligence of his or her part and against which ordinary prudence could not have guarded. *Fidelity Fed. Sav. & Loan Assn v. Long* (1959) 175 Cal App 2d 149, 155.

Defendant's motion does not demonstrate that she took adequate steps to protect her rights.

The timeline in this case is as follows:

| DATE | EVENT |
| --- | --- |
| 10.13.2025 | Defendant is served with a 3 day notice to pay rent or quit. *See Exhibit 2* to Plaintiff's complaint.<br><br>Defendant does not deny receipt of the notice (*see*, proposed answer filed by Defendant) and she admits receipt of another notice for the same amount of unpaid rent dated 9.23.2025. |



Case: 26-01007 Doc# 40 Filed: 09/10/26 Entered: 09/10/26 16:28:37 Page 63 of 184

| DATE | EVENT |
|---|---|
| 10.27.2025 | Unlawful Detainer Complaint filed |
| 10.30.2025 | Clerk mails *Notice of Filing Unlawful Detainer Complaint* to Defendant. |
| 11.03.2025 | Plaintiff files its *Amended Complaint.* |
| 11.19.2025 | Clerk sends another *Notice of Filing Unlawful Detainer Complaint* to Defendant |
| 11.26 to 12.3.2025 | Plaintiff's registered process server makes 5 attempts to serve Defendant personally on 5 different days between the hours of 7:20 AM and 7:44 PM.<br>The process server's declaration of diligence supporting the application to serve by posting and mailing notes that no one answered the door even though on different attempts, the lights were on, the garage door was open, and a dog was tied to the tree.<br>*See,* application to post filed 12.5.2026 |
| 12.8.2025 | The Court signs the order to post |
| 12.13.2025 | Plaintiff's registered process server serves the summons and complaint by posting and mailing in compliance with CCP § 415.45 |
| 1.8.2026 | Defendant's answer is due |
| 1.27.2026 | Plaintiff's Request for Entry of Default is served on Defendant and filed submitted to the clerk. |
| 2.23.2026 | Clerk enters judgment for possession |
| 4.2.2026 | Writ of Possession issued and delivered to Sheriff. |
| 4.9.2026 | Sheriff posts and mails the notice to vacate on 4.9.2026.<br>*See* Sheriff's *Civil File Details* attached hereto. |
| 4.14.2026 | Defendant Cooper files the within motion. |

A default may be set aside and a default judgment vacated on the ground of the excusable neglect of the party where the default resulted from neglect which might have been the acts of a reasonably prudent person in the same circumstances. *Hodge Sheet Metal Prod. v. Palm Springs Riviera Hotel* (1961) 189 Cal App 2d 653, 657. Inadvertence is excusable where the inadvertence which caused the default rests not on mere forgetfulness but on a misunderstanding or a failure to follow instructions or customary procedures which might easily have occurred without any culpable carelessness on the party of the moving party. *Dalmo Mfg. Co.* (1948) 31 Ca 2d 523, 527.

Here the defendant was properly served with a summons and amended complaint by posting a copy at the rental unit and mailing a copy to the address of the rental unit. The summons warned the defendant that an answer must be filed in 10 days or the case may be lost by default. In addition, Defendant was served by the Clerk with two (2) notices of filing and with the *Request to Enter Default* by Plaintiff's counsel.

Defendant avers that she did not receive the summons and complaint but offers no further explanation. Her bald assertion is not credible in light of the fact that multiple documents were served to the rental unit (by both posting and mailing) which were supposedly not received yet, miraculously, the Sheriff's eviction notice was received. T

There is no inadvertence, surprise or excusable neglect demonstrated by Defendant and no mistake of law or fact is alleged. Defendant was negligent in the conduct of her own affairs and her failure to file a timely answer is without excuse.

The default should not be set aside.

**B. Conclusion:**

Through the end of April, Defendant will owe to Plaintiff the $15,240 demanded in the notice to pay rent or quit plus $7,620 in holdover damages (November 2025 to April 2026) for total owing of to Plaintiff of $22,860. Without demonstrating mistake, inadvertence, surprise, or excusable neglect, Defendant should not be allowed to delay this action any further to Plaintiff's damage.

PAMELA C. JACKSON, ESQ. SBN 87502
PAMELA C. JACKSON, INC.
409 Boyd Street
Vacaville, CA 95688
Telephone 707-446-2333
Facsimile 707-446-2393
e-Mail jackson@pcjlawinc.com

Attorneys for Plaintiff

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SACRAMENTO**

| | |
|---|---|
| LEFEVR MATTSON et al,<br>Plaintiff,<br>v.<br>MAJOR MOTT III et al,<br>Defendants. / | Case No. 25UD006079<br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION IN EQUITY FOR ORDER SETTING ASIDE DEFAULT AND DEFAULT JUDGMENT**<br>Date: June 8, 2026<br>Time: 8:15 AM<br>Dept: 88 |

**COMES NOW** LEFEVR MATTSON PROPERTY MANAGEMENT, Plaintiff, and submits the following points and authorities in opposition to Defendant, Erika Cooper's *Motion in Equity for Order Setting Aside Default and Default Judgment.*[1]

**1. DEFENDANT IS NOT ENTITLED TO "EQUITABLE" RELIEF SETTING AS THE DEFAULT AND DEFAULT JUDGMENT ENTERED IN THE WITHIN UNLAWFUL DETAINER ACTION.**

This is Defendant's second motion seeking to set aside the default and default judgment entered against her (the "Second Motion") in this unlawful detainer (the "UD Action"). The first motion was heard on April 29, 2026 by the Honorable Lee S. Bickley,

[1] The Court should note that the motion is filed by Erika Cooper only and does not include the co-defendant, Major Mott III.

Judge (the "First Motion"). After reviewing the First Motion and written opposition, and considering oral argument, Judge Bickley denied the First Motion. The order denying the First Motion was filed on April 29, 2026.

In response to the denial of the first motion, Defendant sought a further stay of execution of the writ of possession which was granted by the Court ordering a stay until May 10, 2026. Rather than preparing to move, Defendant apparently used this opportunity to file an adversary proceeding in the Northern District of California in a consolidated Chapter 11 case wherein Plaintiff is a debtor-in-possession. The adversary proceeding sought an injunction staying the state court eviction and a declaration of Plaintiff's right to prosecute the UD Action.

As a debtor-in-possession, Plaintiff is authorized under 11 U.S.C. §§ 1107 - 1108 to pursue all claims of the bankruptcy estate including recovery of possession of real property of the bankruptcy estate. The lease addendum, a copy of which is attached hereto, clearly identifies Plaintiff as the landlord[2] and whether as sole owner or co-owner of the subject real property, it was proper for Plaintiff to bring the UD Action.[3]

**2. SECOND MOTION OFFERS NO FACTS NOT AVAILABLE TO DEFENDANT AT THE TIME THE FIRST MOTION WAS MADE**

This Second Motion is essentially identical to the First Motion to set aside setting forth no facts which were not known to Defendant when the first motion was filed but for the addition of the stay request made in the bankruptcy case. To the extent the facts and circumstances are the same as the First Motion, Plaintiff incorporates its opposition to the First Motion as if set forth herein.

---

[2] Through scrivener's error, the second "e" in LeFever was inadvertently omitted. This omission is not fatal to the complaint and may be corrected, *sua sponte*, by the Court pursuant to CCP § 470

[3] While title is not at issue in an unlawful detainer proceeding (*See, Tewksbury v. Magraff* (1867) 33 Cal l237; *Yuba Sand Co., v. City of Marysville* (1947) 78 Cal App 2nd 421. Plaintiff submits this information to clarify the posture of the UD Action.



Case: 26-01007 Doc# 40 Filed: 09/10/26 Entered: 09/10/26 16:28:37 Page 67 of 184

In the adversary proceeding, Defendant asked the Bankruptcy Court to impose a stay of the pending sheriff's lockout.[4] It is this request which Defendant argues is cause for this Court to enter a stay order in this case.

It is not necessary to address the merits of Defendant's argument since the bankruptcy court disposed of Defendant's request by order dated May 7, 2026, copy of which is attached hereto and incorporated herein. In the Order, the Bankruptcy Court denied Defendant's motion for a stay of execution and declined to intervene in the State Court UD Action. Further, the Bankruptcy Court noted that in seeking a preliminary injunction, the party seeking the injunction "... must establish that he [sic] is likely to succeed on the merits ... ." *See* Order 3:12-13. The Bankruptcy Court found that Defendant would be unable to prevail on the merits. *See* Order 4:6-6. Thus, the Bankruptcy Court found that "... the balance of the equities and public interest..." do not favor Defendant. *See* Order 5:15.

**B. Conclusion:**

The Bankruptcy Court has denied any stay of the pending State Court eviction thus mooting the basis for the Second Motion and there is no legal basis for reconsidering the Court's April 29, 2026 order denying the First Motion. Defendant has not demonstrated mistake, inadvertence, surprise, or excusable neglect for her failure to respond to the UD Action. Defendant should not be allowed to delay this action any further to Plaintiff's damage.

[4] The stay issued by this Court expired on May 10, 2026, however, as of the date of this opposition, the Sacramento Sheriff has yet to execute the writ of possession. Plaintiff is informed and believes that the Sheriff is delaying due to the filing of the adversary proceeding by Defendant, a copy of which was apparently provided to the Sheriff.



**WHEREFORE** Plaintiff prays for orders of this Court as follows:

1. Denying defendant's motion to set aside her default and the default judgment.
2. Such other and further relief as the Court may deem proper.

Dated: May 18, 2026

Respectfully submitted,

PAMELA C. JACKSON, INC.

By: /s/ Pamela C. Jackson
PAMELA C. JACKSON, ESQ.
Attorneys for Plaintiff



Case: 26-01007 Doc# 40 Filed: 09/10/26 Entered: 09/10/26 16:28:37 Page 68 of 184

# STATE EXHIBIT H

The unlawful-detainer plaintiff's own service chronology (LMPM Opposition of Apr. 29, 2026, p. 3) — five attempts Nov. 26–Dec. 3, 2025; counsel's description of an occupied household

| DATE | EVENT |
| --- | --- |
| 10.27.2025 | Unlawful Detainer Complaint filed |
| 10.30.2025 | Clerk mails *Notice of Filing Unlawful Detainer Complaint* to Defendant. |
| 11.03.2025 | Plaintiff files its *Amended Complaint*. |
| 11.19.2025 | Clerk sends another *Notice of Filing Unlawful Detainer Complaint* to Defendant |
| 11.26 to 12.3.2025 | Plaintiff's registered process server makes 5 attempts to serve Defendant personally on 5 different days between the hours of 7:20 AM and 7:44 PM.<br>The process server's declaration of diligence supporting the application to serve by posting and mailing notes that no one answered the door even though on different attempts, the lights were on, the garage door was open, and a dog was tied to the tree.<br>*See*, application to post filed 12.5.2026 |
| 12.8.2025 | The Court signs the order to post |
| 12.13.2025 | Plaintiff's registered process server serves the summons and complaint by posting and mailing in compliance with CCP § 415.45 |
| 1.8.2026 | Defendant's answer is due |
| 1.27.2026 | Plaintiff's Request for Entry of Default is served on Defendant and filed submitted to the clerk. |
| 2.23.2026 | Clerk enters judgment for possession |
| 4.2.2026 | Writ of Possession issued and delivered to Sheriff. |
| 4.9.2026 | Sheriff posts and mails the notice to vacate on 4.9.2026.<br>*See* Sheriff's *Civil File Details* attached hereto. |
| 4.14.2026 | Defendant Cooper files the within motion. |

# STATE EXHIBIT I

USPS tracking record and envelope, certified article 7020 3160 0000 2522 7913
("All Other Occupants," ZIP 95608 — Notice Left Dec. 22, 2025; no delivery)

6:41 22

Tracking Number:

Remove ✕

**70203160000025227913**

Copy   Add to Informed Delivery

## Latest Update

This is a reminder to arrange for redelivery of your item or your item will be returned to sender.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

Text

Delivery Attempt
**Reminder to Schedule Redelivery of your item**
December 27, 2025

**Notice Left (No Authorized Recipient Available)**
SACRAMENTO, CA 95823
December 22, 2025, 1:52 pm

**Arrived at USPS Regional Facility**
SACRAMENTO CA DISTRIBUTION CENTER
December 21, 2025, 12:00 pm

Hide Tracking History

What Do USPS Tracking Statuses Mean?

## Text & Email Updates

tools.usps.com

article 7020 3160 0000 2522 7913 (tools.usps.com): Arrived Dec. 21, 2025; Notice Left Dec. 22, 2025, 1:52 pm; Redelivery reminder Dec. 27, 2




Certified-mail envelope, article 7020 3160 0000 2522 7913, addressed 'All Other Occupants, 5703 Orange Ave., Sacramento, CA 95608

# STATE EXHIBIT J

Court Certificate of Mailing dated April 14, 2026 (addressed to "5703 Orange Avenue, Carmichael, CA 95608")

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SACRAMENTO | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Carol Miller Justice Center<br>301 Bicentennial Circle, Sacramento, CA 95826 | |
| PLAINTIFF/PETITIONER:<br>LEFEVR MATTSON PROPERTY MANAGEMENT | |
| DEFENDANT/RESPONDENT:<br>MAJOR MOTT, III et al | |
| CERTIFICATE OF MAILING | CASE NUMBER:<br>25UD006079 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Sacramento, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

ERICA COOPER
5703 Orange Avenue
Carmichael, CA 95608

Dated: 04/14/2026 By: */s/ E. Rivera-Garcia*
E. Rivera-Garcia, Deputy Clerk

**CERTIFICATE OF MAILING**

# STATE EXHIBIT K

Returned stay-payment instruments — Bank of America cashier's check No. 6220804974, $635.00 (court-stamped RECEIVED Apr. 20, 2026); Western Union money order, $500.00

Notice to Purchaser - In the event that this check is lost, misplaced or stolen, a sworn statement and 90-day waiting period will be required prior to replacement. This check should be negotiated within 90 days

# Cashier's Check - Customer Copy

No. 6220804974

Void After 90 Days 91-170/1221 Date 04/18/26 01:31:58 PM

NCA

FLORIN CENTER

736 0000905 074

Pay BANK OF AMERICA SIX 635 THREE FIVE 00 ZERO ZERO **$635.00**

**Six Hundred Thirty Five and 00/100 Dollars**

To The Order Of LE FEVER MATTSON PROPERTY MANAGEMENT

00-53-3364B 06-2019

Not-Negotiable

Customer Copy

Retain for your Reco

[redacted]1717

Remitter (Purchased By): URSULA H WAGNER

APR 20 2026

Bank of America, N.A.

PHOENIX,AZ

SCU TRIAGE WINDOW

TIME: 9:59

COMPLETE ONE "DROP-OFF" SHEET FOR EACH TYPE OF DOCUMENT/ FILING

DATE/TIME STAMP HERE: COURT USE ONLY

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SACRAMENTO

301 BICENTENNIAL CIRCLE SUITE 200
SACRAMENTO, CA 95826

RECEIVED
MAY - [illegible]
SCUD TRIAGE WINDOW
BY: EPa TIME: 2:22pm

Place an "X" next to the choice of how you want your filing returned to you.

- ☐ I WILL SUBSCRIBE TO MY CASE ONLINE: https://www.saccourt.ca.gov/indexes/new-portal-info.aspx
- ☐ HOLD IN ALPHA FILE FOR PICKUP:
- ☐ SEND VIA U.S. MAIL:
- ☐ IF DOCUMENT(S) REJECTED RETURN TO:

Submitted By (Your Name): Erica Cooper (First M.I. Last) Phone Number: 916-585-1060

Comp... the ... ubmitting. Using ... to the clerk at ... unfiled.


THIS DOCUMENT CONTAINS A TRUE WATERMARK - HOLD UP TO LIGHT TO VIEW

Western Union

WESTERN UNION FINANCIAL SERVICES INC. - ISSUER - Denver, Colorado

MONEY ORDER

25400006079 19-830855806

A 735437 D 050426
T 1300 05
198308558062 L 020822

$5[illegible]0.00 [redacted]

PAY EXACTLY FIVE HUNDRED NINE DOLLARS AND NO CENTS

PAY TO THE ORDER OF LEFEVER MATTSON Property Management

PURCHASER'S ADDRESS 5703 Orange Ave

PURCHASER'S SIGNATURE

MOBILE DEPOSIT PROHIBITED

⑆102100400⑆ 40 [redacted]

| | |
|---|---|
| ...Only: | D |
| ...Writ): | DJW |
| ...ssue: | DA |
| ...Issue: | AI |
| ...ssion: | W |
| ...Costs: | WM |
| ...t al.): | REQ |
| ...esets: | SCR |
| ...ents: | SAT |
| ...ients: | REN |

Miscellaneous/Other (Please Provide Title):

COURT USE ONLY

| | Date Submitted To Court | Document Type | Case Name or Number | Payment Type |
|---|---|---|---|---|
| 1 | — | — | Stay Payment | — |
| 2 | | | | |
| 3 | | | 25400006079 | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |

DO NOT LIST MORE THAN 7 ITEMS PER SUBMITTAL SHEET — Rev 5/09/24 — DO NOT LIST MORE THAN 7 ITEMS PER SUBMITTAL SHEET

USE YELLOW HIGHLIGHTER ONLY — USE YELLOW HIGHLIGHTER ONLY

# STATE EXHIBIT L

Sept. 26, 2025 email thread (Tayler Bachart, "Property Manager") transmitting lease file and asserting $20,320 balance

TB

**Tayler Bachart**
To: me · Fri, Sep 26, 2025 at 3:02 PM

Good afternoon Ericka,

Thank you for reaching out regarding your concerns. I am happy address your questions.

**1. Confirmation of the change in ownership or management including the date it took effect.**

*You were notified on 11/23/2021 via posted letter of the change in ownership. Notice is also attached.*

**2. A copy of any lease or rental agreement that is currently considered active.**

*Attached is a copy of your original lease agreement, the lease addendum signed 11.22.22 reflecting the current rental rate, as well as a change in terms from 2019 reflecting the current late fees charged.*

**3. An itemized breakdown of the amount claimed to be owed.**

*Unpaid charges report attached and running ledger.*

**4. The basis for the 3-day notice served, including any applicable documentation.**

*The 3-day notice served is solely for unpaid rent due in accordance with your lease agreement.*

Additionally, to address your comments regarding the 3-day notice:

***The 3-day notice can only reflect outstanding rent and no other outstanding charges, which is why it reflects the balance of $20,320. The unpaid charges report shows exactly which charges are for rent and which are late fees.***

Please review the attached documents, and let us know if you have any further questions.

Tayler Bachart ~ Property Manager

Enlarged: Tayler Bachart reply, Sept. 26, 2025, 3:02 PM ('Tayler Bachart ~ Property Manager')

# STATE EXHIBIT M

Judgment UD-110 (Feb. 23, 2026; possession only; $0.00; forfeiture unchecked) (PRT-Cooper 0079–80); Writ EJ-130 (Apr. 2, 2026); Sheriff's Return; May 26, 2026 10:21 a.m. vendor receipt to Brenda Comfort (PRT-Cooper 0089); June 14, 2026 PJ's Junk Removal $5,500 invoice, "per Brenda" (PRT-Cooper 0101); August 2026 vacancy photographs

ATTORNEY OR PARTY WITHOUT ATTORNEY (name, state bar number, and address):
Pamela C. Jackson, Esq. SBN 87502
Pamela C. Jackson, Inc.
409 Boyd Street
Vacaville, CA 95688
TELEPHONE NO.: (707) 446-2333 FAX NO. (optional): (707) 446-2393
E-MAIL ADDRESS: jackson@pcjlawinc.com
ATTORNEY FOR (name): Plaintiff

FOR COURT USE ONLY

**FILED**
Superior Court of California
County of Sacramento
02/23/2026
H. Singh, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 301 Bicentennial Circle
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, CA 95826
BRANCH NAME: Carol Miller Justice Center

PLAINTIFF: LEFEVR MATTSON PROPERTY MANAGEMENT
DEFENDANT: MAJOR MOTT III et al

**JUDGMENT—UNLAWFUL DETAINER**

- ☑ By Clerk
- ☐ By Court
- ☑ By Default
- ☑ Possession Only
- ☐ After Court Trial
- ☐ Defendant Did Not Appear at Trial

CASE NUMBER: 25UD006079

## JUDGMENT

1. ☑ **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. ☑ **Clerk's Judgment** (Code Civ. Proc., § 1169). For possession only of the premises described on page 2 (item 4).
   e. ☐ **Court Judgment** (Code Civ. Proc., § 585(b)). The court considered
      (1) ☐ plaintiff's testimony and other evidence.
      (2) ☐ plaintiff's or others' written declaration and evidence (Code Civ. Proc., § 585(d)).

2. ☐ **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on *(date and time)*:
      before *(name of judicial officer)*:
   b. Appearances by:
      ☐ plaintiff *(name each)*:
      ☐ plaintiff's attorney *(name each)*:
      (1)
      (2)
      ☐ Continued on *Attachment* 2b (form MC-025).
      ☐ defendant *(name each)*:
      ☐ defendant's attorney *(name each)*:
      (1)
      (2)
      ☐ Continued on *Attachment* 2b (form MC-025).
   c. ☐ Defendant did not appear at trial. Defendant was properly served with notice of trial.
   d. ☐ A statement of decision (Code Civ. Proc., § 632) ☐ was not ☐ was requested.





LeFever/Orange 25E478
PRT-Cooper 0079

| PLAINTIFF: LEFEVR MATTSON PROPERTY MANAGEMENT<br>DEFENDANT: MAJOR MOTT III et al | CASE NUMBER:<br>25UD006079 |
|---|---|

**JUDGMENT IS ENTERED AS FOLLOWS BY:** ☐ THE COURT ☑ THE CLERK

3. **Parties.** Judgment is
   a. ☑ for plaintiff *(name each)*: LEFEVR MATTSON PROPERTY MANAGEMENT

   and against defendant *(name each)*: MAJOR MOTT III, ERICA COOPER

   ☐ Continued on *Attachment* 3a (form MC-025).

   b. ☐ for defendant *(name each)*:

4. The party entitled to possession of the premises located at *(street address, apartment, city, and county)*:
5703 Orange Avenue
Sacramento CA 95823 Sacramento
is
☑ plaintiff named in item 3a ☐ defendant named in item 3b ☐ defendant listed on attached form UD-110P in item 8b1 (Code Civ. Proc., § 1174.27).

5. ☑ Judgment applies to all occupants of the premises including tenants, subtenants if any, and named claimants if any (Code Civ. Proc., §§ 715.010, 1169, and 1174.3).

