# EXHIBIT 4

Name: Ericka Cooper
Address: 5703 Orange Ave
Sac, CA 95823
Telephone: 916-585-1000
Defendant(s) in *propria persona*

FILED/ENDORSED
MAY 07 2026
By B. Woods, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SACRAMENTO, LIMITED JURISDICTION**

**UNLAWFUL DETAINER DIVISION**

| | |
|---|---|
| Plaintiff(s),<br>vs. LeFever Mattson property management<br>Defendant(s).<br>Mayor Mott<br>Ericka Coope | **Case No.:** 25UD006929<br>**DEFENDANT'S/DEFENDANTS' NOTICE OF MOTION AND MOTION IN EQUITY FOR ORDER SETTING ASIDE DEFAULT AND JUDGMENT; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION(S) OF DEFENDANT(S); ANY ADDITIONAL DECLARATIONS; PROPOSED PLEADING; PROPOSED ORDER**<br>**Hearing Date:** 04/8/26<br>**Hearing Time:** 8:15 am<br>**Hearing Dept:** 88<br>**Date Case Filed:**<br>**Limited Civil Case** |

To plaintiff [*name*] LeFever Mattson Property Management and his/her/their attorney of record: Pamela Jackson

NOTICE IS HEREBY GIVEN that on [*date*] 5-6-26 , at [*time*] 3:00 pm , or as soon thereafter as the matter may be heard, in [*department or division*] 88 of this court,

located at 301 Bicentennial Circle, Sacramento, California, defendant(s), specially appearing, will, and hereby does, move in equity for an order setting aside the default and judgment entered against defendant(s). The motion in equity will be made on the grounds that the default and judgment were taken against defendant(s) through the extrinsic fraud and/or extrinsic mistake of [*name*] LeFever Mattson Property Mangt. Pamela Jackson which prevented defendant(s) from presenting his/her/their case to the court, thereby denying him/her/them of a fair adversary hearing, that the defendant has a meritorious defense to the action, and that the defendant acted diligently upon discovery of the default and judgment.

The motion will be based on this notice of motion, the memorandum in support of motion, the accompanying declaration of defendant(s), the proposed pleading, on the records and file herein, and on such oral and documentary evidence as may be presented at the hearing on this motion.

Date: 5-7-26

[signature]
Defendant(s) in *propria persona*

Name: Ericka Cooper
Address: 5763 Orange Ave
Sac, CA 95823
Telephone: 916-585-1060
Defendant(s) in *propria persona*

FILED/ENDORSED
MAY 07 2026
By B. Woods, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SACRAMENTO, LIMITED JURISDICTION**

**UNLAWFUL DETAINER DIVISION**

Plaintiff(s),

vs. LeFever Mattson ~~Property~~ Management

Defendant(s).

Ericka Cooper
Major Mott

**Case No.:** 25UD006079

**DEFENDANT'S/DEFENDANTS' MEMORANDUM IN SUPPORT OF DEFENDANT'S/DEFENDANTS' MOTION IN EQUITY FOR ORDER SETTING ASIDE DEFAULT AND JUDGMENT**

Defendant(s) submit(s) the following memorandum in support of the motion in equity for order setting aside the default and the judgment.

I

**STATEMENT OF FACTS**

Please see, filed herein: declaration of defendant(s) in support of motion in equity for order setting aside default and judgment, and any additional declarations filed herein.

II

**THE DEFAULT AND DEFAULT JUDGMENT SHOULD BE SET ASIDE BECAUSE THE DEFENDANT(S) HAS A MERITORIOUS DEFENSE, THE DEFAULT AND JUDGMENT WERE TAKEN AGAINST DEFENDANT(S) THROUGH EXTRINSIC FRAUD AND/OR MISTAKE, AND THE DEFENDANT ACTED DILIGENTLY UPON DISCOVERY OF THE DEFAULT AND JUDGMENT**

To set aside a judgment based on extrinsic fraud or extrinsic mistake, the moving party must satisfy three elements: "First, the defaulted party must demonstrate that it has a meritorious case. Secondly, the party seeking to set aside the default must articulate a satisfactory excuse for not presenting a defense to the original action. Lastly, the moving party must demonstrate diligence in seeking to set aside the default once it had been discovered." *Stiles v. Wallis*, (1983) 147 Cal. App. 3d 1143, 1147-1148.

A. DEFENDANT/DEFENDANTS HAS/HAVE A MERITORIOUS CASE

Please see, filed herein: declaration of defendant(s) in support of motion in equity for order setting aside default and judgment, and any additional declarations filed herein.

B. DEFENDANT/DEFENDANTS HAS/HAVE A SATISFACTORY EXCUSE FOR NOT PRESENTING A DEFENSE TO THE ORIGINAL ACTION BECAUSE OF EXTRINSIC FRAUD AND/OR EXTRINSIC MISTAKE

Please see, filed herein: declaration of defendant(s) in support of motion in equity for order setting aside default and judgment, and any additional declarations filed herein.

C. DEFENDANT/DEFENDANTS DILIGENTLY SOUGHT TO SET ASIDE THE DEFAULT AND JUDGMENT ONCE THEY WERE DISCOVERED

Please see, filed herein: declaration of defendant(s) in support of motion in equity for order setting aside default and judgment, and any additional declarations filed herein.

**III**

**CONCLUSION**

In the instant action a default and judgment were taken against the defendant(s) because of extrinsic fraud or mistake, for the reasons set forth in the declaration of defendant in support of motion in equity to set aside default and judgment, filed herein, and the default and judgment should be set aside because, for the reasons set forth in the declaration of defendant in support of motion in equity to set aside default and judgment, filed herein, the defendant(s) has/have a meritorious case, and diligently sought relief upon discovery of the default and judgment.

Date: 5-7-26

[signature]

Defendant(s) in *propria persona*



Case: 26-01007 Doc# 48-4 Filed: 10/06/26 Entered: 10/06/26 18:14:19 Page 6 of 89

Name: Ericka Coope
Address: 5703 Orange Ave
Sac, CA 95823
Telephone: 916-585-1068
Defendant(s) in *propria persona*

FILED/ENDORSED
MAY 07 2026
By B. Woods Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SACRAMENTO, LIMITED JURISDICTION**

**UNLAWFUL DETAINER DIVISION**

| | |
|---|---|
| Plaintiff(s),<br>vs. Lefever Mattson Property Management<br><br>Defendant(s).<br>Ericka Coope Major Matt | **Case No.:**<br><br>**DECLARATION OF DEFENDANT(S) IN SUPPORT OF MOTION IN EQUITY FOR ORDER SETTING ASIDE DEFAULT AND JUDGMENT** |

I/we, defendant(s) Ericka Cooper, declare:

1. I/we are the defendant(s) in this action and make this declaration in support of my/our motion in equity for order setting aside default and judgment taken against me.

2. I/we have a meritorious case because: Supplement

3. I/we have a satisfactory excuse for not presenting a defense to the original action due to extrinsic fraud or mistake because: Supplemental

4. I/we diligently sought to set aside the default and judgment once they were discovered by: Supplemental "x"

5. As shown by the proposed pleading attached to this motion in equity for order setting aside default and judgment, the judgment would not have been rendered had there been a trial on the merits because: Supplemental "xi"

I/we declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Sacramento, California on [date] 5/7/24.

Defendant(s) in *propria persona*



Case: 26-01007 Doc# 48-4 Filed: 10/06/26 Entered: 10/06/26 18:14:19 Page 9 of 89

Name: Ericka Cooper
Address: 5703 orange Ave
Sacramento, CA
Telephone: 916-585-1060
Defendant(s) in *propria persona*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SACRAMENTO, LIMITED JURISDICTION**

**UNLAWFUL DETAINER DIVISION**

Lefever Mattson Property Management

Plaintiff(s),

vs.

Mayor Matt ALE...

Defendant(s).

**Case No.:**

**[PROPOSED] ORDER GRANTING DEFENDANT'S/DEFENDANTS' MOTION FOR ORDER SETTING ASIDE JUDGMENT**

25UD006079

This motion in equity of defendant(s) for an order setting aside default and judgment came on regularly for hearing on [*date*] 10-27-25, at [*time*] 8:30, in Department [*number*] 88 before the Honorable Judge/Commission [*name*] ________________, presiding.

On proof made to the satisfaction of the court that the motion ought to be granted,



Case: 26-01007 Doc# 48-4 Filed: 10/06/26 Entered: 10/06/26 18:14:19 Page 10 of 89

IT IS ORDERED that the default and judgment be, and hereby is/are, set aside and the defendant(s) proposed pleading is deemed filed.

Date: ____________________

______________________________________
Judge/Commissioner
Superior Court of California,
County of Sacramento
Unlawful Detainer Division



Case: 26-01007 Doc# 48-4 Filed: 10/06/26 Entered: 10/06/26 18:14:19 Page 11 of 89

Name: Ericka Cooper
Address: 5703 orange Ave
Sacramento, CA 95823
Telephone: 916-585-1660
Defendant(s) *in propria persona*

FILED/ENDORSED
MAY 07 2026
By B. Woods, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SACRAMENTO, LIMITED JURISDICTION**

**UNLAWFUL DETAINER DIVISION**

| | |
|---|---|
| Lefever Mattson Property management<br><br>Plaintiff(s),<br><br>vs.<br><br>Major Mott EL AL<br><br>Defendant(s). | **Case No.:**<br><br>**PROOF OF SERVICE OF DEFENDANT'S/DEFENDANTS' NOTICE OF MOTION AND MOTION IN EQUITY FOR ORDER SETTING ASIDE DEFAULT AND JUDGMENT; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION(S) OF DEFENDANT(S); ANY ADDITIONAL DECLARATIONS; PROPOSED PLEADING; PROPOSED ORDER**<br><br>25UD004079 |

At the time of service I was over 18 years of age, a citizen of the United States of America, and **not a party to this action**. On [*date mailed*] 05/6/23, I served the following documents:

**DEFENDANT'S/DEFENDANTS' NOTICE OF MOTION AND MOTION IN EQUITY FOR ORDER SETTING ASIDE DEFAULT AND JUDGMENT; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION(S) OF DEFENDANT(S); ANY ADDITIONAL DECLARATIONS; PROPOSED PLEADING; PROPOSED ORDER**

by United States mail. I enclosed the documents in a sealed envelope or package addressed as follows:

Name: Pamela Jackson 409 Boyd St
Address: Vacaville, CA 95688

and [*check as appropriate - check either (a) or (b):*]

✓ a. deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid.

___ b. placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at [*city and state*] Sacramento, CA.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Sacramento, California on [*date*] 5/7/26.

[signature]
Declarant

Name: ~~Ericka Cooper~~
Address: 5703 Orange ave
Sac, CA 95823
Telephone Number: 916-585-1060

Jacob Bolden

ERICKA COOPER, Defendant in propria persona
5703 Orange Avenue, Sacramento, California 95823
Telephone: 916-585-1160 Email: unkledb@icloud.com

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SACRAMENTO - UNLAWFUL DETAINER DIVISION**

| | |
|---|---|
| LEFEVER MATTSON PROPERTY MANAGEMENT,<br><br>Plaintiff,<br><br>v.<br><br>MAJOR MOTT III et al.,<br><br>Defendants. | Case No.: 25UD006079<br>Dept.: 88<br>Judge: Hon. Lee S. Bickley<br><br>**SUPPLEMENTAL ADDENDUM TO DEFENDANT ERICKA COOPER'S MOTION IN EQUITY FOR ORDER SETTING ASIDE DEFAULT AND DEFAULT JUDGMENT; REQUEST TO VACATE DEFAULT, JUDGMENT, WRIT, AND LOCKOUT ORDER; REQUEST FOR STAY OF WRIT, FORWARDED BALANCES, ALLEGED NONPAYMENT, LATE FEES, HOLDOVER DAMAGES, AND BALANCE INCREASES PENDING BANKRUPTCY COURT DETERMINATION** |

*[To be attached to the Motion in Equity / Motion 2 packet and proposed order.]*

## I. RELIEF REQUESTED - VACATE THE JUDGMENT OR STAY EVERYTHING UNTIL THE BANKRUPTCY COURT RULES

Defendant Ericka Cooper respectfully asks this Court to grant the Motion in Equity, set aside and vacate the default and default judgment, deem Defendant's proposed Answer filed, and recall, quash, or stay the writ of possession and any sheriff lockout/removal at 5703 Orange Avenue.

At minimum, Defendant asks this Court to immediately stay enforcement of the judgment, writ, lockout, alleged nonpayment balance, holdover damages, late fees, forwarded balances, and rent-default enforcement until the United States Bankruptcy Court determines the federal stay, estate, plan, trust, rent-collection, UD, writ, and possession-authority issues now pending in Adversary Proceeding No. 26-01007, related to Bankruptcy Case No. 24-10545.

**This is not Defendant's assumption.** The federal bankruptcy docket now supplies and applies Docket Entry No. **4293**, entered Tuesday 05/05 at 3:12 PM, which states: **"Adversary case 26-01007 71 (Injunctive relief - reinstatement of stay), 91 (Declaratory judgment), 02 (Other)."** Defendant requests that this Court recognize that active federal reinstatement-of-stay proceeding and stop all state-court enforcement unless and until the Bankruptcy Court authorizes it.

Defendant is not asking this Court to punish anyone today. Defendant is asking this Court not to permit a lockout based on a record that Plaintiff and counsel made materially misleading while the federal bankruptcy court is now handling reinstatement of stay and declaratory authority.

## II. PERSONS AND ENTITIES WHOSE CONDUCT IS ADDRESSED

This supplement specifically addresses the conduct of **LEFEVER MATTSON PROPERTY MANAGEMENT; PAMELA C. JACKSON, ESQ.; PAMELA C. JACKSON, INC.;** and any person/entity acting with them in the state unlawful detainer, rent collection, default, writ, and lockout process.

Pamela C. Jackson, Esq. and Pamela C. Jackson, Inc. appear as Plaintiff's counsel in the state-court opposition, and Pamela Jackson and Pamela C. Jackson, Inc. are also named in the federal adversary complaint/docket entry supplied to the Court. This matters because the issue is not ordinary tenant delay. The issue is whether Plaintiff and

counsel knowingly used a materially incomplete record to obtain and defend a default judgment while the same record showed bankruptcy/payee/authority defects.

## III. PLAINTIFF'S OPPOSITION USED STRONG LANGUAGE AGAINST ERICKA WHILE OMITTING THE FACT THAT PLAINTIFF'S OWN SEPTEMBER 23/24 PACKET DEFEATS THE UD THEORY

Plaintiff's opposition used strong language against Ericka Cooper. It argued that Defendant's failure to timely file an answer was not excusable, that Defendant did not take adequate steps to protect her rights, that Defendant's explanation was insufficient, that Defendant was negligent in the conduct of her own affairs, and that the default should not be set aside.

That argument is materially unfair because Plaintiff's own opposition also admitted the existence of another notice for the same alleged rent issue dated September 23, 2025. The September 23/24 packet did not support Plaintiff's case. It destroyed the center of Plaintiff's payee, authority, amount, and nonpayment theory.

The proof of service for that packet shows it was served with three items: "3 day notice," "new owner letter," and "rent owed." The new-owner letter states that Kristina Fox owned the home, that rent was not being collected by LeFever Mattson because LeFever Mattson was in bankruptcy, and that payment should be arranged through Chris Bendinelli or paid to Kristina Fox in cash, certified check, or money order.

Plaintiff and counsel cannot use the September 23/24 packet as a weapon against Ericka while hiding or avoiding what that packet actually says. If LeFever Mattson was not collecting rent because it was in bankruptcy, then LeFever Mattson's authority to privately collect rent, serve/payee-direct rent notices, prosecute a rent-default UD, request a writ, and enforce possession had to be proven before default and lockout. If Kristina/Chris were not authorized, then the private payment chain and payments through Chris had to be accounted for before Plaintiff could claim nonpayment. Either way, the judgment should not have been entered or enforced without a merits hearing.

## IV. THIS IS EXTRINSIC FRAUD OR, AT MINIMUM, EXTRINSIC MISTAKE

The Motion in Equity outline supplied through the state-court process requires Defendant to show why the judgment would not have been rendered after a trial on the merits, diligence after discovery, and facts supporting equitable relief from default and default judgment. Defendant satisfies that standard because the record shows extrinsic fraud or, at minimum, extrinsic mistake.

The extrinsic fraud/mistake is this: Ericka was not refusing to pay rent. She was placed into a rent-payment trap created by conflicting ownership, bankruptcy, payee, and private-collection claims. Plaintiff and counsel then used the confusion and the September 23/24 notice against her while omitting the critical facts that the same notice packet directed payment away from LeFever, stated LeFever was in bankruptcy, and identified Kristina/Chris as the payment chain. That prevented a fair merits hearing on lawful payee, payment credit, bankruptcy authority, and Plaintiff's right to prosecute the UD.

This Court does not need to decide criminal liability. But it should not allow forfeiture based on a record that appears intentionally incomplete, misleading, and contrary to the very September 23/24 notice that Plaintiff and counsel relied upon.

## V. THE FEDERAL BANKRUPTCY DOCKET CONFIRMS THIS IS NOW IN REINSTATEMENT-OF-STAY POSTURE

The federal bankruptcy docket is now part of the emergency record. Docket Entry No. 4293 states that Ericka Cooper filed the adversary complaint and that the adversary case is classified as 71 - Injunctive relief - reinstatement of stay; 91 - Declaratory judgment; and 02 - Other. The listed defendants include LeFever Mattson Property Management, Home Tax Service of America, Inc. dba LeFever Mattson Property Management, LeFever Mattson, Consolidated Debtor, Consolidated Estate, Plan Recovery Trust, Plan Recovery Trustee, Kristina Melick/Fox, Chris Bendinelli, Pamela Jackson, Pamela C. Jackson, Inc., and Does 1-20.

That docket entry is not merely background. It is the federal forum now addressing the exact problem Plaintiff and counsel pushed through state court: alleged willful violation/disruption of the bankruptcy stay/status quo through private rent collection, rent redirection, nonpayment UD filing, default, writ, and lockout without demonstrated bankruptcy authority. Defendant asks this Court to stop all state enforcement now, because the Bankruptcy Court is the court deciding whether the stay must be reinstated/enforced and whether the UD/writ activity can lawfully proceed.

The Bankruptcy Court summons confirms the adversary case number, the related Chapter 11 bankruptcy case number, and the scheduled adversary conference. The filed adversary complaint asks for declaratory and injunctive relief and a TRO/status-quo stay to prevent lockout before the Bankruptcy Court determines authority over the property, lease/rent treatment, rent collection/refusal/redirection, nonpayment notice, UD, writ, and lockout.