6. ☐ **Amount and terms of judgment**
   a. ☐ Defendant named in item 3a above must pay plaintiff on the complaint:

| | |
|---|---|
| (1) ☐ Past-due rent | $ |
| (2) ☐ Holdover damages | $ |
| (3) ☐ Attorney fees | $ |
| (4) ☐ Costs | $ |
| (5) ☐ Other *(specify)*: | $ |
| (6) **TOTAL JUDGMENT** | $ 0.00 |

   b. ☐ Plaintiff is to receive nothing from defendant named in item 3b.
   ☐ Defendant named in item 3b is to recover costs: $
   ☐ and attorney fees: $

   c. ☐ The rental agreement is canceled. ☐ The lease is forfeited.

7. ☐ **Conditional judgment.** Plaintiff has breached the agreement to provide habitable premises to defendant as stated in *Judgment—Unlawful Detainer Habitable Premises Attachment* (form UD-110H), which is attached.

8. ☐ **Judgment for partial eviction.** A partial eviction is issued as stated in *Judgment—Unlawful Detainer Partial Eviction Attachment* (form UD-110P), which is attached.

9. ☐ **Other** *(specify)*:

   ☐ Continued on *Attachment 9* (form MC-025).

Date: ☐ ______________________ JUDICIAL OFFICER

Date: FEB 2 3 2026 ☑ Clerk, by [signature] Kelly Sullivan, Deputy

(SEAL)

**CLERK'S CERTIFICATE** *(Optional)*

I certify that this is a true copy of the original judgment on file in the court.

Date:

Clerk, by ______________________, Deputy



CEB ceb.com | Essential Forms

LeFever/Orange 25E478
PRT-Cooper 0080

EJ-130

Pamela C. Jackson, Esq. SBN 87502
Pamela C. Jackson, Inc
409 Boyd Street
Vacaville CA 95688
(707) 446-2333 (707) 446-2393
jackson@pcjlawinc.com
Plaintiff

☑ [illegible] ☑ [illegible] ☐ [illegible]

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
301 Bicentennial Circle

Sacramento, CA 95826
Carol Miller Justice Center

PLAINTIFF/PETITIONER: LEFEVR MATTSON PROPERTY MANAGEMENT
DEFENDANT/RESPONDENT: MAJOR MOTT III et al

CASE NUMBER: 25UD006079

# WRIT OF

☐ EXECUTION (Money Judgment)
☑ POSSESSION OF ☐ Personal Property ☑ Real Property
☐ SALE

☑ Limited Civil Case (including Small Claims)
☐ Unlimited Civil Case (including Family and Probate)

1. **To the Sheriff or Marshal of the County of:** Sacramento
You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. **To any registered process server:** You are authorized to serve this writ only in accordance with CCP [illegible]

3. (Name): LEFEVR MATTSON PROPERTY MANAGEMENT
is the ☑ original judgment creditor ☐ assignee of record whose address is shown on this form above the court's name.

4. **Judgment debtor** (name, type of legal entity if not a natural person, and last known address):

MAJOR MOTT III
5703 Orange Avenue
Sacramento CA 95823

☑ Additional judgment debtors on next page

5. **Judgment entered on** (date): 2/23/2026
(See type of judgment in item 22.)

6. ☐ Judgment renewed on (dates):

7. **Notice of sale** under this writ
a. ☑ has not been requested.
b. ☐ has been requested (see next page).

8. ☐ Joint debtor information on next page.

9. ☑ Writ of Possession/Writ of Sale information on next page.
10. ☐ This writ is issued on a sister-state judgment.

For items 11–17, see form MC-012 and form MC-013-INFO

| | | |
|---|---|---|
| 11. Total judgment (as entered or renewed) | $ | |
| 12. Costs after judgment (CCP 685.090) | $ | |
| 13. Subtotal (add 11 and 12) | $ | 0.00 |
| 14. Credits to principal (after credit to interest) | $ | |
| 15. Principal remaining due (subtract 14 from 13) | $ | 0.00 |
| 16. Accrued interest remaining due per CCP 685.050(b) (not on GC 6103.5 fees) | $ | |
| 17. Fee for issuance of writ (per GC 70626(a)(1)) | $ | 40.00 |
| 18. **Total amount due** (add 15, 16, and 17) | $ | 40.00 |

19. **Levying officer:**
a. Add daily interest from date of writ (at the legal rate on 15) (not on GC 6103.5 fees) $
b. Pay directly to court costs included in 11 and 17 (GC 6103.5, 68637; CCP 699.520(j)) $

20. ☐ The amounts called for in items 11–19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

Kelly Sullivan electronically signed

Date: 04/02/2026 Clerk, by [signature], Deputy

NOTICE TO PERSON SERVED: SEE PAGE 3 FOR IMPORTANT INFORMATION

## Writ of Execution

EJ-130

LeFever/Orange 25E478

b. ☐ Possession of personal property

☐ If delivery cannot be had, then for the value (itemize in 25e) specified in the judgment or supplemental order

c. ☐ Sale of personal property

d. ☐ Sale of real property

e. The property is described ☑ below ☐ on Attachment 25e

5703 Orange Avenue Sacramento CA 95823
Sacramento

**NOTICE TO PERSON SERVED**

[illegible] OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying *Notice of Levy* [illegible]

[illegible]IT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying [illegible]cer will demand that you turn over the property. If custody is not obtained following demand, the judgment may be enforced as a [illegible] judgment for the value of the property specified in the judgment or in a supplemental order.

[illegible]IT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the [illegible] or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real [illegible] and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the [illegible] will be sold or otherwise disposed of in accordance with Code of Civil Procedure section 1174 unless you or the owner of the [illegible] pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 [illegible]s after the time the judgment creditor takes possession of the premises.

[illegible]EPTION IF RENTAL HOUSING UNIT WAS FORECLOSED. If the residential property that you are renting was sold in a [illegible] [illegible] you have a lease for a fixed term, such as for a year, you [illegible] in the property until the term is up. If you have a periodic lease or tenancy, such as from month-to-month, you may remain [illegible] property for 90 days after receiving a notice to quit. A blank form *Claim of Right to Possession and Notice of Hearing* [illegible] [illegible] the property by filing it and giving it to the sheriff or levying [illegible]

[illegible]EPTION IF YOU WERE NOT SERVED WITH A FORM CALLED PREJUDGMENT CLAIM OF RIGHT TO POSSESSION. If you [illegible] named in the judgment for possession and you occupied the premises on the date on which the unlawful detainer case was [illegible], you may object to the enforcement of the judgment against you. You must complete the form *Claim of Right to Possession* [illegible] [illegible] have the right [illegible] whether or not the property you are renting was sold in a foreclosure.

[illegible]GMENTS FOR PERSONAL DEBT. If you are the judgment debtor identified in item 4 on this form and item 22 on this form says [illegible] judgment is for personal debt, the judgment creditor is required to verify your address before asking the levying officer to serve this [illegible] of Execution. The judgment creditor must give the levying officer a completed copy of *Declaration of Address Verification* (form [illegible]-010/EJ-130) and must file completed form WG-010/EJ-130 with the court within 10 business days of giving a copy of the form to [illegible] levying officer. If the judgment creditor doesn't take these steps, you can ask the court to stay any wage garnishment order, bank [illegible] levy, or other levy related to this *Writ of Execution*. You can use *Application for Stay* [illegible] [illegible] to ask the court to stay the levy or garnishment until the address verification has been completed.



Case: 26-01007 Doc# 40 Filed: 09/10/26 Entered: 09/10/26 16:28:37 Page 85 of 184

OCCUPANT
5703 Orange Avenue
Sacramento, CA 95823

Sacramento County Sheriff's Office
Sheriff's Civil Bureau
2969 Prospect Park Drive, Suite 200
Rancho Cordova, CA 95670

(916) 875-2665
Fax (916) 875-2664

California Relay Service Number
(800) 735-2929 TDD or 711

Sacramento Co. Superior Court-301UD
301 Bicentennial Circle
Sacramento, CA 95826

Lehevi Mattson Property Management

Major Mott III et al

25UD006079

# Notice to Vacate

2026011101

By virtue of the Writ of Execution for Possession/Real Property [illegible] you are hereby [illegible] to vacate the premises described on the writ.

| | |
|---|---|
| **Eviction Address:** | 5703 Orange Avenue<br>Sacramento, CA 95823 |
| Final notice is hereby given that possession of the property must be turned over to the landlord on or before: | **Wednesday, April 15, 2026 06:01 AM** |

[illegible] premises. All personal property upon the premises [illegible] personal property [illegible] payment of the reasonable cost incurred by the landlord in storing the property from the date of eviction to the date of payment. If the property is stored on the landlord's premises, the reasonable cost of storage is the fair rental value of the space necessary for the time of storage. If you do not pay the reasonable storage [illegible] and take possession within fifteen (15) days, the landlord may either sell your property at a public sale and [illegible] from the proceeds of the sale the costs of storage and of the sale (1988 Civil Code), if the property is valued at less than [illegible], the landlord may dispose of your property or retain it for his own use. [illegible]

If you claim a right of possession of the premises that accrued prior to the commencement of this action [illegible] possession of the premises on the date of the filing of the action and you are not named on the writ, complete and [illegible] the attached Claim of Right to Possession form with this office. No claim of right to possession can be filed if the prejudgment claim of right to possession was served as indicated on the writ unless the eviction is the result of a [illegible]

Jim Cooper
Sheriff

## Brenda Comfort

**From:** Always on the road LLC <messenger@messaging.squareup.com>
**Sent:** Tuesday, May 26, 2026 10:21 AM
**To:** Brenda Comfort
**Subject:** Receipt from Always on the road LLC #b3bL

Square automatically sends receipts to the email address you used at any Square seller. Learn more

### Always on the road LLC

Let Always on the road LLC know how your experience was

# $439.00

| | |
|---|---|
| Custom Amount | $439.00 |
| **Total** | **$439.00** |




Always on the road LLC
Last Location
(916) 597-6386

# INVOICE

PJ's JUNK REMOVAL

**PJ's Junk Removal**
120 Stephanie Court
Vallejo Ca
94589

## BILL TO

Lefever Mattson
5703 Orange Ave
Sacramento Ca 95823

| | |
|---|---|
| INVOICE # | 2026/166 |
| INVOICE DATE | 06/14/2026 |
| DUE DATE | 07/14/2026 |

| QTY | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|
| 1 | pick up and haul away household debris from property, from evicted tenants @5703 Orange Ave, Sacramento Ca. and per Brenda board up and secure all windows on the property. | 5,500.00 | 5,500.00 |
| | | **TOTAL** | **$5,500.00** |

*Thank you*

MEMO

PJ's Junk Removal

PRT-Cooper 0101


5703


703


5703


5703

ERICKA COOPER
6128 Elder Creek Road
Sacramento, California 95824
Telephone: (916) 719-0216
Email: unkledo@icloud.com
Plaintiff In Propria Persona

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

In re

LEFEVER MATTSON, a California corporation, et al.,

Consolidated Debtor.

---

ERICKA COOPER,
Plaintiff,
v.
HOME TAX SERVICE OF AMERICA, INC. dba LEFEVER MATTSON PROPERTY MANAGEMENT; MICHAEL I. GOLDBERG, solely in his capacity as Plan Recovery Trustee; BRENDA COMFORT; and DOES 1–10,
Defendants.

Case No. 24-10545 HLB
Chapter 11

Adv. Proc. No. 26-01007 HLB

**EXHIBITS TO FIRST AMENDED VERIFIED ADVERSARY COMPLAINT VOLUME I OF II — BANKRUPTCY / PLAN / ESTATE RECORD (Bankr. Exs. A–W)**

Judge: Hon. Hannah L. Blumenstiel

# EXHIBITS TO FIRST AMENDED VERIFIED ADVERSARY COMPLAINT VOLUME I OF II — BANKRUPTCY / PLAN / ESTATE RECORD (Bankr. Exs. A–W)

The exhibits to this Complaint are filed in two volumes and are incorporated by reference. Volume I (Bankruptcy/Plan/Estate Record) is cited as "Bankr. Ex. __"; Volume II (State-Court/Tenancy/Title/Lockout Record) is cited as "State Ex. __." Docket entries in Case No. 24-10545 and Adv. Proc. No. 26-01007 are cited by docket number and are subject to judicial notice.

## INDEX — VOLUME I

Bankr. Ex. A — May 30 and June 1, 2026 emails from Debtor's counsel David Taylor ("We will review, discuss with Mr. Goldberg, and follow up with you on this"; "the Plan Recovery Trust did approve the eviction")

Bankr. Ex. B — Writ of Possession and Sheriff's Return (Satisfied), No. 25UD006079

Bankr. Ex. C — Bankr. Dkt. 3176, Ex. C — Unit 5703 assumption entry, Cooper/Mott, $0.00 cure

Bankr. Ex. D — Bankr. Dkt. 4163 (cover, pp. 5, 18 — Cooper removed; ownership 50%/50%) and Dkt. 4332 (cover, objection provision, Exs. A-1, A-2)

Bankr. Ex. E — Confirmation Order, Bankr. Dkt. 4225 (cover and ¶ 10)

Bankr. Ex. F — Plan, Bankr. Dkt. 4151, §§ 6.1.1, 6.1.2, 6.1.4

Bankr. Ex. G — September 2025 email correspondence and Addendum Three

Bankr. Ex. H — Certificate of Service, Bankr. Dkt. 4190 (excerpt)

Bankr. Ex. I — Supplemental Certificate of Service, Bankr. Dkt. 4201, Ex. A (excerpt)

Bankr. Ex. J — Post-petition letter — "lease remains in full force and effect"

Bankr. Ex. K — Notice of Effective Date, Bankr. Dkt. 4335

Bankr. Ex. L — Certificate of Service, Bankr. Dkt. 4254, Exs. A–B (Confirmation Order served on Core/2002 list)

Bankr. Ex. M — LMPM Three-Day Notice to Pay Rent or Quit, July 8, 2024 ($3,100)

Bankr. Ex. N — Certified Grant Deed recorded May 19, 2026, Doc. No. 2026-0519-0008, with Bradley D. Sharp signature page

Bankr. Ex. O — Photographs — Unit 5703 after the lockout (August 2026)

Bankr. Ex. P — Sacramento County Assessor notice, July 9, 2026 (change in ownership unable to be processed)

Bankr. Ex. Q — Judgment — Unlawful Detainer (UD-110), February 23, 2026

Bankr. Ex. R — Returned, unnegotiated payment instruments ($635.00; $500.00) and court delivery documentation

Bankr. Ex. S — First Amended Complaint, Unlawful Detainer (UD-100) — caption, prayer, verification

Bankr. Ex. T — Debtor's Schedule G, Bankr. Dkt. 292, p. 32 ("Home Tax Service of America, Inc. dba LeFever Mattson Property Management")

Bankr. Ex. U — Debtor's Schedules, Bankr. Dkt. 292, p. 25 (Schedule A/B — 5701/5703 Orange Avenue, fifty-percent ownership, $275,000) and p. 30 (Schedule E/F, line 2.8 — $512.50 security deposit, "Major Mott III, Ericka Cooper")

Bankr. Ex. V — California Department of Real Estate license history printouts: Home Tax Service of America, Inc. broker license and fictitious business name "LeFever Mattson Property Management" (inactive December 1, 2024 – November 3, 2025); Tayler Bachart salesperson license (affiliation with Home Tax ended December 1, 2024)

Bankr. Ex. W — Letter of Gail S. Greenwood, Pachulski Stang Ziehl & Jones LLP, to Jacob Bolden and Amarra Mott, August 21, 2026 (Consolidated Debtor "includes Home Tax"; demand and sanctions threat); and Notice of Stay of Proceedings (CM-180) filed the same day in No. 26CV019064

## FACT-TO-EXHIBIT MAP

Lease, household, Amarra as known occupant, $1,025 deposit: State Ex. A; Bankr. Exs. G, M. Owner/manager distinction and title split: State Exs. B–C; Bankr. Exs. D, T–U. Home Tax dba LMPM: Bankr. Ex. T. Unit 5703 assumed at $0.00 cure: Bankr. Ex. C. April 7 removal of Cooper, retention of Mott, 50/50 ownership: Bankr. Ex. D. Confirmation Order ¶ 10 procedure and Plan § 6.1: Bankr. Exs. E–F. Notice and service record (Dkts. 4190, 4201, 4254, 4335): Bankr. Exs. H–I, K–L; State Exs. H–J. May 19 deed, Sharp signature, Melick omission, Assessor rejection: Bankr. Exs. N, P; State Ex. D. UD prosecuted by LMPM "as owner," verifications, oppositions, service chronology: State Exs. E–H; Bankr. Ex. S. Competing September 2025 demands and payment channels: State Ex. L; Bankr. Ex. G. Returned $635.00 and $500.00 instruments: State Ex. K; Bankr. Ex. R. Possession-only $0.00 judgment, writ, execution, vacancy: State Ex. M; Bankr. Exs. B, O, Q. Comfort lockout-morning receipt and "per Brenda" removal/boarding invoice: State Ex. M. Plan Recovery Trust approval of eviction: Bankr. Ex. A. June 15, 2026 bar dates: Bankr. Ex. K. Post-petition assurance that the lease remained in force: Bankr. Ex. J. Trustee's counsel's August 21 letter and CM-180: Bankr. Ex. W.

# BANKR. EXHIBIT A

May 30 and June 1, 2026 emails from Debtor's counsel David Taylor ("We will review, discuss with Mr. Goldberg, and follow up with you on this"; "the Plan Recovery Trust did approve the eviction")

10:32

6 Messages

713 Request to Restore...

See More

Man Huynh 5/31/26

Dear Mr. Taylor, Thank you very much for y...

From: David Taylor
To: Man Huynh
Cc: Jason Rosell
June 1, 2026 at 11:06 AM

Ms. Cooper,

I am copying in Jason Rosell, who is representing the LFM Plan Recovery Trust in this matter. I understand from Mr. Rosell that the Plan Recovery Trust did approve the eviction, which was conducted pursuant to a court order. Mr. Rosell will be appearing at the June 8 hearing in the adversary proceeding.

We do want to ensure that you have a way to collect any belongings that were left on the property. Please let us know if you would like us to connect you with the property manager to help facilitate that.

Best regards,

David A. Taylor
Keller Benvenutti Kim LLP
650.398.7660

10:31 134

713 6 Messages

Siri Found a Contact
David Taylor
dtaylor@kbkllp.com
Add ×

From: David Taylor
To: Man Huynh
Cc: michael.goldberg@akerman.com
Thomas Rupp Tobias Keller
USTPRegion17@usdoj.gov
Jason Rosell
May 30, 2026 at 5:19 PM

## Re: Request to Restore Possession — 5703 Orange Ave. — In re LeFever Mattson, No. 24-10545 (Adv. 26-01007 HLB)

Ms. Cooper,

Thank you for your email. We will review, discuss with Mr. Goldberg, and follow up with you on this.

Best regards,

DAVID A. TAYLOR
650.398.7660

*This e-mail and any attachment may contain communications or information that is privileged and confidential. If you have received th... se notify the sen... d*

# BANKR. EXHIBIT B

Writ of Possession and Sheriff's Return (Satisfied), No. 25UD006079

EJ-130

ATTORNEY OR PARTY WITHOUT ATTORNEY — STATE BAR NO.:
NAME: Pamela C. Jackson, Esq. SBN 87502
FIRM NAME: Pamela C. Jackson, Inc.
STREET ADDRESS: 409 Boyd Street
CITY: Vacaville STATE: CA ZIP CODE: 95688
TELEPHONE NO.: (707) 446-2333 FAX NO.: (707) 446-2393
EMAIL ADDRESS: jackson@pcjlawinc.com
ATTORNEY FOR (name): Plaintiff
[x] ATTORNEY FOR [x] ORIGINAL JUDGMENT CREDITOR [ ] ASSIGNEE OF RECORD

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 301 Bicentennial Circle
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, CA 95826
BRANCH NAME: Carol Miller Justice Center

PLAINTIFF/PETITIONER: LEFEVR MATTSON PROPERTY MANAGEMENT
DEFENDANT/RESPONDENT: MAJOR MOTT III et al

CASE NUMBER: 25UD006079

WRIT OF
[ ] EXECUTION (Money Judgment)
[x] POSSESSION OF [ ] Personal Property [x] Real Property
[ ] SALE

[x] Limited Civil Case (including Small Claims)
[ ] Unlimited Civil Case (including Family and Probate)

1. To the Sheriff or Marshal of the County of: Sacramento
You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. To any registered process server: You are authorized to serve this writ only in accordance with CCP 699.080 or CCP 715.040.

3. (Name): LEFEVR MATTSON PROPERTY MANAGEMENT
is the [x] original judgment creditor [ ] assignee of record whose address is shown on this form above the court's name.

4. Judgment debtor (name, type of legal entity if not a natural person, and last known address):

MAJOR MOTT III
5703 Orange Avenue
Sacramento CA 95823

[x] Additional judgment debtors on next page

5. Judgment entered on (date): 2/23/2026
(See type of judgment in item 22.)

6. [ ] Judgment renewed on (dates):

7. Notice of sale under this writ
a. [x] has not been requested.
b. [ ] has been requested (see next page).

8. [ ] Joint debtor information on next page.

9. [x] Writ of Possession/Writ of Sale information on next page.
10. [ ] This writ is issued on a sister-state judgment.

For items 11–17, see form MC-012 and form MC-013-INFO.

| | | |
|---|---|---|
| 11. Total judgment (as entered or renewed) | $ | |
| 12. Costs after judgment (CCP 685.090) | $ | |
| 13. Subtotal (add 11 and 12) | $ | 0.00 |
| 14. Credits to principal (after credit to interest) | $ | |
| 15. Principal remaining due (subtract 14 from 13) | $ | 0.00 |
| 16. Accrued interest remaining due per CCP 685.050(b) (not on GC 6103.5 fees) | $ | |
| 17. Fee for issuance of writ (per GC 70626(a)(1)) | $ | 40.00 |
| 18. Total amount due (add 15, 16, and 17) | $ | 40.00 |

19. Levying officer:
a. Add daily interest from date of writ (at the legal rate on 15) (not on GC 6103.5 fees) $
b. Pay directly to court costs included in 11 and 17 (GC 6103.5, 68637; CCP 699.520(j)) $

20. [ ] The amounts called for in items 11–19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

Kelly Sullivan electronically signed

Date: 04/03/2026 Clerk, by /s/ M. Un, Deputy

NOTICE TO PERSON SERVED: SEE PAGE 3 FOR IMPORTANT INFORMATION.