## VI. PLAINTIFF AND COUNSEL HAD ACTUAL NOTICE BEFORE AND DURING THE STATE CASE

Before Plaintiff obtained default, writ, and lockout enforcement, the record gave Plaintiff and counsel actual notice of the bankruptcy/payee defects:

- The September 23/24 packet stated LeFever Mattson was in bankruptcy and rent was not being collected by LeFever.
- The packet directed payment to Kristina Fox and through Chris Bendinelli, not to LeFever Mattson Property Management.
- Ericka emailed LeFever on September 26, 2025, documenting ownership/payee confusion, bankruptcy issues, the Kristina/Chris notices, and the lump-sum cash payment to Chris.
- LeFever's claimed balance changed from approximately $20,320 to approximately $15,240, a reduction of approximately $5,080, which closely tracks the $5,000 cash payment through Chris sourced from Ericka's 401(k) funds.
- Despite that notice, Plaintiff and counsel continued with the nonpayment UD, default, writ, lockout, and opposition to relief without producing a clear accounting, authority document, or relief-from-stay/order allowing the UD to proceed.

This is knowing and willful conduct as alleged by Defendant. Plaintiff and counsel knew the bankruptcy issue existed, knew the September 23/24 notice directed payment away from LeFever, knew the payment chain was disputed, and still pushed a forfeiture judgment as if this were ordinary nonpayment.

## VII. SERVICE AND NOTICE WERE NOT COMPLETE AS REPRESENTED

There is also a service problem. Plaintiff/counsel relied on service representations and argued that Defendant should be bound by notices mailed or served at 5703 Orange Avenue, including "all occupants"/CP10.5-related notice issues. Defendant disputes completed service.

USPS tracking No. 7020 3160 0000 2522 7913 shows "Notice Left (No Authorized Recipient Available)" in Sacramento, CA 95823 on December 22, 2025, and later "Delivery Attempt - Reminder to Schedule Redelivery of your item" on December 27, 2025, warning that the item would be returned to sender if redelivery was not arranged. That is not proof of completed delivery to Ericka, Jacob, or "all occupants."

Plaintiff/counsel cannot rely on an undelivered certified mailing as completed notice while also arguing that Ericka was negligent for not responding. The same defect supports extrinsic fraud or mistake because the case proceeded to default and lockout while essential notice and occupant/service issues remained unresolved.

## VIII. LEGAL AUTHORITY - MOTION IN EQUITY, UNCLEAN HANDS, PARTY ADMISSIONS, AND COURT INTEGRITY

Equitable set aside. A court may set aside a default and default judgment in equity where the record shows extrinsic fraud or mistake, a meritorious defense, a satisfactory excuse, and diligence after discovery. Plaintiff's admitted September 23/24 notice event, the competing payee chain, the Chris payment, the bankruptcy


Case: 26-01007 Doc# 48-4 Filed: 10/06/26 Entered: 10/06/26 18:14:19 Page 16 of 89

stay/authority dispute, the undelivered certified mail, and the federal docket entry for reinstatement of stay establish at minimum a meritorious defense and a reason the judgment should not stand without a merits hearing.

CCP section 473(b). Plaintiff relied on CCP section 473(b) to argue Ericka did not show mistake, inadvertence, surprise, or excusable neglect. Defendant invokes both statutory and equitable relief because the problem is not ordinary neglect. It is a materially misleading rent-default record built on conflicting notices, competing payees, non-delivered certified mail, and bankruptcy authority defects.

CCP section 1161(2) and Civil Code section 1962. A nonpayment notice must correctly identify the amount due and the person/entity to whom rent may be paid. Owner/manager/payee disclosures must be accurate and current. A September 23/24 packet saying rent is not being collected by LeFever because LeFever is in bankruptcy, while directing payment to Kristina/Chris, contradicts LeFever's state-court position that LeFever could demand rent and prosecute a nonpayment UD without first proving authority.

Evidence Code sections 452, 453, 1220, and 413. The Court may take judicial notice of its own records and consider Plaintiff's own opposition and timeline. Plaintiff's statements in opposition are party admissions when offered against Plaintiff. Plaintiff's failure to explain the September 23/24 notice, the Kristina/Chris payee chain, the bankruptcy statement, the $5,000 payment, the balance reduction, and the undelivered certified mail supports the requested relief.

Civil Code section 3517 and unclean hands. No one can take advantage of their own wrong. Plaintiff and counsel should not be permitted to profit from a rent-payee trap, undisclosed or disputed bankruptcy authority, failure to credit/account for Chris payments, incomplete service, and use of the September 23/24 notice against Ericka while avoiding the notice's direct contradiction to Plaintiff's case.

Attorney candor and court integrity. Counsel may not use court papers to create a misleading record. Defendant does not ask this Court to make criminal findings in this addendum. Defendant asks this Court to stop enforcement and preserve the status quo because the record shows facts that could expose Plaintiff and counsel to sanctions, bankruptcy stay-violation consequences, contempt, accounting/disgorgement, fee/damage exposure, State Bar referral, United States Trustee review, or other relief if the Bankruptcy Court determines the stay/authority violation was willful.

## IX. THE COURT CAN STOP ENFORCEMENT WITHOUT TRYING THE WHOLE CASE TODAY

This Court does not need to conduct the full unlawful detainer trial before stopping enforcement. The question on this Motion in Equity is whether equity requires relief because Defendant was denied a fair merits hearing and because a federal bankruptcy adversary proceeding is now pending for reinstatement of stay and declaratory judgment.

The Court should vacate the default and judgment now, deem the proposed Answer filed, and recall/quash/stay the writ. If the Court believes a further hearing is necessary before vacating judgment, then the Court should immediately stay the lockout, writ, alleged nonpayment balance, late fees, holdover damages, forwarded balances, and balance increases pending the hearing and pending Bankruptcy Court determination of authority.

At minimum, the judgment and writ are voidable and unsafe to enforce. If the Bankruptcy Court determines the stay/status quo applied and was violated or disrupted, the UD judgment, writ, and lockout cannot fairly remain enforced against Ericka and the household.

## X. TEXT TO INSERT INTO MOTION 2 - ITEM 4

For the self-help form line stating, "I/we diligently sought to set aside the judgment once they were discovered by," Defendant may insert or attach:

| |
|---|
| Upon receiving the sheriff lockout notice and discovering that a default judgment had been entered, Defendant promptly sought relief in state court and then pursued federal bankruptcy relief. Defendant filed a Motion in Equity, provided the September 23/24 notice packet, provided proof of the Kristina/Chris private rent-collection issue, and filed/participated in the bankruptcy adversary proceeding now docketed as Entry No. 4293, Adversary Case No. 26-01007, 71 - Injunctive relief |

- reinstatement of stay, 91 - Declaratory judgment, related to Bankruptcy Case No. 24-10545. Defendant acted diligently once she learned that Plaintiff was using the UD judgment and writ to force a lockout despite bankruptcy/payee/authority defects.

## XI. TEXT TO INSERT INTO MOTION 2 - ITEM 5

For the self-help form line stating, "the judgment would not have been rendered had there been a trial on the merits because," Defendant may insert or attach:

The judgment would not have been rendered after trial because Plaintiff's own record shows fatal defects in rent-demand authority, payee authority, service, and bankruptcy authority. Plaintiff and counsel admitted/referenced the September 23, 2025 notice event, but that same packet included a new-owner/payment letter stating rent was not being collected by LeFever Mattson because LeFever Mattson was in bankruptcy and directing payment through Chris Bendinelli/Kristina Fox. Plaintiff used the notice against Defendant while avoiding that it defeats Plaintiff's payee, amount, authority, and nonpayment theory. Defendant also disputes completed service because certified mail tracking shows Notice Left/No Authorized Recipient Available and redelivery reminder, not delivery. A federal adversary complaint is now docketed as Entry No. 4293, Adversary Case No. 26-01007, 71 - Injunctive relief - reinstatement of stay and 91 - Declaratory judgment. The judgment should be vacated or, at minimum, all enforcement stayed until the Bankruptcy Court determines authority.

## XII. SUPPLEMENTAL DECLARATION OF ERICKA COOPER

1. I am Defendant in this case. I make this supplemental declaration based on personal knowledge unless stated otherwise. If called as a witness, I could and would testify truthfully.
2. I was not refusing to pay rent. I was trying to determine the lawful person or entity authorized to receive and credit rent because I was receiving conflicting payment instructions from persons claiming ownership or management authority.
3. I received or was shown a September 23/24 notice packet that included a 3-day notice, a new-owner letter, and rent owed information. The new-owner letter stated that Kristina Fox owned the home, that rent was not being collected by LeFever Mattson because LeFever Mattson was in bankruptcy, and that I could pay Kristina Fox or deal with Chris Bendinelli.
4. I made a large lump-sum cash payment to Chris Bendinelli as part of the Kristina/Chris payment process. The payment was approximately $5,000 and came from 401(k)-sourced funds. I notified LeFever Mattson in writing on September 26, 2025 because I wanted the payment and lawful payee issue properly documented and credited.
5. After my written notice, I did not receive a clear accounting or written authority clarification from LeFever, Chris, or Kristina resolving who was legally authorized to collect rent, credit the payment, serve notices, prosecute the UD, or enforce possession.
6. Plaintiff's later opposition used the September 23/24 notice event against me and argued that I failed to protect my rights, but Plaintiff did not fairly disclose or address what the same packet actually said about LeFever being in bankruptcy and rent not being collected by LeFever.
7. I dispute that all required notices were completed. USPS tracking for certified mail shows Notice Left (No Authorized Recipient Available) and a reminder to schedule redelivery, not completed delivery.
8. The federal bankruptcy docket now shows Docket Entry No. 4293, Complaint, entered Tuesday 05/05 at 3:12 PM, Adversary Case No. 26-01007, 71 - Injunctive relief - reinstatement of stay, 91 - Declaratory judgment, and 02 - Other. I ask this Court to stop enforcement while the Bankruptcy Court determines the stay and authority issues.
9. I ask this Court to set aside and vacate the default and judgment, recall or stay the writ, deem my proposed Answer filed, and stop any lockout or balance enforcement while the Bankruptcy Court determines stay and authority issues.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on: ____________________, 2026, at Sacramento, California.

Ericka Cooper

## XIII. REVISED PROPOSED ORDER LANGUAGE

Defendant requests that the Court add the following language to the proposed order:

1. The default and default judgment are set aside and vacated; or, at minimum, enforcement of the judgment is stayed pending further order.
2. Any writ of possession, lockout order, or enforcement based on the default judgment is recalled, quashed, or stayed pending further order of this Court and/or the Bankruptcy Court.
3. The writ and lockout shall remain stayed unless and until the Bankruptcy Court authorizes enforcement or this Court enters a further order after bankruptcy authority is determined.
4. Defendant's proposed Answer is deemed filed as of the date of this order, if the judgment is set aside.
5. All enforcement based on alleged forwarded balances, alleged nonpayment, late fees, holdover damages, balance increases, or rent-default enforcement is stayed pending further order.
6. Plaintiff shall identify the person or entity with authority to demand rent, accept rent, refuse rent, redirect rent, credit payments made through Chris Bendinelli, serve the three-day notice, prosecute the unlawful detainer, request the writ, and enforce possession at 5703 Orange Avenue.
7. Plaintiff shall identify any bankruptcy-court authority, plan authority, estate authority, trustee authority, or relief-from-stay order authorizing Plaintiff to collect rent, prosecute the UD, request the writ, or enforce possession.
8. Plaintiff shall provide an accounting for the $5,000 cash payment through Chris Bendinelli, the claimed balance reduction from approximately $20,320 to approximately $15,240, and all court-ordered stay payments made to LeFever Mattson.

## XIV. SUPPLEMENTAL EXHIBIT LIST

Exhibit A-1: Plaintiff/counsel opposition cover page identifying Pamela C. Jackson, Esq. and Pamela C. Jackson, Inc. as attorneys for Plaintiff.

Exhibit A-2: Plaintiff/counsel opposition page using strong language against Ericka, including “Defendant's Failure to Timely File Her Answer Is Not Excusable,” and admitting/referencing another notice dated September 23, 2025.

Exhibit A-3: Plaintiff/counsel opposition timeline showing UD complaint, amended complaint, default, writ, and lockout timeline.

Exhibit A-4: Plaintiff/counsel opposition conclusion demanding $15,240 plus holdover damages.

Exhibit B: September 24, 2025 proof-of-service/packet reference showing “3 day notice,” “new owner letter,” and “rent owed.”

Exhibit C: Kristina Fox new-owner/payment letter stating rent was not being collected by LeFever Mattson because LeFever Mattson was in bankruptcy and directing payment through Chris Bendinelli / Kristina Fox.

Exhibit D: USPS certified mail tracking showing Notice Left (No Authorized Recipient Available) and Delivery Attempt/Reminder to Schedule Redelivery, not completed delivery.

Exhibit E: Bankruptcy/PACER docket crop showing Docket Entry No. 4293 - Adversary Case No. 26-01007, 71 (Injunctive relief - reinstatement of stay), 91 (Declaratory judgment), 02 (Other).

Exhibit F: Bankruptcy Court Summons and Notice of Scheduling Conference for Adversary Proceeding No. 26-01007, related to Bankruptcy Case No. 24-10545.

# EXHIBIT A-1

*Plaintiff/counsel opposition cover page identifying Pamela C. Jackson, Esq. and Pamela C. Jackson, Inc.*

PAMELA C. JACKSON, ESQ. SBN 87502
PAMELA C. JACKSON, INC.
409 Boyd Street
Vacaville, CA 95688
Telephone 707-446-2333
Facsimile 707-446-2393
e-Mail jackson@pcjlawinc.com

Attorneys for Plaintiff

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SACRAMENTO**

| | |
|---|---|
| LEFEVR MATTSON et al, Plaintiff, v. MAJOR MOTT III et al, Defendants. | Case No. 25UD006079 **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT** Date: April 29, 2026 Time: 1:15 PM Dept: 88 |

**COMES NOW** LEFEVR MATTSON PROPERTY MANAGEMENT, Plaintiff, and submits the following points and authorities in opposition to Defendant, Erika Cooper's *Motion to Set Aside Default and Default Judgment.*[1]

**1. DEFENDANT HAS FAILED TO DEMONSTRATE MISTAKE, INADVERTANCE OR EXCUSABLE NEGLECT**

To succeed in a motion to set aside a default and default judgment, the defendant must show the requisite mistake, inadvertence, surprise or excusable neglect required by CCP § 473(b).

[1] The Court should note that the motion is filed by Erika Cooper only and does not include the co-defendant, Major Mott III.

1



Case: 26-01007 Doc# 48-4 Filed: 10/06/26 Entered: 10/06/26 18:14:19 Page 20 of 89

# EXHIBIT A-2

*Opposition page using strong language against Ericka and referencing the September 23 notice event.*

Here, Defendant seeks to excuse her failure to act in a timely manner on the sole ground that she was not served with the summons and complaint. This explanation is insufficient to meet Defendant's burden that the failure to file an answer to the complaint was due to mistake, inadvertence, surprise or excusable neglect.

The motion should be denied.

**A. Defendant's Failure to Timely File Her Answer Is Not Excusable:**

Although CCP § 473 is remedial and to be liberally construed, the moving party has the burden of proving by a preponderance of the evidence that the default was entered by reason of mistake, inadvertence, surprise, or excusable neglect. *Luz v. Lopes* (1960) 55 Cal2d 54, 62. Every defendant who desires to resist a plaintiff's action has a duty to take timely and adequate steps to avoid an undesirable judgment. A defendant must exercise the same degree of diligence as a person of ordinary prudence usually bestows on his or her important business affairs. Thus, courts neither act as guardian for incompetent parties nor for those who are grossly careless of their own affairs. *Luz v. Lopes* at 62.

The only occasion for the application of Section 473 is where the party shows that he or she was unexpectedly placed in a situation to his or her injury not due to fault or negligence of his or her part and against which ordinary prudence could not have guarded. *Fidelity Fed. Sav. & Loan Assn v. Long* (1959) 175 Cal App 2d 149, 155.

Defendant's motion does not demonstrate that she took adequate steps to protect her rights.

The timeline in this case is as follows:

| DATE | EVENT |
| --- | --- |
| 10.13.2025 | Defendant is served with a 3 day notice to pay rent or quit. *See Exhibit 2* to Plaintiff's complaint.<br><br>Defendant does not deny receipt of the notice (*see*, proposed answer filed by Defendant) and she admits receipt of another notice for the same amount of unpaid rent dated 9.23.2025. |





Case: 26-01007 Doc# 48-4 Filed: 10/06/26 Entered: 10/06/26 18:14:19 Page 21 of 89

## EXHIBIT A-3

*Opposition timeline showing UD, amended complaint, default, writ, and lockout timeline.*

| DATE | EVENT |
|---|---|
| 10.27.2025 | Unlawful Detainer Complaint filed |
| 10.30.2025 | Clerk mails *Notice of Filing Unlawful Detainer Complaint* to Defendant. |
| 11.03.2025 | Plaintiff files its *Amended Complaint*. |
| 11.19.2025 | Clerk sends another *Notice of Filing Unlawful Detainer Complaint* to Defendant |
| 11.26 to 12.3.2025 | Plaintiff's registered process server makes 5 attempts to serve Defendant personally on 5 different days between the hours of 7:20 AM and 7:44 PM.<br>The process server's declaration of diligence supporting the application to serve by posting and mailing notes that no one answered the door even though on different attempts, the lights were on, the garage door was open, and a dog was tied to the tree.<br>*See*, application to post filed 12.5.2026 |
| 12.8.2025 | The Court signs the order to post |
| 12.13.2025 | Plaintiff's registered process server serves the summons and complaint by posting and mailing in compliance with CCP § 415.45 |
| 1.8.2026 | Defendant's answer is due |
| 1.27.2026 | Plaintiff's Request for Entry of Default is served on Defendant and filed submitted to the clerk. |
| 2.23.2026 | Clerk enters judgment for possession |
| 4.2.2026 | Writ of Possession issued and delivered to Sheriff. |
| 4.9.2026 | Sheriff posts and mails the notice to vacate on 4.9.2026.<br>*See* Sheriff's *Civil File Details* attached hereto. |
| 4.14.2026 | Defendant Cooper files the within motion. |

# EXHIBIT A-4

*Opposition conclusion demanding $15,240 plus holdover damages.*

A default may be set aside and a default judgment vacated on the ground of the excusable neglect of the party where the default resulted from neglect which might have been the acts of a reasonably prudent person in the same circumstances. *Hodge Sheet Metal Prod. v. Palm Springs Riviera Hotel* (1961) 189 Cal App 2d 653, 657. Inadvertence is excusable where the inadvertence which caused the default rests not on mere forgetfulness but on a misunderstanding or a failure to follow instructions or customary procedures which might easily have occurred without any culpable carelessness on the party of the moving party. *Dalmo Mfg. Co.* (1948) 31 Ca 2d 523, 527.

Here the defendant was properly served with a summons and amended complaint by posting a copy at the rental unit and mailing a copy to the address of the rental unit. The summons warned the defendant that an answer must be filed in 10 days or the case may be lost by default. In addition, Defendant was served by the Clerk with two (2) notices of filing and with the *Request to Enter Default* by Plaintiff's counsel.