Writ of Execution

EJ-130

LeFever/Orange 256478

Sacramento Co. Superior Court-301UD
301 Bicentennial Circle
Sacramento, CA 95826

PRT-Cooper 0094

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number, and Address): Pamela C. Jackson, Inc. (87502)<br>409 Boyd Street<br>Vacaville, CA 95688<br>TELEPHONE NO.: Daytime: (707) 446-2333 FAX NO.: Fax: (707) 446-2393<br>E-MAIL ADDRESS: jackson@pcjlawinc.com<br>ATTORNEY FOR (Name): LeFevr Mattson Property Management | FOR COURT USE ONLY<br>FILED/ENDORSED<br>JUN - 8 2026<br>By ______, Deputy Clerk |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento<br>STREET ADDRESS: 301 Bicentennial Circle<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Sacramento, CA 95826<br>BRANCH NAME: Sacramento Co. Superior Court-301UD | |
| PLAINTIFF/PETITIONER: LeFevr Mattson Property Management<br>DEFENDANT/RESPONDENT: Major Mott III et al | COURT CASE NUMBER:<br>25UD006079 |
| **Return on Writ of Possession** | LEVYING OFFICER FILE NUMBER:<br>2026011101 |

I, Jim Cooper, Sheriff, County of Sacramento, State of California, hereby certify that I received the annexed writ on 04/07/2026, and that the herein defendant(s):

Major Mott, III, Erica Cooper

Eviction Address: 5703 Orange Avenue
Sacramento, CA 95823

Was/were served with a notice to surrender the premises within five (5) days or I would proceed to enforce said writ. My proceedings under the writ, and the return there on, are those as indicated below:

Notice to Vacate was posted on premises on 04/09/2026

Copy of Notice mailed to defendant(s) on 04/09/2026

I served the same by placing the plaintiff in quiet and peaceful possession of the premises on 05/26/2026, I returned said writ satisfied as to plaintiff's possession only and with accrued costs of $180.00.

Executed on: Monday, June 1, 2026

Jim Cooper
Sheriff

by: ______________________
Sheriff's Authorized Agent

Original
(c) CountySuite Sheriff, Teleosoft, Inc.

PRT-Cooper 0093

10:23 LTE 10

# Public Case Access System - Case: LEFEVR MATTSON PROPERTY MANAGEMENT vs MOTT, et al.- Document Filed Notification

Inbox

noreply+prod-ecourt-sacra...
Jun 25
to me

Hello, LEFEVR MATTSON PROPERTY MANAGEMENT vs MOTT, et al.

Case Number: 25UD006079

Case Title: LEFEVR MATTSON PROPERTY MANAGEMENT vs MOTT, et al.

ROA Entry 46641969: Writ - Return ( Satisfied)
Clerk
Judgment Satisfaction Type: Satisfied
Type: Writ of Possession
County: Sacramento

A document associated with the case number and register of action entry above was added to our system on 06/25/2026 7:32:28 AM

Depending on the document security, you may or may not be able to view the document.

Reply Forward

# BANKR. EXHIBIT C

Bankr. Dkt. 3176, Ex. C — Unit 5703 assumption entry, Cooper/Mott, $0.00 cure

| Counterparty | Description | Cure Amount |
|---|---|---|
| **7316/7318 Arleta Court, Sacramento, CA 95823** | | |
| **Property Owner: Valley Oak Investments, LP** | | |
| Rigoverto Carillo | Month-to-Month Lease – Unit 7316 | $0.00 |
| Maria Gonzalez | Month-to-Month Lease – Unit 7316 | $0.00 |
| Chrystal Rodriguiz | Month-to-Month Lease – Unit 7318 | $0.00 |
| Juan Rodriguez | Month-to-Month Lease – Unit 7318 | $0.00 |
| **7319/7321 Berna Way, Sacramento, CA 95823** | | |
| **Property Owner: Valley Oak Investments, LP** | | |
| U.S. Dept. of Housing and Urban Development | Housing Assistance Payments Contracts – 7321 Berna Way, Sacramento | $0.00 |
| Harvey Johnson | Month-to-Month Lease – Unit 7319 | $0.00 |
| Lataya Lindsey | Month-to-Month Lease – Unit 7321 | $0.00 |
| **157 James River Road, Vallejo, CA 94591** | | |
| **Property Owner: LeFever Mattson** | | |
| Letofia Paopoa | Month-to-Month Lease – Unit 157 | $0.00 |
| **5701/5703 Orange Ave, Sacramento, CA 95823** | | |
| **Property Owner: LeFever Mattson 50%, Kristina Melick 50%** | | |
| Major Mott | Month-to-Month Lease – Unit 5703 | $0.00 |
| Ericka Cooper | Month-to-Month Lease – Unit 5703 | $0.00 |
| **6359 Auburn Blvd, Citrus Heights, CA 95621 (LM Property Management Office)** | | |
| **Property Owner: LeFever Mattson**; Mark Bennett (non-debtor) | | |
| Mark Bennett and LeFever Mattson, Inc. | Month-to-Month Lease | $0.00 |
| **Salvio Pacheco Square – 2151 Salvio Street, Concord, CA 94520** | | |
| **Property Owner: Autumn Wood 1, LP; Pinewood Condominiums; Vaca Villa Apartments, LP** | | |
| San Francisco Co Elevator (6509 Sierra Lane, Dublin, CA 94568) | Vendor – Lease Exp 3/31/30 | $0.00 |
| Aakar Development, LLC | Lease Exp 11/30/2034 – Unit L | $0.00 |
| Aaron Lee DDS, Inc. | Lease Exp 4/30/2026 – Unit A1 | $0.00 |
| Admiral Security, Inc. / AX9 | Lease Exp 4/30/2028 – Unit 260 | $0.00 |
| Alexandra Wilson | Lease Exp 10/12/2026 – Unit 205 | $0.00 |
| AMP, Inc. | Month-to-Month Lease – Unit 395 | $0.00 |
| Assembly Rules Committee, California State Assembly | Lease Exp 8/31/2027 – Unit R | $0.00 |
| Aung Burma, LLC | Lease Exp 8/31/2031 – Unit E | $0.00 |
| California Emerging Technology Fund | Lease Exp 9/30/2026 – Unit 252 | $0.00 |
| City of Concord – Family Justice Center | Lease Exp 6/30/2026 – Unit 201 & 203 | $0.00 |
| Court Appointed Special Advocates of Contra Costa County | Lease Exp 7/31/26 – Unit 295 | $0.00 |
| Cutesyjan Desserts, LLC | Lease Exp 8/31/2026 – Unit F | $0.00 |
| Eduardo Garcia | Lease Exp 3/31/2029 – Unit 399 | $0.00 |
| Gulf Interstate Field Services, Inc. | Month-to-Month Lease – Unit 275 | $0.00 |
| H&R Block Tax Services | Lease Exp 4/30/2029 – Unit C | $0.00 |
| Hop Grenade LLC | Lease Exp 4/30/2027 – Unit J, K & N | $0.00 |
| Jennifer M. Tong | Lease Exp 10/31/2026 – Unit A2 | $0.00 |

# BANKR. EXHIBIT D

Bankr. Dkt. 4163 (cover, pp. 5, 18 — Cooper removed; ownership 50%/50%) and Dkt. 4332 (cover, objection provision, Exs. A-1, A-2)

Tobias S. Keller (CA Bar No. 151445)
David A. Taylor (CA Bar No. 247433)
Thomas B. Rupp (CA Bar No. 278041)
KELLER BENVENUTTI KIM LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104
Telephone: (415) 496-6723
E-mail: tkeller@kbkllp.com
dtaylor@kbkllp.com
trupp@kbkllp.com

*Counsel to LeFever Mattson, the Consolidated Debtor*

Debra I. Grassgreen (CA Bar No. 169978)
John D. Fiero (CA Bar No. 136557)
Jason H. Rosell (CA Bar No. 269126)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, Suite 3430
San Francisco, CA 94104
Telephone: (415) 263-7000
E-mail: dgrassgreen@pszjlaw.com
jfiero@pszjlaw.com
jrosell@pszjlaw.com

*Counsel to the Official Committee of Unsecured Creditors*

Richard L. Wynne (CA Bar No. 120349)
Erin N. Brady (CA Bar No. 215038)
Edward J. McNeilly (CA Bar No. 314588)
HOGAN LOVELLS US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600
E-mail: richard.wynne@hoganlovells.com
erin.brady@hoganlovells.com
edward.mcneilly@hoganlovells.com

*Counsel to KS Mattson Partners, LP*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SANTA ROSA DIVISION**

| | |
|---|---|
| In re:<br><br>LEFEVER MATTSON,<br><br>Consolidated Debtor. | Case No. 24-10545 (CN)<br><br>Chapter 11<br><br>**NOTICE OF <u>AMENDED</u> EXHIBITS TO SUPPLEMENT TO THIRD AMENDED JOINT PLAN OF LIQUIDATION** |

**PLEASE TAKE NOTICE** that, on December 11, 2025, Plan Proponents filed the (a) *Third Amended Joint Chapter 11 Plan of Liquidation* [Docket No. 3108] and (b) *Third Amended Disclosure Statement in Support of Third Amended Joint Chapter 11 Plan of Liquidation* [Docket No. 3109] (the "<u>Disclosure Statement</u>").[1]

[1] A capitalized term used but not defined herein shall have the

**Schedule of Assumed Agreements**

| Counterparty | Description | Cure Amount |
|---|---|---|
| **222-226 West Spain, Sonoma, CA**<br>Property Owner: **RT Capitol Mall, LP** | | |
| Casey Thompson | Month-to-Month Lease – Unit 222 | $0.00 |
| Marcus & Millichap | Listing Agreement | $0.00 |
| **241 1st Street West, Sonoma, CA**<br>Property Owner: **Sienna Pointe, LLC** | | |
| Ecolab | Dishwasher Rental – Month-to-Month | $0.00 |
| Aramark | Equipment Rental Agreement | $0.00 |
| CBRE | Listing Agreement | $0.00 |
| **151-155 East Napa Street, Sonoma, CA**<br>Property Owner: **River Birch, LP; Risa J. Meyer (non-debtor)** | | |
| Sonoma Valley Escapes Inc. | Vacation Property Management Agreement | $0.00 |
| Sotheby's | Listing Agreement | $0.00 |
| **20564 Broadway, Sonoma, CA**<br>Property Owner: **Black Walnut, LP** | | |
| Sotheby's | Listing Agreement | $0.00 |
| **20490 Broadway, Sonoma, CA**<br>Property Owner: **Sienna Pointe, LLC** | | |
| Meredith Garrett | Month-to-Month Lease – Unit A | $0.00 |
| Michael Garrett | Month-to-Month Lease – Unit A | $0.00 |
| David Allen, Artefact Design & Salvage Inc | Month-to-Month Lease – Unit 20490 | $0.00 |
| Marcus & Millichap | Listing Agreement | $0.00 |
| **5701/5703 Orange Ave, Sacramento, CA**<br>Property Owner: **LeFever Mattson; Kristina Melick (non-debtor)** | | |
| Major Mott III | Month-to-Month Lease – Unit 5703 | $0.00 |

## Agreements **Removed** from Schedule of Assumed Agreements

| Counterparty | Description | Cure Amount |
|---|---|---|
| **5605 Orange Avenue/7320 Berna Way, Sacramento, CA 95823** Property Owner: **Valley Oak Investments, LP** | | |
| Jacquiline Dunn | Month-to-Month Lease - Unit 5605 | $0.00 |
| **19450 Old Winery Road, Sonoma, CA 95476** Property Owner: **RT Capitol Mall, LP** | | |
| Kirsten Brennan | Month-to-Month Lease – Unit C | $0.00 |
| Rick Brennan | Month-to Month Lease – Unit C | $0.00 |
| Michael Nisley (Rawlins) | Month-to-Month Lease – Unit 19450 | $0.00 |
| **222-226 W Spain, Sonoma, CA 95476** Property Owner: **RT Capitol Mall, LP** | | |
| Michael DeSantis | Month-to-Month Lease – Unit 222 | $0.00 |
| **453/457/459 2nd St W, Sonoma, CA 95476** Property Owner: **Firetree III, LP** | | |
| Jason Mayer | Month-to-Month Lease – Unit 453 – Office | $0.00 |
| Catherine Mandrell | Month-to-Month Lease – Unit 457 | $0.00 |
| Robert Mandrell | Month-to-Month Lease – Unit 457 | $0.00 |
| Reham Ariqat | Month-to-Month Lease – Unit 457 | $0.00 |
| Iassac Vieyra | Month-to-Month Lease – Unit 459 | $0.00 |
| **20564 Broadway, Sonoma, CA 95476** Property Owner: **Black Walnut, LP** | | |
| Luisa Vargas | Month-to-Month Lease – Unit 20564 | $0.00 |
| **7316/7318 Arleta Court, Sacramento, CA 95823** Property Owner: **Valley Oak Investments, LP** | | |
| Rigoverto Carrillo | Month-to-Month Lease – Unit 7316 | $0.00 |
| Maria Gonzalez | Month-to-Month Lease – Unit 7316 | $0.00 |
| Chrystal Rodriguiz | Month-to-Month Lease – Unit 7318 | $0.00 |
| Juan Rodriguez | Month-to-Month Lease – Unit 7318 | $0.00 |
| **157 James River Road, Vallejo, CA 94591** Property Owner: **LeFever Mattson** | | |
| Letofia Paopoa | Month-to-Month Lease – Unit 157 | $0.00 |
| **5701/5703 Orange Ave, Sacramento, CA 95823** Property Owner: **LeFever Mattson 50%**; Kristina Melick 50% | | |
| Ericka Cooper | Month-to-Month Lease – Unit 5703 | $0.00 |
| **6359 Auburn Blvd, Citrus Heights, CA 95621 (LM Property Management Office)** Property Owner: **LeFever Mattson**; Mark Bennett (non-debtor) | | |
| Mark Bennett and LeFever Mattson, Inc. | Month-to-Month Lease | $0.00 |

Debra I. Grassgreen (CA Bar No. 169978)
John D. Fiero (CA Bar No. 136557)
Jason H. Rosell (CA Bar No. 269126)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, Suite 3430
San Francisco, CA 94104-4436
Telephone: 415-263-7000
Email: dgrassgreen@pszjlaw.com
jfiero@pszjlaw.com
jrosell@pszjlaw.com

*Counsel to the Official Committee of Unsecured Creditors*

David A. Taylor (CA Bar No. 247433)
Dara L. Silveira (CA Bar No. 274923)
Thomas B. Rupp (CA Bar No. 278041)
KELLER BENVENUTTI KIM LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104
Telephone: 415-496-6723
E-mail: dtaylor@kbkllp.com
dsilveira@kbkllp.com
trupp@kbkllp.com

*Counsel to the Consolidated Debtor*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SANTA ROSA DIVISION**

| | |
|---|---|
| In re:<br><br>LEFEVER MATTSON,<br><br>Consolidated Debtor. | Case No. 24-10545 (CN)<br><br>Chapter 11<br><br>**NOTICE OF FURTHER <u>AMENDED</u> EXHIBITS TO SUPPLEMENT TO THIRD AMENDED CHAPTER 11 PLAN OF LIQUIDATION, AS MODIFIED** |

**PLEASE TAKE NOTICE** that, on December 11, 2025, the Court entered its *Order (I) Approving the Plan Summary and Approving Disclosure Statement; (II) Scheduling Status Conference on Confirmation of Plan and Approving the Form and Manner of Service of the Confirmation Notice; (III) Establishing Procedures for the Solicitation and Tabulation of Votes on Plan; (IV) Estimating Investor Claims and Interests Solely for Voting Purposes; and (V) Approving Related Matters* [Docket No. 3105] (the "<u>Solicitation Procedures Order</u>").

**PLEASE TAKE FURTHER NOTICE** that, on December 19, 2025, the Plan Proponents filed the *Supplement to the Third Amended Joint Chapter 11 Plan of Liquidation* [Docket No. 3176] (the "<u>Plan Supplement</u>") pursuant to the Solicitation Procedures Order. Attached to the Plan Supplement were (a) the initial Schedule of Assumed Agreements as <u>Exhibit C</u> (the "<u>Schedule of Assumed Agreements</u>") and (b) the initial Schedule of Excluded Parties as <u>Exhibit D</u> (the "<u>Schedule of Excluded Parties</u>").

**PLEASE TAKE FURTHER NOTICE** that, on April 7, 2026, the Plan Proponents filed a *Notice of <u>Amended</u> Exhibits to Supplement to Third Amended Joint Plan of Liquidation* [Docket No. 4163], that amended the Schedule of Assumed Agreements.

**PLEASE TAKE FURTHER NOTICE** that, on April 23, 2026, the Court entered an order [Docket No. 4225] (the "<u>Confirmation Order</u>") confirm

*Liquidation, as Modified* [Docket No. 4151] (the "Plan") in the chapter 11 case of the above-captioned debtor (the "Consolidated Debtor").

**PLEASE TAKE FURTHER NOTICE** that, attached hereto as **Exhibit A-1** is a further amended Schedule of Assumed Agreements. A list of all agreements that have been ***removed*** from the Schedule of Assumed Agreements is attached hereto as **Exhibit A-2** (the "Removed Agreements"). A list of all agreements have been ***added*** to the Schedule of Assumed Agreements is attached hereto as **Exhibit A-3** (the "Added Agreements").

**PLEASE TAKE FURTHER NOTICE** that any counterparties to a Removed Agreement or Added Agreement with an objection (a "Contract Objection") to the rejection, assumption, or assumption and assignment, as applicable, of the counterparty's agreement and the proposed cure amount (if applicable) must file with the Court and serve on counsel to the Plan Recovery Trustee a Contract Objection within fourteen (14) calendar days after the effective date of the Plan. If the parties cannot consensually resolve the Contract Objection, a hearing (to be scheduled) will be held on the matter by the Court.

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit B** is an amended Schedule of Excluded Parties.

Dated: May 13, 2026

**KELLER BENVENUTTI KIM LLP**

By: */s/ Thomas B. Rupp*
Tobias S. Keller
David A. Taylor
Thomas B. Rupp

*Counsel to the Consolidated Debtor*

**PACHULSKI STANG ZIEHL & JONES LLP**

By: */s/ Jason H. Rosell*
Debra I. Grassgreen
John D. Fiero
Jason H. Rosell

*Counsel to the Committee*

| Counterparty | Description | Cure Amount | Assignee[1] |
|---|---|---|---|
| Leonardo Macedonio | Purchase Agreement | $0.00 | |
| **20490 Broadway, Sonoma, CA 95476** | | | |
| Meredith Garrett | Month-to-Month Lease – Unit A | $0.00 | |
| Michael Garrett | Month-to-Month Lease – Unit A | $0.00 | |
| David Allen, Artefact Design & Salvage Inc | Month-to-Month Lease – Unit 20490 | $0.00 | |
| Marcus & Millichap | Listing Agreement | $0.00 | |
| Darryn Sneller | Purchase Agreement | $0.00 | |
| **5701/5703 Orange Ave, Sacramento, CA 95823** | | | |
| Edwin and Carmen Lopez | Month-to-Month Lease – Unit 5701 | $0.00 | |
| **6359 Auburn Boulevard, Citrus Heights, CA 95621** | | | |
| LeFever Mattson Property Management | Month-to-Month Lease | $0.00 | |
| Marcus & Millichap | Listing Agreement | $0.00 | |
| **2151 Salvio Street, Concord, CA 94520** | | | |
| San Francisco Co Elevator NKA Specialized Elevator Corp | Vendor – Lease Exp 3/31/30 | $0.00 | |
| Aakar Development, LLC | Lease Exp 11/30/2034 – Unit L | $0.00 | |
| Aaron Lee DDS, Inc. dba Downtown Concord Dental | Lease Exp 4/30/2031 – Unit A1 | $0.00 | |
| AX9 Security | Lease Exp 4/30/2028 – Unit 260 | $0.00 | |
| Alexandra Wilson | Lease Exp 10/12/2026 – Unit 205 | $0.00 | |
| AMP, Inc. | Lease Exp 12/31/2029 – Unit 395 | $0.00 | |
| Assembly Rules Committee, California State Assembly | Lease Exp 8/31/2027 – Unit R | $0.00 | |
| Aung Burma, LLC | Lease Exp 8/31/2031 – Unit E | $0.00 | |
| California Emerging Technology Fund | Lease Exp 9/30/2026 – Unit 252 | $0.00 | |
| City of Concord – Family Justice Center | Lease Exp 9/30/2030 – Unit 201 & 203 | $0.00 | |
| Court Appointed Special Advocates of Contra Costa County | Lease Exp 11/30/2031 – Unit 295 | $0.00 | |
| Cutesyjan Desserts, LLC | Lease Exp 8/31/2026 – Unit F | $0.00 | |
| Eduardo Garcia | Lease Exp 3/31/2029 – Unit 399 | $0.00 | |
| Gulf Interstate Field Services, Inc. | Month-to-Month Lease – Unit 275 | $0.00 | |
| H&R Block Tax Services | Lease Exp 4/30/2029 – Unit C | $0.00 | |

## EXHIBIT A-2

**List of Agreements *Removed* from Schedule of Assumed Agreements**

| Counterparty | Description | Cure Amount |
|---|---|---|
| **222-226 West Spain, Sonoma, CA** | | |
| Casey Thompson | Month-to-Month Lease – Unit 222 | $0.00 |
| **241 1st Street West, Sonoma, CA** | | |
| Ecolab | Dishwasher Rental – Month-to-Month | $0.00 |
| Aramark | Equipment Rental Agreement | $0.00 |
| **5701/5703 Orange Ave, Sacramento, CA 95823** | | |
| Major Mott III | Month-to-Month Lease – Unit 5703 | $0.00 |
| **645-651 Broadway/10 Maple Street, Sonoma, CA** | | |
| KONE Inc. | Elevator Service Contract | $0.00 |
| **450 West Spain Street, Sonoma, CA** | | |
| CBRE | Listing Agreement | $0.00 |
| **430 West Spain Street, Sonoma, CA** | | |
| CBRE | Listing Agreement | $0.00 |
| **400 West Spain Street, Sonoma, CA** | | |
| CBRE | Listing Agreement | $0.00 |
| **16721 Highway 12, Sonoma, CA** | | |
| Dulce Cardona | Month-to-Month Lease - Unit 721 | $0.00 |
| **446 W Napa St, Sonoma, CA** | | |
| Urgent Care & Telehealth Inc. | Lease Exp 11/30/2026 - Unit 100 | $0.00 |
| **454 W Napa St, Sonoma, CA** | | |
| Gerald Silver | Month-to-Month Lease - Unit A | $0.00 |
| Retail Realm Distribution | Lease Exp 5/31/2027 - Unit B | $0.00 |
| **4920 Samo Lane, Fairfield, CA 94533** | | |
| Coldwell Banker | Listing Agreement | $0.00 |

# BANKR. EXHIBIT E

Confirmation Order, Bankr. Dkt. 4225 (cover and ¶ 10)

Entered on Docket
April 23, 2026
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

The following constitutes the order of the Court.
Signed: April 23, 2026

Charles Novack
U.S. Bankruptcy Judge


Tobias S. Keller (CA Bar No. 151445)
David A. Taylor (CA Bar No. 247433)
Thomas B. Rupp (CA Bar No. 278041)
KELLER BENVENUTTI KIM LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104
Telephone: (415) 496-6723
E-mail: tkeller@kbkllp.com
dtaylor@kbkllp.com
trupp@kbkllp.com

*Counsel to LeFever Mattson, the Consolidated Debtor*

Richard L. Wynne (CA Bar No. 120349)
Erin N. Brady (CA Bar No. 215038)
Edward J. McNeilly (CA Bar No. 314588)
HOGAN LOVELLS US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
E-mail: richard.wynne@hoganlovells.com
erin.brady@hoganlovells.com
edward.mcneilly@hoganlovells.com

*Counsel to KS Mattson Partners, LP*

Debra I. Grassgreen (CA Bar No. 169978)
John D. Fiero (CA Bar No. 136557)
Jason H. Rosell (CA Bar No. 269126)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, Suite 3430
San Francisco, CA 94104
Telephone: (415) 263-7000
E-mail: dgrassgreen@pszjlaw.com
jfiero@pszjlaw.com
jrosell@pszjlaw.com

*Counsel to the Official Committee of Unsecured Creditors*


**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SANTA ROSA DIVISION**

In re:

LEFEVER MATTSON,

Consolidated Debtor.