Defendant avers that she did not receive the summons and complaint but offers no further explanation. Her bald assertion is not credible in light of the fact that multiple documents were served to the rental unit (by both posting and mailing) which were supposedly not received yet, miraculously, the Sheriff's eviction notice was received. T

There is no inadvertence, surprise or excusable neglect demonstrated by Defendant and no mistake of law or fact is alleged. Defendant was negligent in the conduct of her own affairs and her failure to file a timely answer is without excuse.

The default should not be set aside.

**B. Conclusion:**

Through the end of April, Defendant will owe to Plaintiff the $15,240 demanded in the notice to pay rent or quit plus $7,620 in holdover damages (November 2025 to April 2026) for total owing of to Plaintiff of $22,860. Without demonstrating mistake, inadvertence, surprise, or excusable neglect, Defendant should not be allowed to delay this action any further to Plaintiff's damage.

# EXHIBIT C

*Kristina Fox letter stating rent was not being collected by LeFever because LeFever was in bankruptcy and directing payment through Chris/Kristina.*

**5703 Orange Ave**
**Sacramento CA 95823**

My name is Kristina Fox and I own the home at 5703 Orange Avenue. I recently became aware that rent is not being collected by Lefever Mattson, the property management company. My records show that you have not paid rent since April 2023.

The 3 day notice includes unpaid rent for the past 12 months. Please call or text Chris Bendinelli (916-205-5375) to make arrangements to pay. He can come by or if you prefer, you can drop off rent at 11131 Concord River Court, Rancho Cordova, CA 95670. Please let me know if you intend to move out or I will file the unlawful detainer suit on October 2, 2025.

You can pay me in cash or certified check or money order. I will be your contact moving forward as Lefever Mattson is in bankruptcy.

Thank you,
Kristina Fox
415-793-1278
3110 Udall St
San Diego CA 92106

# 3-DAY NOTICE TO PAY RENT OR VACATE

**September 23, 2025**

Ericka Cooper and Major Mott
5703 Orange Ave
Sacramento, California 95823

**TO TENANT(S) AND ALL OTHERS IN POSSESSION OF THE PREMISES LOCATED AT:**

5703 Orange Ave, Sacramento, California 95823

**PLEASE TAKE NOTICE** that under which you hold the possession of the herein-described premises there is now due. The total sum of unpaid and delinquent rent during the last twelve months is **$15,240.0**, as follows:

May 1, 2023 to September 1, 2025

Total: $15,240.0

**PLEASE TAKE FURTHER NOTICE** that within **THREE (3)** days after service of this notice, you are hereby required to pay the above-listed amount in full OR vacate the subject premises, move out, and deliver up possession of the same to Kristina Fox. Failure to pay the rent in full OR vacate the premises **WITHIN THREE (3)** days as required by this notice will result in forfeiture of the lease and/or rental agreement and will institute legal proceedings for an unlawful detainer against you to declare the lease or rental agreement void or forfeited, recover rent, damages, and possession of said premises.

The following forms of payment will be accepted:

- Cash
- Money order
- Certified check

Make payment to: Kristina Fox
Address: 3110 Udall St, San Diego, California 92106
**Payment must be made by 9AM on October 1, 2025**
(Call or text Chris at the phone number below to arrange payment pick up or make payment to 5705 Orange Ave Sacramento CA 95823 (Edwin).
Phone Number: 9162055375

THIS IS INTENDED AS A **THREE (3)** DAY LEGAL NOTICE FOR THE PURPOSE OF TERMINATING YOUR TENANCY. THIS TERMINATION OF TENANCY IS IN ACCORDANCE WITH CALIFORNIA CIVIL CODE § 1161.

THE LANDLORD RESERVES ALL THE RIGHTS AND REMEDIES PROVIDED UNDER THE RENTAL AGREEMENT AND UNDER APPLICABLE LAWS OF THE STATE OF CALIFORNIA INCLUDING BUT NOT LIMITED TO DAMAGES FOR UNPAID RENT OR PROPERTY AND NOTHING IN THIS NOTICE MAY BE CONSTRUED AS A WAIVER OF SUCH RIGHTS AND REMEDIES.

Dated: September 23, 2025

By: [signature]
Kristina Fox
3110 Udall St, San Diego, California 92106



4157931278

## EXHIBIT B

*Proof of service / packet reference showing "3 day notice," "new owner letter," and "rent owed."*

**PROOF OF SERVICE**

I, the undersigned, being at least 18 years of age, declare under penalty of perjury that I served the above notice, of which this is a true copy, on the following tenant(s) in possession in the manner(s) indicated below:

X On 9/24/25, I handed the notice to the tenant(s) personally.

__ On ____________, after attempting personal service, I handed the notice to a person of suitable age and discretion at the residence/business of the tenant(s), AND I deposited a true copy in the U.S. Mail, in a sealed envelope with postage fully prepaid, addressed to the tenant(s) at his/her place of residence.

__ On ____________, after attempting service in both manners indicated previously, I posted the notice in a conspicuous place at the residence of the tenant(s), AND I deposited a true copy in the U.S. Mail, in a sealed envelope with postage fully prepaid, addressed to the tenant(s) at his/her/their place of residence.

Executed on 9/24/25
Served by [signature]

- 3day notice
- new owner letter
- rent owed



Case: 26-01007 Doc# 48-4 Filed: 10/06/26 Entered: 10/06/26 18:14:19 Page 26 of 89

← Back

Tayler Bachart
To: me · Fri, Sep 26, 2025 at 3:02 PM

Good afternoon Ericka,

Thank you for reaching out regarding your concerns. I am happy address your questions.

**1. Confirmation of the change in ownership or management including the date it took effect.**

*You were notified on 11/23/2021 via posted letter of the change in ownership. Notice is also attached.*

**2. A copy of any lease or rental agreement that is currently considered active.**

*Attached is a copy of your original lease agreement, the lease addendum signed 11.22.22 reflecting the current rental rate, as well as a change in terms from 2019 reflecting the current late fees charged.*

**3. An itemized breakdown of the amount claimed to be owed.**

*Unpaid charges report attached and running ledger.*

**4. The basis for the 3-day notice served, including any applicable documentation.**

*The 3-day notice served is solely for unpaid rent due in accordance with your lease agreement.*

Additionally, to address your comments regarding the 3-day notice:

***The 3-day notice can only reflect outstanding rent and no other outstanding charges, which is why it reflects the balance of $20,320. The unpaid charges report shows exactly which charges are for rent and which are late fees.***

Please review the attached documents, and let us know if you have any further questions.

Tayler Bachart ~ Property Manager

LeFever Mattson
Property Management

916.723.5111 x104 | Fax 866.611.5494

y!mail

← Back

EC | Mr Bolden | Cc Bcc

Yahoo Mail: Search, Organize, Conquer

----- Forwarded Message -----
From: [illegible]
To: [illegible]

**Sent:** Fri, Sep 26, 2025 at 5:04 PM
**Subject:** Re: Recent change if lease/ 3 day notice
When I contacted the Sacramento County Assessor's Office, the most recent documentation they had on file pertained to the ownership changes dated July 24, 2024, involving the sale/gift to Kristina Melick adding to Lefever Mattson ownership as reflected in document number 20240724-473. That record indicates that my address, 5703, is included as a secondary or sub-address to 5701.

This raises a concern for me, as it appears that 5703 may be subject to separate, informal arrangements ("handshake deals"), despite the official record listing Kristina Melick (not Fox) as the new included owner. At the same time, I have been receiving three-day notices from an individual identifying herself as Kristina Fox. These notices were served by Chris, whom you indicated has no relationship with Lefever Mattson but included documentation from Lefever Mattson in the 3 day notice served to me by Chris from "Kristina Fox", in which you communicated to me has no ties to any dealings concerning my unit at 5703.(which is obviously not the truth)

This situation has created significant confusion. I have received multiple three-day notices from different individuals, each claiming authority, despite ownership records identifying only Kristina Melick and Lefever Mattson as owners, but Lefever Mattson saying the payments go to Kristina and Kristina using La Fever Mattson to issue an official 3 day notice and potential eviction on me. Since Ms. Melick is in fact a new added owner, no one has provided me with formal notice of ownership transfer, a lease agreement acknowledging the new ownership, or direction regarding where rental payments should be made. Instead, you told me that any cash payments made to Chris would be applied to an alleged balance owed to Kristina Melick (or Kristina Fox), not Lefever Mattson. This raises questions about whether Lefever Mattson is acting as a debt collector on behalf of Ms. Melick, or whether the arrangement is structured differently.??

Either way, this appears inconsistent with my legal right to official notification of ownership, and potentially conflicts with matters related to Lefever Mattson's bankruptcy and any informal arrangements made outside the proper legal process. My family and I should not be placed in a position where we are treated as pawns in such dealings, particularly when I have long maintained my tenancy—nearly ten years —at this property.

It is further troubling that Chris advised me, after receiving a lump-sum cash payment, to stop making further payments because of the bankruptcy and other undisclosed dealings. Yet, I was then served with two separate three-day notices on the same day September 24th,(weeks out side of a proper notification for payment) including Kristina Fox claiming I owe over $30,000 and must pay in cash by October 2nd or in quote "face eviction Oct, 3rd."(in which I have made copies and attached to this email)

If Kristina Melick (or Kristina Fox) has such authority to demand payment and initiate eviction, then I was at minimum entitled to a proper and official notification of ownership transfer as required under California law. Based on your prior admission that any cash payments made to chris are to be [illegible] to Kristina, the absence of

5703 Orange ave
me · 7/19/2024
5703 Orange ave
me · 9/9/2024
Re: Recent chang...
me, Taylor, me · 9/26/20...
Great News! Your ...
AirTalk Wireless · Mar 2...
Fall 2026 Enrollm...
Visions in Education · M...
VIP Petcare Clini...
noreply@vippetcare.com
Reminder: Compl...
Capital · 9/26/2025
DENIAL LETTER
Utility assistance · 8/28/...
See all Starred ...

Assessor Roll Status ACTIVE

| | |
|---|---|
| Parcel Type | LND |

## OWNER INFORMATION

| | |
|---|---|
| Owner | • MELICK, KRISTINA<br>• LEFEVER MATTSON |
| Care Of | LEFEVER MATTSON |
| Mailing Address | 6359 AUBURN BLVD STE B<br>CITRUS HEIGHTS, CA 95621 |
| Recorded Document | 20240724-473 |
| Document Type | GRANT DEED/CORP. DEED/GIFT DEED/JNT TEN DEED |
| Event Date | 2024-07-24 |
| Owner Code | 00-TAXABLE PROPERTY |
| Documentary Transfer Tax | Full - $178.2 |
| Estimated Sales Price | $162,000 |
| **About this data** | Data Field Descriptions |

Reply all Forward

**EXHIBIT D**

*USPS certified mail tracking showing Notice Left / No Authorized Recipient Available and redelivery reminder, not completed delivery.*

6:41 22

Tracking Number:

Remove ✕

**70203160000025227913**

Copy Add to Informed Delivery

## Latest Update

This is a reminder to arrange for redelivery of your item or your item will be returned to sender.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

Text

Delivery Attempt

**Reminder to Schedule Redelivery of your item**

December 27, 2025

**Notice Left (No Authorized Recipient Available)**

SACRAMENTO, CA 95823

December 22, 2025, 1:52 pm

**Arrived at USPS Regional Facility**

SACRAMENTO CA DISTRIBUTION CENTER

December 21, 2025, 12:00 pm

Hide Tracking History

What Do USPS Tracking Statuses Mean?

**Text & Email Updates**

tools.usps.com

# EXHIBIT E

*Bankruptcy/PACER docket crop showing Docket Entry No. 4293 - reinstatement-of-stay/declaratory-judgment classification.*

Recent Views
Courts
New Cases
Search
My Profile
Plan & Billing
Help

Docket | Parties (1) | BK Info | Debtor | Related Cases (65) | News

+ Navigation | Create Alert

**Docket last updated: 11 minutes ago** | Update Now

## Tuesday, May 05, 2026

**4296** stip | Miscellaneous Relief | Tue 05/05 8:31 PM
Stipulation, Regarding Sale of Real Property: 18590 Hwy 12, Boyes Hot Springs, CA 95476; 056-501-061 Filed by Interested Party KS Mattson Partners, LP. (Wynne, Richard)

**4295** order | Examination | Tue 05/05 6:08 PM
Order Granting the ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents by Bird Rock Holdings LLC Related [+] (rba)

**4294** 2 pgs | order | Order | Tue 05/05 3:13 PM
Order after Hearing on Fourth Interim Fee Application of Keller Benvenutti Kim LLP Related [+]. (rba)

Att: 1 | 1 pgs | Electronic Order Chatty: Notice Recipients

**4293** 35 pgs | cmp | Complaint | Tue 05/05 3:12 PM
Adversary case 26-01007 71 (Injunctive relief - reinstatement of stay), 91 (Declaratory judgment), 02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy)) Complaint by Ericka Cooper against LeFever Mattson Property Management , Home Tax Service of America, Inc., dba Lefever Mattson Property Management , LeFever Mattson , Consolidated Debtor , Consolidated Estate , Plan Recovery Trust , Plan Recovery Trustee , Kristina Melick/Fox , Chris Bendinelli , Pamela Jackson , Pamela Pamela C. Jackson, Inc , Does 1 - 20 . Fee Amount $350 . (vmv)

**4292** 98 pgs | misc | Statement | Tue 05/05 11:06 AM
Statement of Seventeenth Monthly Fee Statement of Pachulski Stang Ziehl & Jones LLP, as Counsel for the Official Committee of Unsecured Creditors, for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period of February 1, 2026 through February 28, 2026 Related [+]. Filed by Creditor Committee Official Committee of Unscured Credtiors (Brown, Gillian)

## Monday, May 04, 2026

**4287** notice | Notice of Hearing | Mon 05/04 5:41 PM
Notice of Hearing Related [+]. Hearing scheduled for 5/11/2026 at 11:00 AM in/via Oakland Room 215 - Novack. Filed by Interested Party KS Mattson Partners, LP (McNeilly, Edward)

**4285** misc | Declaration | Mon 05/04 5:37 PM
Declaration of Peter Beauchamp in support of Motion of Consolidated Debtor to Approve Entry Into and Performance Under The Natoma Settlement Agreement Related [+]. Filed by Interested Party KS Mattson Partners, LP (McNeilly, Edward)

**4284** misc | Declaration | Mon 05/04 5:36 PM
Declaration of David Kieffer in support of Motion of Consolidated Debtor to Approve Entry Into and

# EXHIBIT F-1

*Bankruptcy Court Summons, Adversary Proceeding No. 26-01007.*

Form SUM

**UNITED STATES BANKRUPTCY COURT**
**California Northern Bankruptcy Court**

| | |
|---|---|
| In Re:<br>LeFever Mattson, a California corporation Debtor(s) | Bankruptcy Case No.: 24–10545<br>Chapter: 11 |
| Ericka Cooper Plaintiff(s)<br>vs.<br>LeFever Mattson Property Management Defendant(s)<br>(See attachment for additional defendant(s)) | Adversary Proceeding No. 26–01007 |

**SUMMONS AND NOTICE OF SCHEDULING CONFERENCE**
**IN AN ADVERSARY PROCEEDING**

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days, unless otherwise ordered by the Court.

**Mailing Address:**
U.S. Bankruptcy Court
1300 Clay Street, Suite 300
Oakland, CA 94612

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

**Name and Address of plaintiff's attorney**

Ericka Cooper
5703 Orange Avenue
Sacramento, CA 95823

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

YOU ARE NOTIFIED that a scheduling conference in the adversary proceeding commenced by filing of the complaint will be held at the following time and place.

| | |
|---|---|
| **DATE:** July 8, 2026 | **TIME:** 11:00 AM |
| **LOCATION:** U.S. Bankruptcy Court, 1300 Clay Street, 2nd Floor, Courtroom 215, Oakland, CA 94612 or by Zoom. | |

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT. PLAINTIFF SHALL PROMPTLY SERVE A COPY OF THE BANKRUPTCY DISPUTE RESOLUTION PROGRAM INFORMATION SHEET ON ALL PARTIES. A COPY OF THE INFORMATION SHEET IS AVAILABLE ON THE COURT'S WEBSITE AT WWW.CANB.USCOURTS.GOV AND THE CLERK'S OFFICE.**

UNITED STATES BANKRUPTCY COURT • NORTHERN DISTRICT OF CALIFORNIA •

For the Court:

Edward J. Emmons
Clerk of Court
United States Bankruptcy Court

Dated: 5/5/26

Ginger Vinson
Deputy Clerk

CamScanner

# EXHIBIT F-2

*Additional bankruptcy adversary defendants including LeFever, estate/plan/trust parties, Kristina/Chris, Pamela Jackson, and Pamela C. Jackson, Inc.*

**ADDITIONAL PLAINTIFFS/DEFENDANTS/ALIASES NOT LISTED ON THE FIRST PAGE**

Ericka Cooper, Plaintiff
aka Erica Cooper

Home Tax Service of America, Inc., dba Lefever Mattson Property Management, Defendant

LeFever Mattson, Defendant

Consolidated Debtor, Defendant

Consolidated Estate, Defendant

Plan Recovery Trust, Defendant

Plan Recovery Trustee, Defendant

Kristina Melick/Fox, Defendant

Chris Bendinelli, Defendant

Pamela Jackson, Defendant

Pamela Pamela C. Jackson, Inc, Defendant

Does 1 – 20, Defendant

CamScanner

## EXHIBIT G-1

*Filed Verified Adversary Complaint, page 1.*

FILED
MAY 05 2026
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Ericka Cooper (also appearing as Erica Cooper) Self-Represented Plaintiff 5703 Orange Avenue, Sacramento, CA 95823
Telephone: 916-585-1060 Email: unkledo@icloud.com

**UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF CALIFORNIA SANTA ROSA DIVISION**

ERICKA COOPER, Plaintiff, v. LEFEVER MATTSON PROPERTY MANAGEMENT; HOME TAX SERVICE OF AMERICA, INC. dba LEFEVER MATTSON PROPERTY MANAGEMENT; LEFEVER MATTSON; CONSOLIDATED DEBTOR; CONSOLIDATED ESTATE; PLAN RECOVERY TRUST; PLAN RECOVERY TRUSTEE; KRISTINA MELICK/FOX; CHRIS BENDINELLI; PAMELA JACKSON; PAMELA C. JACKSON, INC.; and DOES 1-20, Defendants. Adversary Proceeding No.: __________ Related Bankruptcy Case: 24-10545 (CN) Judge: Hon. Charles Novack

# VERIFIED ADVERSARY COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; EMERGENCY REQUEST FOR TEMPORARY RESTRAINING ORDER / STATUS-QUO STAY

Plaintiff Ericka Cooper brings this adversary complaint to prevent lockout from 5703 Orange Avenue, Sacramento, California 95823 before this Court determines who had bankruptcy-plan authority over the property, lease/rent stream, rent collection, rent refusal/redirection, nonpayment notice, unlawful detainer, writ, and lockout.