Case No. 24-10545 (CN)

(Substantively Consolidated)

Chapter 11

**ORDER CONFIRMING THIRD AMENDED CHAPTER 11 PLAN, AS MODIFIED, OF CONSOLIDATED DEBTOR LEFEVER MATTSON**

<u>Confirmation Hearing</u>:

Date: April 14, 2026
Time: 10:00 a.m. (Pacific Time)
Place: United States Bankruptcy Court
1300 Clay Street, Courtroom 215
Oakland, CA 94612
Judge: Honorable Charles Novack

releases, discharges, and injunctions set forth in the Plan and the respective heirs, executors, administrators, successors or assigns, if any, of any of the foregoing.

**D. Vesting of Assets**

7. As provided in Section 5.3.3 of the Plan, on the Effective Date, the Plan Recovery Trust Assets shall automatically vest in the Plan Recovery Trust.

8. Retained Real Property. Upon the Effective Date, and as provided in Section 5.3.3 of the Plan, legal title to any Real Property and any associated personal property not sold, transferred, or disposed of by the Consolidated Debtor prior to the Effective Date shall remain with the Consolidated Estate, and such legal title shall not be transferred to any other entity, including the Plan Recovery Trust, but such Real Property shall continue to be marketed for sale pursuant to the Plan. Upon the consummation of the sale of the applicable Retained Real Property, the resulting Real Property Sale Proceeds will automatically and immediately vest in the Plan Recovery Trust, to be administered and distributed by the Plan Recovery Trustee in accordance with the Plan and the Plan Recovery Trust Agreement.

9. Non-Debtor Subsidiaries. Upon the Effective Date, and as provided in Section 5.3.3 of the Plan, any ownership interests in non-debtor Entities not sold, transferred, or disposed of by the Consolidated Debtor prior to the Effective Date shall remain property of the Consolidated Estate, and shall not vest in any other entity, including the Plan Recovery Trust, and instead such ownership interests shall expressly remain property of the Consolidated Estate and shall be administered by the Consolidated Debtor. Notwithstanding the foregoing, any economic interest of the Consolidated Debtor in a non-debtor Entity shall vest in the Plan Recovery Trust upon the Effective Date.

**E. Executory Contracts and Unexpired Leases**

10. On and as of the Effective Date, and as provided in Section 6.1 of the Plan, the Consolidated Debtor (and any applicable Debtor) shall assume all executory contracts and unexpired leases that are listed on the Schedule of Assumed Agreements (including as amended by the *Notice of Amended Exhibits to Supplement to Third Amended Joint Plan of Liquidation* [Docket No. 4163]) and shall assign such contracts and leases to the Consolidated Estate or its

designee. The Plan Proponents reserve the right to amend the Schedule of Assumed Agreements at any time prior to the Effective Date (i) to delete any executory contract or unexpired lease and provide for its rejection under the Plan or otherwise, or (ii) to add any executory contract or unexpired lease and provide for its assumption and assignment under the Plan. Prior to or on the Effective Date, the Plan Proponents will serve notice of any amendment(s) to the Schedule of Assumed Agreements to the party or parties to those agreements affected by such amendment (the "Counterparties"). Any Counterparties with an objection (an "Assumption Objection") to the assumption, assumption and assignment, rejection, and/or other disposition of the Counterparty's agreement and the proposed cure amount (if applicable) must file with the Bankruptcy Court and serve on counsel to the Plan Proponents or the Plan Recovery Trustee (as applicable) such Assumption Objection within fourteen (14) calendar days after the Effective Date. In the event that the parties cannot reach a consensual resolution of the Assumption Objection, a hearing (to be scheduled) will be held on the matter by the Bankruptcy Court.

11. On and as of the Effective Date, and as provided in Section 6.2 of the Plan, all executory contracts and unexpired leases of the Consolidated Debtor (and any applicable Debtor) shall be rejected except for (i) executory contracts and unexpired leases that have been previously assumed or rejected by the Debtors, (ii) all executory contracts and unexpired leases specified as to be assumed in Section 6.1 of the Plan (including all contracts and leases set forth in the Schedule of Assumed Agreements, as may be amended), and (iii) any agreement, obligation, security interest, transaction, or similar undertaking that the Consolidated Debtor believes is not executory or a lease, but that is later determined by the Bankruptcy Court to be an executory contract or unexpired lease that is subject to assumption or rejection under section 365 of the Bankruptcy Code. Executory contracts and unexpired leases that have been previously assumed, or assumed and assigned, pursuant to an order of the Bankruptcy Court, shall not be affected by the Plan.

12. Any Rejection Claim or other Claim for damages arising from the rejection under the Plan of an executory contract or unexpired lease must be Filed and served no later than the Rejection Claims Bar Date. Any such Rejection Claim that is not timely Filed and served will be

# BANKR. EXHIBIT F

Plan, Bankr. Dkt. 4151, §§ 6.1.1, 6.1.2, 6.1.4

| | |
|---|---|
| In re<br><br>LEFEVER MATTSON,<br><br>Consolidated Debtor | Case No. 24-10545 CN<br><br>(Substantively Consolidated)<br><br>Chapter 11<br><br>**THIRD AMENDED CHAPTER 11 PLAN OF LIQUIDATION, AS MODIFIED** |

Date: April 7, 2026


| | |
|---|---|
| **CONSOLIDATED DEBTOR LEFEVER MATTSON**<br><br>**KELLER BENVENUTTI KIM LLP**<br>Tobias S. Keller (Cal. Bar No. 151445)<br>David A. Taylor (Cal. Bar No. 247433)<br>Dara L. Silveira (Cal. Bar No. 274923)<br>Thomas B. Rupp (Cal. Bar No. 278041)<br>101 Montgomery Street, Suite 1950<br>San Francisco, California 94104<br>Telephone: (415) 496-6723<br>E-mail: tkeller@kbkllp.com<br>dtaylor@kbkllp.com<br>dsilveira@kbkllp.com<br>trupp@kbkllp.com | **KS MATTSON PARTNERS, LP**<br><br>**HOGAN LOVELLS US LLP**<br>Richard L. Wynne (Cal. Bar No. 120349)<br>Erin N. Brady (Cal. Bar No. 215038)<br>Edward J. McNeilly (Cal. Bar No. 314588)<br>1999 Avenue of the Stars, Suite 1400<br>Los Angeles, California 90067<br>Telephone: (310) 785-4600<br>Email: richard.wynne@hoganlovells.com<br>erin.brady@hoganlovells.com<br>edward.mcneilly@hoganlovells.com |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**PACHULSKI STANG ZIEHL & JONES LLP**
Debra I. Grassgreen (Cal Bar. No. 169978)
John D. Fiero (Cal. Bar No. 136557)
Jason H. Rosell (Cal. Bar No. 269126)
Steven W. Golden (admitted *pro hac vice*)
Brooke E. Wilson (Cal. Bar No. 354614)
One Sansome Street, Suite 3430
San Francisco, CA 94104
Telephone: (415) 263-7000
Email: LMCommittee@pszjlaw.com

**5.6 Cancellation of Instruments**

Except as otherwise provided in the Plan, and except with respect to any executory contracts and unexpired leases that are assumed and assigned pursuant to a Final Order, any agreement, bond, certificate, contract, indenture, lease, note, security, warrant, or other instrument or document evidencing or creating any indebtedness or obligation of the Debtors shall be deemed cancelled on the Effective Date, and all Liens, mortgages, pledges, grants, trusts, and other interests relating thereto shall be automatically cancelled, and all obligations of the Debtors thereunder or in any way related thereto shall be discharged. Notwithstanding the foregoing, to the extent this provision conflicts with any settlement agreement between the Debtors and a Secured Lender, which has been approved by the Bankruptcy Court, then the terms of such settlement agreement shall govern.

## ARTICLE VI.
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**6.1 Assumption of Certain Executory Contracts and Unexpired Leases**

**6.1.1 Assumption of Agreements**

On the Effective Date, the Consolidated Debtor (and any applicable Debtor) shall assume all executory contracts and unexpired leases that are listed on the Schedule of Assumed Agreements and shall assign such contracts and leases to the Consolidated Debtor or its designee. The Confirmation Order will constitute a Bankruptcy Court order approving the assumption and assignment or rejection, as applicable, of executory contracts and unexpired leases consistent with the foregoing.

The Plan Proponents reserve the right to amend the Schedule of Assumed Agreements at any time prior to the Effective Date (i) to delete any executory contract or unexpired lease and provide for its rejection under the Plan or otherwise, or (ii) to add any executory contract or unexpired lease and provide for its assumption and assignment under the Plan. The Plan Proponents will provide notice of any amendment to the Schedule of Assumed Agreements to the party or parties to those agreements affected by such amendment.

Unless otherwise specified on the Schedule of Assumed Agreements, each executory contract and unexpired lease listed or to be listed therein shall include any and all modifications, amendments, supplements, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without regard to whether such agreement, instrument, or other document is also listed on the Schedule of Assumed Agreements.

**6.1.2 Cure Payments**

Any amount that must be paid under section 365(b)(1) of the Bankruptcy Code to cure a default under and compensate the non-debtor party to an executory contract or unexpired lease to be assumed under the Plan is identified as the "Cure Payment" on the Schedule of Assumed Agreements. Unless the parties mutually agree to a different date, such payment shall be made in Cash within thirty (30) days following the later of: (i) the Effective Date and (ii) entry of a Final Order resolving any disputes regarding (A) the amount of any Cure Payment, (B) the ability of the Consolidated Debtor to provide "adequate assurance of future performance" within the meaning of section 365 of the Bankruptcy Code with respect to a contract or lease to be assumed, to the extent required, or (C) any other matter pertaining to assumption and assignment.

Pending the Bankruptcy Court's ruling on any such dispute, the executory contract or unexpired lease at issue shall be deemed assumed by the Consolidated Debtor, unless otherwise agreed by the parties or ordered by the Bankruptcy Court.

**6.1.3 Objections to Assumption or Cure Payments**

Any party to an executory contract or unexpired lease that is proposed to be assumed, or assumed and assigned, under the Plan that objects to such assumption, or assumption and assignment (including the proposed Cure Payment), must File with the Bankruptcy Court and serve on parties entitled to notice a written objection with any factual contentions therein supported by declarations or references to the record. Such objection must be Filed and served on or before the deadline established by the Solicitation Procedures Order. Any Person that fails to timely File and serve such objection shall be deemed to waive any and all objections to the proposed assumption, or assumption and assignment (including the proposed Cure Payment), of its contract or lease.

In the absence of a timely objection by a party to an executory contract or unexpired lease, the Confirmation Order shall constitute a conclusive determination regarding the amount of any Cure Payment and compensation due under the applicable executory contract or unexpired lease, as well as a conclusive finding that adequate assurance of future performance with respect to such executory contract or unexpired lease has been demonstrated, to the extent required.

**6.1.4 Resolution of Claims Relating to Assumed Executory Contracts**

Payment of the Cure Payment established under the Plan, by the Confirmation Order, or by any other order of the Bankruptcy Court, with respect to an assumed, or assumed and assigned, executory contract or unexpired lease, shall be deemed to satisfy, in full, any prepetition or postpetition arrearage or other Claim (including any Claim asserted in a Filed proof of claim or listed on the Schedules) with respect to such contract or lease (irrespective of whether the Cure Payment is less than the amount set forth in such proof of claim or the Schedules). Upon the tendering of the Cure Payment, any such Filed or Scheduled Claim shall be disallowed with prejudice, without further order of the Bankruptcy Court or action by any Person.

**6.2 Rejection of Executory Contracts and Unexpired Leases**

**6.2.1 Rejected Agreements**

On the Effective Date, all executory contracts and unexpired leases of the Consolidated Debtor (and any applicable Debtor) shall be rejected except for (i) executory contracts and unexpired leases that have been previously assumed or rejected by the Consolidated Debtor (or any applicable Debtor), (ii) all executory contracts and unexpired leases specified as to be assumed in Section 6.1.1 above (including all contracts and leases set forth in the Schedule of Assumed Agreements, as may be amended), and (iii) any agreement, obligation, security interest, transaction, or similar undertaking that the Consolidated Debtor believe is not executory or a lease, but that is later determined by the Bankruptcy Court to be an executory contract or unexpired lease that is subject to assumption or rejection under section 365 of the Bankruptcy Code. Executory contracts and unexpired leases that have been previously assumed, or assumed and assigned, pursuant to an order of the Bankruptcy Court shall not be affected by the Plan. The Confirmation Order will constitute a Bankruptcy Court order approving the rejection, on the Effective Date, of the executory contracts and unexpired leases to be rejected under the Plan.

**6.2.2 Rejection Claims Bar Date**

Any Rejection Claim or other Claim for damages arising from the rejection under the Plan of an executory contract or unexpired lease must be Filed and served no later than the Rejection Claims Bar Date. Any such Rejection Claim that is not timely Filed and served will be forever

# BANKR. EXHIBIT G

September 2025 email correspondence and Addendum Three

BANKR. EX. G-1

September 26, 2025 email thread (screenshot)



BANKR. EX. G-2

September 26, 2025 response from Tayler Bachart, LeFever Mattson Property Management (enlarged)

Search your mail

← Back

Tayler Bachart

To: me · Fri, Sep 26, 2025 at 3:02 PM

Good afternoon Ericka,

Thank you for reaching out regarding your concerns. I am happy address your questions.

**1. Confirmation of the change in ownership or management including the date it took effect.**

*You were notified on 11/23/2021 via posted letter of the change in ownership. Notice is also attached.*

**2. A copy of any lease or rental agreement that is currently considered active.**

*Attached is a copy of your original lease agreement, the lease addendum signed 11.22.22 reflecting the current rental rate, as well as a change in terms from 2019 reflecting the current late fees charged.*

**3. An itemized breakdown of the amount claimed to be owed.**

*Unpaid charges report attached and running ledger.*

**4. The basis for the 3-day notice served, including any applicable documentation.**

*The 3-day notice served is solely for unpaid rent due in accordance with your lease agreement.*

Additionally, to address your comments regarding the 3-day notice:

***The 3-day notice can only reflect outstanding rent and no other outstanding charges, which is why it reflects the balance of $20,320. The unpaid charges report shows exactly which charges are for rent and which are late fees.***

Please review the attached documents, and let us know if you have any further questions.

Tayler Bachart ~ Property Manager

916.723.5111 x104 | Fax 866.611.5494

5559 Auburn Blvd., Citrus Heights, CA

TBarnett@LEFMA.com | www.LeFeverMattson.com

This communication, including all attachments, is intended solely for the use of

# LeFever Mattson
## Property Management

6359 Auburn Boulevard, Suite B
Citrus Heights, CA 95621

Telephone (916) 723-5111
FAX (916) 676-0011

# ADDENDUM THREE TO RESIDENTIAL LEASE AGREEMENT

1. TENANT(s): Major Mott III and Erica Cooper

   AND OTHER OCCUPANTS:
   No persons other than those listed above may reside in the premises. All persons listed above are subject to all of the terms and provisions of this residential Rental Agreement. No other persons, regardless of age, shall occupy or reside at the premises. Anyone residing including but not limited to staying overnight at the premises more than three (3) days in any thirty day period shall be considered an unauthorized subtenant and an incurable violation of the rental agreement.

2. LANDLORD NAME: LeFever Mattson Property Management
   Telephone #: 916-723-5111

   PROPERTY MANAGER NAME/AUTHORIZED AGENT: LeFever Mattson Property Management

   Address: 6359 Auburn Boulevard, Suite B, Citrus Heights, CA 95621 Telephone # (916) 723-5111
   If Agent is specified above, this person/entity is the designated Agent for receipt of papers from the Tenant.

3. TENANCY ADDRESS: 5703 Orange Ave., Sacramento CA 95823

IN CONSIDERATION OF THEIR MUTUAL PROMISES, LANDLORD AND TENANT AGREE AS FOLLOWS:

A. The term of this lease shall be extended to 01/31/2024. Any holding over at the expiration of this lease shall create a month-to-month tenancy.

B. Beginning January 1, 2023, the rent shall be $1,270.00 instead of $1,165.00, the current month's rent.

C. Amend Paragraph 27. Hold Over – Any holding over at the expiration of this modified lease shall create a month-to-month tenancy. All other terms and conditions herein shall remain in full force and effect.

E. Except as herein provided, all other terms of the lease/rental agreement shall remain in full and effect.

F. This addendum to be effective as of November 22, 2022.

Dated: 11-22-22 Tenant: [signature]

Dated: 11-2222 Tenant: [signature]

Dated: 11/22/2022 Agent: [signature]

# BANKR. EXHIBIT H

Certificate of Service, Bankr. Dkt. 4190 (excerpt)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SANTA ROSA DIVISION**

| | |
|---|---|
| In re<br><br>LEFEVER MATTSON,<br><br>Consolidated Debtor. | Case No. 24-10545 (CN)<br><br>(Substantively Consolidated)<br><br>Chapter 11<br><br>**CERTIFICATE OF SERVICE** |

I, Michael Villa, depose and say that I am employed by Kurtzman Carson Consultants, LLC dba Verita Global ("Verita"), the claims and noticing agent for the Consolidated Debtor in the above-captioned case.

On April 13, 2026, at my direction and under my supervision, employees of Verita caused to be served the following documents via Electronic Mail upon the service list attached hereto as **Exhibit A**; and via First Class Mail upon the service list attached hereto as **Exhibit B**:

- **Third Amended Chapter 11 Plan of Liquidation, as Modified** [Docket No. 4151]
- **Notice of Filing of Third Amended Chapter 11 Plan of Liquidation, as Modified** [Docket No. 4152]
- **Notice of Filing Proposed Order Confirming Third Amended Chapter 11 Plan of Liquidation, as Modified** [Docket No. 4153]
- **Notice of Filing of Liquidation and Recovery Analysis Expert Report of Shelly Cuff in Support of Confirmation of the Third Amended Chapter 11 Plan of Liquidation, as Modified** [Docket No. 4155]
- **Notice of Filing of Expert Report of Thomas P. Jeremiassen in Support of Confirmation of the Third Amended Chapter 11 Plan of Liquidation, as Modified** [Docket No. 4156]
- **Declaration of Steven W. Golden in Support of Confirmation of the Third Amended Chapter 11 Plan of Liquidation, as Modified** [Docket No. 4157]
- **Declaration of Kristin D. Rivera in Support of Confirmation of the Third Amended Chapter 11 Plan of Liquidation, as Modified** [Docket No. 4158]

**Exhibit B**
**Core/2002 Service List**
**Served via First Class Mail**

| Description | CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip |
|---|---|---|---|---|---|---|---|---|
| Counsel to Creditor Kyle Douglass Driver | A.O.E. Law & Associates, APC | Anthony O. Egbase | 800 W. 1st Street, Suite 400 | | | Los Angeles | CA | 90012 |
| Secured Lender | Bank of America | | PO Box 660861 | | | Dallas | TX | 75266-0861 |
| Creditor Bank of America, N.A. | Bank of America N.A. | | PO Box 31785 | | | Tampa | FL | 33631-3785 |
| Counsel for Joseph and Tracy Curtis | Bluestone Faircloth & Olson, LLP | Steven M. Olson, Esq. | 1825 4th Street | | | Santa Rosa | CA | 95404 |
| Secured Lender | Butcher Road Partners LLC | | 6359 Auburn Blvd. | Suite B | | Citrus Heights | CA | 95621 |
| Office of the California Attorney General | California Attorney General | Bankruptcy Department | 1300 I St., Ste. 1740 | | | Sacramento | CA | 95814-2919 |
| Secured Lender | California Bank of Commerce | | 2999 Oak Rd Ste 210 | | | Walnut Creek | CA | 94597-2052 |
| Secured Lender | CHASE BANK | | P.O. Box 650528 | | | Dallas | TX | 75265-0528 |
| Secured Lender | Citizens Business Bank | | PO Box 3938 | | | Ontario | CA | 91761 |
| Counsel to Timothy J. LeFever | Coblentz, Patch, Duffy & Bass LLP | Gregg M. Ficks, Stan Roman, Fredrick C. Crombie, Franklin S. Krbechek | One Montgomery Street, Suite 3000 | | | San Francisco | CA | 94104-5500 |
| Secured Lender | Comerica | | PO Box 641618 | | | Detroit | MI | 46264-1618 |
| Secured Lender | Duggans Memorial Chapel | Law Offices of Gregory E. Stubbs | 747 Appleton Way | | | Sonoma | CA | 95476-7247 |
| Secured Lender | Exchange Bank | | 1420 Rocky Ridge Dr Ste 190 | | | Roseville | CA | 95661 |
| Counsel to Federal Home Loan Mortgage Corporation | Federal Home Loan Mort. Corp. | Ashley Beane | Litigation & Asset Resolution Legal Division | 8200 Jones Branch Dr. | | McLean | VA | 22102 |
| Counsel to Monley Hamlin Inc. | Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP | Thomas A. Willoughby, Mikayla E. Kutsuris | 500 Capitol Mall, Suite 2250 | | | Sacramento | CA | 95814 |
| Counsel to Kenneth W. Mattson | Fennemore Craig P.C. | Micheline N. Fairbank | 7800 Rancharrah Parkway | | | Reno | NV | 89704 |
| Counsel to Fidelity National Title Insurance Company | Fidelity National Law Group | Christopher R. Thomas | 2999 Oak Road, Suite 550 | | | Walnut Creek | CA | 94597 |
| Counsel to Creditor Fidelity National Title Insurance Company | Fidelity National Title Insurance Company | Jonathan Gass | 2533 N 117th Avenue | | | Omaha | NE | 68164 |
| Secured Lender | Frank Bragg Revocable Trust | Mandy Mary Henry | 2261 Taylor Mountain Pl | | | Santa Rosa | CA | 95404 |
| Secured Lender | Frank Bragg Revocable Trust | Maxine Bragg | 931 Maxwell St | | | Healdsburg | CA | 95448 |
| Secured Lender | Frank Bragg Revocable Trust | Nancy Bragg | 1708 St. Anthony Way | | | Santa Rosa | CA | 95404 |
| Secured Lender | Greystone Servicing Corporation, Inc | | PO Box 281163 | | | Atlanta | GA | 30384-1163 |
| IRS | Internal Revenue Service | Centralized Insolvency Operation | PO Box 7346 | | | Philadelphia | PA | 19101-7346 |
| Interested Party | Janice Conrad | | 3122 Somerset Avenue | | | Castro Valley | CA | 94546 |
| Counsel to Creditor ReProp Financial Mortgage Investors, LLC | Law Offices of Mark J. Romeo, PC | Mark J. Romeo | 1970 Broadway, Suite 1270 | | | Oakland | CA | 94612 |
| Secured Lender | Leland McAbee | | 525 Burr Oak Court | | | Vacaville | CA | 95688 |
| Secured Lender | Leland McAbee, Plaintiff | John S. Cha | Jeffer Mangels Butler & Mitchell LLP | 3 Park Plaza | Suite 1100 | Irvine | CA | 92614-2592 |
| Counsel to AmTrust North America, Inc.on behalf of Wesco Insurance Company | Maurice Wutscher LLP | Alan C. Hochheiser | 23611 Chagrin Blvd., Suite 207 | | | Beachwood | OH | 44122 |
| Counsel to Deutsche Bank Trust Company Americas | McCalla Raymer Leibert Pierce, LLP | Bankruptcy Department | 1544 Old Alabama Road | | | Roswell | GA | 30076 |
| Secured Lender | Michael & Ana Cavanaugh | | 625 Holly Dr | | | Sebring | FL | 33876 |
| Secured Lender | Mr Cooper | | PO Box 60516 | | | City of Industry | CA | 91716-0516 |
| Secured Lender | Napa Elm, LP | | 6359 AUBURN BLVD STE B | | | CITRUS HEIGHTS | CA | 95621 |