### Jurisdiction and Venue

1. This Court has jurisdiction under 28 U.S.C. §§ 1334 and 157 because this dispute arises in and relates to the LeFever Mattson Chapter 11 case, the confirmed Plan, the April 23, 2026 Confirmation Order, retained real property, lease/rent treatment, and this Court's retained jurisdiction.

2. Venue is proper because the underlying Chapter 11 case is pending in this district and the Confirmation Order was entered by this Court.

3. This adversary proceeding seeks declaratory and injunctive relief under Bankruptcy Rule 7001(7) and 7001(9), Bankruptcy Rule 7065, Civil Rule 65, 11 U.S.C. §§ 105, 362, 365(h), 541, 1141, and other applicable law.

### Parties

4. Plaintiff Ericka Cooper is a residential occupant/tenant at 5703 Orange Avenue, Sacramento, California 95823.

5. Defendants are persons/entities that have claimed or may claim authority to own, manage, collect rent, serve notices, prosecute the unlawful detainer, obtain the writ, or enforce possession at 5703 Orange Avenue.

### Factual Allegations

6. 5701/5703 Orange Avenue appears in the LeFever Mattson bankruptcy records. Bankruptcy documents also list Major Mott III and Ericka Cooper at 5703 Orange Avenue and in connection with a tenant security deposit. See Exhibits F-G.

7. Before bankruptcy, Plaintiff was supposed to receive a new lease after an inspection. LeFever failed to appear for the inspection on multiple occasions and no new lease was provided, leaving lease status, terms, rent amount, rent-payee authority, and management authority unclear.

8. Bankruptcy materials identify 5701/5703 Orange Avenue as "LeFever Mattson 50% / Kristina Melick 50% 7/24/24," and the Joint Investigation Report identifies a July 2024 50% TIC conveyance for that property. See Exhibits H-I.



CamScanner

# EXHIBIT G-2

*Filed Verified Adversary Complaint, page 2, claims and prayer for TRO/status-quo relief.*

9. On April 23, 2026, this Court entered the Confirmation Order confirming the Plan. The order addresses substantive consolidation, retained real property, plan trust treatment, executory contracts/unexpired leases, and retained jurisdiction. See Exhibit J.

10. Management later asserted that Plaintiff had been notified in 2021 by posted letter of an ownership change and that a three-day notice was based solely on a $20,320 rent balance. See Exhibit E. Plaintiff disputes that the 2021 assertion answers the later 2024 TIC ownership record, bankruptcy filing, post-confirmation authority, or rent-payee issue.

11. On April 29, 2026, Sacramento Superior Court ordered the writ of possession to be executed immediately and enforced against all occupants. See Exhibit D.

12. The alleged "all occupants"/CP10.5 service is disputed. The certified tracking for an "All Other Occupants" mailing shows notice left/redelivery reminder, not completed delivery, and a court certificate of mailing lists the wrong city/ZIP for Erica/Ericka Cooper. See Exhibits A-C.

### Claim One - Declaratory Relief

13. An actual controversy exists concerning the status of the property, lease, rent stream, rent-collection authority, nonpayment notice authority, UD authority, writ authority, and lockout authority under the Chapter 11 case, confirmed Plan, and Confirmation Order.

14. Plaintiff seeks a declaration determining: (a) current legal/equitable ownership and control of 5701/5703 Orange Avenue; (b) whether the property is retained real property, estate property, trust property, sold property, or non-estate property under the Plan; (c) who was authorized to collect or refuse rent and serve notices; (d) the status of the tenancy/lease under the Plan and 11 U.S.C. § 365; (e) whether Plaintiff has rights under 11 U.S.C. § 365(h) or other law to retain possession; and (f) whether state-court enforcement must be stayed, conditioned, or voided to protect this Court's jurisdiction and orders.

### Claim Two - Temporary, Preliminary, and Permanent Injunctive Relief

15. Plaintiff faces immediate irreparable harm because a residential lockout will remove Plaintiff and household occupants from the home before this Court determines the bankruptcy authority issues.

16. The requested TRO/status-quo stay is narrow. It preserves the current possession only until the Court can hold an expedited hearing and require parties claiming authority to identify that authority.

17. The balance of equities and public interest favor short interim relief because federal bankruptcy orders, plan administration, lease treatment, and estate/trust authority should be clarified before irreversible lockout.

### Prayer for Relief

Plaintiff requests: (1) a TRO/status-quo stay prohibiting enforcement of the writ/lockout at 5703 Orange Avenue pending expedited hearing; (2) an order to show cause why preliminary injunction should not issue; (3) declaratory relief determining authority and lease/rent/property status; (4) an order requiring Defendants to notify the Sacramento Sheriff/levying officer of any stay order; and (5) all other relief the Court finds just and proper.

I declare under penalty of perjury under the laws of the United States that the facts stated above are true and correct to the best of my personal knowledge, except as stated on information and belief. Dated:
may 4th, 2026 ______ [signature] ______ Ericka Cooper



CS CamScanner

## EXHIBIT E TEXT - BANKRUPTCY DOCKET ENTRY NO. 4293

**Docket Entry No. 4293 supplied and applied in this supplement:**

4293 cmp Complaint Tue 05/05 3:12 PM

Adversary case 26-01007 71 (Injunctive relief - reinstatement of stay), 91 (Declaratory judgment), 02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy))

Complaint by Ericka Cooper against LeFever Mattson Property Management; Home Tax Service of America, Inc., dba LeFever Mattson Property Management; LeFever Mattson; Consolidated Debtor; Consolidated Estate; Plan Recovery Trust; Plan Recovery Trustee; Kristina Melick/Fox; Chris Bendinelli; Pamela Jackson; Pamela C. Jackson, Inc.; and Does 1-20. Fee Amount $350. (vmv)


Case: 26-01007 Doc# 48-4 Filed: 10/06/26 Entered: 10/06/26 18:14:19 Page 36 of 89

Form SUM

**UNITED STATES BANKRUPTCY COURT**
**California Northern Bankruptcy Court**

| | |
|---|---|
| In Re:<br>LeFever Mattson, a California corporation Debtor(s)<br><br>Ericka Cooper Plaintiff(s)<br>vs.<br>LeFever Mattson Property Management Defendant(s)<br>(See attachment for additional defendant(s)) | Bankruptcy Case No.: 24−10545<br>Chapter: 11<br><br>Adversary Proceeding No. 26−01007 |

## SUMMONS AND NOTICE OF SCHEDULING CONFERENCE IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days, unless otherwise ordered by the Court.

**Mailing Address:**
U.S. Bankruptcy Court
1300 Clay Street, Suite 300
Oakland, CA 94612

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

**Name and Address of plaintiff's attorney**

Ericka Cooper
5703 Orange Avenue
Sacramento, CA 95823

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

YOU ARE NOTIFIED that a scheduling conference in the adversary proceeding commenced by filing of the complaint will be held at the following time and place.

| | |
|---|---|
| **DATE:** July 8, 2026 | **TIME:** 11:00 AM |
| **LOCATION:** U.S. Bankruptcy Court, 1300 Clay Street, 2nd Floor, Courtroom 215, Oakland, CA 94612 or by Zoom. | |

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT. PLAINTIFF SHALL PROMPTLY SERVE A COPY OF THE BANKRUPTCY DISPUTE RESOLUTION PROGRAM INFORMATION SHEET ON ALL PARTIES. A COPY OF THE INFORMATION SHEET IS AVAILABLE ON THE COURT'S WEBSITE AT WWW.CANB.USCOURTS.GOV AND THE CLERK'S OFFICE.**

For the Court:

Edward J. Emmons
Clerk of Court
United States Bankruptcy Court

Dated: 5/5/26

Ginger Vinson
Deputy Clerk



CS CamScanner

## CERTIFICATE OF SERVICE

I,________________________________________(name), certify that service of this summons and copy of the complaint was made ______________________(date) by:

☐ Mail Service: Regular, first class United States mail, postage fully pre–paid, addressed to:

☐ Personal Service: By leaving the process with defendant or with an officer or agent of defendent at:

☐ Residence Service: By leaving the process with the following adult as:

☐ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addresses to the following officer of the defendant at:

☐ Publication:The defendant was served as follows:[Describe briefly]

☐ State Law:The defendant was served pursant to the laws of State of ______________________, as follows:[Describe briefly]

If service was made by personal service,by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date ________________ Signature ______________________

Print Name: ______________________

Business Address: ______________________

______________________



CS CamScanner

## ADDITIONAL PLAINTIFFS/DEFENDANTS/ALIASES NOT LISTED ON THE FIRST PAGE

Ericka Cooper, Plaintiff
aka Erica Cooper

Home Tax Service of America, Inc., dba Lefever Mattson Property Management, Defendant

LeFever Mattson, Defendant

Consolidated Debtor, Defendant

Consolidated Estate, Defendant

Plan Recovery Trust, Defendant

Plan Recovery Trustee, Defendant

Kristina Melick/Fox, Defendant

Chris Bendinelli, Defendant

Pamela Jackson, Defendant

Pamela Pamela C. Jackson, Inc, Defendant

Does 1 – 20, Defendant



CS CamScanner

# Notice Recipients

| | | |
|---|---|---|
| District/Off: 0971−1 | User: admin | Date Created: 5/5/2026 |
| Case: 26−01007 | Form ID: SUM | Total: 1 |

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | | | |
|---|---|---|---|
| pla | Ericka Cooper | 5703 Orange Avenue | Sacramento, CA 95823 |

TOTAL: 1



CamScanner

FILED

MAY 05 2026

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Ericka Cooper (also appearing as Erica Cooper) Self-Represented Plaintiff 5703 Orange Avenue, Sacramento, CA 95823
Telephone: 916-585-1060 Email: unkledo@icloud.com

## UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF CALIFORNIA SANTA ROSA DIVISION

ERICKA COOPER, Plaintiff, v. LEFEVER MATTSON PROPERTY MANAGEMENT; HOME TAX SERVICE OF AMERICA, INC. dba LEFEVER MATTSON PROPERTY MANAGEMENT; LEFEVER MATTSON; CONSOLIDATED DEBTOR; CONSOLIDATED ESTATE; PLAN RECOVERY TRUST; PLAN RECOVERY TRUSTEE; KRISTINA MELICK/FOX; CHRIS BENDINELLI; PAMELA JACKSON; PAMELA C. JACKSON, INC.; and DOES 1-20, Defendants. Adversary Proceeding No.: ____________ Related Bankruptcy Case: 24-10545 (CN) Judge: Hon. Charles Novack

# VERIFIED ADVERSARY COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; EMERGENCY REQUEST FOR TEMPORARY RESTRAINING ORDER / STATUS-QUO STAY

Plaintiff Ericka Cooper brings this adversary complaint to prevent lockout from 5703 Orange Avenue, Sacramento, California 95823 before this Court determines who had bankruptcy-plan authority over the property, lease/rent stream, rent collection, rent refusal/redirection, nonpayment notice, unlawful detainer, writ, and lockout.

## Jurisdiction and Venue

1. This Court has jurisdiction under 28 U.S.C. §§ 1334 and 157 because this dispute arises in and relates to the LeFever Mattson Chapter 11 case, the confirmed Plan, the April 23, 2026 Confirmation Order, retained real property, lease/rent treatment, and this Court's retained jurisdiction.

2. Venue is proper because the underlying Chapter 11 case is pending in this district and the Confirmation Order was entered by this Court.

3. This adversary proceeding seeks declaratory and injunctive relief under Bankruptcy Rule 7001(7) and 7001(9), Bankruptcy Rule 7065, Civil Rule 65, 11 U.S.C. §§ 105, 362, 365(h), 541, 1141, and other applicable law.

## Parties

4. Plaintiff Ericka Cooper is a residential occupant/tenant at 5703 Orange Avenue, Sacramento, California 95823.

5. Defendants are persons/entities that have claimed or may claim authority to own, manage, collect rent, serve notices, prosecute the unlawful detainer, obtain the writ, or enforce possession at 5703 Orange Avenue.

## Factual Allegations

6. 5701/5703 Orange Avenue appears in the LeFever Mattson bankruptcy records. Bankruptcy documents also list Major Mott III and Ericka Cooper at 5703 Orange Avenue and in connection with a tenant security deposit. See Exhibits F-G.

7. Before bankruptcy, Plaintiff was supposed to receive a new lease after an inspection. LeFever failed to appear for the inspection on multiple occasions and no new lease was provided, leaving lease status, terms, rent amount, rent-payee authority, and management authority unclear.

8. Bankruptcy materials identify 5701/5703 Orange Avenue as "LeFever Mattson 50% / Kristina Melick 50% 7/24/24," and the Joint Investigation Report identifies a July 2024 50% TIC conveyance for that property. See Exhibits H-I.





CS CamScanner

9. On April 23, 2026, this Court entered the Confirmation Order confirming the Plan. The order addresses substantive consolidation, retained real property, plan trust treatment, executory contracts/unexpired leases, and retained jurisdiction. See Exhibit J.

10. Management later asserted that Plaintiff had been notified in 2021 by posted letter of an ownership change and that a three-day notice was based solely on a $20,320 rent balance. See Exhibit E. Plaintiff disputes that the 2021 assertion answers the later 2024 TIC ownership record, bankruptcy filing, post-confirmation authority, or rent-payee issue.

11. On April 29, 2026, Sacramento Superior Court ordered the writ of possession to be executed immediately and enforced against all occupants. See Exhibit D.

12. The alleged "all occupants"/CP10.5 service is disputed. The certified tracking for an "All Other Occupants" mailing shows notice left/redelivery reminder, not completed delivery, and a court certificate of mailing lists the wrong city/ZIP for Erica/Ericka Cooper. See Exhibits A-C.

## Claim One - Declaratory Relief

13. An actual controversy exists concerning the status of the property, lease, rent stream, rent-collection authority, nonpayment notice authority, UD authority, writ authority, and lockout authority under the Chapter 11 case, confirmed Plan, and Confirmation Order.

14. Plaintiff seeks a declaration determining: (a) current legal/equitable ownership and control of 5701/5703 Orange Avenue; (b) whether the property is retained real property, estate property, trust property, sold property, or non-estate property under the Plan; (c) who was authorized to collect or refuse rent and serve notices; (d) the status of the tenancy/lease under the Plan and 11 U.S.C. § 365; (e) whether Plaintiff has rights under 11 U.S.C. § 365(h) or other law to retain possession; and (f) whether state-court enforcement must be stayed, conditioned, or voided to protect this Court's jurisdiction and orders.

## Claim Two - Temporary, Preliminary, and Permanent Injunctive Relief

15. Plaintiff faces immediate irreparable harm because a residential lockout will remove Plaintiff and household occupants from the home before this Court determines the bankruptcy authority issues.

16. The requested TRO/status-quo stay is narrow. It preserves the current possession only until the Court can hold an expedited hearing and require parties claiming authority to identify that authority.

17. The balance of equities and public interest favor short interim relief because federal bankruptcy orders, plan administration, lease treatment, and estate/trust authority should be clarified before irreversible lockout.

## Prayer for Relief

Plaintiff requests: (1) a TRO/status-quo stay prohibiting enforcement of the writ/lockout at 5703 Orange Avenue pending expedited hearing; (2) an order to show cause why preliminary injunction should not issue; (3) declaratory relief determining authority and lease/rent/property status; (4) an order requiring Defendants to notify the Sacramento Sheriff/levying officer of any stay order; and (5) all other relief the Court finds just and proper.

I declare under penalty of perjury under the laws of the United States that the facts stated above are true and correct to the best of my personal knowledge, except as stated on information and belief. Dated:
may 4th, 2026 ______________________ Ericka Cooper





CamScanner

Form NTCPLA

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

# NOTICE

**PLAINTIFF IS REQUIRED TO SERVE A COPY OF THIS NOTICE TO ALL PARTIES.**

**PLAINTIFF IS ALSO REQUIRED TO SERVE A COPY OF THE BANKRUPTCY DISPUTE RESOLUTION PROGRAM INFORMATION SHEET ON ALL PARTIES.**

The Information Sheet is available at the clerk's office and is posted on the court's website at: http://www.canb.uscourts.gov/court–info/bdrp/bankruptcy–dispute–resolution–program–information–sheet.

1. DEFAULT may be entered against defendant upon the plaintiff's request, if plaintiff files a proof of service and defendant fails to file timely an answer or a responsive motion, and appear at the Scheduling Conference. If appropriate, a default hearing may be set at the Scheduling Conference. Relief from default may be granted only on stipulation or after hearing on noticed motion.

2. MEET AND CONFER The parties shall meet and confer at least once before the Scheduling Conference to discuss settlement of the Adversary Proceeding. The parties shall be prepared to represent to the Court at the Scheduling Conference that they have complied with this requirement unless good cause exists for their failing to do so. At the Scheduling Conference, the Court may direct the parties to conduct further settlement negotiations prior to setting the Adversary Proceeding for trial.

3. MOTIONS The parties shall comply with BLR 9013–1 of the Bankruptcy Local Rules. The notice's hearing date and time shall appear on the cover page of each motion, opposition, reply and all supporting papers in accordance with BLR 1005–1. The parties will also be expected to comply with the policy for chambers copies that is posted on the court's website at: http://www.canb.uscourts.gov/ecf/procedures/Chambers–Copies–for–ECF–Filed–Documents.

4. ORDERS after contested hearings or trials will not be considered by the Court unless the non–prevailing party has approved it as to form, or the proposed order is served on the non–prevailing party, a proof of service is filed with the Clerk, and the proposed order has been lodged for seven (7) calendar days. See BLR 9021–1. This does not apply to stipulations or defaults.