**Exhibit C**
**Counterparites Service List**
**Served via Electronic Mail**

| CreditorName | CreditorNoticeName | Email |
|---|---|---|
| Aakar Development, LLC | | pritpal.bhatia@gmail.com |
| Aaron Lee DDS, Inc. | | dtcdental@gmail.com |
| Admiral Security, Inc. / AX9 | | hamzah@admiralss.com; Mohamed@AX9.us |
| Alexandra Wilson | | alexandra@wilsonimmigration.org |
| AMP, Inc. | | pcastillo@yourenrichedlife.org |
| Angela Washington | | msangelawashington@hotmail.com |
| Aung Burma, LLC | | benicia@aungmaylika.com |
| California Emerging Technology Fund | | dino.nartea@cetfund.org |
| Casey Thompson | | casey_thompson21@yahoo.com |
| Casey Thompson, Michael Desantis | Casey Thompson | cossacks32@comcast.net |
| Coldwell Banker Brokers of the Valley | | wsmith@cbnapavalley.com |
| Court Appointed Special Advocates of Contra Costa County | | annwrixon@cccocasa.org; kmason@childadvocatesofcontracostacounty.org |
| Cutesyjan Desserts, LLC | | cutesyjandesserts@gmail.com |
| David Allen | | artefactdave@gmail.com |
| Eduardo Garcia | | ps_edgarcia@yahoo.com |
| Edward Jones & Co., LP | | edjleaseadmin@cushwake.com |
| Eric Dahl | | edahl273@aol.com |
| Ethel Daly | | ethel@dalyge.com |
| Gerald Silver | | swhawks@sbcglobal.net |
| Gulf Interstate Field Services, Inc. | | GulfAP@gie.com |
| H&R Block Tax Services | | hrbleaseadmin.mo.amer@cushwake.com |
| Harvey Johnson | | harveyjohnson555@gmail.com |
| Hop Grenade LLC | | justin@thebrewingnetwork.com |
| James Corrigan | | Jcyahca@yahoo.com |
| Jennifer M. Tong | | jennytong2222@GMAIL.com |
| Johanna Torres | | jt@jtorreslegal.com |
| Karen Sapper | | gaiagal2020@gmail.com |
| Kenneth Lakritz, Ph.D. | | kenlakritz@gmail.com |
| Kenwood Fence Co | | robin@kenwoodfence.com |
| Kyle Nagel | co Emma Curry | emma.curry@wrealestate.net |
| Lataya Lindsey | | latayalindsdsey7166@gmail.com |
| Lin Haley | | lin@linhaleytherapy.com |
| Lockton Companies, LLC | | lkiefer@lockton.com |
| Major Mott III, Ericka Cooper | | ericka.cooper2442@yahoo.com, ericka.cooper@dignityhealth.org, ericka.cooper@dignityhealth.org |
| Meredith Garrett, Michael Garrett | | meredithgarrett23@gmail.com, michaelandrewgarrett@gmail.com |
| NAMI Contra Costa (National Alliance on Mental Illness Contra Costa County) | | tiffany.w@namicontracosta.org |
| Nidza Clarke, LMFT | | nidzaclarkemft@gmail.com |
| Patrick Jude | | whatrick46@yahoo.com |
| Planned Parenthood Shasta-Diablo, Inc. | | aweir@ppnorcal.org |
| Rodan Builders, Inc. | | jwade@rodanbuilders.com |
| Sonoma Valley Chamber of Commerce | | mark@sonomachamber.org |
| Sonoma Valley Escapes, Inc. | | hunt@sonomavalleyescapes.com |
| Sue Warnock-Brooks, M. Ed. | | suewarnock@gmail.com |
| The Donum Estate | | Irene@thedonumestate.com |
| The Strength Studio | | hector@thestrengthstudio.com |
| Tom N. Ho | | TMH2856@ATT.NET |
| Vinh Tu (aka Tommy Tu) | | ttu_1983@yahoo.com |

**Exhibit D**
**Counterparties Service List**
**Served via First Class Mail**

| CreditorName | CreditorNoticeName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| La Mexicana Taqueria Restaurant (Ramon Jauregui) | | 333 Wilkerson Avenue | Unit 333 | Perris | CA | 92570 |
| Lady D Beauty Salo | | 371 Wilkerson Avenue | Unit 391-G | Perris | CA | 92570 |
| Las Pinatas Party Supplies & Rentals | | 371 Wilkerson Avenue | Unit 391-D | Perris | CA | 92570 |
| Lataya Lindsey | | 171 West Spain Street | Unit 7321 | Sonoma | CA | 95476 |
| Lin Haley | | 1151 Broadway Street | Suite 103, 104 | Sonoma | CA | 95476 |
| Lockton Companies, LLC | | 635 Broadway | Unit 100 | Sonoma | CA | 95476 |
| Lovell Sabathia | | 830 Illinois Street | Unit 3 | Fairfield | CA | 94533 |
| Lovell Sabathia | | 830 Illinois Street #1-4 | Unit 830-3 | Fairfield | CA | 94533 |
| Lucio Guerra | | 18275-18285 Sonoma Highway | Unit 10B | Boyles Hot Springs | CA | 95476 |
| Major Mott III | | 5703 Orange Ave | Unit 5703 | Sacramento | CA | 95823 |
| Major Mott III, Ericka Cooper | | 5703 Orange Avenue, 5703 | | Sacramento | CA | 95823 |
| Maricela Acevedo | | 18275-18285 Sonoma Highway | Unit 2 | Boyles Hot Springs | CA | 95476 |
| Mark and Marina Anderson | | 651 Broadway | Unit 651-D | Sonoma | CA | 95476 |
| Martinez Water Store | | 371 Wilkerson Avenue | Unit 391-E | Perris | CA | 92570 |
| McPhaill Fuel Co., Inc | | PO Box 1370 | | Suisun City | CA | 94585-4370 |
| Mere Mauitoga | | 18598 Hwy 12 | | Boyles Hot Springs | CA | 95476 |
| Meredith Garrett | | 20490 Broadway | Unit A | Sonoma | CA | 95476 |
| Meredith Garrett, Michael Garrett | | 20490 Broadway, 20490 | | Sonoma | CA | 95476 |
| NAMI Contra Costa (National Alliance on Mental Illness Contra Costa County) | | 2151 Salvio Street, V | | Concord | CA | 94520 |
| Nava Arte MedSpa | | 371 Wilkerson Avenue | Unit 351-C3 | Perris | CA | 92570 |
| Nidza Clarke, LMFT | | 1151 Broadway, 203 | | Sonoma | CA | 95476 |
| Patrick Jude | | 645-651 Broadway/10 Maple St | 651-C | Sonoma | CA | 95476 |
| Patrick Jude | | 651 Broadway | Suite B | Sonoma | CA | 95476 |
| Perris Hydroponics Store | | 371 Wilkerson Avenue | Unit 351-D | Perris | CA | 92570 |
| PG&E | | P.O. Box 997300 | | Sacramento | CA | 95899-7300 |
| Pineapple Bear | | 450 West Spain | | Sonoma | CA | 95476 |

# BANKR. EXHIBIT I

Supplemental Certificate of Service, Bankr. Dkt. 4201, Ex. A (excerpt)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>LEFEVER MATTSON,<br><br>Consolidated Debtor. | Case No. 24-10545 (CN)<br><br>(Substantively Consolidated)<br><br>Chapter 11<br><br>**SUPPLEMENTAL CERTIFICATE OF SERVICE** |

I, Michael Villa, depose and say that I am employed by Kurtzman Carson Consultants, LLC dba Verita Global ("Verita"), the claims and noticing agent for the Consolidated Debtor in the above-captioned case.

On April 14, 2026, at my direction and under my supervision, employees of Verita caused to be served the following document via First Class Mail upon the service list attached hereto as **Exhibit A**:

- **Notice of Amended Exhibits to Supplement to Third Amended Joint Plan of Liquidation** [Docket No. 4163]

Dated: April 15, 2026

*/s/ Michael Villa*
Michael Villa
Verita
222 N Pacific Coast Highway,
3rd Floor
El Segundo, CA 90245
Tel 310.823.9000

**Exhibit A**
**Supplemental Counterparties Service List**
**Served via First Class Mail**

| CreditorName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|
| Major Mott III | 5701/5703 Orange Ave | Unit 5703 | Sacramento | CA | 95823 |
| Marcus & Millichap | 222-226 West Spain | | Sonoma | CA | 95476 |
| Marcus & Millichap | 20490 Broadway | | Sonoma | CA | 95476 |
| Marcus & Millichap | 2151 Salvio Street | | Concord | CA | 94520 |
| Marcus & Millichap | 635 Broadway | | Sonoma | CA | 95476 |
| Marcus & Millichap | 645-651 Broadway/10 Maple Street | | Sonoma | CA | 95476 |
| Marcus & Millichap | 1151 Broadway | | Sonoma | CA | 95476 |
| Marcus & Millichap | 18580 Sonoma Highway | | Sonoma | CA | 95476 |
| Marcus & Millichap | 1050 Elm Street | | Napa | CA | 94599 |
| Marcus & Millichap | 967 Broadway | | Sonoma | CA | 95476 |
| Marcus & Millichap | 525 West Napa | | Sonoma | CA | 95476 |
| Marcus & Millichap | 280 Butcher Road | | Vacaville | CA | 95687 |
| Marcus & Millichap | 310/312 Butcher Road | | Vacaville | CA | 95687 |
| Marcus & Millichap | 350 Butcher Road | | Vacaville | CA | 95687 |
| Marcus & Millichap (Mark Hefner) | 6359 Auburn Boulevard | | Citrus Heights | CA | 95621 |
| Maricela Acevedo | 18275-18285 Sonoma Highway | Unit 2 | Boyes Hot Springs | CA | 95476 |
| Mark and Marina Anderson | 645-651 Broadway/10 Maple Street | Unit 651-D | Sonoma | CA | 95476 |
| Martinez Water Store | 371 Wilkerson Avenue | Unit 391-E | Perris | CA | 92570 |
| McPhail Fuel Company | 3003 Castle Rd | | Sonoma | CA | 95476 |
| Mere Mauitoga | 18598 Hwy 12 | | Boyes Hot Springs | CA | 95476 |
| Meredith Garrett | 20490 Broadway | Unit A | Sonoma | CA | 95476 |
| Michael Garrett | 20490 Broadway | Unit A | Sonoma | CA | 95476 |
| Michelle Zyromski | 1014-1022 1st St W | | Sonoma | CA | 95476 |
| Michelle Zyromski | 18275-18285 Sonoma Highway | | Boyes Hot Springs | CA | 95476 |
| Michelle Zyromski | 18590-18598 Hwy 12 | | Boyes Hot Springs | CA | 95476 |
| Michelle Zyromski | 19331-19357 Hwy 12 | | Sonoma | CA | 95476 |
| Michelle Zyromski | 3003 Castle Rd | | Sonoma | CA | 95476 |
| Michelle Zyromski | 405 London Way | | Agua Caliente | CA | 95476 |
| Michelle Zyromski | 969 Rachael Road | | Sonoma | CA | 95476 |
| NAI Capital | 371 Wilkerson Avenue | | Perris | CA | 92570 |
| NAI Capital | 333 Wilkerson Avenue | | Perris | CA | 92570 |
| NAI Capital | 411 Wilkerson Avenue | | Perris | CA | 92570 |
| NAMI Contra Costa (National Alliance on Mental Illness Contra Costa County) | 2151 Salvio Street | Unit V | Concord | CA | 94520 |
| Nava Arte MedSpa | 371 Wilkerson Avenue | Unit 351-C3 | Perris | CA | 92570 |
| Nidza Clarke, LMFT | 1151 Broadway | Unit 203 | Sonoma | CA | 95476 |
| Niranjan Shrestha | 18275-18285 Sonoma Highway | Boyes Food Center | Boyes Hot Springs | CA | 95476 |

# BANKR. EXHIBIT J

Post-petition letter — "lease remains in full force and effect"

LEFEVER MATTSON PROPERTY MANAGEMENT
For LeFever Mattson
6359 Auburn Blvd., Ste B
Citrus Heights, CA 95621

Major Mott III Ericka Cooper
5703 Orange Avenue
Sacramento, CA 95823

**Re: Bankruptcy of LeFever Mattson (Premises located at 5703 Orange Avenue, Sacramento, C 0)**

Dear Major Mott III Ericka Cooper :

You may have heard that your landlord, LeFever Mattson(the "Landlord"), is currently in a bankruptcy proceeding before the Bankruptcy Court in the Northern District of California (the "Bankruptcy Case").

Please note that the premises you are renting is still being managed and maintained as it was before the Bankruptcy Case began. You will be notified if there are any changes in property management or the location where your rent payments should be made. Every effort will be made to make this process as smooth as possible for you and all other tenants of the Landlord.

You will separately be mailed a **Notice of Chapter 11 Bankruptcy Cases** issued by the Bankruptcy Court, which pertains to the Bankruptcy Case and which may contain information relevant to you as a tenant.

You should also be aware that because you are a tenant, you will continue to receive copies of other notices and documents related to the Bankruptcy Case while the case is *pending*.

*Please note that notwithstanding the Bankruptcy Case, your lease remains in full force and effect, and you remain obligated to pay rent and satisfy all other of your obligations under your lease in accordance with its terms.*

*If you have any questions, please contact the property manager at* 916-723-5111.

# BANKR. EXHIBIT K

Notice of Effective Date, Bankr. Dkt. 4335

Tobias S. Keller (CA Bar No. 151445)
David A. Taylor (CA Bar No. 247433)
Thomas B. Rupp (CA Bar No. 278041)
KELLER BENVENUTTI KIM LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104
Telephone: (415) 496-6723
E-mail: tkeller@kbkllp.com
dtaylor@kbkllp.com
trupp@kbkllp.com

*Counsel to LeFever Mattson, the Consolidated Debtor*

Debra I. Grassgreen (CA Bar No. 169978)
John D. Fiero (CA Bar No. 136557)
Jason H. Rosell (CA Bar No. 269126)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, Suite 3430
San Francisco, CA 94104
Telephone: (415) 263-7000
E-mail: dgrassgreen@pszjlaw.com
jfiero@pszjlaw.com
jrosell@pszjlaw.com

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SANTA ROSA DIVISION**

| | |
|---|---|
| In re:<br><br>LEFEVER MATTSON,<br><br>Consolidated Debtor. | Case No. 24-10545 (CN)<br><br>(Substantively Consolidated)<br><br>Chapter 11<br><br>**NOTICE OF (I) ENTRY OF CONFIRMATION ORDER; (II) EFFECTIVE DATE OF THIRD AMENDED CHAPTER 11 PLAN OF LIQUIDATION, AS MODIFIED; AND (III) DEADLINE UNDER THE PLAN AND CONFIRMATION ORDER TO FILE ADMINISTRATIVE CLAIMS, PROFESSIONAL FEE CLAIMS, AND REJECTION CLAIMS** |

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. **Entry of Confirmation Order**. On April 23, 2026, the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court") entered an order [Docket No. 4225] (the "Confirmation Order") confirming the *Third Amended Chapter 11 Plan of Liquidation, as Modified* [Docket No. 4151] (the "Plan")[1] in the chapter 11 case of the above-captioned debtor (the "Consolidated Debtor").

2. **Effective Date of the Plan**. On **May 14, 2026**, the Effective Date of the Plan occurred. All conditions precedent to the Effective Date enumerated in Article IX of the Plan were satisfied or waived in accordance with the Plan as of May 14, 2026. Pursuant to the Confirmation

[1] A capitalized term used but not defined herein shall have the m

Order and the Plan, the releases, exculpation, and injunction provisions set forth in Article XI of the Plan are now in full force and effect.

3. **Substantial Consummation of Plan.** The Plan Proponents hereby give notice that the Plan has been substantially consummated.

4. **Administrative Expense Claims Bar Date.** As provided for in Section 3.3.1 of the Plan, all requests for payment of Administrative Expense Claims (other than Professional Fee Claims and Section 503(b)(9) Claims with respect to the LFM Debtors) must be filed with the Bankruptcy Court by **no later than June 15, 2026.**[2] If a Holder of an Administrative Expense Claim that is required to, but does not, File and serve a request for payment of such Administrative Expense Claim by the Administrative Expense Claims Bar Date, such Holder shall be forever barred, estopped, and enjoined from asserting such Administrative Expense Claim against the Consolidated Debtor, the Estate, the Plan Recovery Trust, or their assets and properties, and any such Administrative Expense Claims shall be deemed disallowed as of the Effective Date unless otherwise ordered by the Court.

5. **Rejection Claims Bar Date.** As provided for in Section 6.2.2 of the Plan and in the Confirmation Order, all proofs of claim with respect to Claims arising from the rejection under the Plan of an executory contract or unexpired lease must be Filed and served **no later than June 15, 2026.** The foregoing applies only to Claims arising from the rejection of an executory contract or unexpired lease under the Plan; any other Claims held by a party to a rejected executory contract or unexpired lease shall have been evidenced by a proof of claim Filed by the applicable bar date or shall be barred and unenforceable.

6. **Deadline to File Professional Fee Claims.** As provided for in Section 3.3.3 of the Plan, all final requests for payment of Professional Fee Claims must be made by application Filed with the Bankruptcy Court **no later than June 29, 2026.**

7. **Copies of Confirmation Order.** Copies of the Confirmation Order, the Plan, and any pleadings filed in the Chapter 11 Case may be obtained by visiting the Consolidated Debtor's restructuring website at https://www.veritaglobal.net/LM. You may also obtain copies of the Confirmation Order, the Plan, or any other pleadings filed in the Chapter 11 Case for a fee at www.pacer.psc.uscourts.gov.

---

[2] In the case of the LFM Debtors, the Claims Bar Date for Section 503(b)(9) Claims was February 14, 2025.

Dated: May 14, 2026

**KELLER BENVENUTTI KIM LLP**

By: /s/ Thomas B. Rupp
Tobias S. Keller
David A. Taylor
Thomas B. Rupp

*Counsel to the Consolidated Debtor*

**PACHULSKI STANG ZIEHL & JONES LLP**

By: /s/ Jason H. Rosell
Debra I. Grassgreen
John D. Fiero
Jason H. Rosell

*Counsel to the Committee*

# BANKR. EXHIBIT L

Certificate of Service, Bankr. Dkt. 4254, Exs. A–B (Confirmation Order served on Core/2002 list)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SANTA ROSA DIVISION**

| | |
|---|---|
| In re<br><br>LEFEVER MATTSON,<br><br>Consolidated Debtor. | Case No. 24-10545 (CN)<br><br>(Substantively Consolidated)<br><br>Chapter 11<br><br>**CERTIFICATE OF SERVICE** |

I, Michael Villa, depose and say that I am employed by Kurtzman Carson Consultants, LLC dba Verita Global ("Verita"), the claims and noticing agent for the Consolidated Debtor in the above-captioned case.