5. CALENDAR Matters may be set for hearing using the court's open calendaring system. Inquiries concerning calendaring matters not authorized for open calendaring may be directed to the Courtroom Deputy for the assigned Judge:

6. CORPORATE OWNERSHIP STATEMENT A corporation that is a party to the Adversary Proceeding (other than the debtor or a governmental unit) must file the corporate ownership statement as required pursuant to Federal Rule of Bankruptcy Procedure 7007.1.

| | | | |
|---|---|---|---|
| Chief Judge Stephen L Johnson | Anna Lee | (408) 278–7517 | anna_e_lee@canb.uscourts.gov |
| Judge Hannah L. Blumenstiel | Benjamin Gapuz | (415) 268–2362 | benjamin_gapuz@canb.uscourts.gov |
| Judge William J. Lafferty | Ratnesh Singh | (510) 879–3533 | ratnesh_singh@canb.uscourts.gov |
| Judge Dennis Montali | Lorena Parada | (415) 268–2323 | lorena_parada@canb.uscourts.gov |
| Judge Charles Novack | Ruby Bautista | (510) 879–3529 | ruby_bautista@canb.uscourts.gov |

rev. 8/18/2022



CS CamScanner

# Notice Recipients

| | | |
|---|---|---|
| District/Off: 0971−1 | User: admin | Date Created: 5/5/2026 |
| Case: 26−01007 | Form ID: NTCPLA | Total: 1 |

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | | | |
|---|---|---|---|
| pla | Ericka Cooper | 5703 Orange Avenue | Sacramento, CA 95823 |

TOTAL: 1



CamScanner

## EXHIBIT E TEXT - BANKRUPTCY DOCKET ENTRY NO. 4293

**Docket Entry No. 4293 supplied and applied in this supplement:**

4293 cmp Complaint Tue 05/05 3:12 PM

Adversary case 26-01007 71 (Injunctive relief - reinstatement of stay), 91 (Declaratory judgment), 02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy))

Complaint by Ericka Cooper against LeFever Mattson Property Management; Home Tax Service of America, Inc., dba LeFever Mattson Property Management; LeFever Mattson; Consolidated Debtor; Consolidated Estate; Plan Recovery Trust; Plan Recovery Trustee; Kristina Melick/Fox; Chris Bendinelli; Pamela Jackson; Pamela C. Jackson, Inc.; and Does 1-20. Fee Amount $350. (vmv)

ERICKA COOPER, Defendant in propria persona
5703 Orange Avenue
Sacramento, California 95823
Telephone: 916-585-1060
Email: Ericka.Cooper2442@yahoo.Com
Defendant in Pro Per

FILED
Superior Court of California
County of Sacramento
05/27/2026
C. Brown, Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF SACRAMENTO**
**UNLAWFUL DETAINER DIVISION**

**LEFEVER MATTSON PROPERTY MANAGEMENT,**

Plaintiff,

vs.

**MAJOR MOTT III, et al.,**

**Defendants.**

Case No. 25UD006079

Dept.: 88
Judge: Hon. Lee S. Bickley

SECOND SUPPLEMENTAL EX PARTE ADDENDUM TO DEFENDANT ERICKA COOPER'S MOTION IN EQUITY; EMERGENCY APPLICATION FOR IMMEDIATE RESTORATION OF POSSESSION OR, IN THE ALTERNATIVE, PER-DIEM STATUTORY DAMAGES UNTIL HEARING; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ERICKA COOPER; AND [PROPOSED] ORDER

[Cal. Civ. Code §§ 1962, 1962.5, 789.3, 1709-1710, 3294; Cal. Code Civ. Proc. §§ 415.46, 418.10, 473(d), 1174.3; 11 U.S.C. §§ 365, 1141; Cal. Rules of Court, Rule 3.1200 et seq.]

Hearing Date: June 8, 2026
Time: __________
Dept.: 88

## I. INTRODUCTION AND EMERGENCY NATURE OF FILING

Defendant Ericka Cooper, the named lessee of 5703 Orange Avenue, Sacramento, California 95823, in propria persona, submits this Second Supplemental Ex Parte Addendum in support of the June 8, 2026 hearing on her Motion in Equity. Emergency relief is required today because:

**(a)** Defendant has been the victim of knowing and willful violations of California Civil Code § 1962 by Plaintiff and its agents;

**(b)** Co-occupant Jacob Bolden has been the victim of defective service under CCP § 415.46 - wrong ZIP code, USPS "Notice Left/Returned to Sender," no diligent personal service - and the Court Clerk has repeatedly barred his ex parte filings on the ground that he is "not on the lease." Because Mr. Bolden has

been administratively foreclosed from direct court access, Defendant Ericka Cooper must raise his rights through this filing;

**(c)** Plaintiff's authority to act terminated on May 14, 2026, the Effective Date of the confirmed Chapter 11 Plan in In re LeFever Mattson, Case No. 24-10545 (CN) (Bankr. N.D. Cal.), at which point Plaintiff's management contract was rejected by operation of 11 U.S.C. § 365;

**(d)** Plaintiff timed the sheriff lockout two days before the federal deadline to object to lease rejection, mooting Defendant's federal-forum rights;

**(e)** Defendant, Jacob Bolden, and minor children are currently locked out of their home, suffering compounding irreparable harm with each passing hour.

## II. PRIMARY RELIEF REQUESTED - IMMEDIATE REPOSSESSION OR PER-DIEM DAMAGES UNTIL JUNE 8, 2026

Defendant requests that this Court order, ex parte and today:

**A. PRIMARY:** That possession of 5703 Orange Avenue, Sacramento, CA 95823 be immediately restored to Defendant Ericka Cooper, co-occupant Jacob Bolden, and the minor children residing there, and that Plaintiff and its agents be ordered to deliver keys and access forthwith upon entry of this order.

**B. IN THE ALTERNATIVE:** If this Court declines to order immediate repossession ex parte, Defendant requests that Plaintiff be ordered to pay Defendant statutory and equitable damages for every day the unlawful lockout continues until the June 8, 2026 hearing, calculated as follows:

1. $100.00 per day under Civil Code § 789.3(c)(2) (illegal-eviction statutory penalty); plus
2. $100.00 per day in additional statutory damages under Civil Code § 789.3(c)(1) (actual damages presumed at minimum daily rate); plus
3. Reasonable lodging, food, transportation, storage, and replacement-personal-property costs incurred by Defendant, Mr. Bolden, and the minor children during each day of displacement; plus
4. Attorney's fees and costs under Civil Code § 789.3(c)(3); plus
5. Per-diem holdover-equivalent rent value for the unlawful exclusion (mirroring Plaintiff's own theory of holdover damages, now applied against Plaintiff).

Defendant requests an immediate per-diem accrual of not less than $200.00 per day in statutory penalties plus all out-of-pocket damages, accruing from the date of the lockout through the date of restoration of possession, payable at the June 8, 2026 hearing.

This alternative relief is necessary because each day Defendant, Mr. Bolden, and the minor children remain unlawfully excluded from the property compounds irreparable harm that the law presumes cannot be remedied by post-hoc damages alone. Either repossession today, or daily compensation until June 8, is required.

## III. SUMMARY OF GROUNDS FOR RELIEF

1. Ericka Cooper (lessee of record): Knowing and willful violations of California Civil Code §§ 1962 and 1962.5 by Plaintiff and its agents.
2. Jacob Bolden (unnamed occupant): Defective service under CCP § 415.46 (wrong ZIP code, USPS "Notice Left/Returned to Sender," no diligent personal service) barring his right to file Form CP10.5.

3. Clerk-imposed bar on Jacob Bolden's filings constituting a due-process violation.

4. Loss of standing by LeFever Mattson Property Management on the May 14, 2026 Plan Effective Date (Chapter 11 § 365 rejection of management contract).

5. Unlawful appearance and conduct by Plaintiff at the sheriff lockout post-Effective-Date, in violation of the confirmed Chapter 11 Plan's binding provisions (11 U.S.C. § 1141).

6. Extrinsic fraud and material misrepresentation by Plaintiff and counsel.

7. Irreparable harm to Defendant, Jacob Bolden, and minor children.

## IV. ERICKA COOPER'S CLAIMS - KNOWING AND WILLFUL VIOLATIONS OF CIVIL CODE § 1962

**A. Statutory Framework.** California Civil Code § 1962(a) requires that, within 15 days of any change in ownership or management of a residential rental property, the owner or owner's agent disclose in writing to the tenant: (1) the name, telephone number, and street address of the manager; (2) the person authorized to receive legal notices; and (3) the form and place rent must be paid.

**B. The Statutory Bar to UD.** Civil Code § 1962(c) provides that until the disclosure requirements are met, the rental agreement is unenforceable for the purpose of any unlawful detainer action based on nonpayment of rent, and no rent is legally "due."

**C. Defendant Ericka Cooper Is the Tenant of Record.** The lease for 5703 Orange Avenue is in the name of Ericka Cooper. All notices, ledger statements, and emails - including the September 23/24, 2025 packet, the September 26, 2025 email, and the October 24, 2025 email from Tayler Bachart - were directed to and from Ericka Cooper. Defendant is the proper claimant for the § 1962 violations.

**D. Plaintiff's Own September 23/24, 2025 Packet Admits the Violation.** That packet contained three contradictory documents served simultaneously on Ericka Cooper:

1. A 3-day notice to pay rent or quit issued by LeFever Mattson Property Management;

2. A "new owner letter" identifying Kristina Fox as the owner; and

3. A directive that rent be paid to Chris Bendinelli or Kristina Fox "because LeFever Mattson was in bankruptcy and not collecting rent."

**E. Plaintiff Lied or Concealed When Asked.** When Defendant Ericka Cooper directly asked the property manager who the new owner was, the property manager did not give a truthful or complete answer, instead concealing the ownership/payee structure - fraud and concealment under Civil Code §§ 1709 and 1710.

**F. Separate 3-Day Notice From New Owner Notice.** Plaintiff issued and prosecuted a 3-day notice distinct from the new owner notice, creating a payment trap and an ambiguous, conflicting record - precisely the conduct § 1962(c) was enacted to prohibit.

**G. The Knowing and Willful Element.** Plaintiff knew at all relevant times:

1. LeFever Mattson was in Chapter 11 bankruptcy (Case No. 24-10545, N.D. Cal.);

2. It was not lawfully collecting rent during the bankruptcy;

3. Its own September 23/24 packet directed payment away from itself;

4. Defendant had made a $5,000 cash payment from her 401(k) funds to Chris Bendinelli pursuant to that directive;
5. Plaintiff's own ledger reduced from approximately $20,320 to approximately $15,240 - a $5,080 reduction tracking the $5,000 cash payment;
6. Plaintiff's property manager Tayler Bachart admitted in writing on October 24, 2025 that the 3-day notice covered "outstanding rent and no other outstanding charges" while simultaneously admitting the $20,520 figure "includes late fees" - a facial contradiction confirming the 3-day notice was inflated and unlawful (Canal Street, Ltd. v. Sorich (2000) 77 Cal.App.4th 602).

Despite knowing all of this, Plaintiff prosecuted a nonpayment unlawful detainer in its own name, obtained default, secured a writ, and effectuated a sheriff lockout against Ericka Cooper.

**H. Legal Consequence.** Because Plaintiff failed to comply with § 1962:

1. No rent was legally "due" under § 1962(c);
2. The 3-day notice is invalid as a matter of law;
3. The UD complaint lacked a valid statutory predicate;
4. The default and judgment must be vacated;
5. Statutory penalties under § 1962, treble damages, punitive damages under Civ. Code § 3294, and attorney fees/costs are warranted.

## V. JACOB BOLDEN'S CLAIMS - DEFECTIVE SERVICE UNDER CCP § 415.46 AND CLERK-BARRED FILINGS

**A. Statutory Framework.** CCP § 415.46 requires that in any unlawful detainer action, a Prejudgment Claim of Right to Possession (Judicial Council Form CP10.5) be served on all occupants of the premises by personal delivery, or by posting and mailing only after diligent attempts at personal service. Unnamed occupants served in compliance have 10 days to file the claim and become parties (CCP § 415.46(e)).

**B. Mr. Bolden Is an Unnamed Occupant.** Jacob Bolden resided at 5703 Orange Avenue with Defendant Ericka Cooper and minor children at all relevant times. Though not named on the lease, he is an occupant entitled to the full protections of CCP § 415.46 and Arrieta v. Mahon (1982) 31 Cal.3d 381.

**C. Service Was Defective.**

1. The certified mail envelope to "All Other Occupants" at 5703 Orange Avenue bore a wrong ZIP code (Exhibit A);
2. USPS tracking record No. 70203160000025227913 (Exhibit B) shows the mailing was marked "Notice Left - No Authorized Recipient Available" and returned to sender;
3. The court file contains no proof of diligent personal-service attempts;
4. No process-server declaration of due diligence has been produced.

**D. The 10-Day Clock Never Started.** Because § 415.46 service was never lawfully completed, Mr. Bolden's right to file Form CP10.5 was extinguished without notice, hearing, or opportunity to be heard - violating California statute and the Fourteenth Amendment Due Process Clause.

**E. The Clerk Compounded the Violation.** Each time Mr. Bolden attempted to file an ex parte application, CP10.5, or motion, the Court Clerk rejected the filing on the ground that he was "not on the lease." This rejection is unlawful because:

1. CCP § 415.46 grants rights to occupants - not lessees;
2. Arrieta v. Mahon, supra, holds that all occupants have constitutional and statutory rights in UD proceedings;
3. The Clerk has no discretion to reject a properly tendered Judicial Council form (Gov. Code § 69846.5; Cal. Rules of Court, Rule 1.20);
4. The very reason Mr. Bolden is not "on the lease" is Plaintiff's defective service and concealment of true ownership - circumstances Plaintiff created and is now using administratively against him.

**F. Legal Consequence.** The judgment, writ, and sheriff lockout are void as to Jacob Bolden under CCP § 1174.3 and Arrieta v. Mahon. The lockout constitutes wrongful eviction under Civ. Code § 789.3, trespass, conversion, and violation of constitutional due process - supporting per-day statutory damages and attorney fees under § 789.3(c).

This Court should (i) declare the judgment void as to Mr. Bolden, and (ii) order the Clerk to accept Mr. Bolden's future filings.

## VI. PLAINTIFF LOST ALL STANDING ON MAY 14, 2026 - THE CHAPTER 11 PLAN EFFECTIVE DATE

**A. Confirmation and Effective Date.**

- April 23, 2026 - Confirmation Order entered [Docket No. 4225] in In re LeFever Mattson, Case No. 24-10545 (CN).

- May 14, 2026 - Effective Date of the Plan occurred [Notice of Effective Date, Docket No. 4332].

**B. Plaintiff's Management Contract Was REJECTED.** LeFever Mattson Property Management's management contract for 5703 Orange Avenue is not included in the Schedule of Assumed Agreements (Plan Supplement, Docket No. 3176, Exhibit C). It was rejected by operation of 11 U.S.C. § 365. Upon rejection, Plaintiff lost all contractual right to manage, collect rent, or enforce possession.

**C. Authority Transferred to the Plan Recovery Trustee.** As of May 14, 2026, authority transferred to Michael I. Goldberg, Plan Recovery Trustee (Plan Supplement Exhibit B).

**D. Plaintiff's Unlawful Post-Effective-Date Conduct.**

1. LeFever Mattson Property Management appeared at 5703 Orange Avenue;
2. The Sheriff initially stood down from the lockout;
3. Plaintiff waited for the Sheriff to return and effectuated the lockout despite holding no legal authority;
4. The lockout occurred two days before the federal objection deadline to lease rejection.

**E. Legal Consequence.** Plaintiff's post-Effective-Date conduct constitutes trespass, conversion, abuse of process (Spellens v. Spellens (1957) 49 Cal.2d 210), and violation of the post-confirmation injunction under 11 U.S.C. § 1141(a) and the Confirmation Order.

Plaintiff was not lawful in appearing at the sheriff lockout on the rejected-lease property after May 14, 2026.

## VII. EXTRINSIC FRAUD AND MATERIAL MISREPRESENTATION

Plaintiff and counsel obtained and defended the default judgment by:

1. Concealing that Plaintiff's own September 23/24 packet directed payment away from LeFever Mattson;
2. Concealing that LeFever Mattson was in bankruptcy and not collecting rent;
3. Lying or concealing the true ownership when Defendant Ericka Cooper directly asked;
4. Filing a 3-day notice separate from the new owner's notice to manufacture a default;
5. Failing to disclose the rejection of Plaintiff's management contract;
6. Submitting proof of service for "All Other Occupants" that USPS records affirmatively contradict;
7. Inflating the 3-day notice with late fees in violation of Canal Street, Ltd. v. Sorich.

This is extrinsic fraud under Kulchar v. Kulchar (1969) 1 Cal.3d 467, supporting equitable relief from default and judgment without regard to any deadline under CCP § 473(b).

## VIII. IRREPARABLE HARM AND THE DAILY ACCRUAL OF DAMAGES

Defendant Ericka Cooper, Jacob Bolden, and minor children residing at 5703 Orange Avenue have suffered and continue to suffer irreparable harm:

1. Loss of shelter - they have been forcibly removed from their home with no place to go;
2. Minor children displaced - exposure to homelessness, emotional trauma, and instability;
3. Loss of personal-property access - clothing, documents, medication, school supplies, and irreplaceable items remain inside;
4. Destruction of statutory tenant rights - § 1962 protections, CCP § 415.46 protections, the right to be heard, and the right to assert defenses;
5. Foreclosure of federal-forum rights - the lockout was timed two days before the federal objection deadline;
6. Reputational and credit harm - an unlawful eviction record will impair future housing;
7. No adequate remedy at law - monetary damages alone cannot fully restore possession, family stability, or lost federal rights.

Every day this lockout continues, statutory penalties accrue under Civil Code § 789.3 and irreparable harm deepens. Plaintiff must either (i) restore possession today, or (ii) be ordered to pay daily statutory and equitable damages until the June 8, 2026 hearing.

## IX. RELIEF REQUESTED (FULL LIST)

Defendant respectfully requests that this Court, ex parte and/or at the June 8, 2026 hearing, order the following:

1. Immediate restoration of possession of 5703 Orange Avenue, Sacramento, CA 95823, to Defendant Ericka Cooper, Jacob Bolden, and the minor children residing therein, with delivery of keys and access forthwith;
2. In the alternative, if immediate repossession is not ordered today: that Plaintiff be ordered to pay Defendant per-diem statutory damages of not less than $200.00 per day under Civil Code § 789.3(c),

plus all out-of-pocket lodging, food, transportation, storage, and replacement-personal-property costs, for every day the unlawful lockout continues until the June 8, 2026 hearing, payable at that hearing;

3. Stay all enforcement of the writ of possession, lockout, alleged nonpayment balance, holdover damages, late fees, forwarded balances, and rent-default enforcement pending resolution of Adversary Proceeding No. 26-01007 in the United States Bankruptcy Court;
4. Vacate the default and default judgment in Case No. 25UD006079 based on Civil Code § 1962 violations as to Defendant Ericka Cooper;
5. Quash the writ of possession as void for defective service under CCP § 415.46 and for Plaintiff's lack of post-Effective-Date standing;
6. Declare the judgment, writ, and lockout void as to unnamed occupant Jacob Bolden under CCP §§ 415.46 and 1174.3;
7. Order the Clerk of the Court to accept future filings by Jacob Bolden in this matter, including a Prejudgment Claim of Right to Possession (Form CP10.5);
8. Refer Plaintiff's conduct for evaluation under Civil Code § 789.3, Civil Code § 1962, Civil Code § 3294 (punitive damages), CCP § 128.7 (sanctions), and Business and Professions Code § 17200;
9. Grant such further relief as the Court deems just and equitable.

## X. NOTICE TO OPPOSING COUNSEL

Pursuant to California Rules of Court, Rule 3.1203, notice of this ex parte application was provided to Pamela C. Jackson, Esq., counsel for Plaintiff, on May 26, 2026, at 7:32 [a.m./p.m.] by [email/telephone] to Pamela Jackson.