On April 23, 2026, at my direction and under my supervision, employees of Verita caused to be served the following document via Electronic Mail upon the service list attached hereto as **Exhibit A**; and via First Class Mail upon the service list attached hereto as **Exhibit B**:

- **Order Confirming Third Amended Chapter 11 Plan, as Modified, of Consolidated Debtor Lefever Mattson** [Docket No. 4225]

Dated: April 29, 2026

*/s/ Michael Villa*
Michael Villa
Verita
222 N Pacific Coast Highway,
3rd Floor
El Segundo, CA 90245
Tel 310.823.9000

# Exhibit A

**Exhibit A**
**Core/2002 Service List**
**Served via Electronic Mail**

| Description | CreditorName | CreditorNoticeName | Email |
|---|---|---|---|
| Counsel to Creditor Kyle Douglass Driver | A.O.E. Law & Associates, APC | Anthony O. Egbase | info@aoelaw.com; Anthony@aoelaw.com |
| Counsel to Secured Creditor Poppy Bank | Abbey, Weitzenberg, Warren & Emery, P.C. | Mitchell B. Greenberg | mgreenberg@abbeylaw.com |
| Bankruptcy Servicer For Ally Bank Lease Trust - Assignor To Vehicle Asset Universal Leasing Trust (A.K.A. "Vault") | AIS Portfolio Services, LLC | Ally Bank Lease Trust - Assignor to Vehicle Asset Universal Leasing Trust (a.k.a. "VAULT TRUST") Department | ECFNotices@aisinfo.com |
| Counsel to Nationstar Mortgage LLC, Lakeview Loan Servicing, LLC, JPMorgan Chase Bank, NA, U.S. Bank NA, HSBC Bank USA, NA, Deutsche Bank Trust Company Americas, & Bank of New York Mellon | Aldridge Pite , LLP | Christopher M. McDermott, Todd S. Garan, Asaph Abrams | ecfcanb@aldridgepite.com |
| Counsel to Oracle America, Inc. and Oracle Credit Corporation | Ballard Spahr LLP | Michael S. Myers, Sara Shahbazi | myersm@ballardspahr.com; shahbazis@ballardspahr.com |
| Counsel for Joseph and Tracy Curtis | Bluestone Faircloth & Olson, LLP | Steven M. Olson, Esq. | steve@bfolegal.com |
| Counsel to C.P. Grellas Partnership, James C. Grellas, Peter C. Grellas, Paul C. Grellas, Peggy C. Slaughter | Boutin Jones Inc. | Thomas G. Mouzes, Bashar Ahmad | tmouzes@boutinjones.com; bahmad@boutinjones.com |
| Interested Party | Brooke Sample | | brookesample10@gmail.com |
| Interested Party | Carla Strickfaden | | cjstrickfaden@gmail.com |
| Committee of Unsecured Creditors | Charles Edgar | | cedgars@comcast.net |
| Counsel to Timothy J. LeFever | Coblentz, Patch, Duffy & Bass LLP | Gregg M. Ficks, Stan Roman, Fredrick C. Crombie, Franklin S. Krbechek | ef-sgr@cpdb.com; ef-gmf@cpdb.com; ef-fcc@cpdb.com; ef-fsk@cpdb.com |
| Counsel to Winside USA, Inc. | Covington & Burling LLP | Abigail V. O'Brient | aobrient@cov.com |
| Interested Party | Darryl Hayes | | Twinpop@gmail.com |
| Interested Party | David Renaud | David and Kim Renaud | 76renaud@gmail.com |
| Interested Party | Debra Dellacort | | Ddellacort@gmail.com |
| Interested Party | Dexter Quiggle | | quiggs@sbcglobal.net |
| Interested Party | Edyth Kiyo Hayashi-Mack | | edymack65@sbcglobal.net |
| Counsel to Interested Parties | Embolden Law PC | Douglas B. Provencher | dbp@provlaw.com |
| Interested Party | Erin Bouayad-Agha | | erinba@gmail.com |
| Counsel to Federal Home Loan Mortgage Corporation | Federal Home Loan Mort. Corp. | Ashley Beane | ashley_beane@freddiemac.com |
| Counsel to Monley Hamlin Inc. | Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP | Thomas A. Willoughby, Mikayla E. Kutsuris | twilloughby@ffwplaw.com; mkutsuris@ffwplaw.com |
| Counsel to Kenneth W. Mattson | Fennemore | James Hill | jhill@fennemorelaw.com; chawkins@fennemorelaw.com |
| Counsel to Kenneth W. Mattson | Fennemore Craig P.C. | Micheline N. Fairbank | mfairbank@fennemorelaw.com |
| Counsel to Kenneth W. Mattson | Fennemore LLP | Mark Bostick | mbostick@fennemorelaw.com |
| Counsel to Fidelity National Title Insurance Company | Fidelity National Law Group | Christopher R. Thomas | christopher.thomas@fnf.com |
| Counsel to KeyBank National Association | Frandzel Robins Bloom & Csato, L.C | Craig A. Welin, Michael J. Gomez, Gerrick M. Warrington | cwelin@frandzel.com; mgomez@frandzel.com; gwarrington@frandzel.com |
| Counsel to Creditor, California-American Water Company | Hahn & Hahn LLP | Dean G. Rallis Jr. | drallis@hahnlawyers.com |
| Committee of Unsecured Creditors | Hayes 2004 Family Trust | Bryan & Patricia Hayes | byronehaze1@yahoo.com |
| Counsel to Creditors Michael Goodman, Diana Goodman, Julian L. Delgado and Gloria E. Rezentes Delgado | Hefner, Stark & Marois, LLP | Thomas P. Griffin, Jr. | tgriffin@hsmlaw.com |
| Counsel to Creditor Citizens Business Bank | Hemar, Rousso & Heald, LLP | Christopher D. Crowell | ccrowell@hrhlaw.com |
| Counsel to Debtor KS Mattson Partners, LP | Hogan Lovells US LLP | Richard L. Wynne, Erin N. Brady, Edward J. McNeilly, Uchechi Egeonuigew | richard.wynne@hoganlovells.com; erin.brady@hoganlovells.com; edward.mcneilly@hoganlovells.com; uchechi.egeonuigwe@hoganlovells.com |
| Counsel to Debtor KS Mattson Partners, LP | Hogan Lovells US LLP | Todd M. Schwartz | todd.schwartz@hoganlovells.com |
| Interested Party | Jacob Ming & Shirley Dong | | jacobth25@gmail.com |
| Interested Party | Janet and Randy Marlette | | Jlmakamama@yahoo.com |
| Interested Party | Janice Conrad | | janiceconradsemail@gmail.com |
| Counsel to Creditor Duggan's Mission Chapel, Amanda Henry, as Trustee of the Fran Bragg Revocable Trust & Umpqua Bank, Columbia Bank, & Virginia Ghilarducci | Jeffer Mangels & Mitchell LLP | Bennett G. Young, Robert B. Kaplan, Thomas M. Geher | byoung@jeffer.com; rkaplan@jeffer.com; tgeher@jeffer.com |
| Interested Party | Jill Hayes | | jdhayes2@gmail.com |

**Exhibit A**
**Core/2002 Service List**
**Served via Electronic Mail**

| Description | CreditorName | CreditorNoticeName | Email |
|---|---|---|---|
| Interested Party | Jillian Fitzgerald | | gojillianfitz@gmail.com |
| Interested Party | John Criv | | johncriv@yahoo.com |
| Counsel to Marc D. Lair, The Equitable Group, Inc. and Matthew Treger | Kevin C. Young | | kevincyoungesq@aol.com |
| Interested Party | Kim Renaud | | renaudd6@aol.com |
| Counsel to Secured Creditor Susan Leeming, Administrator of the Estate of James Walker and Creditors Daniel and Mary Goff, Laura O'Connor, Dana Goff, Kristianne Goff, Bradley and Lori Olson, Steven and Carol Hines | Kornfield, Nyberg, Bendes, Kuhner & Little, P.C. | Eric A. Nyberg, Chris D.Kuhner, Sarah L. Little | e.nyberg@kornfieldlaw.com; c.kuhner@kornfieldlaw.com; s.little@kornfieldlaw.com |
| Interested Party | Kristin Torstenbo | | kristinhayes18@gmail.com |
| Counsel to Secured Creditors Visio International, Inc. and Y. Tito Sasaki and Janet L. Sasaki Trust | Law Office of Benjamin R. Levinson | A Professional Corporation | ben@benlevinsonlaw.com |
| Countel to Ruth Tillman, et al. | Law Office of Michael C. Fallon | Michael C. Fallon, Michael C. Fallon, Jr. | mcfallon@fallonlaw.net; fallonmc@fallonlaw.net |
| Counsel to Kenneth Mattson | Law Office of Ruth Auerbach | Ruth Elin Auerbach | Ruth.auerbach.esq@gmail.com |
| Counsel to Denise Ebbett, Successor Trustee of the Fisher Family Trust and as Attorney-in Fact for Virginia Fisher | Law Office of Wayne A. Silver | Wayne A. Silver | ws@waynesilverlaw.com |
| Counsel to Creditor ReProp Financial Mortgage Investors, LLC | Law Offices of Mark J. Romeo, PC | Mark J. Romeo | mark@markromeolaw.com |
| Counsel to Ravindra Ambatipudi | Law Offices of Stuppi & Stuppi | Sarah M. Stuppi | sarah@stuppilaw.com |
| Secured Lender | Leland McAbee , Teresa McAbee | | terimcabee@aol.com; lelandmcabee1@gmail.com |
| Secured Lender | Leland McAbee, Plaintiff | John S. Cha | JCha@jmbm.com |
| Counsel to Serene Investment Management LLC, as DIP Lender & FTI Consulting, Inc. | Loeb & Loeb LLP | Lance N. Jurich | ljurich@loeb.com |
| Counsel to Serene Investment Management LLC, as DIP Lender | Loeb & Loeb LLP | Vadim J. Rubinstein | vrubinstein@loeb.com |
| Counsel to Secured Creditor JPMorgan Chase Bank, N.A. | Lubin Olson & Niewiadomski LLP | Mia S. Blackler | mblackler@lubinolson.com |
| Committee of Unsecured Creditors | Lull Family Living Revocable Trust | Richard Lull | richard@picolull.com |
| Committee of Unsecured Creditors | Manfred K. Fischer Trust | Michaela M. Katari | kkatari@gmail.com |
| Interested Party | Mark Torstenbo | Mark and Kristin Torstenbo | motorstenbo@gmail.com |
| Interested Party | Matt Treger | | matt.treger@gmail.com |
| Counsel to AmTrust North America, Inc.on behalf of Wesco Insurance Company | Maurice Wutscher LLP | Alan C. Hochheiser | ahochheiser@mauricewutscher.com |
| Counsel to Deutsche Bank Trust Company Americas | McCalla Raymer Leibert Pierce, LLP | Dane Exnowski | Dane.Exnowski@mccalla.com |
| Counsel to Ally Bank Lease Trust | McCarthy & Holthus, LLP | JaVonne M. Phillips, Jennifer C. Wong | jwong@mccarthyholthus.com |
| Counsel to Wilmington Trust, National Association, as Trustee for the benefit of the Registered Holders of JPMBB Commercial Mortgage Pass-Through Certificates, Series 2015-C30 | McDermott Will & Emery LLP | Charles R. Gibbs, Eric C. Seitz | crgibbs@mwe.com; eseitz@mwe.com |
| Counsel to Wilmington Trust, National Association, as Trustee for the benefit of the Registered Holders of JPMBB Commercial Mortgage Pass-Through Certificates, Series 2015-C30 | McDermott Will & Emery LLP | Jason D. Strabo | jstrabo@mwe.com |
| Committee of Unsecured Creditors | Mullin Family Trust | John & Kathleen Mullin | dadzboss@sbcglobal.net; mullineight@sbcglobal.net |
| Counsel for Randy Sue Pollock | Nuti Hart LLP | Christopher H. Hart, Gregory C. Nuti, Kevin W. Coleman | chart@nutihart.com; gnuti@nutihart.com; kcoleman@nutihart.com |
| Interested Party | Odette Mittone | | omittone@yahoo.com |
| Counsel to Tracy Hope Davis, the United States Trustee for Region 17 | Office of the United States Trustee for Region 17 | Office of the United States Trustee | phillip.shine@usdoj.gov |
| Counsel to Tracy Hope Davis, the United States Trustee for Region 17 | Office of the United States Trustee for Region 17 | Office of the United States Trustee | jared.a.day@usdoj.gov |
| Counsel to Tracy Hope Davis, the United States Trustee for Region 17 | Office of the United States Trustee for Region 17 | Office of the United States Trustee | deanna.k.hazelton@usdoj.gov |
| Counsel to Reprop Financial Mortgage Investors, LLC | Owens & Ross | Dustin E. Owens | dustin.owens@gmail.com |

**Exhibit A**
**Core/2002 Service List**
**Served via Electronic Mail**

| Description | CreditorName | CreditorNoticeName | Email |
|---|---|---|---|
| Counsel to the Official Committee of Unsecured Creditors | Pachulski Stang Ziehl & Jones LLP | Debra I. Grassgreen, Jason H. Rosell, John D. Fiero, Brooke E. Wilson | dgrassgreen@pszjlaw.com; jfiero@pszjlaw.com; jrosell@pszjlaw.com; bwilson@pszjlaw.com |
| Countel to Ruth Tillman, et al. | Perry, Jonson, Anderson, Miller & Moskowitz, LLP | Isaac M. Gradman, Michael E. Tracht, Alexander A. Wiegel | gradman@perrylaw.net; tracht@perrylaw.net; wiegel@perrylaw.net |
| Counsel to Anne Prisco and Stephen Sergi | Raines Feldman Littrell LLP | Kyra E. Andrassy | kandrassy@raineslaw.com |
| Interested Party | Ray Muscat | | sanocat@sbcglobal.net |
| Counsel to Federal Home Loan Mortgage Corporation | Reed Smith LLP | Marsha A. Houston, Shayna A. Jackson | mhouston@reedsmith.com; sjackson@reedsmith.com |
| Counsel to Federal Home Loan Mortgage Corporation | Reed Smith LLP | Paul D. Moak, Devan J. Dal Col | pmoak@reedsmith.com; ddalcol@reedsmith.com |
| Counsel to Interested Parties Nick Thom and Linda Thom | Robberson Schroedter LLP | Maggie E. Schroedter, Lane C. Hilton | maggie@theRSfirm.com; lane@theRSfirm.com; ECF@theRSfirm.com; 5030583420@filings.docketbird.com |
| Counsel to Wilmington Savings Fund Society, FSB, Wells Fargo, NA, The Bank of New York Mellon, LaSalle Bank & Washington Mutual Mortgage | Robertson, Anschutz, Schneid & Crane LLP | David Coats | dacoats@raslg.com |
| Counsel to Wilmington Savings Fund Society, FSB, Wells Fargo, NA, & The Bank of New York Mellon | Robertson, Anschutz, Schneid & Crane LLP | | dacoats@raslg.com |
| Interested Party | Ross and Marilyn Torstenbo | | rosstorstenbo@gmail.com; r-mtorstenbo@msn.com |
| Interested Party | Sara Ganyo | | sjganyo@gmail.com |
| Counsel to Elizabeth H. Talley and Michael M. Talley | Shartsis, Friese LLP | Ivo Keller | ikeller@sflaw.com |
| Interested Party | Shelley Morse | | shelleyamorse@comcast.net |
| Counsel to Socotra Capital, Inc. | Sheppard, Mullin, Richter & Hampton LLP | Theodore A. Cohen | tcohen@sheppardmullin.com |
| Counsel to Creditor California Bank of Commerce | Snell & Wilmer LLP | Eric S. Pezold, Andrew B. Still | epezold@swlaw.com; astill@swlaw.com |
| Counsel to Matt Treger | Spencer Fane LLP | Catherine Schlomann Robertson | Crobertson@spencerfane.com |
| Counsel to Unlisted Creditor Graham Reid | Stephen T. Cammack Law Offices | Stephen T. Cammack | cammacklawoffice@gmail.com |
| Counsel to Creditors Anne Gockel & Kieth Gockel | Sullivan Blackburn Pratt, LLP | Christopher D. Sullivan, Roxanne Bahadurji | csullivan@sullivanblackburn.com; rbahadurji@sullivanblackburn.com |
| Committee of Unsecured Creditors | The Anderson 2001 Revocable Trust | Graham & Teresa Anderson | graham@sezame.com; teresaanderson@outlook.com |
| Counsel for Bank of America, N.A. | Tiffany & Bosco | Chad L. Butler | clb@tblaw.com |
| Interested Party | Tim and Patty Thomas | | timandpatty@comcast.net |
| Attorney for Tri Counties Bank | Tri Counties Bank, Legal Department | Mark H. Atkins, Bruce L. Belton, Martha Evensen Opich | legalservices@tcbk.com |
| Committee of Unsecured Creditors | Umbriac & Tubley Family Trust | Mae Umbriac & Andrew Tubley | ridell@dpf-law.com |
| Committee of Unsecured Creditors & Interested Party | Walter Schenk | | walter.schenk@comcast.net |
| Counsel to Wondra, et al. | Wondra, et al. | Kronick Moskovitz Tiedemann & Girard | gherrera@kmtg.com |
| Interested Party | Wynne & Ben Coughtry | | wynneandben@gmail.com |

# Exhibit B

**Exhibit B**
**Core/2002 Service List**
**Served via First Class Mail**

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip |
|---|---|---|---|---|---|---|---|
| O.E. Law & Associates. APC | Anthony O. Egbase | 800 W. 1st Street, Suite 400 | | | Los Angeles | CA | 90012 |
| ınk of America | | PO Box 660861 | | | Dallas | TX | 75266-0861 |
| ınk of America N.A. | | PO Box 31785 | | | Tampa | FL | 33631-3785 |
| uestone Faircloth & Olson, LLP | Steven M. Olson, Esq. | 1825 4th Street | | | Santa Rosa | CA | 95404 |
| ıtcher Road Partners LLC | | 6359 Auburn Blvd. | Suite B | | Citrus Heights | CA | 95621 |
| ılifornia Attorney General | Bankruptcy Department | 1300 I St., Ste. 1740 | | | Sacramento | CA | 95814-2919 |
| ılifornia Bank of Commerce | | 2999 Oak Rd Ste 210 | | | Walnut Creek | CA | 94597-2052 |
| HASE BANK | | P.O. Box 650528 | | | Dallas | TX | 75265-0528 |
| tizens Business Bank | | PO Box 3938 | | | Ontario | CA | 91761 |
| oblentz, Patch, Duffy & Bass LLP | Gregg M. Ficks, Stan Roman, Fredrick C. Cromble, Franklin S. Krbechek | One Montgomery Street, Suite 3000 | | | San Francisco | CA | 94104-5500 |
| omerica | | PO Box 641618 | | | Detroit | MI | 46264-1618 |
| uggans Memorial Chapel | Law Offices of Gregory E. Stubbs | 747 Appleton Way | | | Sonoma | CA | 95476-7247 |
| xchange Bank | | 1420 Rocky Ridge Dr Ste 190 | | | Roseville | CA | 95661 |
| ederal Home Loan Mort. Corp. | Ashley Beane | Litigation & Asset Resolution Legal Division | 8200 Jones Branch Dr. | | McLean | VA | 22102 |
| ilderstein Fitzgerald Willoughby ıscuzzi & Rios LLP | Thomas A. Willoughby, Mikayla E. Kutsuris | 500 Capitol Mall, Suite 2250 | | | Sacramento | CA | 95814 |
| ennemore Craig P.C. | Micheline N. Fairbank | 7800 Rancharrah Parkway | | | Reno | NV | 89704 |
| delity National Law Group | Christopher R. Thomas | 2999 Oak Road, Suite 550 | | | Walnut Creek | CA | 94597 |
| delity National Title Insurance ompany | Jonathan Gass | 2533 N 117th Avenue | | | Omaha | NE | 68164 |
| ank Bragg Revocable Trust | Mandy Mary Henry | 2261 Taylor Mountain Pl | | | Santa Rosa | CA | 95404 |
| ank Bragg Revocable Trust | Maxine Bragg | 931 Maxwell St | | | Healdsburg | CA | 95448 |
| ank Bragg Revocable Trust | Nancy Bragg | 1708 St. Anthony Way | | | Santa Rosa | CA | 95404 |
| reystone Servicing Corporation, Inc | | PO Box 281163 | | | Atlanta | GA | 30384-1163 |
| ternal Revenue Service | Centralized Insolvency Operation | PO Box 7346 | | | Philadelphia | PA | 19101-7346 |
| ınice Conrad | | 3122 Somerset Avenue | | | Castro Valley | CA | 94546 |
| ıw Offices of Mark J. Romeo, PC | Mark J. Romeo | 1970 Broadway, Suite 1270 | | | Oakland | CA | 94612 |
| ıland McAbee | | 525 Burr Oak Court | | | Vacaville | CA | 95688 |
| ıland McAbee, Plaintiff | John S. Cha | Jeffer Mangels Butler & Mitchell LLP | 3 Park Plaza | Suite 1100 | Irvine | CA | 92614-2592 |
| aurice Wutscher LLP | Alan C. Hochheiser | 23611 Chagrin Blvd., Suite 207 | | | Beachwood | OH | 44122 |
| cCalla Raymer Leibert Pierce, LLP | Bankruptcy Department | 1544 Old Alabama Road | | | Roswell | GA | 30076 |
| ichael & Ana Cavanaugh | | 625 Holly Dr | | | Sebring | FL | 33876 |
| r Cooper | | PO Box 60516 | | | City of Industry | CA | 91716-0516 |
| apa Elm, LP | | 6359 AUBURN BLVD STE B | | | CITRUS HEIGHTS | CA | 95621 |
| eedleman/Hayes Family Trust | | 1250 Ferrelo Rd | | | Santa Barbara | CA | 93103 |
| exBank | | 2515 McKinney Ave Ste 1100 | | | Dallas | TX | 75201 |

**Exhibit B**
**Core/2002 Service List**
**Served via First Class Mail**

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip |
|---|---|---|---|---|---|---|---|
| ıti Hart LLP | Christopher H. Hart, Gregory C. Nuti, Kevin W. Coleman | 6232 La Salle Ave, Suite D | | | Oakland | CA | 94611 |
| wens & Ross | Dustin E. Owens | 1118 6th Street | | | Eureka | CA | 95501 |
| ərry, Jonson, Anderson, Miller & oskowitz, LLP | Isaac M. Gradman, Michael E. Tracht, Alexander A. Wiegel | 438 1st Street, 4th Floor | | | Santa Rosa | CA | 95401 |
| ‑IH Mortgage Services | | PO Box 5452 | | | Mount Laurel | NJ | 08054 |
| ɔppy Bank | | 438 First St | | | Santa Rosa | CA | 95401 |
| ɔnald Hodges | | 771 Oak Ln | | | Sonoma | CA | 95476 |
| ɔlect Portfolio Servicing, Inc. | | PO Box 65450 | | | Salt Lake City | UT | 84165-0450 |
| ərene Investments LLC | | 2625 Alcatraz Ave., Suite 513 | | | Berkely | CA | 94705 |
| ıellpoint Mortgage Servicing | | PO Box 650840 | | | Dallas | TX | 75265-0840 |
| ɔcotra Capital | | 2208 29th Street | Ste 100 | | Sacramento | CA | 95817 |
| ɔencer Fane LLP | Catherine Schlomann Robertson | 225 W. Santa Clara St., Suite 1500 | | | San Jose | CA | 95113 |
| ffany & Bosco | Chad L. Butler | 1455 Frazee Road, Suite 820 | | | San Diego | CA | 92108 |
| m and Patty Thomas | | 215 Creekside St | | | Cloverdale | CA | 95425 |
| i Counties Bank | | PO Box 909 | | | Chico | CA | 95927 |
| i Counties Bank, Legal Department | Mark H. Atkins, Bruce L. Belton, Martha Evensen Opich | Post Office Box 992570 | | | Redding | CA | 96099-2570 |
| nbriac & Tubley Family Trust | Mae Umbriac & Andrew Tubley | 1500 First Street, Suite 200 | | | Napa | CA | 94559 |
| npqua Bank | | PO Box 1580 | | | Roseburg | OR | 97470-0367 |
| rginia Ghilarducci Trustee | | 19130 Ola Court | | | Sonoma | CA | 95476 |
| ells Fargo Home Mortgage | Attn: Credit Bureau Disputes | Home Mortgage | PO Box 10335 | | Des Moines | IA | 50306 |
| ells Fargo Wholesale Lockbox | | PO Box 60253 | | | Charlotte | NC | 28260-0253 |
| Tito Sasaki, Trustee & Janet L. ısaki, Trustee & Visio International, c. | | PO BOX 200 | | | VINEBURG | CA | 95487 |

# BANKR. EXHIBIT M

LMPM Three-Day Notice to Pay Rent or Quit, July 8, 2024 ($3,100)

From: LEFEVER MATTSON PROPERTY MANAGEMENT
6359 Auburn Blvd., Ste. B
Citrus Heights, CA 95621

# THREE-DAY NOTICE TO PAY RENT OR QUIT

To: **Major Mott III**
**Ericka Cooper and any others at:**
5703 Orange Avenue
Sacramento, CA 95823

Subject Premises: ***5703 Orange Avenue, Sacramento, CA 95823.***

**NOTICE IS HEREBY GIVEN** that pursuant to the agreement by which you hold possession of the premises described above, there is now **$3100.00** due and unpaid rent owing for the subject premises.