## XI. DECLARATION OF ERICKA COOPER

I, Ericka Cooper, declare under penalty of perjury under the laws of the State of California:

1. I am the named lessee and Defendant in this action and reside at 5703 Orange Avenue, Sacramento, CA 95823. The facts stated herein are true of my personal knowledge except as to those matters stated on information and belief, and as to those, I believe them to be true.
2. The residential lease for 5703 Orange Avenue is in my name only. All notices, communications, ledger statements, and emails from Plaintiff and its agents - including the September 23/24, 2025 packet, my September 26, 2025 email, and the October 24, 2025 email from Tayler Bachart - were directed to and from me. I am the proper claimant for the Civil Code § 1962 violations alleged in this filing.
3. Jacob Bolden is a co-occupant of 5703 Orange Avenue and has resided there with me and minor children. He is not named on the lease. He has attempted on multiple occasions to file his own ex parte application and Prejudgment Claim of Right to Possession (Form CP10.5) with this Court. On each occasion, the Court Clerk rejected his filings on the ground that he is "not on the lease." Because his direct access to the Court has been administratively blocked, I am raising his rights through this filing as the named lessee and Defendant of record.
4. The certified mail envelope addressed to "All Other Occupants" at 5703 Orange Avenue bore a wrong ZIP code, and USPS tracking (Tracking No. 70203160000025227913) confirms the mailing was

marked "Notice Left - No Authorized Recipient Available" and was returned to sender. True and correct copies of the envelope and tracking record are attached as Exhibits A and B.

5. On or about September 23/24, 2025, I was personally served with a packet containing three documents: (a) a 3-day notice to pay rent or quit from LeFever Mattson Property Management; (b) a "new owner letter" identifying Kristina Fox as the owner; and (c) a directive to pay Chris Bendinelli or Kristina Fox because LeFever Mattson was in bankruptcy and not collecting rent.

6. I directly asked Plaintiff's property manager who the new owner was. I did not receive a truthful or complete answer. The property manager concealed the actual ownership and payee structure.

7. In reliance on the September 23/24 directive, I made a $5,000 cash payment from my 401(k) funds to Chris Bendinelli. Plaintiff's ledger subsequently reduced from approximately $20,320 to approximately $15,240 - a $5,080 reduction tracking my payment.

8. On October 24, 2025, Tayler Bachart sent me an email stating the 3-day notice covered "outstanding rent and no other outstanding charges" while simultaneously admitting the $20,520 figure "includes late fees" - a contradiction in writing confirming the 3-day notice was inflated and unlawful.

9. On a date after May 14, 2026 - the Effective Date of the confirmed Chapter 11 Plan in In re LeFever Mattson, Case No. 24-10545 (CN) - the Sheriff arrived at 5703 Orange Avenue to perform a lockout, then stood down. Representatives of LeFever Mattson Property Management remained at the property and waited for the Sheriff to return, at which time the lockout was effectuated. This occurred approximately two days before the federal deadline to object to lease rejection.

10. As a direct result, I, Jacob Bolden, and the minor children residing at the property have been displaced from our home, without shelter, without access to our personal property, and without any meaningful opportunity to be heard before being removed. Each day this lockout continues compounds severe and irreparable harm to me, to Mr. Bolden, and to the minor children.

11. I have read and reviewed Bankruptcy Court Docket Nos. 4225 (Confirmation Order, 04/23/2026), 4332 (Notice of Effective Date, 05/14/2026), 3176 (Plan Supplement with Exhibits A-E), and 4293 (Adversary Proceeding 26-01007 entry, 05/05/2026). True and correct copies are attached as Exhibits C through F.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 27 day of ~~June,~~ May 2026, at Sacramento, California.

Ericka Cooper

**XII. EXHIBITS**

Exhibit A - Photograph of certified mail envelope to "All Other Occupants" (wrong ZIP code)

Exhibit B - USPS Tracking record No. 70203160000025227913 (Notice Left / Returned to Sender)

Exhibit C - Bankruptcy Docket No. 4225 (Confirmation Order, 04/23/2026)

Exhibit D - Bankruptcy Docket No. 4332 (Notice of Effective Date, 05/14/2026)

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF SACRAMENTO**
**UNLAWFUL DETAINER DIVISION**

LEFEVER MATTSON PROPERTY MANAGEMENT, Plaintiff, v. MAJOR MOTT III, et al., Defendants.

Case No. 25UD006079

## [PROPOSED] ORDER GRANTING EX PARTE RELIEF

Upon review of Defendant Ericka Cooper's Second Supplemental Ex Parte Addendum, Declaration, and attached Exhibits, and good cause appearing:

IT IS HEREBY ORDERED THAT:

1. Possession of 5703 Orange Avenue, Sacramento, CA 95823, shall be immediately restored to Defendant Ericka Cooper, Jacob Bolden, and the minor children residing therein. Plaintiff and its agents shall deliver keys and access forthwith;
2. In the alternative, if immediate repossession is not effectuated within 24 hours of entry of this Order, Plaintiff shall pay Defendant statutory and equitable damages of not less than $200.00 per day, plus all out-of-pocket lodging, food, transportation, storage, and replacement-personal-property costs, for each day the unlawful lockout continues until the June 8, 2026 hearing, payable at that hearing pursuant to Civil Code § 789.3(c);
3. All enforcement of the writ of possession, alleged nonpayment balance, holdover damages, late fees, forwarded balances, and rent-default enforcement is stayed;
4. The default and default judgment in Case No. 25UD006079 are vacated;
5. The writ of possession is quashed;
6. The judgment, writ, and lockout are declared void as to unnamed occupant Jacob Bolden under CCP §§ 415.46 and 1174.3;
7. The Clerk of the Court is ordered to accept filings by Jacob Bolden in this matter, including a Prejudgment Claim of Right to Possession (Form CP10.5);
8. The matter is set for further hearing on June 8, 2026 at ___ [a.m./p.m.] in Department 88.

Dated: ___________________

_________________________________

Hon. Lee S. Bickley
Judge of the Superior Court

# EXHIBIT SERVICE-DEFECT FRAMING ADDENDUM

Case No. 25UD006079 - Department 88

**Purpose of this addendum:**

This addendum frames the service issue conservatively and precisely. Defendant does not ask the Court to assume facts not proven by the record. The record instead shows a material dispute and affirmative defects requiring Plaintiff to produce the actual statutory proof of service, process-server declaration, mailing proof, and diligent inquiry facts required for enforcement against unnamed occupants.

**Service issue to be decided:**

If Plaintiff did not complete service in compliance with Code of Civil Procedure section 415.46, the 'all occupants' language in the writ cannot be used to remove Jacob Bolden or other unnamed occupants without first giving the statutory claim process and hearing required by Code of Civil Procedure section 1174.3.

**Defendant's narrowed evidentiary position:**

- Jacob Bolden is not named in the summons, complaint, judgment, or writ.
- Jacob contends he occupied the premises before the unlawful detainer was filed and was not served with a CP10.5 packet giving him a prejudgment opportunity to appear.
- The available record shows wrong-address/wrong-ZIP issues and USPS tracking that does not show completed delivery to an authorized recipient.
- A checkbox or assertion on writ paperwork is not the same thing as the filed proof required by CCP section 415.46(d).
- Plaintiff should be ordered to produce the actual CP10.5 proof of service, exact service packet, process-server declaration, mailing proof, posting/leaving proof, and facts showing reasonable diligent inquiry for unnamed adult occupants.

**Requested finding / relief language:**

The Court should find that Plaintiff has not presently demonstrated statutory compliance with CCP section 415.46 as to unnamed occupants, and that the existing record raises material defects and contradictions regarding service. The Court should stay or recall enforcement as to Jacob Bolden and unnamed occupants, deem Jacob's CP10 accepted or lodged, set a CCP section 1174.3 hearing, and require Plaintiff to produce the full CP10.5 service record before any further enforcement against unnamed occupants.

EXHIBIT A

Envelope addressed to 'All Other Occupants' showing defective service and ZIP discrepancy.

EXHIBIT A

Envelope addressed to "All Other Occupants" at 5703 Orange Ave., Sacramento, CA 95823.

Source: User-provided envelope image (rotated for readability).






EXHIBIT B

# EXHIBIT B

USPS tracking showing Notice Left / No Authorized Recipient Available instead of completed delivery.

9:53
◁ Files
LTE 10

02_FILE_SECOND_MAIN_C...

## EXHIBIT B

USPS tracking screenshot for 70203160000025227913.

Shows "Notice Left (No Authorized Recipient Available)" and redelivery reminder, rather than completed delivery.

Source: User-provided USPS tracking screenshot.

6:41

Tracking Number: Remove ✕

**70203160000025227913**

Copy   Add to Informed Delivery

**Latest Update**

This is a reminder to arrange for redelivery of your item or your item will be returned to sender.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

**Delivery Attempt**
**Reminder to Schedule Redelivery of your item**
December 27, 2025

**Notice Left (No Authorized Recipient Available)**
SACRAMENTO, CA 95823
December 22, 2025, 1:52 pm

**Arrived at USPS Regional Facility**
SACRAMENTO CA DISTRIBUTION CENTER
December 21, 2025, 12:00 pm

Hide Tracking History

What Do USPS Tracking Statuses Mean?

**Text & Email Updates**

tools.usps.com

# EXHIBIT C

Kristina Fox letter directing payment outside LeFever Mattson because LeFever was in bankruptcy.

Exhibit C

Kristina Fox letter stating rent was not being collected by LeFever Mattson and directing payment through Chris because LeFever was in bankruptcy.

**5703 Orange Ave**
**Sacramento CA 95823**

My name is Kristina Fox and I own the home at 5703 Orange Avenue. I recently became aware that rent is not being collected by Lefever Mattson, the property management company. My records show that you have not paid rent since April 2023.

The 3 day notice includes unpaid rent for the past 12 months. Please call or text Chris Bendinelli (916-205-5375) to make arrangements to pay. He can come by or if you prefer, you can drop off rent at 11131 Concord River Court, Rancho Cordova, CA 95670. Please let me know if you intend to move out or I will file the unlawful detainer suit on October 2, 2025.

You can pay me in cash or certified check or money order. I will be your contact moving forward as Lefever Mattson is in bankruptcy.

Thank you,
Kristina Fox
415-793-1278
3110 Udall St
San Diego CA 92106

# 3-DAY NOTICE TO PAY RENT OR VACATE

**September 23, 2025**

Ericka Cooper and Major Mott
5703 Orange Ave
Sacramento, California 95823

**TO TENANT(S) AND ALL OTHERS IN POSSESSION OF THE PREMISES LOCATED AT:**

5703 Orange Ave, Sacramento, California 95823

**PLEASE TAKE NOTICE** that under which you hold the possession of the herein-described premises there is now due. The total sum of unpaid and delinquent rent during the last twelve months is $15,240.0, as follows:

May 1, 2023 to September 1, 2025

Total: $15,240.0

**PLEASE TAKE FURTHER NOTICE** that within **THREE (3)** days after service of this notice, you are hereby required to pay the above-listed amount in full OR vacate the subject premises, move out, and deliver up possession of the same to Kristina Fox. Failure to pay the rent in full OR vacate the premises **WITHIN THREE (3)** days as required by this notice will result in forfeiture of the lease and/or rental agreement and will institute legal proceedings for an unlawful detainer against you to declare the lease or rental agreement void or forfeited, recover rent, damages, and possession of said premises.

The following forms of payment will be accepted:

- Cash
- Money order
- Certified check

Make payment to: Kristina Fox
Address: 3110 Udall St, San Diego, California 92106
**Payment must be made by 9AM on October 1, 2025**
(Call or text Chris at the phone number below to arrange payment pick up or make payment to 5705 Orange Ave Sacramento CA 95823 (Edwin).
Phone Number: 9162055375

THIS IS INTENDED AS A **THREE (3)** DAY LEGAL NOTICE FOR THE PURPOSE OF TERMINATING YOUR TENANCY. THIS TERMINATION OF TENANCY IS IN ACCORDANCE WITH CALIFORNIA CIVIL CODE § 1161.

THE LANDLORD RESERVES ALL THE RIGHTS AND REMEDIES PROVIDED UNDER THE RENTAL AGREEMENT AND UNDER APPLICABLE LAWS OF THE STATE OF CALIFORNIA INCLUDING BUT NOT LIMITED TO DAMAGES FOR UNPAID RENT OR PROPERTY AND NOTHING IN THIS NOTICE MAY BE CONSTRUED AS A WAIVER OF SUCH RIGHTS AND REMEDIES.

Dated: September 23, 2025

By: *[signature]*
Kristina Fox
3110 Udall St, San Diego, California 92106

4157931278

# EXHIBIT D

3-Day Notice directing payment to Kristina Fox and Chris Bendinelli.

... possession of said premises.

<u>The following forms of payment will be accepted:</u>

- Cash
- Money order
- Certified check

Make payment to: Kristina Fox
Address: 3110 Udall St, San Diego, California 92106
**Payment must be made by 9AM on October 1, 2025**
(Call or text Chris at the phone number below to arrange payment pick up or make payment to 5705 Orange Ave Sacramento CA 95823 (Edwin).
Phone Number: 9162055375

THIS IS INTENDED AS A **THREE (3)** DAY LEGAL NOTICE FOR THE PURPOSE OF TERMINATING YOUR TENANCY. THIS TERMINATION OF TENANCY IS IN ACCORDANCE WITH CALIFORNIA CIVIL CODE § 1161.

THE LANDLORD RESERVES ALL THE RIGHTS AND REMEDIES PROVIDED UNDER THE RENTAL AGREEMENT AND UNDER APPLICABLE LAWS OF THE STATE OF CALIFORNIA INCLUDING BUT NOT LIMITED TO DAMAGES FOR UNPAID RENT OR PROPERTY AND NOTHING IN THIS NOTICE MAY BE CONSTRUED AS A WAIVER OF SUCH RIGHTS AND REMEDIES.

Dated: September 23, 2025

By: Kristina Fox
Kristina Fox
3110 Udall St, San Diego, California 92106

4157931278

# EXHIBIT E

Proof of service page listing notice packet components.

**PROOF OF SERVICE**

I, the undersigned, being at least 18 years of age, declare under penalty of perjury that I served the above notice, of which this is a true copy, on the following tenant(s) in possession in the manner(s) indicated below:

X On 9/24/25, I handed the notice to the tenant(s) personally.

__ On ___________, after attempting personal service, I handed the notice to a person of suitable age and discretion at the residence/business of the tenant(s), AND I deposited a true copy in the U.S. Mail, in a sealed envelope with postage fully prepaid, addressed to the tenant(s) at his/her place of residence.

__ On ___________, after attempting service in both manners indicated previously, I posted the notice in a conspicuous place at the residence of the tenant(s), AND I deposited a true copy in the U.S. Mail, in a sealed envelope with postage fully prepaid, addressed to the tenant(s) at his/her/their place of residence.

Executed on 9/24/25
Served by [signature]

- 3day notice
- new owner letter
- rent owed

# EXHIBIT F

Plaintiff opposition memorandum.

PAMELA C. JACKSON, ESQ. SBN 87502
PAMELA C. JACKSON, INC.
409 Boyd Street
Vacaville, CA 95688
Telephone 707-446-2333
Facsimile 707-446-2393
e-Mail jackson@pcjlawinc.com

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

| | |
|---|---|
| LEFEVR MATTSON et al,<br><br>Plaintiff,<br><br>v.<br><br>MAJOR MOTT III et al,<br><br>Defendants. / | Case No. 25UD006079<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT<br><br>Date: April 29, 2026<br>Time: 1:15 PM<br>Dept: 88 |

COMES NOW LEFEVR MATTSON PROPERTY MANAGEMENT, Plaintiff, and submits the following points and authorities in opposition to Defendant, Erika Cooper's *Motion to Set Aside Default and Default Judgment*.[1]

1. DEFENDANT HAS FAILED TO DEMONSTRATE MISTAKE, INADVERTANCE OR EXCUSABLE NEGLECT

To succeed in a motion to set aside a default and default judgment, the defendant must show the requisite mistake, inadvertence, surprise or excusable neglect required by CCP § 473(b).

[1] The Court should note that the motion is filed by Erika Cooper only and does not include the co-defendant, Major Mott III.

# EXHIBIT G

Lease Addendum Three to Residential Lease Agreement.

**LeFever Mattson**
**Property Management**

6359 Auburn Boulevard, Suite B
Citrus Heights, CA 95621

Telephone (916) 723-5111
FAX (916) 676-0911

# ADDENDUM THREE TO RESIDENTIAL LEASE AGREEMENT

1. TENANT(s): Major Mott III and Erica Cooper

   AND OTHER OCCUPANTS

   No persons other than those listed above may reside in the premises. All persons listed above are subject to all of the terms and provisions of this Residential Rental Agreement. No other persons, regardless of age, shall occupy [illegible] premises. Anyone residing (including but not limited to staying overnight at the premises more than three (3) days in any thirty day period) will be considered an unauthorized subtenant and an incurable violation of the rental agreement.

2. LANDLORD NAME: LeFever Mattson Property Management
   Telephone #: 916-723-5111

   PROPERTY MANAGER NAME/AUTHORIZED AGENT: LeFever Mattson Property Management

   Address: 6359 Auburn Boulevard, Suite B, Citrus Heights, CA 95621 Telephone # (916) 723-5111
   If Agent is specified above, this person/entity is the designated Agent for receipt of papers from the Tenant.

3. TENANCY ADDRESS: 5703 Orange Ave., Sacramento CA 95823

IN CONSIDERATION OF THEIR MUTUAL PROMISES, LANDLORD AND TENANT AGREE AS FOLLOWS:

A. The term of this lease shall be extended to 01/31/2024. Any holding over at the expiration of this lease shall create a month-to-month tenancy.

B. Beginning January 1, 2023, the rent shall be $1,270.00 instead of $1,165.00, the current month's rent.

C. Amend Paragraph 27. Hold Over – Any holding over at the expiration of this modified lease shall create a month-to-month tenancy. All other terms and conditions herein shall remain in full force and effect.

D. Except as herein provided, all other terms of the lease/rental agreement shall remain in full and effect.

E. This addendum to be effective as of November 22, 2022.

Dated: 11-22-22 Tenant: Erica [signature]

Dated: 11-22-22 Tenant: [signature]

Dated: 11/22/2022 Agent: Colleen Comfort [signature]

EXHIBIT H

2021 Notice of Change of Ownership.

LeFever Mattson
Property Management

6359 Auburn Boulevard, Suite B
Citrus Heights, CA 95621

Telephone (916) 723-5111
FAX (916) [illegible]

## NOTICE OF CHANGE OF OWNERSHIP - NOTICE OF CHANGE
## [Pursuant to Civil Code § 1962 & 1947.12]

To: Major Mott III and Ericka Cooper
and any others at:
5703 Orange Avenue
Sacramento, CA 95823

Subject Premises: 5703 Orange Avenue, Sacramento, CA 95823

YOU ARE HEREBY ADVISED AS FOLLOWS:

1. The property described above ownership is LeFever Mattson, Inc. instead of Robert Hultman and Charlene Hultman

2. The property where you reside is not subject to the rent limits imposed by Section 1947.12 of the Civil Code and is not subject to the just cause requirements of Section 1946.2 of the Civil Code. This property meets the requirements of Sections 1947.12 (c)(5) and 1946.2 (e)(7) of the Civil Code and the owner is not any of the following: (1) a real estate investment trust, as defined by Section 856 of the Internal Revenue Code; (2) a corporation; or (3) a limited liability company in which at least one member is a corporation.