**WITHIN THREE DAYS** after the service upon you of this notice, you are required to pay said rent in full, or you are required to deliver up possession of the premises. Otherwise, your Landlord elects to declare your tenancy forfeited, and legal proceedings can be commenced against you to recover possession of the premises at any time after the expiration of the three day period. Such proceeding could result in a money judgment being entered against you for rent, damages for the detention of the premises and any other costs and disbursements of suit, including attorney's fees, as may be provided by your tenancy agreement or allowed by applicable law. Such proceedings also could create a "public record" which you might later find to be embarrassing. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations [Civil Code, section 1785.26].

You are required to pay the amount demanded in full by mail or personal delivery, or to deliver up possession of the premises to the Landlord or Landlord's legal representative, **LeFever Mattson Property Management**, as follows:

**6359 Auburn Blvd., Ste. B, Citrus Heights, CA 95621 916-723-5111**
**Payments may be made Monday through Friday 8:30 am to 5:00 pm**

****Please Note:** Rent must be payable to **LeFever Mattson Property Management**. If the Person Authorized to Receive Rent stated above should be absent or otherwise unavailable at said business address, then you may deliver the rent payment to any of your Landlord's other management or office personnel present there, or you may place it in any receptacle which your Landlord has designated for the receipt of rent payment; provided, however, that the rent payment must be actually, physically received within three days after the service of this notice in order to be properly and timely tendered.

Any agreement to accept payment past the three day period or to delay proceeding on enforcement of the Three Day Notice shall not constitute waiver, withdrawal or rescinding of the Three Day Notice. This notice supersedes any previously issued Three Day Notice to Pay Rent or Quit.

DATED: 7/8/24 ____________ [signature] ____________
(Signature of Notice Preparer)

**Proof of Service**

I, the undersigned, being at least 18 years of age, declare under penalty of perjury that I served the Three-Day Notice to Pay Rent or Quit, of which the above is a true copy, as follows:

☐ On ____________________, 2024, I personally served the notice to the Tenant(s)

☐ I handed the notice to a person of suitable age and discretion at the subject premises and mailed a copy to the Tenant(s) at the subject premises ____________________, 2024.

☐ I posted the notice in a conspicuous place on the subject premises and mailed a copy to the Tenant(s) at the subj premises on ____________________, 2024.

____________________________
(Signature of Notice Server)

# BANKR. EXHIBIT N

Certified Grant Deed recorded May 19, 2026, Doc. No. 2026-0519-0008, with Bradley D. Sharp signature page

JUL 0 9 2026

THIS IS A TRUE CERTIFIED COPY OF THE RECORD
IF IT BEARS THE SEAL, IMPRINTED IN PURPLE INK,
OF THE COUNTY OF SACRAMENTO

BY ______ DEPUTY
COUNTY CLERK/RECORDER
SACRAMENTO COUNTY, CALIFORNIA

COUNTY OF SACRAMENTO
CALIFORNIA

## GRANT DEED
(continued)

**APN/Parcel ID(s):** 050-0411-002-0000

Dated: May 12, 2026

IN WITNESS WHEREOF, the undersigned have executed this document on the date(s) set forth below.

LeFever Mattson, Inc. a California corporation, Consolidated Debtor

BY: ______________________

Bradley D. Sharp Chief Restructuring Officer

for Charlene M. Hultman, as Surviving Trustee of The Hultman 2001 Family Trust dated May 3, 2001

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of Los Angeles

On May 13, 2026 before me, Roberta L. Aranda, Notary Public,
(here insert name and title of the officer)

personally appeared Bradley D. Sharp,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

______________________
Signature

ROBERTA L. ARANDA
Notary Public - California
Los Angeles County
Commission # 2521076
My Comm. Expires Jun 15, 2029

# EXHIBIT "A"

Legal Description

**For APN/Parcel ID(s): 050-0411-002-0000**

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE UNINCORPORATED AREA IN THE COUNTY OF SACRAMENTO, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

LOT 24 OF BELLA PARKWAY, ACCORDING TO THE OFFICIAL PLAT THEREOF, IN THE COUNTY OF SACRAMENTO, STATE OF CALIFORNIA, FILED IN THE OFFICE OF THE RECORDER OF SACRAMENTO COUNTY, CALIFORNIA, ON NOVEMBER 30, 1962, IN BOOK 70, MAP NO. 5 OF MAPS.

EXCEPTING THEREFROM ALL WATER, WATER RIGHTS, OIL, OIL RIGHTS, MINERALS, MINERAL RIGHTS, NATURAL GAS RIGHTS AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN THAT MAY BE BELOW A DEPTH OF 500 FEET FROM THE SURFACE OF THE LAND HEREIN ABOVE DESCRIBED, WITHOUT, HOWEVER, THE RIGHT EVER TO DRILL, DIG, OR MINE THROUGH THE SURFACE OF SAID LAND THEREFORE OR OTHERWISE, AS RESERVED IN THE DEED EXECUTED BY JOHN LEE AND ROSA LEE, HUSBAND AND WIFE, AS JOINT TENANTS, TO THE STATE OF CALIFORNIA, DATED FEBRUARY 4, 1954, RECORDED MARCH 24, 1954, IN BOOK 2573, PAGE 147, OFFICIAL RECORDS.

**PLOTTED EASEMENT MAP**

**Sacramento County**
**Office of the Assessor**
Christina Wynn, Assessor
Jarret Stedifor, Assistant Assessor

**Property Transfer Section**
3636 American River Drive, Suite 200
Sacramento, CA 95864-5952
https://assessor.saccounty.gov
(916) 875-0750
assessor@saccounty.gov

July 09, 2026

LEFEVER MATTSON INC

333 SOUTH GRAND AVE. STE 4100
LOS ANGELES, CA 90071

Re: Parcel Number(s): 050-0411-002-0000
Recording Book/Page: 20260519/0008

## NOTICE OF INCORRECT OR MISSING DEED INFORMATION

We are unable to process the above referenced document for the reason listed below.

Grantor(s) name does not match the name(s) contained in our records. Our records indicate the owner of this property to be:

MELICK KRISTINA
LEFEVER MATTSON

The documents need to be corrected and re-recorded with the Sacramento County Recorder's Office. The Sacramento County Recorder may be contacted at (916) 874-6334 or at 3636 American River Drive, Suite 110, Sacramento, CA.
You may want to contact your title company to record the correct information for you.

If you have any questions, please contact our Property Transfer Section at (916) 875-0750. Telephone hours are 9 A.M. to 4 P.M., Monday through Friday. You may also visit our office at the address listed in the upper right corner of this letter. Our office hours are from 8 A.M. to 5 P.M.

Notice_of_Insufficient_or_Erroneous_Info_ver5.rpt

Sacramento County
Donna Allred, Clerk/Recorder
Doc # 202407240473
7/24/2024 12:40:31 PM
JBH
Titles 1
Pages 3

| | |
|---|---|
| Fees | $20.00 |
| Taxes | $178.20 |
| PCOR | $0.00 |
| Paid | $198.20 |

**RECORDING REQUESTED BY:**
LeFever Mattson
6359 Auburn Blvd. Ste. B
Citrus Heights, CA 95621

**When Recorded Mail Document To:**
LeFever Mattson
6359 Auburn Blvd. Ste. B
Citrus Heights, CA 95621

Property Address: 5701/5703 Orange Ave., Sacramento, CA 95823

SPACE ABOVE THIS LINE FOR RECORDER'S USE

APN/Parcel ID(s): Portion of 051-0411-002

# GRANT DEED

**The undersigned grantor(s) declare(s)**

☐ This transfer is exempt from the documentary transfer tax.
☒ **The documentary transfer tax is $** 178.20 and is computed on:
☐ the full value of the interest or property conveyed.
☒ the full value less the liens or encumbrances remaining thereon at the time of sale.
The property is located in **Unincorporated area**

**FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,**
LeFever Mattson, a California corporation

**hereby GRANT(S) to** Kristina Melick, as to an undivided 50% interest

**the following described real property in the** Unincorporated area, County of Sacramento, State of California:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

Dated:

IN WITNESS WHEREOF, the undersigned have executed this document on the date(s) set forth below.

LeFever Mattson

BY: ______________________
Timothy LeFever, President

**MAIL TAX STATEMENTS AS DIRECTED ABOVE**

SACRAMENTO COUNTY

0500411002

Parcel Details | Layers | Measure | Search Results | Select Features | Aerial Imagery

| | |
|---|---|
| Situs Address | 5701 ORANGE AVE |
| Postal City/Zip | SACRAMENTO 95823 |
| Jurisdiction | UNINCORPORATED |
| Assessor Roll Status | **ACTIVE - Pending on the Assessment Roll until 7/1/2027** - *See TAX PARCEL HISTORY for more details* |
| Parcel Type | LND |

PARCEL ADDRESSES

OWNER INFORMATION

| | |
|---|---|
| Owner | MELICK, KRISTINA<br>LEFEVER MATTSON (GRANTOR) |
| Care Of | LEFEVER MATTSON |
| Mailing Address | 6359 AUBURN BLVD STE B<br>CITRUS HEIGHTS, CA 95621 |
| Recorded Document | 20240724-473 |
| Document Type | GRANT DEED/CORP. DEED/GIFT DEED/JNT TEN DEED |
| Event Date | 2024-07-24 |
| Owner Code | 00-TAXABLE PROPERTY |
| Documentary Transfer Tax | Full - $178.2 |
| Estimated Sales Price | $162,000 |
| **About this data** | Data Field Descriptions |

OWNER HISTORY

10 entries per page

| Recorded Doc | Document Type | Event Date | Owners | Owner Address |
|---|---|---|---|---|
| 20240724-473 | GRANT DEED/CORP. DEED/GIFT DEED/JNT TEN DEED | 2024-07-24 | MELICK, KRISTINA LEFEVER MATTSON (GRANTOR) | 6359 AUBURN BLVD STE B CITRUS HEIGHTS, CA 95621 |
| 20211229-1787 | GRANT DEED/CORP. | 2021-12-29 | LEFEVER MATTSON | 6359 AUBURN BLVD |

# BANKR. EXHIBIT O

Photographs — Unit 5703 after the lockout (August 2026)







# BANKR. EXHIBIT P

Sacramento County Assessor notice, July 9, 2026 (change in ownership unable to be processed)

**Sacramento County**
**Office of the Assessor**
Christina Wynn, Assessor
Jarret Stedifor, Assistant Assessor

**Property Transfer Section**
3636 American River Drive, Suite 200
Sacramento, CA 95864-5952
https://assessor.saccounty.gov
(916) 875-0750
assessor@saccounty.gov

July 09, 2026

LEFEVER MATTSON INC

333 SOUTH GRAND AVE. STE 4100
LOS ANGELES, CA 90071

Re: Parcel Number(s): 050-0411-002-0000
Recording Book/Page: 20260519/0008

**NOTICE OF INCORRECT OR MISSING DEED INFORMATION**

We are unable to process the above referenced document for the reason listed below.

Grantor(s) name does not match the name(s) contained in our records. Our records indicate the owner of this property to be:

MELICK KRISTINA
LEFEVER MATTSON

The documents need to be corrected and re-recorded with the Sacramento County Recorder's Office. The Sacramento County Recorder may be contacted at (916) 874-6334 or at 3636 American River Drive, Suite 110, Sacramento, CA.
You may want to contact your title company to record the correct information for you.

If you have any questions, please contact our Property Transfer Section at (916) 875-0750. Telephone hours are 9 A.M. to 4 P.M., Monday through Friday. You may also visit our office at the address listed in the upper right corner of this letter. Our office hours are from 8 A.M. to 5 P.M.

Notice_of_Insufficient_or_Erroneous_Info_ver5.rpt

# BANKR. EXHIBIT Q

Judgment — Unlawful Detainer (UD-110), February 23, 2026

ATTORNEY OR PARTY WITHOUT ATTORNEY *(name, state bar number, and address)*:
Pamela C. Jackson, Esq. SBN 87502
Pamela C. Jackson, Inc.
409 Boyd Street
Vacaville, CA 95688
TELEPHONE NO.: (707) 446-2333 FAX NO. *(optional)*: (707) 446-2393
E-MAIL ADDRESS: jackson@pcjlawinc.com
ATTORNEY FOR *(name)*: Plaintiff

FOR COURT USE ONLY

**FILED**
Superior Court of California
County of Sacramento
02/23/2026
H. Singh, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 301 Bicentennial Circle
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, CA 95826
BRANCH NAME: Carol Miller Justice Center

PLAINTIFF: LEFEVR MATTSON PROPERTY MANAGEMENT

DEFENDANT: MAJOR MOTT III et al

**JUDGMENT—UNLAWFUL DETAINER**

☑ By Clerk ☑ By Default ☐ After Court Trial
☐ By Court ☑ Possession Only ☐ Defendant Did Not Appear at Trial

CASE NUMBER: 25UD006079

**JUDGMENT**

1. ☑ **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. ☑ **Clerk's Judgment** (Code Civ. Proc., § 1169). For possession only of the premises described on page 2 (item 4).
   e. ☐ **Court Judgment** (Code Civ. Proc., § 585(b)). The court considered
      (1) ☐ plaintiff's testimony and other evidence.
      (2) ☐ plaintiff's or others' written declaration and evidence (Code Civ. Proc., § 585(d)).

2. ☐ **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on *(date and time)*:

      before *(name of judicial officer)*:
   b. Appearances by:

      ☐ plaintiff *(name each)*:

      ☐ plaintiff's attorney *(name each)*:
      (1)
      (2)

      ☐ Continued on *Attachment* 2b (form MC-025).

      ☐ defendant *(name each)*:

      ☐ defendant's attorney *(name each)*:
      (1)
      (2)

      ☐ Continued on *Attachment* 2b (form MC-025).
   c. ☐ Defendant did not appear at trial. Defendant was properly served with notice of trial.
   d. ☐ A statement of decision (Code Civ. Proc., § 632) ☐ was not ☐ was requested.



Form Approved for Optional Use
Judicial Council of California
UD-110 [Rev. January 1, 2024]
CEB | Essential Forms
ceb.com



Code of Civil Procedure, §§ 415.46, 585(d), 664.6, 1169

LeFever/Orange 25E478
PRT-Cooper 0079

| PLAINTIFF: LEFEVR MATTSON PROPERTY MANAGEMENT<br>DEFENDANT: MAJOR MOTT III et al | CASE NUMBER:<br>25UD006079 |
|---|---|

**JUDGMENT IS ENTERED AS FOLLOWS BY:** ☐ THE COURT ☑ THE CLERK

3. **Parties.** Judgment is
   a. ☑ for plaintiff *(name each)*: LEFEVR MATTSON PROPERTY MANAGEMENT

      and against defendant *(name each)*: MAJOR MOTT III, ERICA COOPER

      ☐ Continued on *Attachment* 3a (form MC-025).
   b. ☐ for defendant *(name each)*:

4. The party entitled to possession of the premises located at *(street address, apartment, city, and county)*:
5703 Orange Avenue
Sacramento CA 95823 Sacramento is
☑ plaintiff named in item 3a ☐ defendant named in item 3b ☐ defendant listed on attached form UD-110P in item 8b1 (Code Civ. Proc., § 1174.27).

5. ☑ Judgment applies to all occupants of the premises including tenants, subtenants if any, and named claimants if any (Code Civ. Proc., §§ 715.010, 1169, and 1174.3).

6. ☐ **Amount and terms of judgment**
   a. ☐ Defendant named in item 3a above must pay plaintiff on the complaint:

| | |
|---|---|
| (1) ☐ Past-due rent | $ |
| (2) ☐ Holdover damages | $ |
| (3) ☐ Attorney fees | $ |
| (4) ☐ Costs | $ |
| (5) ☐ Other *(specify)*: | $ |
| (6) **TOTAL JUDGMENT** | $ 0.00 |

   b. ☐ Plaintiff is to receive nothing from defendant named in item 3b.
      ☐ Defendant named in item 3b is to recover costs: $
      ☐ and attorney fees: $
   c. ☐ The rental agreement is canceled. ☐ The lease is forfeited.

7. ☐ **Conditional judgment.** Plaintiff has breached the agreement to provide habitable premises to defendant as stated in *Judgment—Unlawful Detainer Habitable Premises Attachment* (form UD-110H), which is attached.

8. ☐ **Judgment for partial eviction.** A partial eviction is issued as stated in *Judgment—Unlawful Detainer Partial Eviction Attachment* (form UD-110P), which is attached.

9. ☐ **Other** *(specify)*:

   ☐ Continued on *Attachment 9* (form MC-025).

Date: ☐ ______________________ JUDICIAL OFFICER

Date: FEB 2 3 2026 ☑ Clerk, by [signature] Kelly Sullivan, Deputy

(SEAL)

**CLERK'S CERTIFICATE** *(Optional)*

I certify that this is a true copy of the original judgment on file in the court.

Date:

Clerk, by ______________________, Deputy



CEB | Essential Forms
ceb.com

LeFever/Orange 25E478
PRT-Cooper 0080

# BANKR. EXHIBIT R

Returned, unnegotiated payment instruments ($635.00; $500.00) and court delivery documentation

Notice to Purchaser - In the event that this check is lost, misplaced or stolen, a sworn statement and 90-day waiting period will be required prior to replacement. This check should be negotiated within 90 days.

Cashier's Check - Customer Copy

No. 6220804974

Void After 90 Days 91-170/1221 Date 04/18/26 01:31:58 PM

NCA

FLORIN CENTER

736 0000905 074

Pay BANK OF AMERICA SIX 6 THREE 3 FIVE 5 ZERO 0 ZERO 0 **$635.00**

**Six Hundred Thirty Five and 00/100 Dollars**

To The Order Of LE FEVER MATTSON PROPERTY MANAGEMENT

RECEIVED APR 20 2026

Not-Negotiable
Customer Copy
Retain for your Records

[redacted]717

Remitter (Purchased By): URSULA H WAGNER

Bank of America, N.A.
PHOENIX,AZ

SCU TRIAGE WINDOW TIME: 9:59

00-53-3364B 06-2019

COMPLETE ONE "DROP-OFF" SHEET FOR EACH TYPE OF DOCUMENT/ FILING

DATE/TIME STAMP HERE: COURT USE ONLY

RECEIVED
MAY - 4 2026
SCUD TRIAGE WINDOW
BY: EPa TIME: 2:22pm

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SACRAMENTO

301 BICENTENNIAL CIRCLE SUITE 200
SACRAMENTO, CA 95826

Place an "X" next to the choice of how you want your filing returned to you.

☐ I WILL SUBSCRIBE TO MY CASE ONLINE: https://www.saccourt.ca.gov/indexes/new-portal-info.aspx

☐ HOLD IN ALPHA FILE FOR PICKUP:

☐ SEND VIA U.S. MAIL:

☐ IF DOCUMENT(S) REJECTED RETURN TO:

Submitted By (Your Name): Erica cooper (First M.I. Last) Phone Number: 916-585-1060

Comp... the ... ubmitting. Using ... to the clerk at ... unfiled.

THIS DOCUMENT CONTAINS A TRUE WATERMARK - HOLD UP TO LIGHT TO VIEW
Western Union
WESTERN UNION FINANCIAL SERVICES, INC. - ISSUER - Denver, Colorado
MONEY ORDER

25UD006079

19-830855806

A 735437 D 050426
T 1300 05
198308558062 L 020822

$509.00
[redacted]

PAY EXACTLY FIVE HUNDRED NINE DOLLARS AND NO CENTS

PAY TO THE ORDER OF LEFEVER MATTSON Property Management

PAYMENT FOR/ACCOUNT NO.

5703 Orange ave

PURCHASER'S ADDRESS

PURCHASER'S SIGNATURE

MOBILE DEPOSIT PROHIBITED

⑆102100400⑆ [redacted] 806 2⑈

| | |
|---|---|
| ...Only: | D |
| ...Writ): | DJW |
| ...ssue: | DA |
| ...Issue: | AI |
| ...ssion: | W |
| ...Costs: | WM |
| ...t al.): | REQ |
| ...esets: | SCR |
| ...ents: | SAT |
| ...ients: | REN |

Miscellaneous/Other (Please Provide Title):

COURT USE ONLY

| | Date Submitted To Court | Document Type | Case Name or Number | Payment Type |
|---|---|---|---|---|
| 1 | — | — | Stay Payment | — |
| 2 | | | | |
| 3 | | | 25UD006079 | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |

DO NOT LIST MORE THAN 7 ITEMS PER SUBMITTAL SHEET DO NOT LIST MORE THAN 7 ITEMS PER SUBMITTAL SHEET

Rev 5/09/24

USE YELLOW HIGHLIGHTER ONLY USE YELLOW HIGHLIGHTER ONLY

# BANKR. EXHIBIT S

First Amended Complaint, Unlawful Detainer (UD-100) — caption, prayer, verification

| ATTORNEY OR PARTY WITHOUT ATTORNEY | FOR COURT USE ONLY |
| --- | --- |
| NAME: Pamela C. Jackson, Esq. SBN 87502<br>FIRM NAME: Pamela C. Jackson, Inc.<br>STREET ADDRESS: 409 Boyd Street<br>CITY: Vacaville STATE: CA ZIP CODE: 95688<br>TELEPHONE NO.: (707) 446-2333 FAX NO.: (707) 446-2393<br>EMAIL ADDRESS: jackson@pcjlawinc.com<br>ATTORNEY FOR (name): Plaintiff | ELECTRONICALLY FILED<br>Superior Court of California<br>County of Sacramento<br>10/27/2025<br>By: H. Singh Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento<br>STREET ADDRESS: 301 Bicentennial Circle<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Sacramento, CA 95826<br>BRANCH NAME: Carol Miller Justice Center | |
| PLAINTIFF: LEFEVR MATTSON PROPERTY MANAGEMENT<br>DEFENDANT: MAJOR MOTT III, ERICA COOPER<br>☑ DOES 1 TO 10, inclusive | |
| COMPLAINT—UNLAWFUL DETAINER*<br>☑ COMPLAINT ☐ AMENDED COMPLAINT (Amendment Number): | CASE NUMBER:<br>25UD006079 |

Jurisdiction *(check all that apply):*

☑ ACTION IS A LIMITED CIVIL CASE (amount demanded does not exceed $35,000)

Amount demanded ☐ does not exceed $10,000
☑ exceeds $10,000

☐ ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $35,000)

☐ ACTION IS RECLASSIFIED by this amended complaint or cross-complaint *(check all that apply):*

☐ from unlawful detainer to general unlimited civil (possession not in issue). ☐ from limited to unlimited.
☐ from unlawful detainer to general limited civil (possession not in issue). ☐ from unlimited to limited.