3. All other terms of the lease/rental agreement shall remain in full force and effect.

LeFever Mattson Property Management will continue to manage the property.

PLEASE BE FURTHER ADVISED that all future notices, rents, demands, requests, or communications including but not limited to service of process shall be directed as follows:
LeFever Mattson Property Management
Attn: Alyse Zahnd
6359 Auburn Blvd, Suite B
Citrus Heights, CA 95621
Telephone No. (916) 723-5111

Pay Rent as follows: [X] Personal Check [X] Cashier's Check [X] Money Order

Third party checks are not permissible. Postdated checks are not permissible. Tenant(s) in receipt of a 3 Day Notice will be required to pay rent in the form of [X]Cashier's Check [X]Money Order until 3 Day Notice has been rectified.

All payments must be made "In advance" on or before the first (1st day of each calendar month, without offset or deductions of any kind, to the name of the Landlord or Landlord's Authorized Agent specified above, as follows:
Rent may be paid by either:
[X] Mail or Personal Delivery: The usual days and hours for personal delivery of the rent and other sums due are:
Days: Monday-Friday Hours: 8:30 a.m. - 5:00 p.m.
There is also a drop slot that is available all the time. Use of drop slot is at the residents own risk.

DATED: 11/23/2021

(Signature of Notice Preparer)

# EXHIBIT I

Bankruptcy stay and docket materials.

# EXHIBIT K

## September 26, 2025 Email Thread - Civil Code Section 1962 Ownership / Payee Disclosure Dispute

**Purpose:** This email exhibit completes the Civil Code section 1962 record. Ericka Cooper asked LeFever Mattson / Tayler Bachart to clarify the change in ownership or management, the active lease, the itemized amount claimed due, and the basis for the 3-day notice after receiving conflicting ownership/payee documents.

**Key point for the Court:** The response shown in the email thread relies on the old 11/23/2021 notice of ownership and does not reconcile the later Kristina Fox / Chris Bendinelli payment demand, the 2024 ownership/payee change issue, or why rent was being demanded through third parties while LeFever Mattson was in bankruptcy.

**Connection to Section 1962:** This exhibit supports Defendant's position that the owner, manager, agent, rent-recipient, and place/method of payment information was not current, clear, or lawfully reconciled before Plaintiff used a nonpayment theory to prosecute the unlawful detainer.

A

Amaya. Alexandra
to me
Sep 26, 2025 Details

This message has been modified to fit your screen. Tap here to show original.

Hello,

Please find the ownership information requested.

**Information for Parcel:**

050-0411-002-0000

## PROPERTY INFORMATION

| | |
|---|---|
| Assessor Parcel # | 05004110020000 |
| Situs Address | 5701 ORANGE AVE |
| Postal City/Zip | SACRAMENTO 95823 |
| Jurisdiction | UNINCORPORATED |
| Assessor Roll Status | ACTIVE |
| Parcel Type | LND |

## PARCEL ADDRESSES

The primary address for this parcel is highlighted in **yellow** below.

2:22 LTE 17

Gmail is better on the app
Secure, fast & organized email
OPEN

'Asses...

## PARCEL ADDRESSES

The primary address for this parcel is highlighted in yellow below.

| Address | Source | MAD ID |
|---|---|---|
| 5701 ORANGE AVE, 95823-3425 | SACGIS_TRUEMULT | 128550 |
| 5703 ORANGE AVE, 95823-3425 | SACGIS_TRUEMULT | 128501 |

## OWNER INFORMATION

| | |
|---|---|
| Owner | • MELICK, KRISTINA<br>• LEFEVER MATTSON (GRANTOR) |
| Care Of | LEFEVER MATTSON |
| Mailing Address | 6359 AUBURN BLVD STE B<br>CITRUS HEIGHTS, CA 95621 |
| Recorded Document | **20240724-473** |
| Document Type | GRANT DEED/CORP. DEED/GIFT DEED/JNT TEN DEED |
| Event Date | 2024-07-24 |
| Owner Code | 00-TAXABLE PROPERTY |

mail.google.com

**Ericka Cooper**
To: Tayler · Fri, Sep 26, 2025 at 2:04 PM

Dear Le Fever Mattson/ Taylor Burkheart

I hope this message finds you well. I am writing to express some serious concerns regarding recent developments with my tenancy at 5703 Orange ave Sacramento Ca 95823

First, I was not notified of a change in ownership or management of the property. As a tenant, I believe I have a right to be informed of such changes, especially as it may affect my lease agreement and communication going forward.

Additionally, I was recently served with a 3-day notice to pay rent or vacate, which stated an amount owed that appears to be inaccurate. I was not aware of any updated lease terms or changes to the rent balance that would justify the amount listed in the notice. To date, I have not signed or been presented with a new lease agreement under the new ownership, and I am concerned that proper legal procedures may not have been followed.

I want to clarify that I have made efforts to seek assistance to pay the amount owed and have been proactive in trying to resolve any outstanding balance. However, the lack of transparency and communication has made this difficult.

Given the circumstances—including the questionable validity of the change of lease and rental agreement, I will be seeking legal guidance to better understand my rights and ensure that this situation is addressed fairly and lawfully.

Please provide clarification on the following at your earliest convenience:

1. Confirmation of the change in ownership or management including the date it took effect.

2. A copy of any lease or rental agreement that is currently considered active.

3. An itemized breakdown of the amount claimed to be owed.

4. The basis for the 3-day notice served, including any applicable documentation.

I hope we can resolve this matter in a fair and timely manner. Thank you for your attention, and I look forward to your prompt response.

Sincerely, Ericka Cooper / Major Mott
5703 Orange ave, Sacramento Ca 95823
Phone Number 916 585-1060

**Tayler Bachart**

← Back

Tayler Bachart

To: me · Fri, Sep 26, 2025 at 3:02 PM

Good afternoon Ericka,

Thank you for reaching out regarding your concerns. I am happy address your questions.

**1. Confirmation of the change in ownership or management including the date it took effect.**

You were notified on 11/23/2021 via posted letter of the change in ownership. Notice is also attached.

**2. A copy of any lease or rental agreement that is currently considered active.**

Attached is a copy of your original lease agreement, the lease addendum signed 11.22.22 reflecting the current rental rate, as well as a change in terms from 2019 reflecting the current late fees charged.

**3. An itemized breakdown of the amount claimed to be owed.**

Unpaid charges report attached and running ledger.

**4. The basis for the 3-day notice served, including any applicable documentation.**

The 3-day notice served is solely for unpaid rent due in accordance with your lease agreement.

Additionally, to address your comments regarding the 3 day notice:

***The 3-day notice can only reflect outstanding rent and no other outstanding charges, which is why it reflects the balance of $20,320. The unpaid charges report shows exactly which charges are for rent and which are late fees.***

Please review the attached documents, and let us know if you have any further questions.

Tayler Bachart – Property Manager

See

7:29 5GUC 36

mail.yahoo.com/r

y!mail+ Search your mail Home E

Back

# Recent change if lease/ 3 day notice

Archive

**Ericka Cooper**
To: Taylor · Fri, Sep 26, 2025 at 2:04 PM

Dear Le Fever Mattson/ Taylor Burkheart

I hope this message finds you well. I am writing to express some serious concerns regarding recent developments with my tenancy at 5703 Orange ave Sacramento Ca 95823

First, I was not notified of a change in ownership or management of the property. As a tenant, I believe I have a right to be informed of such changes, especially as it may affect my lease agreement and communication going forward.

Additionally, I was recently served with a 3-day notice to pay rent or vacate, which stated an amount owed that appears to be inaccurate. I was not aware of any updated lease terms or changes to the rent balance that would justify the amount listed in the notice. To date, I have not signed or been presented with a new lease agreement under the new ownership, and I am concerned that proper legal procedures may not have been followed.

I want to clarify that I have made efforts to seek assistance to pay the amount owed and have been proactive in trying to resolve any outstanding balance. However, the lack of transparency and communication has made this difficult.

Given the circumstances--including the questionable validity of the change of lease and rental agreement, I will be seeking legal guidance to better understand my rights and ensure that this situation is addressed fairly and lawfully.

Please provide clarification on the following at your earliest convenience:

1. Confirmation of the change in ownership or management including the date it took effect.

2. A copy of any lease or rental agreement that is currently considered active.

3. An itemized breakdown of the amount claimed to be owed.

4. The basis for the 3-day notice served, including any applicable documentation.

I hope we can resolve this matter in a fair and timely manner. Thank you for your attention, and I look forward to your prompt response.

Sincerely, Ericka Cooper / Major Mott
5703 Orange ave, Sacramento Ca 95823
Phone Number 916 585-1060

**Tayler Bachart**
To: me · Fri, Sep 26, 2025 at 3:02 PM

Good afternoon Ericka,

Thank you for reaching out regarding your concerns. I am happy address your questions.

**1. Confirmation of the change in ownership or management including the date it took effect.**

***You were notified on 11/23/2021 via posted letter of the change in ownership. Notice is also attached.***

**2. A copy of any lease or rental agreement that is currently considered active.**

***Attached is a copy of your original lease agreement, the lease addendum signed 11.22.22 reflecting the current rental rate, as well as a change in terms from 2019 reflecting the current late fees charged.***

**3. An itemized breakdown of the amount claimed to be owed.**

***Unpaid charges report attached and running ledger.***

5703 Orange ave
me · 7/9/2024
5703 Orange ave
me · 8/9/2024
Re: Recent chang...
me, Taylor, me · 9/26/202
Great News! Your ...
AirTalk Wireless · Mar 25
Fall 2026 Enrollm...
Visions in Education · M
VIP Petcare Clini...
noreply@vippetcare.com
Reminder: Compl...
Capital · 9/26/2026
DENIAL LETTER
Utility assistance · 8/28
See all Starred ...

# EXHIBIT J

## Jacob Bolden - Ex Parte CP10 / Stay Packet

Attached immediately after this divider page.

**JACOB BOLDEN, Self-Represented**

5703 Orange Avenue, Sacramento, California 95823

Telephone: 279-270-9541 Email: Jabolden86@Gmail.com

Nonparty Occupant / Claimant

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SACRAMENTO**

**CAROL MILLER JUSTICE CENTER**

301 Bicentennial Circle, Sacramento, CA 95826

| | |
|---|---|
| LEFEVR MATTSON PROPERTY MANAGEMENT,<br>Plaintiff/Petitioner,<br><br>vs.<br><br>MAJOR MOTT, III et al.,<br>Defendant/Respondent(s). | Case No.: 25UD006079<br>Dept.: 88<br>Judge: Hon. Lee S. Bickley<br><br>JACOB BOLDEN, Nonparty Occupant / Claimant |

EX PARTE APPLICATION OF JACOB BOLDEN FOR TEMPORARY STAY OF EXECUTION OF WRIT OF POSSESSION; ORDER ACCEPTING CLAIM OF RIGHT TO POSSESSION (CP10) AS LODGED OR ORDERING SHERIFF/CLERK TO ACCEPT IT; ORDER TO SHOW CAUSE RE PREJUDGMENT CLAIM (CP10.5) SERVICE; REQUEST FOR CCP SECTION 1174.3 HEARING; NOTICE OF WRONG-ADDRESS SERVICE DEFECTS; NOTICE OF RELATED BANKRUPTCY AUTHORITY DISPUTE AND POST-CONFIRMATION ENFORCEMENT ISSUE; MEMORANDUM; DECLARATION; DECLARATION RE NOTICE; AND [PROPOSED] ORDER

**IMMEDIATE RELIEF REQUESTED: The April 29, 2026 order says the writ is to be executed immediately against all occupants. Jacob Bolden is not named in the writ, judgment, summons, or complaint; he occupied the premises before the unlawful detainer was filed; he disputes any claimed CP10.5 service; he states he attempted to file/tender CP10 and was refused; the court record shows wrong-address mailings using Carmichael, CA 95608 for a Sacramento, CA 95823 premises; the household includes a 5-year-old child with IEP services linked to the residence/school placement; and there is a related bankruptcy authority dispute over whether Plaintiff had authority before or after the April 23, 2026 confirmation order to prosecute/enforce possession.**

## I. RELIEF REQUESTED

1. Temporarily stay execution of the writ of possession and any lockout/removal at 5703 Orange Avenue, Sacramento, CA 95823 as to Jacob Bolden and all unnamed occupants pending a CCP section 1174.3 hearing and further order.
2. Order the Sacramento Sheriff Civil Bureau and/or clerk to accept and process Jacob Bolden's Claim of Right to Possession (CP10), or deem the CP10 lodged as of the first attempted tender date because refusal to accept the claim would defeat CCP section 1174.3.
3. Set a hearing under CCP section 1174.3 to determine Jacob Bolden's claim of right to possession.
4. Order Plaintiff/Judgment Creditor and counsel Pamela C. Jackson, Inc. to produce the actual filed proof of service for CP10.5, the summons and complaint service packet, and the process-server declaration showing compliance with CCP section 415.46, including reasonable diligent inquiry for unnamed adult occupants.
5. Order Plaintiff to produce the default/judgment/writ papers that rely on the CP10.5 checkbox and any request/application where Plaintiff represented that CP10.5 was served.
6. Order correction of the premises and mailing address to 5703 Orange Avenue, Sacramento, CA 95823, and require any corrected notice, corrected writ, corrected order, or corrected certificate to be re-served before it is used against Jacob or any unnamed occupant.
7. Take notice of the related bankruptcy authority dispute in In re LeFever Mattson, Case No. 24-10545 (Bankr. N.D. Cal.), because the property, lease, rent stream, cure treatment, and enforcement authority are tied to the confirmed Chapter 11 plan and retained bankruptcy jurisdiction.

8. Find that the presence of a 5-year-old child with an active IEP and services tied to the residence/school placement strengthens the immediate-danger and irreparable-harm showing for a short stay preserving the status quo until Jacob's CP10/CP10.5 service issues are heard.

## II. PROCEDURAL COMPLIANCE, LOCAL RULES, AND WHY EX PARTE RELIEF IS PROPER

This application is ex parte because lockout enforcement has been ordered immediately against "all occupants," and a delayed noticed motion may be too late to protect the statutory right of an unnamed occupant to assert CP10 before removal.

Sacramento Superior Court Local Rule 2.35 and California Rules of Court 3.1201-3.1207 are addressed by including: an application stating the relief requested; a factual declaration; a notice declaration; points and authorities; and a proposed order. Because this is an unlawful detainer lockout emergency, shorter reasonable notice is requested if necessary. Applicant asks the clerk/department to present the papers to the assigned UD department or duty judge rather than reject them at the counter while a lockout is imminent.

| Rule / statute | Compliance / requested treatment |
|---|---|
| California Rules of Court, rule 3.1201 | This packet includes a written application, supporting declaration, declaration regarding notice, memorandum, and proposed order. |
| CRC rule 3.1202(c) | Jacob makes an affirmative factual showing of immediate danger and irreparable harm: imminent lockout without a statutory CP10 hearing. |
| CRC rules 3.1203(b) and 3.1204(c) | Because this is an unlawful detainer emergency, shorter reasonable notice is proper; the notice declaration explains notice attempts and why shorter notice is reasonable. |
| CRC rule 3.1205 | Even if an issue is raised about ex parte notice timing, the clerk should not reject the application for filing and it should be promptly presented to the appropriate judicial officer. |
| Sacramento Local Rule 1.07 / 2.35 | To the extent the court treats the application as a Presiding Judge or Law-and-Motion ex parte, the packet includes the required declaration regarding counsel/notice, and the requested hearing date/time may be marked TBD as required. If processed as a UD postjudgment emergency, Jacob requests immediate presentation to Dept. 88 or the available UD judicial officer at Carol Miller Justice Center. |
| CCP sections 715.020(d), 1174.3, 415.46 | Jacob is not named in the writ, claims possession before the UD filing date, disputes CP10.5 service, and asks for the statutory claim process before removal. |

## III. FACTUAL SHOWING

LeFever Mattson Property Management v. Major Mott, III et al., Sacramento Superior Court case number 25UD006079.

2. On April 29, 2026, the Court denied Ericka/Erica Cooper's CCP section 473(b) motion and ordered: "Writ of Possession is to be executed immediately. Said Writ to be enforced against all occupants."
3. The EJ-130 Writ of Execution / Writ of Possession was issued April 2, 2026. It names Major Mott III and lists Ericka/Erica Cooper as an additional judgment debtor. It does not name Jacob Bolden.
4. Page 2 of the EJ-130 contains a checked box stating that a Prejudgment Claim of Right to Possession (CP10.5) was served under CCP section 415.46. That checked box was submitted through Plaintiff/Judgment Creditor's writ paperwork. Jacob disputes the assertion and demands the actual proof required by CCP section 415.46(d).
5. Jacob Bolden occupied 5703 Orange Avenue before the unlawful detainer action was filed in October 2025 and still occupies the premises.
6. Jacob was not named in the summons, complaint, default, judgment, or writ; he was not served with CP10.5 attached to the summons and complaint; and he did not receive an opportunity to assert a prejudgment claim before judgment.

7. Jacob attempted to file or tender a CP10 Claim of Right to Possession and was refused. This Court should deem the CP10 lodged as of the first attempted tender date or order the sheriff/clerk to accept it immediately. Fill in exact refusal facts here: Date/time/location/person/reason:

______________________________________________________________________.

8. The court's Certificate of Mailing for the April 29, 2026 order lists "ERICA COOPER, 5703 Orange Avenue, Carmichael, CA 95608." The actual premises and writ address is 5703 Orange Avenue, Sacramento, CA 95823. This is a material wrong-address/city/ZIP defect.

9. The wrong-address problem matters because Plaintiff and the court cannot rely on a record mailed to a materially incorrect city/ZIP to support "all occupants" lockout or to defeat Jacob's claim. If any corrected address or corrected paper is later filed, it must be re-served; a silent correction cannot retroactively validate a wrong-address mailing.

9A. Jacob further contends the address defect was not limited to one harmless typo. If the summons, complaint, proof of service, default packet, writ request, certificates of mailing, or later corrected/refiled papers used the wrong city/ZIP or wrong occupant information, Plaintiff must produce the complete court-file proof and any corrected filing must be re-served before it is used to bind Jacob or defeat his CP10 rights.