1. *PLAINTIFF (name each):*
LEFEVR MATTSON PROPERTY MANAGEMENT

*alleges causes of action against DEFENDANT (name each):*
MAJOR MOTT III, ERICA COOPER

2. a. Plaintiff is (1) ☐ an individual over the age of 18 years. (4) ☐ a partnership. limited
(2) ☐ a public agency. (5) ☑ a corporation.
(3) ☐ other *(specify):*

b. ☐ Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify):*

3. a. *The venue is the court named above because defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):*
5703 Orange Avenue
Carmichael CA 95608
Sacramento

b. The premises in 3a are *(check one)*

(1) ☑ within the city limits of *(name of city):* Sacramento

(2) ☐ within the unincorporated area of *(name of county):*

c. The premises in 3a were constructed in *(approximate year):*

4. Plaintiff's interest in the premises is ☑ as owner ☐ other *(specify):*

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

*NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).



Form Approved for Optional Use
Judicial Council of California
UD-100 [Rev. January 1, 2024]

COMPLAINT — UNLAWFUL DETAINER

Civil Code, § 1940 et seq.
Code of Civil Procedure, §§ 425.12, 1166
www.courts.ca.gov

CEB ceb.com Essential Forms

LeFever/Orange 25E478

| PLAINTIFF: LEFEVR MATTSON PROPERTY MANAGEMENT<br>DEFENDANT: MAJOR MOTT III et al | CASE NUMBER: |
|---|---|

19. PLAINTIFF REQUESTS
   a. possession of the premises.
   b. costs incurred in this proceeding:
   c. ☑ past-due rent of $ 15,240.00
   d. ☑ reasonable attorney fees.
   e. ☑ forfeiture of the agreement.
   f. ☐ damages in the amount of waived rent or relocation assistance as stated in item 8: $
   g. ☑ damages at the rate stated in item 13 from *date:* 11/1/2025 for each day that defendants remain in possession through entry of judgment.
   h. ☐ statutory damages up to $600 for the conduct alleged in item 14.
   i. ☑ other *(specify):* Such other an further relief as the court may deem proper

20. ☑ Number of pages attached *(specify):* 4

**UNLAWFUL DETAINER ASSISTANT** (Bus. & Prof. Code, §§ 6400–6415)

21. ☑ *(Complete in all cases.)* An unlawful detainer assistant ☑ did not ☐ did for compensation give advice or assistance with this form. (*If declarant has received any help or advice for pay from an unlawful detainer assistant, complete a–f.)*
   a. Assistant's name:
   b. Street address, city, and zip code:
   c. Telephone no.:
   d. County of registration:
   e. Registration no.:
   f. Expires on *(date):*

Date: October 23, 2025

Pamela C. Jackson, Esq. ▶ /s/ Pamela C. Jackson
(TYPE OR PRINT NAME) (SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ see attached verification
(TYPE OR PRINT NAME) (SIGNATURE OF PLAINTIFF)

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF Solano

I have read the foregoing Complaint - Unlawful Detainer - First Amended

and know its contents.

☐ CHECK APPLICABLE PARAGRAPHS

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am ☐ an Officer ☐ a partner
☐ a of ,
a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.
☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true ☐ The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☑ I am one of the attorneys for Plaintiff ,
a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.
Executed on November 3, 2025 , at Vacaville , California.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Pamela C. Jackson, Esq. — TYPE OR PRINT NAME

/s/ Pamela C. Jackson — SIGNATURE

## PROOF OF SERVICE

1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF

I am employed in the county of , State of California.
I am over the age of 18 and not a party to the within action; my business address is:

On , I served the foregoing document described as

on in this action
☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ BY MAIL
☐ *I deposited such envelope in the mail at , California.
The envelope was mailed with postage thereon fully prepaid.
☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
Executed on at , California.
☐ **(BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.
Executed on at , California.
☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☐ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

TYPE OR PRINT NAME — SIGNATURE

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)

**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

# BANKR. EXHIBIT T

Debtor's Schedule G, Bankr. Dkt. 292, p. 32 ("Home Tax Service of America, Inc. dba LeFever Mattson Property Management")

**In re: LeFever Mattson, a California corporation**
**Case No. 24-10545**
Schedule G
Executory Contracts and Unexpired Leases

| Line | Name of other parties with whom the debtor has an executory contract or unexpired lease | Address 1 | Address 2 | City | State | Zip | State what the contract or lease is for and the nature of the debtor's interest | State the term remaining, in days | List the contract number of any government contract |
|---|---|---|---|---|---|---|---|---|---|
| 2.1 | Adnan Kussair | Address on file | | | | | Residential Lease, Lessor | month-to-month | |
| 2.2 | Alejandro Castillo | Address on file | | | | | Residential Lease, Lessor | month-to-month | |
| 2.3 | Alicia Lopez | Address on file | | | | | Residential Lease, Lessor | month-to-month | |
| 2.4 | Angela Washington | Address on file | | | | | Residential Lease, Lessor | month-to-month | |
| 2.5 | Auerbach Engineering Corporation | PO Box 5399 | | Tahoe City | CA | 96145 | Architecture & Engineering, Customer | month-to-month | |
| 2.6 | Brandon Granillo | Address on file | | | | | Residential Lease, Lessor | month-to-month | |
| 2.7 | David Currier | Address on file | | | | | Residential Lease, Lessor | month-to-month | |
| 2.8 | Elizabeth Williams | Address on file | | | | | Residential Lease, Lessor | month-to-month | |
| 2.9 | Extra Space Storage | 6230 Auburn Blvd | Unit 1209 | Citrus Heights | CA | 95621 | Storage Unit, Lessee | month-to-month | |
| 2.10 | GL Anderson Insurance Services | 193 Blue Ravine Rd. | #210 | Folsom | CA | 95630 | Insurance - Property, Policyholder | month-to-month | |
| 2.11 | Great American Financial Services | PO Box 660831 | | Dallas | TX | 75266-0831 | Copier Lease, Lessee | 10/25/2029 | |
| 2.12 | Harry Ault | Address on file | | | | | Residential Lease, Lessor | 09/30/25 | |
| 2.13 | Hartford Fire Ins | P.O. Box 660916 | | Dallas | TX | 75266-0916 | Insurance - Other, Policyholder | month-to-month | |
| 2.14 | Home Tax Service of America, Inc. dba LeFever Mattson Property Management | 6359 Auburn Blvd. | | Citrus Heights | CA | 95621 | Residential Property Management Agreement, Agent | auto-renewal | |
| 2.15 | Home Tax Service of America, Inc. dba LeFever Mattson Property Management | 6359 Auburn Blvd. | | Citrus Heights | CA | 95621 | 6359 Auburn Blvd. Lease | month-to-month | |
| 2.16 | Israel Rojas Landscaping | PO BOX 1084 | | Boyes Hot Springs | CA | 95416 | Repairs & Maintenance - Landscape, Customer | month-to-month | |
| 2.17 | Jacob Knight | Address on file | | | | | Residential Lease, Lessor | month-to-month | |
| 2.18 | Jason Powers | Address on file | | | | | Residential Lease, Lessor | 06/30/25 | |
| 2.19 | JMP Business Systems, Inc. | | | Tulsa | OK | 74121-1228 | Postage Meter Lease, Lessee | 1/23/2025 | |
| 2.20 | Kathleen L. Hamlin, Trustee of the Kathleen Hamlin Living Trust dated July 2, 2008 | 1000 Monique Way | | Dixon | CA | 95620 | Unsecured Note Payable, Borrower | due upon 60 days notice | |
| 2.21 | Letofia Paopao | Address on file | | | | | Residential Lease, Lessor | month-to-month | |
| 2.22 | Liberty Mutual Insurance | PO Box 88766 | | Chicago | IL | 60680-1766 | Insurance - Property, Policyholder | month-to-month | |
| 2.23 | Lopez Landscaping | Address on file | | | | 95821 | Repairs & Maintenance - Landscape, Customer | month-to-month | |
| 2.24 | Lovell Sabathia | Address on file | | | | | Residential Lease, Lessor | month-to-month | |
| 2.25 | Lyly Tu | Address on file | | | | | Residential Lease, Lessor | month-to-month | |
| 2.26 | Major Mott Iii | Address on file | | | | | Residential Lease, Lessor | month-to-month | |
| 2.27 | McGowan Trustee of the Lorraine Margaret Orlich Trust dated 9/26/03 | 10 Royale Avenue | Unit #22 | Lakeport | CA | 95453 | Unsecured Note Payable, Borrower | 11/15/2026 | |
| 2.28 | MWA, Inc Architecture - Engineering | 11165 Brockway Rd | Suite 1 | Truckee | CA | 96161 | Architecture & Engineering, Customer | month-to-month | |
| 2.29 | Paragon Pest Control | PO Box 520 | | Tahoe Vista | CA | 96148 | Pest Control, Customer | month-to-month | |
| 2.30 | Parish Termite & Pest Management, Inc. | PO Box 1467 | | Citrus Heights | CA | 95611-1467 | Pest Control, Customer | month-to-month | |
| 2.31 | PDF Designs Inc | 34522 N Scottsdale Rd Ste 12-510 | | Scottsdale | AZ | 85266 | Architecture & Engineering, Customer | month-to-month | |
| 2.32 | Quality Built, LLC | 633 S Andrews Ave Ste 204 | | Ft Lauderdale | FL | 33301 | Architecture & Engineering, Customer | month-to-month | |
| 2.33 | Reco Pest Control | P.O. Box 2847 | | Vacaville | CA | 95696-2847 | Pest Control, Customer | month-to-month | |
| 2.34 | Sherman Family Living Trust dtd 3/13/00 | 8501 Bishop Creek Circle | | Roseville | CA | 95661 | Unsecured Note Payable, Borrower | 12/29/2027 | |
| 2.35 | Smile Business Products, Inc. | 4525 Auburn Blvd | | Sacramento | CA | 95841 | Copier Lease, Lessee | 12/10/2028 | |
| 2.36 | State Farm Insurance | 3338 N. Texas Street #D | | Fairfield | CA | 94533 | Insurance - Other, Policyholder | month-to-month | |
| 2.37 | State Farm Insurance | 5246 Pirrone Ct Ste D | | Salida | CA | 95368-9092 | Insurance - Property, Policyholder | month-to-month | |
| 2.38 | State Farm Insurance | 3338 N. Texas Street #D | | Fairfield | CA | 94533 | Insurance - Property, Policyholder | month-to-month | |
| 2.39 | The Hartford Insurance Company | PO Box 660916 | | Dallas | TX | 75266-0916 | Insurance - Other, Policyholder | month-to-month | |

# BANKR. EXHIBIT U

Debtor's Schedules, Bankr. Dkt. 292, p. 25 (Schedule A/B — 5701/5703 Orange Avenue, fifty-percent ownership, $275,000) and p. 30 (Schedule E/F, line 2.8 — $512.50 security deposit, "Major Mott III, Ericka Cooper")

**In re: LeFever Mattson, a California corporation**
**Case No. 24-10545**
Schedule A/B 55
Real property

| Description of property | Location of property | Nature and extent of debtor's interest in property | Net book value of debtor's interest (where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|---|
| 10306 Badger Lane | Residential | 100% owner | $0.00 | Estimated Market Value | $1,800,000.00 |
| 10308 Badger Lane | Residential | 100% owner | $0.00 | Estimated Market Value | $1,875,000.00 |
| 10326 Badger Lane | Residential | 100% owner | $0.00 | Estimated Market Value | $1,900,000.00 |
| 10328 Badger Lane | Residential | 100% owner | $0.00 | Estimated Market Value | $1,850,000.00 |
| 10334 Badger Lane | Residential | 100% owner | $0.00 | Estimated Market Value | $1,850,000.00 |
| 10336 Badger Lane | Residential | 100% owner | $0.00 | Estimated Market Value | $1,860,000.00 |
| 10342 Badger Lane | Residential | 100% owner | $0.00 | Estimated Market Value | $1,875,000.00 |
| 10344 Badger Lane | Residential | 100% owner | $0.00 | Estimated Market Value | $1,850,000.00 |
| 10393 Badger Lane | Residential | 100% owner | $0.00 | Estimated Market Value | $1,875,000.00 |
| 10395 Badger Lane | Residential | 100% owner | $0.00 | Estimated Market Value | $1,850,000.00 |
| 107 Quail Court | Residential | 100% owner | $0.00 | Estimated Market Value | $1,800,000.00 |
| 109 Quail Court | Residential | 100% owner | $0.00 | Estimated Market Value | $1,790,000.00 |
| 110 Fordham Circle | Single Family Residence | 100% owner | $475,000.00 | Acquisition Value | $475,000.00 |
| 1130 Pear Tree Lane | Single Family Residence | 100% owner | $550,000.00 | Acquisition Value | $550,000.00 |
| 1173 Araquipa Court | Single Family Residence | 100% owner | $550,000.00 | Acquisition Value | $550,000.00 |
| 1191 Araquipa Court | Single Family Residence | 100% owner | $0.00 | Comparable Properties | $550,000.00 |
| 157 James River Road | Single Family Residence | 100% owner | $650,000.00 | Acquisition Value | $650,000.00 |
| 1864 Quail Meadows Circle | Single Family Residence | 100% owner | $500,000.00 | Acquisition Value | $500,000.00 |
| 258 Lorraine Blvd. | Single Family Residence | 100% owner | $710,000.00 | Acquisition Value | $710,000.00 |
| 450 West Spain | Inn & Event Space | 23% owner | $3,850,000.00 | Acquisition Value | $3,850,000.00 |
| 4920 Samo Lane | Single Family Residence | 100% owner | $0.00 | Online Market Estimate | $800,000.00 |
| 533 Bella Vista Drive | Single Family Residence | 100% owner | $550,000.00 | Acquisition Value | $550,000.00 |
| 5601 Walnut Avenue #4 | Townhouse | 100% owner | $350,000.00 | Acquisition Value | $350,000.00 |
| 5701/5703 Orange Ave | Duplex | 50% owner | $0.00 | Comparable Properties | $275,000.00 |
| 6359 Auburn Blvd | Office | 33% owner | $297,000.00 | Acquisition Value | $297,000.00 |
| 830 Illinois Street #1-4 | Fouplex | 100% owner | $460,000.00 | Acquisition Value | $460,000.00 |
| Pinyon Creek II Homes (undeveloped parcels) | | 100% owner | $0.00 | | Unknown |
| | | TOTAL: | **$8,942,000.00** | TOTAL: | **$32,742,000.00** |

**In re: LeFever Mattson, a California corporation**
**Case No. 24-10545**
Schedule E/F, Part 1
Creditors Who Have PRIORITY Unsecured Claims

| Line | Priority Creditor's Name | Address 1 | Address 2 | City | State | Zip | Specify Code subsection: 11 § U.S.C. 507(a)(__) | Basis for claim | Subject to offset (Y/N) | Contingent | Unliquidated | Disputed | Total claim | Priority amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2.1 | Alejandro Castillo, Ma Del Rosario Montes | Address on File | | | | | 7 | Tenant Security Deposit | Y | | | | $875.00 | $875.00 |
| 2.2 | Angela Washington | Address on File | | | | | 7 | Tenant Security Deposit | Y | | | | $1,095.00 | $1,095.00 |
| 2.3 | Brandon Granillo | Address on File | | | | | 7 | Tenant Security Deposit | Y | | | | $3,110.00 | $3,110.00 |
| 2.4 | David Currier, Nina Currier | Address on File | | | | | 7 | Tenant Security Deposit | Y | | | | $2,840.00 | $2,840.00 |
| 2.5 | Letofia Paopao | Address on File | | | | | 7 | Tenant Security Deposit | Y | | | | $1,695.00 | $1,695.00 |
| 2.6 | Lovell Sabathia, Quinn Puebla Sabathia | Address on File | | | | | 7 | Tenant Security Deposit | Y | | | | $875.00 | $875.00 |
| 2.7 | Lyly Tu, Bien Nguyen | Address on File | | | | | 7 | Tenant Security Deposit | Y | | | | $1,495.00 | $1,495.00 |
| 2.8 | Major Mott III, Ericka Cooper | Address on File | | | | | 7 | Tenant Security Deposit | Y | | | | $512.50 | $512.50 |
| 2.9 | Tony Villarreal, Patty Kramer | Address on File | | | | | 7 | Tenant Security Deposit | Y | | | | $1,795.00 | $1,795.00 |
| 2.10 | Wanda Sumad, Mia Monee , Saadiq Cruz | Address on File | | | | | 7 | Tenant Security Deposit | Y | | | | $1,375.00 | $1,375.00 |
| | | | | | | | | | | | TOTAL: | | **$15,667.50** | **$15,667.50** |

# BANKR. EXHIBIT V

California Department of Real Estate license history printouts: Home Tax Service of America, Inc. broker license and fictitious business name "LeFever Mattson Property Management" (inactive December 1, 2024 – November 3, 2025); Tayler Bachart salesperson license (affiliation with Home Tax ended December 1, 2024)

# BANKR. EXHIBIT W

Letter of Gail S. Greenwood, Pachulski Stang Ziehl & Jones LLP, to Jacob Bolden and Amarra Mott, August 21, 2026 (Consolidated Debtor "includes Home Tax"; demand and sanctions threat); and Notice of Stay of Proceedings (CM-180) filed the same day in No. 26CV019064

PSZJ
PACHULSKI STANG ZIEHL & JONES

LOS ANGELES
10100 SANTA MONICA BLVD. 13TH FL.
LOS ANGELES, CALIFORNIA 90067-4003
310.277.6910

NEW YORK
1700 BROADWAY, 36TH FL.
NEW YORK, NEW YORK 10019
212.561.7700

WILMINGTON
919 NORTH MARKET STREET, 17TH FLOOR
P.O. BOX 8705
WILMINGTON, DELAWARE 19899-8705
302.652.4100

HOUSTON
700 LOUISIANA STREET, STE. 4500
HOUSTON, TEXAS 77002
713.691.9385

SAN FRANCISCO
ONE SANSOME STREET, 34TH FL. STE. 3430
SAN FRANCISCO, CALIFORNIA 94104
415.263.7000

Gail S. Greenwood

415.217.5115
ggreenwood@pszjlaw.com

August 21, 2026

**<u>Via U.S. Mail & Email</u>**
Mr. Jacob Bolden
6128 Elder Creek Road
Sacramento, CA 95824

jacobabolden@gmail.com

**<u>Via U.S. Mail</u>**
Ms. Amarra Mott
6128 Elder Creek Road
Sacramento, CA 95824

Re: ***Bolden and Mott v. Home Tax Service of America, Inc., et al.*, Sacramento Superior Court, Case No. 26-cv-019064 (the "Sacramento Case")**

Dear Mr. Bolden and Ms. Mott:

This office represents the Plan Recovery Trustee, Michael Goldberg, in his capacity as Plan Recovery Trustee of the Plan Recovery Trust formed pursuant to the *Third Amended Chapter 11 Plan of Liquidation, As Modified* for the estate of LeFever Mattson, a California corporation (the "Consolidated Debtor")[1] that is the subject of a pending bankruptcy case in the United States Bankruptcy Court for the Northern District of California (Case No. 24-10545-HLB) (the "Bankruptcy Case"). The Consolidated Debtor includes Home Tax Service of America, Inc. ("Home Tax").

I am writing to inform you that you have violated a court order in the Bankruptcy Case by filing the above-referenced Sacramento Case against Home Tax. We ask that you immediately dismiss the Sacramento Case to avoid further litigation and potential sanctions.

On April 23, 2026, the Bankruptcy Court entered an order confirming the *Third Amended Chapter 11 Plan of Liquidation, as*

[1] On March 6, 2026, the Court entered an *Order Substantively Consolidating Consolidated Debtor and KSMP Investment Entities and Granting Related Relief* [Docket No. 3914] (the "Substantive Consolidation Order"). *See* https://www.veritaglobal.net/lm/document/591054526030600000000009. A complete list of the entities that comprise the Consolidated Debtor is attached to the Substantive Consolidation Order.

4934-6245-3448.2 52011.00006

*Modified* [Docket No. 4151] (the "Plan")[2] for the Consolidated Debtor. The Plan became effective on May 14, 2026. Under the Plan, all assets and liabilities of the Consolidated Debtor are combined in the Plan Recovery Trust for distributions to creditors holding allowed claims that arose prior to the Bankruptcy Case. For that reason, creditors of the Consolidated Debtor (including Home Tax) were required to file proofs of claim in the Bankruptcy Case.

Of particular significance, Section 11.3 of the Plan exculpates Home Tax from all claims and lawsuits in connection with or arising from the Bankruptcy Case. Further, Section 11.4 of the Plan permanently enjoins all persons or entities from prosecuting any claims or lawsuits against Home Tax that are in any way related to the Bankruptcy Case; and prior to bringing any claims or lawsuits against Home Tax, the person must first seek a determination from the Bankruptcy Court to determine if its claims are excluded from the exculpation provisions. Paragraph 22 of the Confirmation Order confirms these injunctions.

In the Sacramento Case, you allege claims arising from an unlawful detainer action by Home Tax during the Bankruptcy Case in October 2025. Those claims are in violation of the Confirmation Order and Plan because Home Tax has been released from liability and the claims are barred.

As a preliminary matter, this law firm is not authorized to accept service of your complaint in the Sacramento Case. We also do not represent Ms. Melick, the other named defendant in the Sacramento Case.

Unless you voluntarily dismiss your Sacramento Case against Home Tax **by September 10, 2026**, the Plan Recovery Trustee will make a motion to the Bankruptcy Court to enforce the exculpation and injunction clauses of the Plan and will seek

---

[2] *See Order Confirming Third Amended Chapter 11 Plan as Modified* [Docket No. 4225] (the "Confirmation Order") https://www.veritaglobal.net/lm/document/5910545260423000000000001; and Plan [Docket No. 4151] https://www.veritaglobal.net/lm/document/5910545260407000000000004.



Case: 26-01007 Doc# 40 Filed: 09/10/26 Entered: 09/10/26 16:28:37 Page 181 of 184

monetary sanctions against both of you for your violation. The Plan Recovery Trustee reserves all other rights.

Very truly yours,

Gail S. Greenwood

bcc: J. Fiero
J. Rosell
S. Golden
B. Wilson
G. Brown
P. Jeffries
N. Hall
Pamela Jackson - jackson@pcjlawinc.com
Brenda Comfort - bcomfort@lefma.com
David Taylor – dtaylor@kbkllp.com
Gabrielle Albert - galbert@kbkllp.com

4934-6245-3448.2 52011.00006