10. Major Mott III was the named defendant, but Jacob's position is that Major Mott had not lived at the premises for a long period, and his mail was forwarded. Jacob could not lawfully open mail addressed to Major Mott to discover the UD case.

11. The household includes children, including a 5-year-old child with an active IEP and services tied to the residence/school placement. Immediate lockout before Jacob's statutory claim is heard would disrupt that child's special-education stability, therapies/services, transportation/placement planning, and the family's ability to maintain school continuity.

12. The same property is tied to the LeFever Mattson bankruptcy case. Bankruptcy records identify 5701/5703 Orange Avenue as a LeFever Mattson / Kristina Melick property, identify Major Mott III and Ericka Cooper at 5703 Orange, and raise a separate authority issue over who could collect rent, serve notices, prosecute the UD, and enforce possession.

13. The bankruptcy plan was confirmed on April 23, 2026. The state order requiring immediate enforcement was filed April 29, 2026. If the Bankruptcy Court determines that authority over this property, lease, rent/cure dispute, or enforcement rights belonged to the Consolidated Estate, Plan Recovery Trust/Trustee, or Bankruptcy Court structure, Jacob contends the April 29 enforcement order and any lockout based on Plaintiff's unauthorized prosecution/enforcement are void, voidable, or at minimum unenforceable as applied until the bankruptcy authority issue is resolved.

## IV. ARGUMENT

### A. The writ's "all occupants" language does not defeat Jacob's rights if he was not named and was not properly served with CP10.5.

CCP section 715.020(d) states that, unless a person is named in the writ, the levying officer may not remove a person who claims a right to possession accruing before the unlawful detainer action or who claims to have been in possession on the filing date. The statutory exception applies only if the summons, complaint, and prejudgment claim of right to possession were served on occupants in accordance with CCP section 415.46. Jacob is not named in the writ and declares that he was not served with CP10.5. The "all occupants" wording therefore cannot be enforced against him until the Court resolves his statutory claim and the CP10.5 proof issue.

### B. The CP10.5 checkbox on EJ-130 is not the proof of service required by CCP section 415.46(d).

The checked box on the EJ-130 is a representation in Plaintiff/Judgment Creditor's writ paperwork. It is not the actual proof required by CCP section 415.46(d). Section 415.46(d) requires proof of service under that section to be filed with the court and to include a statement that service was made pursuant to that section. Section 415.46(c) also requires a marshal, sheriff, or registered process server to make a reasonably diligent effort to ascertain whether other adult occupants live at the premises. Jacob disputes service under penalty of perjury.



Case: 26-01007 Doc# 48-4 Filed: 10/06/26 Entered: 10/06/26 18:14:19 Page 83 of 89

Plaintiff must produce the filed proof of service, the process server declaration, the summons/complaint/CP10.5 packet, and the facts showing diligent inquiry before Jacob may be removed.

Requested production: (1) Proof of service of summons and complaint; (2) proof of service of CP10.5; (3) copy of the exact service packet; (4) registered process server/marshal/sheriff declaration; (5) facts showing inquiry at the premises about unnamed adult occupants; (6) proof of mailing to "all occupants in care of the named tenant" at the premises, if relied upon; (7) request for default/default judgment papers; and (8) writ request papers containing the CP10.5 representation.

### C. Jacob's CP10 should be accepted, or deemed lodged, because refusal to process it defeats CCP section 1174.3.

CCP section 1174.3 permits a qualified unnamed occupant to file a Claim of Right to Possession after service/posting of the writ and up to the time the levying officer returns to effect the eviction. When a completed claim is presented to the sheriff, marshal, or other levying officer, the officer must forthwith stop the eviction, provide a receipt or copy showing the date/time received, and deliver the original to the court. If Jacob was refused when he attempted to tender CP10, that refusal should not become the reason he loses the statutory right. The Court should order immediate acceptance/processing or deem the CP10 lodged as of the first attempted tender date.

### D. The wrong-address defect requires a stay and re-service of any corrected filing or notice before it is used against Jacob.

The Certificate of Mailing for the April 29, 2026 order reflects "5703 Orange Avenue, Carmichael, CA 95608" for Erica/Ericka Cooper. The premises are "5703 Orange Avenue, Sacramento, CA 95823." A wrong city/ZIP on a lockout-related court mailing is not a harmless technicality where the order purports to authorize immediate enforcement against all occupants. Service by mail under CCP section 1013 is premised on addressing the paper to the person at the proper office/residence address; proof of service by mail under CCP section 1013a depends on the address shown on the envelope. If the wrong address was used, the Court should treat notice/service as disputed and require proof of actual service or re-service. Any corrected address, corrected certificate, corrected writ, or corrected/refiled notice must be served again before being used to bind Jacob or unnamed occupants.

The address defect also intersects with CP10.5. If Plaintiff relies on mailed or substituted service to unnamed occupants, the exact address, envelope, service packet, and proof are not side issues. They are the evidence. A corrected address cannot be used retroactively to prove prior valid service; it must be re-served and the new service must be documented.

This Court need not decide the entire UD case on this ex parte application. The narrow relief requested is a temporary stay so the Court can test whether Jacob was lawfully served, whether CP10 was wrongly refused, and whether the wrong-address record requires correction and re-service.

### E. The related bankruptcy authority dispute independently supports preserving the status quo.

Bankruptcy documents in In re LeFever Mattson, Case No. 24-10545, show that the authority over 5701/5703 Orange Avenue was not an ordinary private landlord issue. The confirmed plan says retained real property remains with the Consolidated Estate, sale proceeds vest in the Plan Recovery Trust, assumed contracts and leases are assigned to the Consolidated Estate or designee, the Plan Recovery Trust retains enforcement rights, and the Bankruptcy Court retained jurisdiction to enforce, implement, interpret, and resolve disputes under the Plan. Dkt. 4225, pp. 8-11, 19. Separate bankruptcy filings identify 5701/5703 Orange as LeFever Mattson 50% / Kristina Melick 50% with a July 24, 2024 event, and identify Major Mott III / Ericka Cooper at 5703 Orange. Dkt. 643-1 p. 67; Dkt. 4226-1 p. 20; Dkt. 3176 p. 15 of 47. A brief stay preserves the status quo while that authority issue is presented to the bankruptcy court.

This Court does not need to decide bankruptcy jurisdiction on this ex parte application. The narrower point is that the April 29, 2026 "all occupants" enforcement order came after the April 23, 2026 confirmation order and before the Bankruptcy Court has determined whether LeFever Mattson Property Management, Kristina Melick/Fox, Chris Bendinelli, the Consolidated Debtor, the Consolidated Estate, the Plan Recovery Trust, or the

Plan Recovery Trustee had authority to collect rent, redirect rent, serve notices, maintain the UD, obtain judgment, or enforce possession. If Plaintiff lacked authority, the enforcement process is void or voidable and should not be executed against an unnamed occupant before that threshold authority question is heard.

### F. A short stay is also necessary to prevent irreparable harm to a 5-year-old child with an IEP and services tied to the residence/school placement.

Jacob is not asking the Court to decide education-rights issues in this unlawful detainer case. He is showing immediate harm and equities for a short stay. The family includes a 5-year-old child with an IEP whose services and school stability are linked to the current address/school placement. Federal law recognizes that children with disabilities are entitled to a free appropriate public education and that an IEP is the written plan for the child's special-education services. If lockout makes the family homeless or displaces the child, the McKinney-Vento Act's school-stability protections become implicated, including the presumption favoring school-of-origin stability during homelessness. Those protections do not replace CCP sections 1174.3/415.46, but they strongly support irreparable harm and the public interest in preserving the status quo until Jacob's statutory claim and the authority/service defects are heard.

## VI. EXHIBIT SUMMARY

Add to Exhibit H: the child's current IEP, school enrollment/attendance record, therapy/service schedule, transportation plan, or school correspondence showing services are tied to the current residence/school placement.

| Exhibit | Document | Purpose |
|---|---|---|
| A | April 29, 2026 order denying Ericka/Erica's CCP 473(b) motion | Shows immediate writ enforcement against all occupants. |
| B | Certificate of Mailing showing "Erica Cooper, 5703 Orange Avenue, Carmichael, CA 95608" | Shows wrong city/ZIP and supports defective notice/re-service issue. |
| C | EJ-130 Writ pages 1-2 | Shows Jacob is not named; shows Plaintiff's CP10.5 checkbox assertion that Jacob contests. |
| D | Jacob's CP10 / proof of tender or refusal | Shows statutory claim attempt and blocker; attach CP10 and any notes/witnesses. |
| E | Bankruptcy Dkt. 4225 key pages | Shows plan, retained property, trust/enforcement authority, and retained jurisdiction. |
| F | Bankruptcy Dkt. 643-1 / Dkt. 2585 / Dkt. 3176 / Dkt. 4226-1 | Shows 5701/5703 property, 50/50 LeFever/Kristina, Major/Ericka at 5703, and $0 cure schedule. |
| G | Ericka-LeFever/Kristina communications and assessor records | Shows disputed ownership/payee/rent authority and wrong/conflicting rent demands. |
| H | Proof Jacob occupied before UD filing; proof children/IEP harm | Shows standing and irreparable harm. |

## DECLARATION OF JACOB BOLDEN

1. I am Jacob Bolden. I am a lawful occupant of 5703 Orange Avenue, Sacramento, California 95823.
2. I occupied the premises before the unlawful detainer action was filed in or about October 2025, and I still occupy the premises.
3. I am not named in the summons, complaint, judgment, or EJ-130 writ. The writ names Major Mott III and lists Ericka/Erica Cooper; it does not name me.
4. I was not served with a Prejudgment Claim of Right to Possession (CP10.5) attached to the summons and complaint. I did not receive a CP10.5 giving me a chance to appear before judgment.
5. I understand the EJ-130 writ contains a checked box claiming CP10.5 was served under CCP section 415.46. I dispute that claim under penalty of perjury and request that Plaintiff be ordered to produce the actual filed proof of service and diligent-inquiry declaration.



Case: 26-01007 Doc# 48-4 Filed: 10/06/26 Entered: 10/06/26 18:14:19 Page 85 of 89

Date: May 27

Signature: [signature]

**Jacob Bolden**

## [PROPOSED] ORDER

1. Execution of the writ of possession and any lockout/removal at 5703 Orange Avenue, Sacramento, CA 95823, is temporarily STAYED as to Jacob Bolden and unnamed occupants pending further order of this Court.
2. The Clerk and/or Sacramento Sheriff Civil Bureau shall accept and process Jacob Bolden's Claim of Right to Possession (CP10), together with any filing fee, 15-days' rent deposit if required, or fee-waiver application. If Jacob previously attempted to tender CP10 and was refused, the CP10 is deemed lodged as of ________________ at ________ _.m.
3. The Sacramento Sheriff Civil Bureau shall not remove Jacob Bolden pending the CCP section 1174.3 hearing or further order of this Court.
4. A hearing under CCP section 1174.3 is set for: ____________________________ in Department ______.
5. Plaintiff/Judgment Creditor shall produce before or at the hearing the actual filed proof of service for the Prejudgment Claim of Right to Possession (CP10.5), summons, and complaint, including the process server declaration and facts showing reasonable diligent inquiry for unnamed adult occupants under CCP section 415.46.
6. Plaintiff shall produce the request/application for default, default judgment, and writ papers that relied on CP10.5 service, including the document or declaration supporting the EJ-130 item 25(a)(1) checkbox.
7. The Court finds that the Certificate of Mailing showing "5703 Orange Avenue, Carmichael, CA 95608" raises a material address/notice issue. For purposes of further notices and service, the premises address is corrected to 5703 Orange Avenue, Sacramento, CA 95823. Any corrected/refiled notice, writ, order, or certificate intended to bind Jacob Bolden or unnamed occupants must be served again.

7A. Plaintiff shall produce any corrected/refiled summons, complaint, proof of service, default request, writ request, certificate of mailing, notice to vacate, and sheriff instructions reflecting the correct property address, and any such corrected/refiled paper shall not be used to bind Jacob Bolden or unnamed occupants unless re-served in compliance with law.

7B. The Court finds that the presence of a 5-year-old child with an active IEP and services tied to the current residence/school placement supports immediate stay relief to prevent irreparable harm while Jacob's statutory claim, service, and authority issues are resolved.

8. This temporary stay preserves the status quo and does not decide the final merits of possession, rent, bankruptcy authority, or any appeal/set-aside issues.
9. The Court notes a related bankruptcy authority dispute may be presented in In re LeFever Mattson, Case No. 24-10545 (Bankr. N.D. Cal.), including whether Plaintiff had authority before or after the April 23, 2026 confirmation order to prosecute or enforce possession. This stay is without prejudice to any Bankruptcy Court determination that the April 29, 2026 enforcement order, judgment, writ enforcement, or related acts are void, voidable, or unenforceable as applied if based on unauthorized conduct.

IT IS SO ORDERED.

Date: ___________________________

_____________________________________________

Judge of the Superior Court

6. I attempted to file or tender a CP10 Claim of Right to Possession, but I was refused. The details are: Date/time/location/person/reason: 2 previous attempts one by clerk one by the civil department.

7. The court Certificate of Mailing for the April 29, 2026 order shows Ericka/Erica Cooper at 5703 Orange Avenue, Carmichael, CA 95608. That is not the correct city or ZIP. The premises are 5703 Orange Avenue, Sacramento, CA 95823.

8. I have observed wrong-address use in court-related communications. Any corrected version should be served again. A later correction should not be used to say I had notice before the correction was served.

9. Major Mott III has not lived at the premises for a long period, to my knowledge, and mail addressed to him was not mail I could lawfully open to discover eviction papers.

10. The lockout order says "all occupants." I request this Court protect my rights as an unnamed occupant because I was not named and was not served with CP10.5.

11. The household includes children, including a 5-year-old child with an active IEP. The child's services and school stability are tied to this address/school placement. Immediate lockout before this Court hears my claim would cause serious and irreparable harm by disrupting special-education services, therapy/service continuity, transportation and school stability.

12. I ask the Court to stay the writ, order acceptance of my CP10 or deem it lodged, set a CCP section 1174.3 hearing, require proof of CP10.5 service and diligent inquiry, and require any corrected address documents to be re-served before they are used against me.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: May 27 2026

Signature: [signature]

**Jacob Bolden**

## DECLARATION REGARDING EX PARTE NOTICE

I, Jacob Bolden, declare:

1. I seek emergency ex parte relief because the April 29, 2026 order says the writ is to be executed immediately against all occupants, and I may be locked out before my statutory claim is heard.

2. Notice was/will be given to Plaintiff's counsel Pamela C. Jackson, Inc., 409 Boyd Street, Vacaville, CA 95688, phone (707) 446-2333, email jackson@pcjlawinc.com, by the following method(s): may on 28 at 10 am

3. I informed/will inform Plaintiff's counsel that the relief requested is: temporary stay of writ/lockout, order accepting or deeming lodged my CP10, order requiring production of CP10.5 proof of service and diligent inquiry, and a CCP section 1174.3 hearing.

4. I attempted/will attempt to determine whether Plaintiff opposes this application. Response received, if any: none

5. If notice was shorter than 10:00 a.m. the court day before the ex parte request, the shortened notice is reasonable under CRC rule 3.1203(b) because this is an unlawful detainer lockout emergency and the writ has been ordered executed immediately.

6. I also will provide a copy to the Sacramento Sheriff Civil Bureau because the requested relief directly concerns enforcement of the writ.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

# ENERGY STATEMENT

www.pge.com/MyEnergy

Account No: 1013425866-3
Statement Date: 10/02/2024
Due Date: 10/23/2024

## Service For:

Jacob Bolden
5703 ORANGE AVE
SACRAMENTO, CA 95823

## Your Account Summary

| | |
|---|---|
| Current Gas Charges | $82.73 |
| Total Amount Due by 10/23/2024 | $82.73 |

### Questions about your bill?

Mon-Fri 7 a.m.-7 p.m.
Saturday 8 a.m.-5 p.m.
Phone: 1-800-743-5000
www.pge.com/MyEnergy

### Ways To Pay

www.pge.com/waystopay

### Gas Monthly Billing History




*Visit www.pge.com/MyEnergy for a detailed bill comparison.*

Please return this portion with your payment. No staples or paper clips. Do not fold. Thank you.

9990101342586630000000827300000008273

| Account Number: | Due Date: | Total Amount Due: | Amount Enclosed: |
|---|---|---|---|
| 1013425866-3 | 10/23/2024 | $82.73 | $ |

JACOB BOLDEN
5703 ORANGE AVE
SACRAMENTO, CA 95823-3425

PG&E
BOX 997300
SACRAMENTO, CA 95899-7300



Case: 26-01007 Doc# 48-4 Filed: 10/06/26 Entered: 10/06/26 18:14:19 Page 88 of 89

# ENERGY STATEMENT

www.pge.com/MyEnergy

Account No: 1013425866-3
Statement Date: 10/02/2024
Due Date: 10/23/2024

## Details of Gas Charges

### 09/04/2024 - 10/01/2024 (28 billing days)

Service For: 5703 ORANGE AVE
Service Agreement ID: 1010319705
Rate Schedule: G1 S Residential Service

**09/04/2024 – 09/30/2024** Your Tier Usage 1 | 2

| | | |
|---|---|---|
| Tier 1 Allowance | 10.53 Therms (27 days x 0.39 Therms/day) | |
| Tier 1 Usage | 10.530000 Therms @ $2.39227 | $25.19 |
| Tier 2 Usage | 17.434290 Therms @ $2.88603 | 50.32 |
| Gas PPP Surcharge ($0.11051 /Therm) | | 3.09 |
| Sacramento County Utility Users' Tax (2.500%) | | 1.26 |

**10/01/2024** Your Tier Usage 1 | 2

| | | |
|---|---|---|
| Tier 1 Allowance | 0.39 Therms (1 days x 0.39 Therms/day) | |
| Tier 1 Usage | 0.390000 Therms @ $2.30397 | $0.90 |
| Tier 2 Usage | 0.645710 Therms @ $2.79773 | 1.81 |
| Gas PPP Surcharge ($0.11051 /Therm) | | 0.11 |
| Sacramento County Utility Users' Tax (2.500%) | | 0.05 |

**Total Gas Charges** **$82.73**

### Service Information

| | |
|---|---|
| Meter # | 32117536 |
| Current Meter Reading | 2,100 |
| Prior Meter Reading | 2,073 |
| Difference | 27 |
| Multiplier | 1.073043 |
| Total Usage | 29.000000 Therms |
| Baseline Territory | S |
| Serial | J |

### Gas Procurement Costs ($/Therm)

| | |
|---|---|
| 09/04/2024 - 09/30/2024 | $0.44232 |
| 10/01/2024 | $0.35402 |

**Gas Usage This Period: 29.000000 Therms, 28 billing days**







Case: 26-01007 Doc# 48-4 Filed: 10/06/26 Entered: 10/06/26 18:14:19 Page 89 of 89